IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:07-CV-00739

| | |
|---|---|
| **DAVID F. EVANS, *et al.*,** ) | |
| ) | |
| **Plaintiffs,** ) | **DEFENDANT** |
| ) | **CITY OF DURHAM,** |
| v. ) | **NORTH CAROLINA'S** |
| ) | **MOTION TO DISMISS** |
| **THE CITY OF DURHAM, NORTH CAROLINA,** ) | **FIRST AMENDED** |
| *et al.*, ) | **COMPLAINT** |
| ) | |
| **Defendants.** ) | |

Defendant the City of Durham, North Carolina (the "City"), by and through its attorneys, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves the Court to dismiss the following purported claims asserted against the City in Plaintiffs' First Amended Complaint, for failure to state a claim upon which relief can be granted.

IN SUPPORT WHEREOF, the City respectfully shows the Court the following:

1.  Plaintiffs' purported claims against the City through Defendant Michael Nifong "in his official capacity with respect to Durham Police" fail because Defendant Nifong was a State actor at all relevant times. All claims Plaintiffs assert in their 5th, 7th, 8th, 9th, 10th, 13th, 14th, and 15th Causes of Action that seek to hold the City liable via "official capacity" claims against Defendant Nifong must be dismissed.

2. Likewise, Plaintiffs' purported claims against the City through Defendants DNA Security, Inc., Richard Clark, and Brian Meehan in their "official capacity" fail because the City is not responsible for the conduct of these private parties, who contracted with the State, not the City. All claims Plaintiffs assert in their 7th, 8th, 10th, 12th, 13th, 14th, 15th, 20th, 21st, and 22d Causes of Action that seek to hold the City liable via "official capacity" claims against Defendants DNA Security, Inc., Clark, and Meehan must be dismissed.

3. Plaintiffs' 5th and 7th Causes of Action must be dismissed in their entirety because Plaintiffs have failed to allege any underlying constitutional violation by City officials and have failed adequately to allege a policy or custom of the City that caused their alleged injuries. Plaintiffs' 5th and 7th Causes of Action are based on purported federal claims in their 1st, 2d, 3d, and 4th Causes of Action, which allege "malicious prosecution/seizure," "concealment of evidence," "fabrication of evidence," and "making false statements." These Causes of Action fail to state a viable Due Process claim because Plaintiffs were never tried and because harm to reputation is not a cognizable constitutional injury. These Causes of Action also fail to state a claim of unreasonable seizure under the Fourth Amendment because—as Plaintiffs acknowledge—Plaintiffs were arrested <u>after</u> a grand jury indictment was issued, and because City Investigators fully disclosed the evidence to Defendant Nifong, the State Prosecutor whose decision and authority it was to seek indictments from a grand jury.

4. Plaintiffs also have failed to allege in their 5th Cause of Action (parts C through F thereof) any relevant city policy or custom that caused any constitutional injury. First, Plaintiffs' allegations of a policy to target Duke University students in parts C and E of their 5th Cause of Action lack the requisite specificity and do not allege that such a policy caused the alleged constitutional violation. In addition, Plaintiffs' allegations in parts D and F of their 5th Cause of Action relate to Defendant Nifong and as such do not and cannot allege a City policy or custom. Consequently, those claims Plaintiffs assert in their 5th Cause of Action (parts C through F thereof) fail to state a claim and must be dismissed.

5. Plaintiffs' claim of "Witness Tampering" in their 9th Cause of Action does not state a claim because 42 U.S.C. § 1985(2) applies only to witnesses in federal court, and also because a defendant has no right to present witnesses to a grand jury and a prosecutor has no duty provide exculpatory evidence to a grand jury. Alternatively, Plaintiffs' 9th Cause of Action should be dismissed as duplicative of their 8th Cause of Action.

6. Plaintiffs' federal conspiracy claims relating to alleged deprivation of Equal Protection in their 8th, 9th, 10th, 11th, and 12th Causes of Action must be dismissed because Plaintiffs fail to allege that the defendants acted out of class-based animus against a protected class, as required under 42 U.S.C. §§ 1985 and 1986.

