✓ Cachens(A)
03-1566-AM

UNITED STATES:

IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

GABRIEL A. ANTONIO,
PLAINTIFF.

v.

DETECTIVE JAMES MOORE and Magistrate LISA ZANDEL,
DEFENDANTS.


FILED DEC 17 2003
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

COMPLAINT UNDER CIVIL RIGHTS ACT 42 U.S.C. §1983, §1985; 28 U.S.C. §1331, §1343; THE UNITED STATES CONSTITUTION AND LAWS MADE PURSUANT TO:

I. Parties:

A. Plaintiff: Gabriel A. Antonio #315211
Sussex 2 State Prison
24427 Musselwhite Drive
Waverly, Virginia 23891-2222

B. Defendants: (1) Detective James Moore   (2) Magistrate Lisa Zandel
   * Arlington County Police Dept.   * Arlington County Magistrates Office
   * 1425 North Courthouse Road      * 1425 (or 1435) North Courthouse Road
   * Arlington, Virginia 22201       * Arlington, Virginia 22201

** The Defendants addresses are the last known addresses of the defendants. They, therefore, may not necessarily be accurate for purposes of service.


RECEIVED DEC 15 2003
STAFF ATTORNEY
RICHMOND, VA

II. Previous Lawsuits

    A. The Plaintiff has never filed a previous lawsuit against anyone in state or Federal courts

III. Exhausting Administrative Remedies

    A. The Plaintiff has filed a complaint regarding Defendant Moore's actions with the Arlington County Police Department, 1425 N. Courthouse Rd., Arlington, Virginia 22201; that complaint was dated and mailed on 9-27-03 to the Internal Affairs Section of the Arlington County Police Dept.. The ACPD-Internal Affairs Section is responsible for hearing, investigating, and adjudicating complaints on Detectives in the Police Dept. The ACPD-Internal Affairs Section responded to that complaint by essentially telling the plaintiff that "[he] may take any necessary legal action [he] deems[s] necessary" and that "Detective James Moore is no longer a member of this [police] department" thereby implicitly indicating that they lack authority over Defendant Moore for his conduct, which is the subject of this complaint, and therefore cannot do anything to Detective Moore regarding the complaint. This response was dated October 3, 2003, and received by the Plaintiff on 10-14-03.

    B. Please see paragraph #10 of accompanying "Judicial Notice" regarding Defendant Zandel.

-3-

IV. Statement of Claim

A. <u>Brief</u> Description of Facts of the Case:

A robbery occurred in Arlington County on 11-19-99 at a Hollywood Video store on Lee Highway. Suspect description: 5'5"-5'8", 140 pounds, short black hair, tattoo/tattoo's on at least one hand and possibly both hands, white/hispanic male of unknown age seen leaving the scene in a gold, white, or silver 2-door Lexus coupe, unknown model type, unknown year, and unknown tags.

On 1-4-00, Defendant Moore spoke to the Plaintiff in the Arlington County Detention Facility in Arlington, Virginia. Essentially, Defendant Moore leveled allegations against the Plaintiff stating that Defendant Moore believed the Plaintiff committed the 11-19-99 robbery, aforementioned, and declared that he was going to "make sure [the Plaintiff] goes down for it". The Plaintiff, a 6'0", 165-170 pound, Italian-American male, aged 21 at that time, owner of a platinum sky-blue 1996 SC400 Lexus Coupe at the time of the robbery, and having no tattoo's on or near either of his hands, promptly refuted and repudiated Def. Moore's allegations and promptly requested to leave the presence of Def. Moore. Def. Moore then made other statements indicating that he was going to take actions against the Plaintiff which were related to the Plaintiff's putative release from the Detention Facility on 1-7-00, although the Plaintiff's putative release and jailing were unrelated to that offense. Essentially, Def. Moore stated that he was going to see if something could be done to change the plaintiff's putative release so that he would remain incarcerated, and these statements by Def. Moore indicated that he was going to take action against the Plaintiff, regarding the above robbery, to ensure that he would not be released from the Detention Facility on 1-7-00 in any event.

IV. A. (cont.)

On 1-4-00 Def. Moore took polaroid photographs of the plaintiff and assured the plaintiff that he was going to "make sure [the plaintiff] goes down for [the 11-19-99 robbery]". On 1-4-00, Def. Moore purportedly showed the plaintiff's photographs to the robbery victim who then purportedly expressed that he was uncertain if the plaintiff was the person who robbed him; Further, this was expressed at a time when the victim was shown a surveillance camera video's static freeze-frame photo of the suspect and asked to compare the photo of the Plaintiff to the robber in the photo. As the photo of the robber was blurry, unclear and did not show the face, the victim could not identify the Plaintiff as the robber based on his memory or based on comparing the Plaintiff's photos to the photo of the robber taken from the view of the surveillance camera.

