# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# CIVIL ACTION NO. 1:07-CV-00739

|  |  |
|---|---|
| **DAVID F. EVANS,** *et al.*, | ) |
|  | ) |
| Plaintiffs, | ) |
| v. | ) |
|  | ) |
| **THE CITY OF DURHAM, NORTH CAROLINA,** | ) |
| *et al.*, | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

## REPLY MEMORANDUM OF DEFENDANT DAVID ADDISON
## IN SUPPORT OF MOTION TO DISMISS

Defendant David Addison (hereinafter "Addison"), by and through his counsel of record, respectfully submits this, his Reply, to the Consolidated Brief of the Plaintiffs in Opposition to his Motion to Dismiss.

Initially, this Defendant would note that there are no longer issues in regard to his perceived personal liability on several causes of action as a result of concessions contained in the Consolidated Response. In the Amended Complaint, David Addison was named as an individual defendant in eight of the twenty-two causes of actions: to wit, Causes of Action Four, Seven, Eight, Ten, Thirteen, Fifteen, Sixteen, and Nineteen. In their Consolidated Response, the Plaintiffs have conceded that in five of those Causes of Actions, Addison's Motion to Dismiss him individually should be allowed. On page 114 of their Brief, the Plaintiffs review the various individual defendants' claims that, when the City is named as a defendant in a specific cause of action along with a City

official acting in his "official capacity," that it is duplicative to have the individual as a named defendant in that cause of action. After a brief review of the case law, the Plaintiffs state "the Court may dismiss the official capacity claims against the City *employees and agents* named in the Fifth, Eighth, Ninth, Tenth and Eleventh Causes of Action because the City is already named as a defendant in these causes of action." (emphasis added; Pl. Resp. Br. p. 114)). David Addison is named "in his official capacity" in the Eighth and Tenth Causes of Action along with the City of Durham. In the same paragraph, the Plaintiffs further state that the "Court may also dismiss the official capacity claims in the Seventh Cause of Action, which alleges conspiracy in violation of § 1983, because they are duplicative of the *Monell* claim alleged against the City in the Fifth Cause of Action." David Addison is named as a defendant in the Seventh Cause of Action "in his official capacity" along with the City of Durham. Thus, the Plaintiffs concede that Defendant Addison may be dismissed from the claims made against him individually in Seventh, Eighth and Tenth Causes of Action.

On the following page of their Brief (Pls' Resp. Br. 115), the Plaintiffs turned to the issue of whether or not this same principle applied to state claims and after a brief analysis of that issue, they conclude by stating: "Therefore, so long as the City remains "the real party in interest" in the Sixteenth, Seventeenth, Eighteenth and Nineteenth Causes of Actions, the official capacity claims against the City employees in those causes of action may be dismissed." As a result of this concession, the Plaintiffs are no longer asserting individual claims against Defendant Addison on the Eighteenth and Nineteenth

Causes of Action where he was named a Defendant in his "official capacity" along with the City.

Of the three remaining Causes of Action against David Addison, he is also named as a Defendant, individually and in "his official capacity" in two of them (Causes of Action Thirteen and Fifteen). However, in those Causes of Action, the City of Durham is not a named Defendant and, as a result, the Plaintiffs argue that those causes of action are not duplicative despite the reality that Addison is sued in an "official capacity." However, they do suggest to the Court that these two Causes of Action (13 and 15) should not be dismissed "unless the City is substituted as a defendant directly in these causes of action." (Pls.' Br. 115).

Regardless of the Court's view of those statements in regard to Causes of Action Thirteen and Fifteen, for the purposes of this Reply, the Defendant Addison will respond and Reply to the remaining causes of action which have not been specifically conceded by the Plaintiffs, to wit: the Fourth Cause of Action (§ 1983 claim of "Making False Statements"), the Thirteenth Cause of Action (State "malicious prosecution claim") and the Fifteenth Cause of Action (State "intentional infliction of emotional distress claim"). The Defendant Addison continues to maintain that the state of existent law in regard to these three causes of action or claims against him, warrant his being dismissed as an individual defendant in this proceeding.

