# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DAVID F. EVANS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF DURHAM, N.C., et al.,<br><br>Defendants. | Civil Action No. 1:07-CV-739 |

## PLAINTIFFS' MOTION TO COMPEL DEFENDANTS
## TO CONFER UNDER RULE 26(f)

For the reasons stated in the accompanying Memorandum, Plaintiffs David F. Evans, Collin Finnerty, and Reade Seligmann respectfully move the Court for an order directing Defendants Patrick Baker, Steven Chalmers, Ronald Hodge, Lee Russ, Beverly Council, Jeff Lamb, Michael Ripberger, David Addison, Mark Gottlieb, Benjamin Himan, Richard Clark, Brian Meehan, DNA Security, Inc., and the City of Durham to confer with Plaintiffs as required by Federal Rule of Civil Procedure 26(f). Alternatively, Plaintiffs request that the Court schedule an initial pretrial conference.

Dated: June 24, 2008                        Respectfully submitted,

                                            **WILLIAMS & CONNOLLY LLP**

                                            By:    /s/ Charles Davant IV
                                                Brendan V. Sullivan, Jr. (pro hac vice)
                                                Robert M. Cary (pro hac vice)
                                                Christopher N. Manning (pro hac vice)
                                                Charles Davant IV (N.C. Bar #28489)
                                                725 Twelfth Street, N.W.
                                                Washington, D.C.  20005

Tel.   (202) 434-5000
Email  cdavant@wc.com

*Attorneys for Plaintiffs*
 *David F. Evans and Collin Finnerty*

-and-

**RUDOLF WIDENHOUSE & FIALKO**

By:   __/s/ David S. Rudolf_____
       David S. Rudolf (N.C. Bar #8587)
       312 West Franklin Street
       Chapel Hill, NC  27516
       Tel.   (919) 967-4900
       Email  dsrudolf@rwf-law.com

**BARRY C. SCHECK, ESQ.**

       Barry C. Scheck*
       Attn: Elizabeth Vaca
       100 Fifth Avenue
       New York, NY  10011
       Tel.   (212) 364-5390
       Email  bcsinnocence@aol.com

       (* motion for special appearance
         to be filed)

**EMERY CELLI BRINCKERHOFF &
  ABADY LLP**

       Richard D. Emery (pro hac vice)
       Ilann M. Maazel (pro hac vice)
       75 Rockefeller Plaza, 20th Floor
       New York, NY  10019
       Tel.   (212) 763-5000
       Fax.   (212) 763-5001
       Email  remery@ecbalaw.com

*Attorneys for Plaintiff Reade Seligmann*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DAVID F. EVANS, et al.,

    Plaintiffs,

    v.

CITY OF DURHAM, N.C., et al.,

    Defendants.

Civil Action No. 1:07-CV-739

## MEMORANDUM SUPPORTING PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO CONFER UNDER RULE 26(f)

The Plaintiffs in this case are the three innocent young men who were arrested, indicted, and publicly vilified on false charges of rape, first-degree sexual assault, and kidnapping in the Duke Lacrosse Case in 2006. Although this case has been pending for more than eight months, discovery has yet to begin because the City of Durham and other Defendants have refused to confer with Plaintiffs as required by Federal Rule of Civil Procedure 26(f). These Defendants effectively have granted themselves an indefinite stay of discovery in contravention of Rule 26(f)'s express requirement that parties confer and commence discovery "as soon as practicable" after a complaint is filed. Defendants have made no showing that conferring with Plaintiffs is not "practicable," nor can they satisfy the heavy burden necessary to justify a stay of discovery. Their refusal to permit discovery risks the loss of critical evidence as memories fade and witnesses relocate. Their refusal also will improperly and unnecessarily prolong this proceeding in violation of the policies of the Federal and Local Rules. Plaintiffs therefore respectfully request that this Court enter an order directing Defendants to confer with Plaintiffs under Rule

26(f). Alternatively, Plaintiffs request that this Court schedule an initial pretrial conference.[1]

