IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:07-CV-739

| | |
|---|---|
| DAVID F. EVANS, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| THE CITY OF DURHAM, NORTH | ) |
| CAROLINA, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## RESPONSE TO MOTION TO COMPEL DEFENDANTS
## TO CONFER UNDER RULE 26(f)

Come now Defendants DNA Security, Inc. and Richard Clark (collectively, "DSI") and submit this Response to Plaintiffs' Motion to Compel Defendants to Confer Under Rule 26(f). DSI opposes Plaintiffs' Motion for the reasons set forth below.

### NATURE OF THE MATTER AND PENDING MOTIONS

Plaintiffs have filed a 151-page, 567-paragraph Amended Complaint in this matter, naming 16 Defendants. The Defendants are accused of participating in a variety of acts of misconduct and multitudinous conspiracies. The present case is only one of three related actions pending in this Court, the others being *McFadyen et al. v. Duke University et al.*, No. 1:07-CV-953, and *Carrington et al. v. Duke University et al.*,

Dockets.Justia.com

No. 1:08-CV-119. Taken together, these three cases involve 53 plaintiffs, 52 defendants, more than 800 pages of complaints and 93 causes of action.[1]

The defendants in each of the three related actions have filed motions to dismiss. The motions raise various grounds for the dismissal of the plaintiffs' claims, including absolute immunity, qualified immunity, lack of proximate cause, lack of injury, and the simple fact that many of the plaintiffs' purported claims do not exist as a matter of law.

The resolution of the pending motions to dismiss will likely have a dramatic effect on the complexion of this case. The Court's rulings may cause one or more of the actions to be dismissed in their entirety, or may result in the dismissal of various defendants, various causes of action or various portions of complaints (such as some of the myriad alleged conspiracies). The Court must remove the chaff and thereby determine how much, if any, wheat is left.

Despite the fact that the pending motions to dismiss are likely to have an enormous impact on this case, Plaintiffs' instant Motion demands that the Court order the parties to confer under Fed. R. Civ. P. 26(f) and then promptly begin the discovery process. Plaintiffs' demand ignores the Local Rules and the settled practice of this Court, prevailing case law regarding immunity, judicial economy, and the fact that voluminous testimony and thousands of documents relating to the underlying dispute have already been preserved.

---

[1] In addition, as discussed below, Michael Nifong has filed for bankruptcy in the Middle District. The issue of whether the bankruptcy stay should be lifted as to the Plaintiffs' claims is currently before this Court as part of an appeal from the Bankruptcy Court as *In re Nifong (Nifong v. Evans et al.)*, 1:08-CV-441.

**ARGUMENT**

## I.    PLAINTIFFS IGNORE THE LOCAL RULES OF THIS COURT

As every practitioner before this Court should know, the trigger for conducting a Rule 26(f) conference in the Middle District is the scheduling by the Clerk of an initial pretrial conference.  L. R. 16.1(b) ("The parties must hold their Fed. R. Civ. P. 26(f) meeting at least 14 days before the scheduled initial pretrial conference . . . .").  Therefore, the "deadline for parties to confer and prepare their Rule 26(f) report is not set until the Court orders a scheduling conference or sets a deadline for a scheduling order."  *Sara Lee Corp. v. Gregg*, No. 1:02-CV-195, 2003 WL 23120116, at *2 (M.D.N.C. Dec. 18, 2003) (Tilley, J.)  It is this Court's practice not to send notices of the scheduled initial pretrial conference until after preliminary motions to dismiss are decided.  *See id.* (because motion to dismiss had been pending, court had not ordered scheduling conference).

Consistent with the practice in this District, the Clerk has not sent notice of an initial pretrial conference because motions to dismiss are pending.  The position of DSI (and other Defendants) -- that a Rule 26(f) conference is premature -- is therefore consistent with both the Local Rules and the well-established practice in this District.

Federal Rule of Civil Procedure 26(f) requires that the parties confer "at least 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b)."  By its adoption of Local Rule 16.1(b), this District has determined that the trigger for a mandatory Rule 26(f) conference is the scheduling by the Clerk of the initial

pretrial conference.  Defendants are not in violation of the Federal Rules, and neither is the Clerk for the Middle District.