7. To the extent Plaintiffs allege in paragraphs 4, 33, 222, and 242 of their Amended Complaint that the City violated their rights under Article I, § 19 of the North

Carolina Constitution, Plaintiffs have failed to state a claim because they have failed to identify which defendants violated their rights and in what manner their rights were violated. In addition, Plaintiffs are not without an adequate state remedy for such alleged violations and have attempted to invoke such remedies elsewhere in their Amended Complaint.

8. Plaintiffs' purported claims for injunctive relief in paragraphs 5 and 567(a) of their Amended Complaint must be dismissed because Plaintiffs lack standing to assert them and because the overreaching nature of the relief requested violates principles of federalism.

9. Plaintiffs' demand for punitive damages against the City set forth in paragraph 567(c) of their Amended Complaint must be dismissed because the City is absolutely immune from liability for punitive damages under longstanding federal and state law.

IN FURTHER SUPPORT of this motion, the City respectfully requests that, pursuant to Federal Rule of Evidence 201, the Court take judicial notice of the public records and prior determinations attached hereto as Exhibit 1:

- Letter from Michael B. Nifong to Judge Ralph Walker and attached Order Granting District Attorney's Request for Payment of Expenses (Honorable Ronald L. Stephens) (filed June 5, 2006)

- Letter from Michael B. Nifong to Judge Ralph Walker and Order Granting District Attorney's Request for Payment of Expenses (Honorable W. Osmond Smith, III) (filed October 30, 2006)

IN FURTHER SUPPORT of this motion, the City offers and relies on the accompanying Brief in Support of Defendant City of Durham, North Carolina's Motion to Dismiss.

WHEREFORE, Defendant the City of Durham, North Carolina prays that this motion be granted, that Plaintiffs' claims, as set forth above and in the accompanying brief, be dismissed, and that the City be awarded such other and further relief as is just and proper.

This the 15th day of January, 2008.

                              FAISON & GILLESPIE

                              By: /s/ Reginald B. Gillespie, Jr.
                                  Reginald B. Gillespie, Jr.
                                  North Carolina State Bar No. 10895
                                  5517 Chapel Hill Boulevard, Suite 2000
                                  Post Office Box 51729
                                  Durham, North Carolina 27717-1729
                                  Telephone: (919) 489-9001
                                  Fax: (919) 489-5774
                                  E-Mail: rgillespie@faison-gillespie.com

STEPTOE & JOHNSON LLP

By: /s/ Roger E. Warin
    Roger E. Warin*
    Michael A. Vatis*
    Matthew J. Herrington*
    Johnathan P. Nolan*
    Ana H. Voss*
    Steptoe & Johnson LLP
    1330 Connecticut Avenue, NW
    Washington, DC  20036
    Telephone: (202) 429-3000
    Fax:  (202) 429-3902
    E-Mail: rwarin@steptoe.com

    *(Motion for Special Appearance to be filed)

Attorneys for Defendant
City of Durham, North Carolina

CERTIFICATE OF ELECTRONIC FILING AND SERVICE

The undersigned hereby certifies that, pursuant to Rule 5 of the Federal Rules of Civil Procedure and LR5.3 and LR5.4, MDNC, the foregoing pleading, motion, affidavit, notice, or other document/paper has been electronically filed with the Clerk of Court using the CM/ECF system, which system will automatically generate and send a Notice of Electronic Filing (NEF) to the undersigned filing user and registered users of record, and that the Court's electronic records show that each party to this action is represented by at least one registered user of record, to each of whom the NEF will be transmitted, except that, with respect to the following party, a copy is being transmitted via first class mail to the address listed below:

   Mr. Linwood Wilson
   6910 Innesbrook Way
   Bahama, North Carolina  27503-9700


This the 15th day of January, 2008.

             FAISON & GILLESPIE

             By: /s/ Reginald B. Gillespie, Jr.
               Reginald B. Gillespie, Jr.
               North Carolina State Bar No. 10895

               Attorneys for Defendant the City of
                 Durham, North Carolina

               5517 Chapel Hill Boulevard, Suite 2000
               Post Office Box 51729
               Durham, North Carolina  27717-1729
               Telephone:  (919) 489-9001
               Fax: (919) 489-5774
               E-Mail: rgillespie@faison-gillespie.com