On 1-6-00, Def. Moore procured an arrest warrant from Defendant Zundel for the arrest of the plaintiff charging him with the 11-19-99 robbery. There was no criminal complaint filed by Def. Moore in requesting this warrant, and Defendant Zundel issued the warrant based upon the unrecorded sworn statements of Def. Moore. Pursuant to Virginia Rules of the Supreme Court, Rule 7C:3, Def. Zundel "may require the sworn statements to be reduced to writing", but does not necessarily have to do this as the choice is given to her by the "may" language used in the rule. Essentially, Def. Zundel issued the warrant on a probable cause determination that was made on facts that were not recorded and which were unavailable for judicial review of the probable cause determination at a later date. Further, both defendants acted within the parameter and security of Code of Virginia §19.2-271 in conjunction with Rule 7C:3 to preclude and prevent the Plaintiff from ever being able to ascertain the propriety of the probable cause determination, the facts supporting it that were presented to Def. Zundel, the legality of the Plaintiff's arrest based on the execution and issuance of the arrest warrant, and the legality and validity of the arrest warrant, and evidence obtained as a result of it's issuance and execution.

IV. A. (cont.)

On 1-6-00, Def. Moore executed that arrest warrant on the Plaintiff, which thus compelled him to attend an initial judicial proceeding, on the robbery charge, on 1-7-00 in the Arlington County General District Court.

On 1-7-00, the Plaintiff, the only white male in the Arlington General District Court that day for a robbery charge, attended that first adversary judicial proceeding on the charge by himself.

Before the Plaintiff was called from the bullpen to the courtroom that day, Def. Moore: brought that robbery's victim into the courtroom, told him the suspect had been arrested, told him the suspect would be in the courtroom, showed him multiple photographs of the front and side profiles of the plaintiff in both black and white and color photos while showing only single photos of other individuals in color, told the victim he was there -in the courtroom- to identify the suspect, procured a "That looks like him" photograph identification of the plaintiff which was later described by Def. Moore and that victim to have been made in uncertainty that the plaintiff was the suspect, then asked the victim to let him [Def. Moore] know if he sees the suspect come in the courtroom, then - instead of letting the victim tell him when he sees the suspect - when the plaintiff entered the courtroom Def. Moore immediately told the victim "That's the guy that robbed you" and told the victim this "as soon as the Plaintiff entered the courtroom.

Essentially, Def. Moore was able to conduct a highly unconstitutional identification procedure in violation of the Plaintiffs Fifth Amendment right to due process, Sixth Amendment right to counsel at a pretrial corporeal identification procedures which are a critical stage of the proceedings, Sixth Amendment right to counsel at all in-court identification procedures, Fifth Amendment right to due process when conducting the unconstitutional photo displays he made, Fourth Amendment right to be free from unlawful search and seizures, and Fourteenth Amendment rights to due process, equal protection, and equal application of the laws. Further, Def. Moore acted

II. A. (cont.)

with Def. Zandel to unconstitutionally arrest and seize the Plaintiff pursuant to an arrest warrant that was issued not on a criminal complaint or on any set of facts that were preserved by record for judicial review of the validity of the probable cause determination, but by unknown sworn statements of Def. Moore. Def. Zandel acted within the realms of state law in a manner that enabled her to abridge the Plaintiff's right to not be seized on a warrant not based on probable cause in violation of the Plaintiff's Fourth Amendment right and his Fourteenth Amendment right to due process, equal protection, and equal application of the law. Specifically, Def. Zandel knew that § 19.2-271 of the Virginia Code would prohibit her from being able to testify as to what "sworn statements" Def. Moore had given her that enabled her to make a determination of probable cause to issue the arrest warrant, and she knew that Rule 7C:3 would permit her to avoid reducing those statements to writing in her discretion, thus she knew that if she acted with this discretion and didn't reduce those statements to writing that Virginia law would effectively prohibit the Plaintiff from being able to discover what those statements were and whether or not the facts contained therein supported a determination of probable cause to justify issuing a warrant. Thus she knew that her basis in issuing the warrant would be unascertainable upon review and that her probable cause determination would be validated under Virginia law upon review while prohibiting and preventing the Plaintiff from ever ascertaining the propriety of her probable cause determination under federal constitutional law in Virginia courts.