**Fourth Cause of Action: Making False Statements in Violation of § 1983**

In this Cause of Action, the Plaintiffs claim "that Nifong, Hodge and Addison engaged in an unprecedented campaign of over 100 false and inflammatory public

3

statements and interviews that were intended to inflame the grand jury pool" (presumably, leading to the "seizure" of the Plaintiffs as a result of indictments being returned on April 17 and May 15). (Pl. Resp. Br. p. 34). While they do not cite a single federal or state case which stands for the proposition that "statements" made prior to an arrest or the independent action of a grand jury in issuing an indictment can be the basis for a § 1983 claim, they simply argue or suggest to the court that this must have occurred in this case. The Plaintiffs also seem fixated on the alleged number of statements made as factually bolstering their legally insufficient claim. However, when analyzing their allegations in regard to these alleged "over 100 false and inflammatory public statements," it is noteworthy that they have only attributed five (5) statements and participation in preparation and dissemination of a poster to David Addison. In their Amended Complaint, ¶ 160. pp. 44-45, wherein the Plaintiffs documented Addison's "public statements" about which they complain, they cite a single interview on March 24 (¶ 160(a)); four separate interviews (or one interview covered by four separate media sources) on March 25 (¶ 160(b)(c)(d) and (e)); and, his alleged participation in preparation of a "wanted poster" on March 28 (¶ 160(f)). Since they only attribute only one (1) public statement to Defendant Hodge, if, in fact, there were more than 100 such statements made as they contend, then more than 94 of them had to have been issued or made by Michael Nifong. Regardless of the quantity of the statements, it is significant to note that all of those attributed to David Addison occurred well before any indictments were returned since the last public statement attributed to him was on March 28 and the first indictments were not issued until April 17. It is suggested to this court that the

timing of the statements attributed to Addison is significant in consideration of this claim or cause of action as will be more fully discussed below.

The Plaintiffs acknowledge that their alleged § 1983 claim contained in their Fourth Cause of Action relate solely to the alleged false public statements made by Nifong, Addison and Hodge which they claim led to the Plaintiffs' seizure without probable cause. (Pl. Resp. Br. pp 80-81). At the same time, they also acknowledge that, under existing law, damage to one's reputation or, as Plaintiffs refer to it, "reputational stigma," that results from a false public statement is not independently sufficient to support a § 1983. In so acknowledging, they cite the case relied on by this Defendant and others in their original Briefs, *Paul v. Davis,* 424 U.S. 693, 710 (1976). The Plaintiffs attempt to overcome this apparent bar to their Fourth Cause of Action, by suggesting to this court that it should apply what they refer to as a "stigma plus" test which they do not clearly define as the courts of this country have yet to develop a clear definition   There are some cases which support this "stigma plus" theory where some property right (such as inability to gain employment) is associated with the supposed reputational damage done by alleged false statements. See *Allen v. Denver Public School Bd.,* 928 F.2d 978 (10th Cir. 1991) " only 'where the stigmatization results in the inability to obtain other employment does this type of claim rise to a constitutional level.'" (*Id.* p. 982). There is no such claim for any "property right" loss by any of the Plaintiffs asserted in the Amended Complaint in this instance.

In addition, the cases relied on by the Plaintiffs to support any claims for public statements constituting a § 1983 claim generally had factual scenarios where the alleged

5

statements had occurred *at the time of or after* the arrest of the defendant (civil plaintiff). See *Marrero v. Hialeah,* 625 F.2d 499 (5th Cir. 1980); *Cooper v. Dupnik,* 924 F.2d 1520 (9th Cir. 1991); and, *Gobel v. Maricopa County*, 867 F.2d 1201 (1989) (all cited in Pl. Resp. Br., p. 34, ftn. 12). However, as noted in the 5th Circuit in *Thomas v. Kipperman,* 846 F.2d 1009 (5th Cir. 1988), publication of "wanted" posters *prior to an arrest* which plaintiff claimed led to him "being defamed, falsely arrested and imprisoned, and maliciously prosecuted" was "insufficient to establish a cause of action under § 1983" (citing *Paul v. Davis, supra).* Likewise, allegations of false, inflammatory television comments made by the defendant *prior to plaintiff's indictment* concerning the plaintiff did not state a claim under § 1983 in *Wolfe v. Carey,* 438 F. Supp. 545 (D. Ill. 1997), aff'd 582 F.2d 1282 (7th Cir. 1978). Thus, the timing of Addison's comments is relevant to this aspect of his potential liability and because they were not contemporaneous with the Plaintiffs' indictment or arrest, they do not support a basis for the stigma plus claimed by the plaintiffs.