## FACTS

This case concerns the indictments, arrests, and public vilification of Plaintiffs David F. Evans, Collin Finnerty, and Reade Seligmann on false charges of rape, first-degree sexual assault, and kidnapping in 2006. Although this case was filed on October 5, 2007, more than eight months ago, discovery has yet to begin because all but one of the Defendants have refused to confer with Plaintiffs as required by Rule 26(f). Counsel for the City of Durham and DNA Security, Inc. ("DSI") have asserted in correspondence that it is not "appropriate" to plan or begin discovery because motions to dismiss some of Plaintiffs' claims are pending.[2] *See* Ex. 1, Cary Ltr.; Ex. 2, Voss Ltr.; Ex. 3, King Ltr. And other Defendants simply have ignored Plaintiffs' request to confer.[3] Discovery cannot begin "before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1).

Although the City of Durham and DSI have provided Plaintiffs with some information about their electronically stored information systems, they have refused to discuss the other discovery planning matters set forth in Rule 26(f), or to start discovery.

---

[1] Scheduling an initial pretrial conference would have the effect of imposing a date certain for the required Rule 26(f) conference. *See* M.D.N.C. Local Rule 16(b) (providing that the Rule 26(f) conference must occur "*at least* 14 days before the scheduled initial pretrial conference").

[2] None of the motions to dismiss request the dismissal of Plaintiffs' "official capacity" state-law claims against the City of Durham (Counts 13-19).

[3] Only Defendant Linwood Wilson has stated that he is willing to confer as required by Rule 26(f).

DSI has indicated that certain of Plaintiffs' questions about DSI's electronically stored information "should be saved for the actual discovery process"—a process that DSI refuses to commence. Ex. 5, King Ltr.

With each day that passes, witnesses' memories of the events of the spring of 2006 grow dimmer. Several Defendants claimed in the spring of 2007 (more than a year ago) that their own memories of the 2006 events already had deteriorated substantially. For example, Defendant Mark Gottlieb testified on April 19, 2007, during Michael B. Nifong's disbarment proceeding, that he already had forgotten numerous relevant facts from 2006. *See* Ex. 4, Gottlieb Tr. at 64, 81, 82, 83, 84,88, 90, 97, 121, 138, 139, 140, 141, 142, 148, 150, 152, 158, 159, 160, 164, 171, 200, 202. Plaintiffs need to begin taking depositions promptly so that the testimony of Defendants and non-party witnesses can be preserved before memories fade still further.

## QUESTIONS PRESENTED

1. Whether Defendants may refuse to confer with Plaintiffs about discovery planning even though Federal Rule of Civil Procedure 26(f) requires the parties to conduct such a conference "as soon as practicable" after a complaint is filed.

2. Whether Defendants may decide, unilaterally and without Court approval, that no discovery shall occur until after the Court has ruled on their pending motions to dismiss.

## ARGUMENT

**I.  DEFENDANTS HAVE GRANTED THEMSELVES AN IMPROPER STAY OF DISCOVERY WITHOUT "GOOD CAUSE."**

Under Federal Rule of Civil Procedure 26(f)(1),

> Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, *the parties must confer as soon as practicable* — and in any event at least 21 days

>     before a scheduling conference is to be held or a scheduling order is
>     due under Rule 16(b).

Fed. R. Civ. P. 26(f)(1) (emphasis added). "[T]he rule provides that the meeting of the parties take place *as soon as practicable*" in order "[t]o assure . . . that the commencement of discovery is not delayed unduly." Fed. R. Civ. P. 26(f) advisory committee's note (emphasis added). Starting discovery promptly prevents loss of evidence. Over time, memories fade, witnesses relocate, and documents are mislaid. *Cf. Clinton v. Jones*, 520 U.S. 681, 707-708 (U.S. 1997) ("delaying trial would increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death of a party."); *United States v. Knox*, 2006 U.S. Dist. LEXIS 16913 (E.D. Va. Apr. 5, 2006) ("the delay has impacted evidence in a way characteristically associated with a lengthy delay, such as discovery problems, lost evidence, and relocated witnesses"). These considerations are especially critical here because Plaintiffs' claims concern the fabrication, distortion, and concealment of documentary evidence, making witnesses' memories especially important. *Cf. Medlin v. Trull*, 2006 U.S. Dist. LEXIS 10525 (W.D.N.C. Feb. 21, 2006) (allegations of malicious prosecution and intentional infliction of emotional distress "involve a number of factual matters which cannot be easily substantiated by documentary evidence, [and m]emories fade and witness become unavailable.").