## II.     THIS COURT SHOULD NOT MAKE AN EXCEPTION TO THE LOCAL RULES OR LOCAL PRACTICE

Since Defendants are simply following the Local Rules and this Court's practice, Plaintiffs' real argument is that the Court should make an exception to the Local Rules and local practice in this case by ordering discovery while motions to dismiss are pending.  This argument should be rejected because, if there ever were a case that demonstrates the reason for the local practice, it is this one.

### A.     The Outcome of the Motions to Dismiss Will Significantly Affect the Nature of This Dispute

If discovery were to begin as this case and the two related matters are currently composed, it is difficult to calculate the number of depositions that will be required.  As noted, there are more than 100 parties, each of whom presumably will be deposed.  In addition, scores (at least) of additional fact depositions will be required, plus an unknown number of expert depositions.  Years of effort and millions of dollars would be expended on discovery.  It is almost inevitable that the parties would become embroiled in discovery disputes, resulting in significant expenditures of judicial resources.

As discussed above, the resolution of the pending motions to dismiss is likely to have a dramatic impact on the complexion of this and the related cases, and therefore the scope of discovery.  The Court may dismiss one or more cases in their entirety, one or more Defendants, one or more causes of action, or one or more groups of allegations.  It

is impossible today to know what might be a legitimate topic (out of the dozens alleged) for discovery. Without a ruling on the motions to dismiss, launching into discovery involving over 100 parties and scores of allegations of wrongdoing without knowing what is in dispute or who is a proper party would be foolhardy.

Plaintiffs do not dispute that the resolution of the motions to dismiss in this and the related cases could dramatically reshape the cases. Instead, they contend that certain claims against the City of Durham are not subject to motions to dismiss, and, because those claims will proceed and *some* discovery will be required, discovery should get started in total. (Mem. at 6.) However, all of the claims against DSI are subject to dismissal (as are the claims of various other defendants in the three pending cases). The fact that some as-yet-unknown claims against some defendant may survive the motion to dismiss process is not good cause to start discovery.[2]

## B. Delaying Discovery Is Particularly Appropriate When Immunity Defenses Have Been Raised

The various Defendants in this matter have raised immunity defenses -- both absolute and qualified -- in their motions to dismiss. While delaying discovery when any

---

[2] Plaintiffs rely upon this Court's decision to allow limited discovery to proceed in *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261 (M.D.N.C. 1988). *Simpson* was decided before the 1993 amendments to Rule 26(d) that prohibited discovery before the Rule 26(f) conference. Therefore, when *Simpson* was decided, the rules permitted discovery to proceed from the outset of the case. Moreover, in *Simpson*, the Court was not faced with the question of allowing unbounded discovery, but instead determined that it would allow one deposition to proceed while a motion to dismiss was pending. Moreover, that motion to dismiss was directed principally to the alleged failure to plead fraud with particularity; in such a circumstance, the Court found that the plaintiff could easily amend to remedy any pleading deficiencies.

substantive motion to dismiss is pending is a logical way to avoid a waste of resources, deferring discovery until an immunity defense is resolved goes to the very nature of why such immunity defenses exist: A defendant is given immunity not just from liability, but from pretrial procedures, including discovery. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until th[e] threshold immunity question is resolved, discovery should not be allowed."); *Siegert v. Gilley*, 500 U.S. 226, 232 (1991) (quoting *Harlow*); *Lescs v. Martinsburg Police Dept.*, 138 Fed. Appx. 562, 564 (4th Cir. 2005); *see Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal *before the commencement of discovery*.") (emphasis added). Forcing DSI and other Defendants who have raised immunity defenses to bear the inconvenience and expense of over 100 depositions, written discovery, document production, and the like while motions to dismiss are pending would undermine the purpose for which such immunity exists.[3]

---

[3] Plaintiffs cite *Waller v. Butkovich*, 584 F. Supp. 909 (M.D.N.C. 1984), for the proposition that "[d]iscovery should not be delayed based on meritless immunity claims." (Mem. at 7.) In *Waller*, all of the immunity defenses that had been raised in the motion to dismiss had been ruled upon, so it was appropriate for discovery to commence. The defendants asked to continue to stay discovery because they planned on filing a *future* motion for summary judgment based on qualified immunity. The Court denied that motion. *Id.* at 948 n.15. *Waller* does not stand for the proposition that the Court should simply choose to let discovery go forward while an immunity-based Rule 12 motion is pending.