The Plaintiff claims that the warrant Def. Zandel issued was issued and executed on the Plaintiff in violation of his Fourth Amendment rights and without probable cause. Further, Def. Zandel issued that warrant and chose not to reduce Def. Moore's "sworn statements" to writing for review purposes in such a manner that it precluded the Plaintiff from exercising his Fourth Amendment right to challenge and review her probable cause determination's propriety in Virginia courts under Virginia skies.

The Plaintiff was unaware of Def. Moore's actions giving rise to these claims until 12-7-01, and was unaware of Lisa Zandel's actions giving rise to these claims until June 21, 2003.

IV. A. (cont.)

The Plaintiff hereby states that he must now end this complaint here so that he can get it filed in time. He has submitted a motion to Amend this complaint for purposes of rectifying his claims herein and explicating them in better terms that are much clearer, and for adding additional claims. He must get this filed in time and prays that the grace of this Court permit him time to amend it, and a liberal amount of time at that.

V. Relief:

A. The plaintiff wants the Court to award damages in the amount of $6,000.00 to be divided amongst the defendants as follows:

Defendant Moore is to pay the Plaintiff $5,000.00 in damages.
Defendant Zandel is to pay the Plaintiff $1,000.00 in damages.

B. The Plaintiff wants the Court to declare and rule that the course of action Defendant Zandel took — as permitted by Virginia laws — was unconstitutional in that under those laws she was effectively able to abridge the Plaintiff's 4th Amendment rights by issuing a warrant based on sworn statements that were unreviewable and unascertainable under Virginia rules and laws thereby prohibiting the Plaintiff from challenging the constitutionality of her probable cause determination to issue the warrant; thus interfering with and obstructing the plaintiff's exercisement of and actual rights.

C. The plaintiff wants the Court to issue an order, a writ of mandamus?, to the Department of Justice to prosecute Defendant MOORE for violations of witness tampering laws under 18 U.S.C. § 1512(b)(1), and 18. U.S.C. § 1503(a), since the things he did were so unnecessarily suggestive that his actions can be said to have been taken to influence a victim-witness to identify the Plaintiff in a criminal proceeding, or at the least attempt to influence, both in violation of these statutes.

## VI. Places of Incarceration

The Plaintiff has been incarcerated only at the below listed prisons during the last 6 months:

    Sussex 2 State Prison
    24427 Musselwhite Drive
    Waverly, Virginia 23891-2222

## VII. Signature

Signed this 7th day of December, 2003.

*[signature]*

Gabriel A. Antonio, Plaintiff

"I hereby declare under penalty of perjury that the foregoing is true and correct. Executed on December 7, 2003.

*[signature]*

Gabriel A. Antonio, #315211, plaintiff.
Sussex 2 State Prison
24427 Musselwhite Drive
Waverly, Virginia 23891-2222

UNITED STATES;

IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

GABRIEL A. ANTONIO,
PLAINTIFF.

v.

DETECTIVE JAMES MOORE, MAGISTRATE LISA ZANDEL [sic],
DEFENDANTS.

## DECLARATION OF ACTION TAKEN TO FILE THE ABOVE CAUSE

The Plaintiff, Gabriel A. Antonio, hereby states and declares the following pursuant to 28 U.S.C. §1746 to show that he has indeed filed the above cause within the time limits to do so:

On Sunday, December 7, 2003, I, Gabriel A. Antonio, have deposited a 42 USC §1983 etc lawsuit against the above named defendants into the institutional legal mail system for mailing to the above Court at that Courts address in Alexandria, Virginia. As such, I have ensured, pursuant to the prison mailbox rule announced in Houston v. Lack, 487 US 266 (1988), that the suit has been filed within the time limit to do so, since that time limit commenced at the time I learned of the defendants actions giving rise to the claims, December 7, 2001 for claims against Defendant Moore, and June 21, 2003 for Defendant Zandel [sic].

"I declare under penalty of perjury that the foregoing is true and correct. Executed on December 7, 2003.

Gabriel A. Antonio #315211 - Sussex 2 State Prison
24427 Musselwhite Drive
Waverly, Virginia 23891-2222



UNITED STATES:

IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

GABRIEL A. ANTONIO,     Civil Docket No. 03-1560-AM

PLAINTIFF

v.

DETECTIVE JAMES MOORE, MAGISTRATE LISA ZANDEL (sic),

DEFENDANTS.