In addition, nowhere in their original or responsive briefs do the Plaintiffs point to a single act that David Addison undertook which led to "the seizure" of any of the Plaintiffs. The last "public statement" attributed to Addison in the Amended Complaint allegedly occurred on March 28, 2006 and the indictments were returned on April 17 and May 15, 2006. As a matter of law, any "seizure" of the Plaintiffs occurred with their arrest after the indictments were returned. There is no pleading by the Plaintiffs in which it is alleged that Addison ever: 1) "interviewed" a single witness in the State's investigation into the alleged criminal conduct; 2) that he was ever present at or

6

participated in any manner in any of the photo identification procedures described in the Amended Complaint; 3) that he ever participated in any manner in the DNA sampling or received or was told about the results of any such testing; 4) that he ever met with or even talked to the District Attorney, Michael Nifong prior to or after the indictments were returned; and, 5) it not alleged that he participated in presenting any evidence at the Grand Jury on either April 17 or May 15. Thus, his only alleged involvement in the "seizure" of the plaintiffs would have to be through the statements he issued on March 24, 25 and the poster which is (incorrectly) ascribed to him on March 28.

The Fourth Cause of Action as to Addison should be dismissed in that public statements, even those alleged to be false, inflammatory or misleading, issued prior to the arrest or indictment of an individual that are not associated with some recognizable stigma other than reputational cannot be the basis for a malicious prosecution claim against David Addison pursuant to 42 U.S.C. § 1983 when there is no allegation that Addison took any other action that could have led to the indictment and arrest of the Plaintiffs.

**Thirteenth Cause of Action: Malicious Prosecution and Conspiracy (State Claim)**

The dispute between the Plaintiffs and Addison is much more limited in regard to the State Claim of malicious prosecution. In their original Briefs, several of the Defendant argued in that the Plaintiffs could not make out the first prong of a North Carolina claim for malicious prosecution in that those defendants claimed that they did not "initiate" the prior proceeding (Addison Br. pp. 5 and 18; Gottlieb, Br. p. 37, Himan, Br. pp. 30-31; and DSI, Br. pp. 42-45). The basis for this contention was that the

proceeding was, and legally had to be, initiated by the lawful state agent with the responsibility for doing so: the District Attorney.   In their Response Brief (pp. 99 – 103), the Plaintiffs argue to this court that, in this instance, "Gottlieb, Himan and Addison conspired with Nifong to initiate the prosecution without probable cause" (Id. p. 100) with claim of the Plantiffs that such a conspiracy would make them all active participants in the initiating of the prosecution.  In suggesting that those individual defendants should be held to have participated in initiating the prosecution they Plaintiffs then outline a litany of suppressed information (DNA results), withheld exculpatory evidence, "rigged photo array", or witness intimidation to support this conspiracy.  Simply stated, there is no factual allegation anywhere in the Amended Complaint that David Addison participated in any of those actions even if the court were to conclude that would be sufficient to "initiate" a prosecution.  Again, as in the preceding section under the Fourth Cause of Action, Addison's only conduct in regard to the malicious prosecution claim is statements made between March 24 and 25 and his alleged participation in a "wanted poster."   Those actions were insufficient to support a federal claim for malicious prosecution and, similarly are insufficient to support a state claim for the same tort.