By refusing to confer, Defendants effectively have granted themselves an improper stay of discovery. *See G.I. Home Dev. Corp. v. Town of Brookhaven*, 2008 U.S. Dist. LEXIS 26173, *2 (E.D.N.Y. Apr. 1, 2008) (a "request to defer the initial conference is, in effect, a request to stay discovery"); *Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Trust*, 230 F.R.D. 398, 404 n.9 (D. Md. 2005) ("The individual defendants initially refused to produce any documents based on their pending

motion to dismiss. There is no basis in the Local Rules or governing case law for what plaintiff correctly characterizes as defendants 'self-imposed stay of discovery.'"). In this District, discovery must start promptly, and stays of discovery are disfavored:

> Motions . . . which seek to prohibit or delay discovery are not favored. In considering such motions, the Court needs to remain mindful of its responsibility to expedite discovery and minimize delay. Disruption or prolongation of the discovery schedule is normally in no one's interest . . . . Matters of importance may be mislaid or avenues unexplored. A case becomes more of a management problem to the Court when it leaves the normal trial track.

*Kron Medical Corp. v. Groth*, 119 F.R.D. 636 (M.D.N.C. 1988); *see also Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988).

Discovery may be stayed only for "good cause." *See id.*; *United States v. Any & All Assets of Shane Co.*, 147 F.R.D. 99 (M.D.N.C. 1992) (A "motion to stay [discovery], in reality, seeks a protective order pursuant to Fed. R. Civ. P. 26(c) and thus the petitioner must show good cause for such an order.").

Defendants have offered four purported justifications for refusing to confer, none of which constitutes "good cause" or renders a Rule 26(f) conference not "practicable."

### A. The Pending Motions To Dismiss Would Not Dispose of All Claims and Do Not Render Conferring with Plaintiffs Impracticable.

Motions to dismiss do not make a Rule 26(f) conference "impracticable," or provide "good cause" to delay discovery. "The obligation to participate in the [Rule 26(f)] planning process is imposed on all parties that have appeared in the case, *including defendants who [have filed]. . . a pending Rule 12 motion*." Fed. R. Civ. P. 26(f) advisory committee's note (emphasis added). "The 'good cause' requirement is not satisfied simply by filing a dispositive motion." *G.I. Home Dev. Corp.*, 2008 U.S. Dist. LEXIS 26173, at *2. "The law is clear in this court that there is no automatic stay of

5

discovery pending the determination of a motion to dismiss." *Id.*; *see also Port Dock and Stone Corp. v. Oldcastle North East, Inc.*, No. CV 05-4294 (DRH), 2006 U.S. Dist. LEXIS 94944, *1 (E.D.N.Y. March 31, 2006) ("It is, of course, black letter law that the mere filing of a motion to dismiss the complaint does not constitute 'good cause' for the issuance of a discovery stay."); *Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Trust*, 230 F.R.D. 398, 404 n.9 (D. Md. 2005) (there is "no basis" for refusing to participate in discovery "based on [a] pending motion to dismiss"). The court should not delay discovery pending resolution of a motion to dismiss unless there is an "immediate and clear possibility" that the motions will entirely eliminate the need for discovery. *Simpson*, 121 F.R.D. at 263.