### C. The Need to Coordinate Discovery With Other Cases Makes Plaintiffs' Motion Particularly Inappropriate

As noted, the present action is one of three related cases pending in this Court. While the specific allegations vary, the core of these claims is the same: that Nifong and the Durham police (and, in some of the complaints, the Duke University and DSI Defendants) engaged in an effort to vilify and (as to the present Plaintiffs) prosecute the plaintiffs for a crime that did not occur. Given the significant overlap in the cases, it is inevitable that some amount of coordination (if not consolidation) of the cases will be required. Otherwise, the onerous discovery that any one of these cases will require will be duplicated, thereby compounding an already considerable expenditure of resources.

The plaintiffs in two of the three cases (the present action and *Carrington*) have requested that discovery begin immediately. The plaintiffs in the third action, *McFadyen*, have not made such a motion, or even raised the issue with these Defendants. Beginning discovery in only two of three related cases makes no sense. In addition, the issue of whether Michael Nifong will be a defendant in the present action must be resolved before discovery begins. Nifong has filed for bankruptcy, and the present Plaintiffs have filed both an adversary proceeding and a motion to lift the stay so that Plaintiffs can pursue their claims against Nifong in the present case. The Bankruptcy Court granted the motion to lift the stay, and Nifong has appealed that Order. A determination as to

whether Nifong -- the central figure in the plaintiffs' allegations in all three cases -- will be a party to the present action should be made before discovery begins.[4]

The need for coordination and consolidation, and the importance of resolving preliminary issues like Nifong's participation in the three related cases, further weigh against the premature commencement of discovery that Plaintiffs urge.

## III. PLAINTIFFS HAVE OFFERED NO COMPELLING REASON WHY DISCOVERY SHOULD BEGIN

In the face of the Local Rules, local practice, settled law relating to immunity defenses, and common sense, Plaintiffs have offered only the most meager of reasons for beginning discovery now: "Plaintiffs need to begin taking depositions promptly so that testimony of Defendants and non-party witnesses can be preserved before memories fade still further." (Mem. at 3.) Plaintiffs also raise the specter of documents, particularly electronically stored information ("ESI"), being lost while the motions to dismiss are pending. (*Id*. at 8.)

On the latter issue, the parties have engaged in a detailed dialogue concerning the preservation of documents, including ESI, as evidenced by the correspondence attached at Tab A. DSI has apparently answered to Plaintiffs' satisfaction all of Plaintiffs'

---

[4]  Plaintiffs assert that, in the event that this Court affirms the decision by the Bankruptcy Court to lift the stay as to Nifong, discovery will proceed against Nifong. (Mem. at 6-7.) This assertion is based on the assumptions that Nifong will not file a motion to dismiss and that the Court would allow discovery to proceed when fifteen of sixteen defendants have filed motions to dismiss. Neither is a reasonable assumption.

questions concerning the preservation of ESI.[5]  (In fact, ironically, the only unresolved questions regarding ESI were posed by DSI *to* Plaintiffs, rather than vice versa; DSI continues to await answers from Plaintiffs on these issues.  (*See* May 20, 2008 letter attached at Tab A.))

Plaintiffs' argument that depositions must be taken now to preserve testimony is even more baseless.  Given all of the proceedings that have already taken place and the voluminous testimony given by key witnesses prior to the present action, it is hard to imagine a situation in which potentially relevant evidence would be better preserved. The core of each plaintiff's complaint relates to the criminal action styled *State v. Finnerty, Evans & Seligmann*.  The files relating to that case were secured by the Attorney General and have been preserved.  Thereafter, both a State Bar proceeding and a criminal contempt proceeding were instituted, resulting in the preservation of testimony of multiple key witnesses, sometimes on multiple occasions.  For example, Brian Meehan (the lab director at DSI at the relevant time) testified in the underlying criminal action, testified in the subsequent State Bar trial of Nifong, and has been deposed twice.  Other witnesses similarly have testified under oath, and transcripts exist of such testimony, including those of Michael Nifong, Mark Gottlieb, and Benjamin Himan.  (*See, e.g.,* Tab B (cover pages of transcripts).)  In short, the testimony of key witnesses has been

---

[5]  Plaintiffs assert that DSI refused to answer one question regarding ESI.  (*See* Mem. at 2-3.)  As the correspondence attached at Tab A makes clear, however, the question at issue did not relate to the existence or preservation of ESI (or the preservation of any other evidence) but rather sought to have DSI identify which documents had previously been produced in another proceeding.

preserved far better here than is normally the case. Consequently, Plaintiffs' sole justification for deviating from this Court's Local Rules and local practice is without foundation.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion.