## JUDICIAL NOTICE

Comes now the Plaintiff, Gabriel A. Antonio, requesting that this Honorable Court take Notice of the following in relation to the civil action filed in this Court, on this same day, under 42 U.S.C. §1983, etc, and styled and captioned the same as above.

The Plaintiff, Mr. Antonio hereinafter, specifically gives the following NOTICE:

(1.) Mr. Antonio is a prisoner in the Virginia Department of Corrections and brings this cause after a lengthy investigation and study of the law in relation to the facts supporting his claims against the Defendant and wishes to appraise this Court that it is taken in good faith, contrary to most prisoner initiated pro-se lawsuits, and that it is being submitted because his claims are meritorious and deserve the time and attention of this Honorable Court.

(2.) Mr. Antonio also brings the cause at hand under this Courts Federal question jurisdiction pursuant to 28 U.S.C. §1331.

(3) The Plaintiff has debilitating infirmities in his writing hand which impedes and inhibits his ability to write, and he humbly requests that this Honorable Court take this into consideration when issuing its mandates to, for, and/or against the Plaintiff and/or the Defendants. His infirmity has been diagnosed as "carpal tunnel syndrome".

(4) Mr. Antonio is a twenty-five (25) year old young citizen, is a layman to the law, and has no formal higher education.

(5) Mr. Antonio has attempted to locate the Defendant Moore at his last known place of business, the Arlington County Police Department, 1425 N. Courthouse Road, Arlington, Virginia 22201, but was advised by that Police Departments Internal Affairs Division that the Defendant is no longer employed with the Arlington County Police Department. Mr. Antonio learned of this on October 14, 2003 when he received a letter from that Police Departments Internal Affairs Division dated October 3, 2003, in response to his administrative complaint filed against the Defendant.

(6) Mr. Antonio has attempted to resolve this cause through an administrative remedy, but the Arlington County Police Departments Internal Affairs Division, which handles such complaints, advised him "Although Detective James Moore is no longer a member of this department you may take any necessary legal action you deem necessary". Letter from ACPD Internal Affairs Section, dated October 3, 2003. Therefore, the Plaintiff, Mr. Antonio, brings his suit because he does deem it necessary and because the administrative remedy he took — in exhausting his administrative remedies — advised him to do so as enumerated above. Thus he has exhausted his administrative remedies.

-3-

(7.) Mr. Antonio hereby is filing his suit within the 2 year statute of limitations for civil actions under 42 U.S.C. §1983 as he did not become aware of the violations of his rights until June 21, 2003. Notwithstanding this, Mr. Antonio technically only learned of the facts supporting his claims on December 7, 2001, when the Defendant, Moore, and a witness revealed them in their testimony — which has been transcribed — at a hearing in a Virginia Court in Arlington County. Thus 2 years from 12-7-01 would be 12-7-03, but since 12-7-03 is a Sunday, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, that is extended to Monday 12-8-03; at which time Mr. Antonio must file his suit. Accordingly, Mr. Antonio has filed his suit, within the time limits to do so, by depositing it into the institutional legal mail system, where he resides, on 12-7-03, pursuant to the prison mailbox rule announced in Houston v. Lack, 487 US 266 (1988). Therefore his complaint is and has been timely filed.

(8.) Mr. Antonio is requesting to proceed In Forma Pauperis and has attached a motion and affidavit regarding such.

(9.) Mr. Antonio will be providing the Court with the needed copies of this suit, to effectuate service, within thirty (30) days of the filing of his suit, as he will have to handwrite the copies and it will take him some time to do so. Notwithstanding this, he files his suit within the time to do so, and will provide the Court with the copies it needs to effectuate service on the defendants.

(10) Mr. Antonio is not aware of any administrative remedy he can seek against Defendant Lisa Zandel, as she is a magistrate and thus an officer of a court [or was]. He therefore files this suit against Defendant Zandel to protect his right to file such. If Defendant Zandel pleads that the plaintiff has not exhausted his administrative remedies, the Plaintiff will move the Court to hold the suit in abeyance pending the outcome of the exhaustion of those administrative remedies [if available] which he will then immediately undertake exhausting.

(11) Mr. Antonio propounds no disrespect to the Court by submitting documents peppered with small scribbles and corrections. He has a great deal of difficulty and pain when writing which would cause it to be impractical to draft such pleadings again solely to make them more sightly. He, therefore, offers his sincerest apologies for such blemishes on his pleadings.

Very Respectfully Submitted.

_____
Gabriel A. Antonio #315211, plaintiff
Sussex 2 State Prison
24427 Musselwhite Drive
Waverly, Virginia 23891-2222