**Fifteenth Cause of Action:   Intentional Infliction of Emotional Distress**

In his original Brief, Addison (along with other defendants) argued to the court that the elements of intentional infliction of emotional distress in North Carolina are:  1) extreme and outrageous conduct 2) which is intended to cause and does cause 3) severe and disabling emotional distress. *Dickens v. Puryear.* 302 N.C. 437, 276 S.E.2d 325 (1985).  The defendants also maintained to this court that, in North Carolina, the burden

to establish this tort has consistently been set high in that the conduct must be so extreme as to go beyond all possible bounds of human decency so as to be regarded as "intolerable in a civilized community." *Briggs v. Rosenthal,* 73 N.C. App. 672, 677, 327 S.E.2d 308, 311, *cert. denied*, 314 N.C. 11, 332 S.E.2d 479 (1985).

The only case cited by the Plaintiffs in response to defendants' contention that the Amended Complaint failed, as a matter of law, to sufficiently allege a state claim for intentional infliction of emotional distress is *West v. King's Department Stores Inc.,* 321 N.C. 698, 365 S.E.2d 621 (1988). In that case, the plaintiffs were accosted as they were leaving the defendant's store in front of numerous customers and repeatedly and loudly accused of shoplifting merchandise for which the plaintiffs had not only paid, but had the receipts to prove their payment which the store manager would not examine. In addition, there was evidence that the male plaintiff warned the manager that his wife was ill and that the commotion or turmoil resulting from the managers could (and it ultimately did) cause her physical harm. The Supreme Court of North Carolina held in that case, that failure to examine the receipts, the repeated loud accusations of criminal conduct in the presence of other shoppers directed specifically at the plaintiffs, threatening the Plaintiffs with arrest which may have contributed to physical harm to one of the plaintiffs was legally sufficient to withstand directed verdict and would be for a jury to decide. In this instance, it is uncontroverted that David Addison, in his position as a spokesperson for the Durham Police Department in the early days of the investigation into the events that had occurred at 610 Buchanan Blvd. on March 13, and, relying on information given to him by the investigators of that incident issued some statements to the media to assist in

that investigation.  At the time of Addison's statements, none of the plaintiffs were ever mentioned by name, there could not have been intent to cause them individual harm and, at this point in the pleadings, there are no allegations that would indicate that any of these three plaintiffs have suffered any "disabling" emotional distress or physical harm.  While this defendant will concede that an allegation of rape is more egregious than an allegation of shoplifting, the conduct in *West, supra* was directed at individual plaintiffs in front of a number of other customers without any rational reason for the store manager to not exam the receipts which the plaintiffs had.  It is the conduct which defines the tort, not the severity of the criminal issues involved.

## Conclusion

In that David Addison is entitled to qualified immunity as a result of all of his actions which give rise to the remaining Causes of Action against him and because his alleged false and inflammatory statements which not directed specifically toward these Plaintiffs, were issued nearly three weeks prior to the first indictments being sought in this underlying matter and, because David Addison took no part in the actual investigation of the alleged crimes in this matter, the photo array, the DNA testing nor did he appear before or prepare any documentary evidence presented to the Durham Grand Jury, the Fourth, Thirteenth and Fifteenth Causes of Action against him should be dismissed.

This the 9th day of May, 2008.

>/s/ *James B. Maxwell*
>James B. Maxwell
>Maxwell, Freeman & Bowman, P.A.
>Attorney for David Addison
>P. O. Box 52396
>Durham, NC 27717
>(919) 493-6464
>jmaxwell@mfbpa.com
>State Bar No.: 2933

CERTIFICATE OF ELECTRONIC FILING AND SERVICE

The undersigned hereby certifies that, pursuant to Rule 5 of the Federal Rules of Civil Procedure and LR5.3 and LR5.4, MDNC, the foregoing pleading, motion, affidavit, notice, or other document/paper has been electronically filed with the Clerk of Court using the CM/ECF system, which system will automatically generate and send a Notice of Electronic Filing (NEF) to the undersigned filing user and registered users of record, and that the Court's electronic records show that each party to this action is represented by at least one registered user of record, to each of whom the NEF will be transmitted, except that, with respect to the following party, a copy is being transmitted via first class mail to the address listed below:

Mr. Linwood Wilson
[Home Address redacted per LR 7.1(b), MDNC and ECF P&P Manual, part J]

This the 9th day of May, 2008.

>*/s /James B. Maxwell*
>James B. Maxwell
>Maxwell, Freeman & Bowman, P.A.
>State Bar No.: 2933