Here, there should be no "immediate and clear possibility" that Defendants' motions to dismiss will be granted. For the reasons stated in Plaintiffs' brief opposing those motions, the motions should be denied. But even if the Court *were* to grant all of those motions in all respects, discovery nonetheless would proceed because Plaintiffs' "official capacity" state-law claims (Counts 13-19) against the City of Durham are not subject to any motion to dismiss. *See* City Reply Br. at 24 (seeking dismissal of Counts "5, 7-12 and 20-22"). Defendants still would be subject to document and deposition discovery as non-party witnesses. In addition, the Bankruptcy Court recently ruled that Plaintiffs' claims against Defendant Michael B. Nifong shall be heard in the District Court, and, whatever the fate of these Defendants' motions to dismiss, discovery will be required as to Plaintiffs' claims against Nifong.[4] *See In re Nifong*, No. 08-80034, Opn.

---

[4] Indeed, Defendants' motions to dismiss seek to shift legal responsibility from themselves to Nifong. *See, e.g.,* Gottlieb Br. at 38 ("District Attorney Nifong… had a legal duty to disclose the results of the DNA reports to the defense."); Himan Br. at 17 ("District Attorney Nifong had the 'ultimate responsibility' for disclosing all potentially

(M.D.N.C. Bankr. May 27, 2008).[5] As this Court has held, "a request to stay all discovery pending resolution of a motion is rarely appropriate where resolution of the motion will not dispose of the entire case." *Simpson*, 121 F.R.D. at 263.

**B. Immunity Claims by Some Defendants Do Not Render a Conference Impracticable or Constitute Good Cause To Stay All Discovery.**

The immunity claims asserted by some—but not all—Defendants do not make conferring with Plaintiffs or starting discovery not practicable, or constitute good cause to stay all discovery. As an initial matter, these Defendants clearly are not entitled to the immunities they claim, for the reasons stated in Plaintiffs' brief opposing Defendants' motions to dismiss. Discovery should not be delayed based on meritless immunity claims. *See, e.g.*, *Waller v. Butkovich*, 584 F. Supp. 909, 948 n.15 (M.D.N.C. 1984) ("The Court has determined *sua sponte* that it need not further stay discovery against the government officials pending a separate 'threshold inquiry' regarding qualified immunity defenses that they may raise . . . [T]hey would be unsuccessful on the current state of the record."). Moreover, several of Plaintiffs' claims are not subject to any immunity defense, and those claims will proceed (and require discovery from all Defendants) even if the Court were to rule that some Defendants were immune from some claims.

---

exculpatory evidence to Plaintiffs."); *id.* at 31 ("District Attorney Nifong directed the investigation and was responsible for the prosecution."); DSI Br. at 22 ("Indeed, the gravamen of Plaintiffs' complaint is that Nifong persisted with the prosecution notwithstanding his full knowledge of the DNA testing results as well as additional evidence that called into doubt the criminal charges against Plaintiffs."); Wilson Br. at 8 ("Defendant Wilson acted only when tasks were expressly delegated by Defendant Nifong"); Supervisory Defendants' Br. at 20 (describing Nifong's involvement in the case as posing "a risk of unconstitutional injury.").

[5]   Nifong has filed a notice of appeal of the Bankruptcy Court's ruling, but his appeal brief is not yet due.

Qualified immunity is not immunity from third-party discovery. No reason exists to delay further the required discovery planning conference or the start of discovery.

### C. The Discussion of Some Electronically Stored Information Does Not Render a Rule 26(f) Conference Impracticable or Constitute Cause for Staying Discovery.

The City of Durham and DSI have suggested that the fact that they provided some information about electronically stored information ("ESI") obviates the need for a Rule 26(f) conference and discovery. Not so. Early discussion of ESI is only one of the goals of a Rule 26(f) conference, which includes other discovery planning. *See* Fed. R. Civ. P. 26(f). Moreover, the Rule 26(f) conference is only the first step toward the preservation of relevant ESI, and the rules expressly contemplate early *discovery* from electronic records custodians. *See* Fed. R. Civ. P. 26(f) advisory committee's note ("[I]dentification of, *and early discovery from*, individuals with special knowledge of a party's computer systems may be helpful."). Finally, and fundamentally, ESI is only a fraction of the evidence in this case, and prompt action is required to preserve other types of documents and to preserve witnesses' testimony. That two of the Defendants claim that they are preserving the ESI that they consider relevant is no reason to countenance their self-granted, indefinite stay of all discovery.