Respectfully submitted,


/s/ Robert J. King III
Robert J. King III
N.C. State Bar No. 15946
Kearns Davis
N.C. State Bar No. 22014
Brooks, Pierce, McLendon, Humphrey &
  Leonard, L.L.P.
Post Office Box 26000
Greensboro, North Carolina  27420
Telephone:  (336) 373-8850
Facsimile:  (336) 378-1001

*Counsel for Defendants DNA Security, Inc. and Richard Clark*


Robert A. Sar
N.C. State Bar No. 22306
Nicholas J. Sanservino, Jr.
N.C. State Bar No. 36557
Ogletree, Deakins, Nash, Smoak & Stewart, PC
2301 Sugar Bush Road, Suite 600
Raleigh, North Carolina 27612
Telephone: (919) 787-9700
Facsimile: (919) 783-9412

*Counsel for Defendant DNA Security, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2008, I electronically filed the foregoing **RESPONSE TO MOTION TO COMPEL DEFENDANTS TO CONFER UNDER RULE 26(f)** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Brendan V. Sullivan, Jr.
Robert M. Cary
Christopher N. Manning
Charles Davant IV
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
*Counsel for Plaintiffs David F. Evans
and Collin Finnerty*

David S. Rudolf
RUDOLF WIDENHOUSE & FIALKO
312 West Franklin Street
Chapel Hill, NC 27516
*Counsel for Plaintiff Reade Seligmann*

Reginald B. Gillespie, Jr.
FAISON & GILLESPIE
5517 Durham-Chapel Hill Blvd., Ste. 2000
P.O. Box 51729
Durham, NC 27717-1729
*Counsel for Defendant City of Durham, NC*

Joel M. Craig
Henry W. Sappenfield
KENNON CRAVER BELO CRAIG
& McKEE, PLLC
4011 University Drive, Suite 300
P.O Box 51579
Durham, NC 27717-1579
*Counsel for Defendant Benjamin Himan*

James B. Maxwell
MAXWELL FREEMAN &
BOWMAN, P.A.
P.O. Box 52396
Durham, NC 27717-2396
*Counsel for Defendant David Addison*

Patricia P. Kerner
D. Martin Warf
Hannah Gray Styron
TROUTMAN SANDERS, LLP
434 Fayetteville Street, Suite 1900
Raleigh, NC 27601
*Counsel for Defendants Steven Chalmers,
Beverly Council, Ronald Hodge, Jeff
Lamb, Patrick Baker, Michael Ripberger
and Lee Russ*

Paul R. Dickinson, Jr.
LEWIS & ROBERTS PLLC
5960 Fairview Road, Ste. 102
Charlotte, NC 28210-3103

James A. Roberts, III
LEWIS & ROBERTS PLLC
1305 Navaho Drive, Suite 400
Raleigh, NC 27609-7482
*Counsel for Defendant Brian Meehan*

James B. Craven, III
340 West Main Street
P.O. Box 1366
Durham, NC  27702
*Counsel for Michael B. Nifong*

Edwin M. Speas
Eric P. Stevens
POYNER & SPRUILL, LLP
3600 Glenwood Avenue
Raleigh, NC  27612
*Counsel for Defendant Mark Gottlieb*

     I further certify that I caused the foregoing document to be served by first-class mail, postage-prepaid, to the following non-CM/ECF participants:

Barry C. Scheck
100 Fifth Avenue
New York, NY  10011

Linwood Wilson
6910 Innesbrook Way
Bahama, NC  27503-9700
*Pro se*

Richard D. Emery
EMERY CELLI BRICKERHOFF
& ABADY LLP
75 Rockefeller Plaza, 20th Floor
New York, NY  10019
*Counsel for Plaintiff Reade Seligmann*

Roger E. Warin
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, DC  20036
*Counsel for Defendant City of Durham, NC*

Respectfully Submitted,


/s/ Robert J. King III