### D. The Local Rules Do Not Modify the Requirement To Confer "as Soon as Practicable."

Local Rule 16(b) provides that the parties must hold their Rule 26(f) conference "*at least* 14 days before the scheduled initial pretrial conference." *See* M.D.N.C. Local Rule 16(b) (emphasis added). Neither Local Rule 16(b) nor Rule 26(f), however, requires the parties to delay conferring until after the clerk has scheduled a pretrial conference, nor is such delay permissible. *See* Fed. R. Civ. P. 26(f)(1) ("the parties must

8

confer as soon as practicable"). "Rule 26(f) does not require the parties to delay conferring until after a scheduling conference has been held or a scheduling order has been issued." *Scott v. Graphic Communs. Int'l Union, Local 97-B*, No. 03-2005 92 Fed. Appx. 896, 901-902 (3d Cir., Mar. 17, 2004). To the contrary, "responsibility for arranging this conference and initiating discovery is placed squarely on the shoulders of the attorneys of record and not on the district court." *Id*.; see Fed. R. Civ. P. 26(a)(2) (counsel "are jointly responsible for arranging the conference.").

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order directing Defendants to confer with Plaintiffs as required by Federal Rule of Civil Procedure 26(f). Alternatively, Plaintiffs request that the Court schedule an initial pretrial conference.

Dated:   June 24, 2008  Respectfully submitted,

**WILLIAMS & CONNOLLY LLP**

By:  ___/s/ Charles Davant IV_____
   Brendan V. Sullivan, Jr. (pro hac vice)
   Robert M. Cary (pro hac vice)
   Christopher N. Manning (pro hac vice)
   Charles Davant IV (N.C. Bar #28489)
   725 Twelfth Street, N.W.
   Washington, D.C.  20005
   Tel.   (202) 434-5000
   Email  cdavant@wc.com

   *Attorneys for Plaintiffs*
    *David F. Evans and Collin Finnerty*

   -and-

**RUDOLF WIDENHOUSE & FIALKO**

By:    /s/ David S. Rudolf
     David S. Rudolf (N.C. Bar #8587)
     312 West Franklin Street
     Chapel Hill, NC 27516
     Tel. (919) 967-4900
     Email dsrudolf@rwf-law.com

**BARRY C. SCHECK, ESQ.**

     Barry C. Scheck*
     Attn: Elizabeth Vaca
     100 Fifth Avenue
     New York, NY 10011
     Tel. (212) 364-5390
     Email bcsinnocence@aol.com

     (* motion for special appearance
      to be filed)

**EMERY CELLI BRINCKERHOFF & ABADY LLP**

     Richard D. Emery (pro hac vice)
     Ilann M. Maazel (pro hac vice)
     75 Rockefeller Plaza, 20th Floor
     New York, NY 10019
     Tel. (212) 763-5000
     Fax. (212) 763-5001
     Email remery@ecbalaw.com

*Attorneys for Plaintiff Reade Seligmann*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DAVID F. EVANS, et al.,

    Plaintiffs,

    v.

CITY OF DURHAM, N.C., et al.,

    Defendants.

Case No. 1:07CV739

## CERTIFICATE OF CONFERENCE

    Pursuant to Rule 37.1(a) of the Local Rules of the Middle District of North Carolina, I hereby certify that after personal consultation and diligent attempts to resolve differences the parties are unable to reach an accord. Robert M. Cary, counsel for David F. Evans and Collin Finnerty, on May 20, 2008 transmitted a letter to all counsel of record proposing several dates for a Rule 26(f) conference. On May 26, 2008, Ana H. Voss, counsel for the City of Durham, responded in a letter to Robert M. Cary, with copies to all counsel of record, that it is her client's position that a Rule 26(f) conference is not appropriate. On May 29, 2008, Robert J. King, counsel for DNA Security, Inc., responded in a letter to Robert M. Cary that it is his client's position that a Rule 26(f) conference is not appropriate. All other defendants but Linwood Wilson have not responded to the request for a Rule 26(f) conference.

Respectfully submitted,


<u>/s/ Charles Davant IV</u>
Charles Davant IV (N.C. Bar No. 28489)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel. (202) 434-5000
Email: cdavant@wc.com

*Attorney for Plaintiffs David F. Evans and
   Collin Finnerty*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DAVID F. EVANS, et al.,

    Plaintiffs,

    v.

CITY OF DURHAM, N.C., et al.,

    Defendants.

Case No. 1:07CV739

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2008, I electronically filed the foregoing **MOTION TO COMPEL DEFENDANTS TO CONFER UNDER RULE 26(f)** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Reginald B. Gillespie, Jr.
FAISON & GILLESPIE
5517 Durham-Chapel Hill Blvd., Ste. 2000
P.O. Box 51729
Durham, NC 27717-1729

Roger E. Warin
STEPTOE & JOHNSON LLP
1330 Connecticut Ave. N.W.
Washington, D.C. 20036

*Counsel for Defendant City of Durham*


Joel M. Craig
KENNON CRAVER BELO CRAIG & MCKEE, PLLC
4011 University Drive, Suite 300

P.O. Box 51579
Durham, NC 27717-1579

*Counsel for Defendant Benjamin Himan*


James B. Maxwell,
MAXWELL, FREEMAN & BOWMAN, P.A.
P.O. Box 52396
Durham, NC 27717-2396

*Counsel for Defendant David Addison*


Edwin M. Speas
Eric P. Stevens
POYNER & SPRUILL, LLP
3600 Glenwood Avenue
Raleigh, NC 27612

*Counsel for Defendant Mark Gottlieb*


Patricia P. Kerner
D. Martin Warf
Hannah G. Styron
TROUTMAN SANDERS LLP
434 Fayetteville Street, Suite 1900
Raleigh, NC 27601

*Counsel for Defendants Steven Chalmers, Beverly Council, Ronald Hodge, Jeff Lamb, Patrick Baker, Michael Ripberger, and Lee Russ*


Robert A. Sar
Nicholas J. Sanservino, Jr.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2301 Sugar Bush Road
Suite 600
Raleigh, NC 27612

*Counsel for Defendant DNA Security*

2

Robert J. King III
Kearns Davis
BROOKS, PIERCE, McLENDON, HUMPHREY & LEONARD, LLP
2000 Renaissance Plaza
Post Office Box 26000
Greensboro, NC 27420

*Counsel for Defendant DNA Security, Inc. & Richard Clark*


Paul R. Dickinson, Jr.
James A. Roberts, III
LEWIS & ROBERTS PLLC
1305 Navaho Drive, Suite 400
Raleigh, NC  27609-7482

*Counsel for Defendant Brian Meehan*


David S. Rudolf
RUDOLF WIDENHOUSE & FIALKO
312 West Franklin Street
Chapel Hill, NC 27516

*Counsel for Plaintiff Reade Seligmann*


I further certify that I caused the foregoing document to be served by first-class mail, postage prepaid, to the following non CM/ECF participants:

Linwood Wilson
6910 Innesbrook Way
Bahama, NC 27503-9700

*Pro se*


James B. Craven III
340 West Main Street
P.O. Box 1366
Durham, NC 27702

*Counsel for Michael B. Nifong*
*(terminated administratively pursuant to order of Jan. 28, 2008)*


Barry C. Scheck
100 Fifth Avenue
New York, NY 10011

Richard D. Emery
EMERY CELLI BRINCKERHOFF & ABADY LLP
75 Rockefeller Plaza, 20th Floor
New York, NY 10019

*Counsel for Plaintiff Reade Seligmann*


                      Respectfully submitted,


                      /s/ Charles Davant IV
                      Charles Davant IV (N.C. Bar No. 28489)
                      WILLIAMS & CONNOLLY LLP
                      725 Twelfth Street, N.W.
                      Washington, D.C.  20005
                      Tel.    (202) 434-5000
                      Email: cdavant@wc.com

                      *Attorney for Plaintiffs David F. Evans and*
                        *Collin Finnerty*