IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF
NORTH CAROLINA

| | |
|---|---|
| DAVID F. EVANS, *et al,* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:07-CV-00739 |
| ) | |
| THE CITY OF DURHAM, *et al,* ) | |
| ) | |
| Defendants. ) | |

_____

**CITY DEFENDANTS' MEMORANDUM IN RESPONSE TO
PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO
CONFER UNDER RULE 26(f)**
_____

Defendants the City of Durham, North Carolina, Mark Gottlieb, Benjamin Himan, Patrick Baker, Steven Chalmers, Ronald Hodge, Lee Russ, Beverly Council, Jeff Lamb, Michael Ripberger, and David Addison, (collectively "the City Defendants"), herein by and through their respective counsel of record, and pursuant to LR7.3(f), submit this Memorandum in Response to the Plaintiffs' Motion to Compel Defendants to Confer under Rule 26(f). (Docket # 67.)

## STATEMENT OF THE FACTS

On October 5, 2007, Plaintiffs filed their 148 page Complaint against the City Defendants, as well as Michael Nifong, Linwood Wilson, and DNA Security, Inc., and two of its employees. (Docket # 1.) Plaintiffs filed their First Amended Complaint, consisting of 152 pages, 567 paragraphs, and asserting 22 causes of action, on December

11, 2007. (Docket # 26.) Because of the unusual length of Plaintiffs' Complaint and First Amended Complaint, and the number of causes of action, the parties jointly requested substantial additional time and pages for briefing and responding to issues that would be raised by Defendants' anticipated motions to dismiss. (Docket # 24.) This Court granted the parties' joint motion, permitting memoranda up to a total of 1,125 pages and approximately six months to complete the briefing process. (Docket # 25.)

All Defendants filed motions to dismiss pursuant to the Court's order, with comprehensive supporting memoranda challenging the novel legal theories forming the basis of Plaintiffs' claims. (Docket ## 29-43.) Plaintiffs filed a 120-page consolidated response to all of these motions on April 2, 2008. (Docket # 51.) All Defendants filed their replies to Plaintiffs' response on May 9, 2008. (Docket ## 60-65.) These motions were submitted to the Court for consideration on June 17, 2008.

After filing their response in April, counsel for Plaintiffs continued communication with counsel for the City concerning the preservation of electronically stored information ("ESI"). Plaintiffs' counsel and counsel for the City had conference calls and exchanged correspondence, reaching agreements on the preservation of ESI on behalf of City Defendants and Plaintiffs. (*See* Attachment I, August 16, 2007 Letter to City Attorney; Attachment II, September 26, 2007 Letter to Brendan Sullivan; Attachment III, Letter to Reggie Gillespie; Attachment IV, May 19, 2008 Letter to Charles Davant; Attachment V, May 19, 2008 Letter to Richard D. Emery.)

Despite this communication, those agreements, and the pending motions to

dismiss, on May 20, 2008, Plaintiffs' counsel sent a letter via email to all defense counsel seeking to schedule a Rule 26(f) conference in May or early June. (*See* Plaintiffs' Memorandum in Support of Motion to Compel Rule 26(f) Conference, Exhibit 1.) Counsel for the City responded on behalf of the City Defendants[1] that a Rule 26(f) conference was inappropriate based on the pending motions to dismiss and unnecessary based on the actions already taken to preserve evidence and the agreements reached regarding preservation of ESI. (*See* Plfs' Mem. in Support of Mot., Exhibit 2.) Other Defendants responded similarly. (*See id*. Exhibit 3.) In fact, as pointed out by counsel for DNA Security, Inc., in its May 29, 2008, letter, in this District, "the requirement to hold such a conference is triggered by the Clerk sending a notice of the initial pretrial conference." (*See id*. (citing LR16.1(b).) "This has not occurred, and the Court's practice is not to require a discovery conference while motions to dismiss are pending[.]" (*Id.*)

## **ARGUMENT**

I. THE CITY DEFENDANTS ARE ACTING IN ACCORDANCE WITH LOCAL RULES REGARDING THE TIMING OF A RULE 26(F) CONFERENCE

Plaintiffs insist that by declining to voluntarily participate in a Rule 26(f) conference that Defendants have "granted themselves an improper stay of discovery." (*See id*. 3, 4.) Defendants have done nothing of the sort. Rather, by waiting for the Court

---

[1] This letter was intended as a collective response for all of the City Defendants, and was sent with the knowledge and consent of all of the City Defendants' counsel. The City Defendants reasonably concluded that Plaintiffs' counsel understood this to be a joint response, inasmuch as Plaintiffs' counsel had discussed the preservation of all City Defendants' ESI directly with counsel for the City alone.

3

or Clerk's office to issue an order regarding the initial pretrial conference pursuant to Fed. R. Civ. P. 16(c), Defendants have merely acted in compliance with this District's local rules, and opinions and practice of this Court. *See Sara Lee Corp. v. Gregg*, No. 1:02-CV-195, 2003 U.S. Dist. LEXIS 23479 (M.D.N.C. Dec. 18, 2003). Local Rule 16.1(b) provides that the Clerk shall schedule an initial pretrial conference, and that "[t]he parties must hold their Fed.R.Civ.P. 26(f) meeting at least 14 days before the scheduled initial pretrial conference . . . ." LR16.1(b). Because the Clerk has not yet scheduled the initial pretrial conference in this case, the parties are not yet required to participate in a Rule 26(f) meeting.

As implicitly acknowledged in *Sara Lee*, and adhered to by the City Defendants in this case, this Court generally does not schedule pretrial conferences, and thus trigger Rule 26(f) conferences, while critical Rule 12 motions are pending. In *Sara Lee*, the plaintiff filed suit to enforce a personal guarantee in February 2002. *Sara Lee Corp.*, 2003 U.S. Dist. LEXIS 23479, at \*3. In March 2002, the defendant filed a motion to dismiss for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2), or in the alternative a motion to transfer venue. *Id.* On July 31, 2002, the magistrate judge issued a decision recommending that the defendant's motion be denied, and the defendant filed an objection to the recommendation. In August 2002, six months after filing their complaint and while the dismissal matter was pending before the district court judge, the plaintiff filed a motion to proceed with discovery. *Id.* at \*4. All pending motions and objections were considered by the Court at the same time. *Id.* at \*5.

4

Judge Tilley adopted the recommendation denying the defendant's motion to dismiss, and denied the motion to proceed with discovery as moot, since he was disposing of the event that was delaying the issuance of an order pursuant to Rule 16. In so doing, Judge Tilley described this District's discovery scheduling procedures as follows:

> According to Rule 26(d) of the Federal Rules of Civil Procedure, 'except . . . when authorized by these rules or by order or by agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f).' The deadline for parties to confer and prepare their Rule 26(f) report is not set until the Court orders a scheduling conference or sets a deadline for a scheduling order pursuant to Federal Rule of Civil Procedure 16(b).
>
> At the time of Plaintiff's motion, Defendant's Motion to Dismiss was still pending. Therefore, a scheduling conference had not been ordered. Now that Defendant's Motion to Dismiss will be denied, a scheduling conference will be set and discovery will commence. Therefore, Plaintiff's Motion to Proceed with Discovery will be DENIED as MOOT.

*Id*. at *6-7.

This Court's approach to prompt a Rule 26(f) conference and proceed with discovery only *after* resolution of pending dispositive motions has also been consistently applied in the Eastern, Middle, and Western Districts. *See Yongo v. Nationwide Affinity Ins. Co. of Am.*, No. 5:07-CV-94, 2008 U.S. Dist. LEXIS 14684 (E.D.N.C. Feb. 25, 2008) (based on *Tilley v. United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003), *aff'd*, 85 F. App'x 333 (4th Cir. 2004), granting a protective order to relieve defendants from participating in discovery when they had a pending dispositive motion); *Patterson v. Brown*, 2008 U.S. Dist. LEXIS 9312 (W.D.N.C. Jan. 23, 2008) (protective order allowed

5

where plaintiff served interrogatories while a motion to dismiss was pending, and no 26(f) conference had occurred). Moreover, courts of appeals have upheld district courts' discretion to delay discovery until after dispositive motions are resolved. As the Fifth Circuit has stated:

> Rule 16(b) of the Federal Rules of Civil Procedure authorizes federal courts to organize the discovery process through a scheduling order. Fed. R. Civ. P. 16(b); *see also Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996). Pending a case surviving a motion to dismiss under Rule 12(b)(6), however, the district court may wish to postpone the issuance of a scheduling order until it decides whether the case merits further factual development. *See, e.g., Ehlmann v. Kaiser Found. Health Plan of Tex.*, 198 F.3d 552, 554 (5th Cir. 2000). The district court cannot be said to have abused its discretion in delaying the issuance of a scheduling order until its ruling on the Rule 12(b)(6) motion.

*Alpha Kappa Alpha Sorority, Inc. v. Converse Inc.*, 175 F. App'x 672, 682 (5th Cir. 2006).

Thus, Plaintiffs' claims that the City Defendants are acting unreasonably by following this Court's practice of waiting until the motions to dismiss are decided to initiate a discovery planning conference is simply feckless. Moreover, Plaintiffs' mere citation to Rule 26(f) simply ignores this Court's longstanding and perfectly appropriate practice of not commencing discovery until after the resolution of pending dispositive motions.

As noted above, the administrative management of a case, including establishing a window in which parties must confer pursuant to Rule 26(f), is well within the discretion of the Court. *See id.*; *see also Crawford-El v. Britton*, 523 U.S. 574, 599 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate

6

the sequence of discovery."); *Coca-Cola Bottling Co. v. Grol*, No. 92-7061, 1993 U.S. Dist. LEXIS 3734, at *6 (E.D. Pa. Mar. 3, 1993) ("[T]he decision whether to stay discovery pending a decision on a motion to dismiss is left to the sound discretion of the court."). Even the cases cited by Plaintiffs demonstrate that district courts have broad discretion in scheduling discovery. *See, e.g., Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988) ("A court has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case."). Accordingly, Defendants' reliance on this Court's practice hardly warrants Plaintiffs' accusations of impropriety.

II. PLAINTIFFS' REQUEST FOR A RULE 26(F) CONFERENCE IS PREMATURE, UNNECESSARY, AND UNSUPPORTED

Plaintiffs do not seek merely a Rule 26(f) "conference" regarding how the parties will approach discovery, *if* or when it becomes necessary. Rather, as expressed by their motion, Plaintiffs want "to begin taking depositions promptly." (Plfs' Mem. in Support of Mot. 3.) Clearly, Plaintiffs see the Rule 26(f) conference as merely the starting gun for a race to begin issuing subpoenas and deposing tens of dozens of parties and witnesses. For the following reasons, both the formal conference among the parties and a hasty headlong plunge into discovery are unwarranted in this case.

A. Immediate Formal Discussions Are Not Necessary

Even if this District's practice were otherwise, the formal demand for an immediate Rule 26(f) conference would be unnecessary and inappropriate under the circumstances of this case. First, Defendants are working to preserve material relevant to

7

Plaintiffs' claims and Defendants' defense of those claims. As admitted by Plaintiffs, the City Defendants have discussed with Plaintiffs the measures they are taking to preserve records, documents, and ESI. (Plfs' Mem. in Support of Mot. 8; *see also* Attachment IV.) This is certainly an important part of any Rule 26(f) conference. *See* Fed. R. Civ. P. 26(f)(2) and (3). Other aspects of the conference, such as considering "the possibilities for promptly settling or resolving the case[,]" *see id.*, have also already been reviewed among the Plaintiffs and the City Defendants. There is thus no indication that delay of the conference and the commencement of discovery, until after resolution of pending motions to dismiss, would work any hardship on Plaintiffs.

Second, as Plaintiffs' citation to Sgt. Gottlieb's sworn testimony illustrates,[2] the facts and circumstances underlying the Plaintiffs' claims have already been *explored* in the State Bar disciplinary proceedings against District Attorney Nifong, at which the depositions of five of the defendants in this Lawsuit were taken (Michael Nifong, Linwood Wilson, Mark Gottlieb, Benjamin Himan, Michael Ripberger, and Brian Meehan). In fact, taking judicial notice of the Second Amended Complaint in *McFadyen v. Duke University*, 1:07-CV-953, reveals that Plaintiffs and their teammates have had private investigators, forensics experts, and forensic computer analysts working to uncover relevant information since at least April 3, 2006. (1:07-CV-953 Docket # 34, ¶¶

---

[2] The citations to Sgt. Gottlieb's deposition on page 3 of Plaintiffs' Memorandum do not support the proposition that Sgt. Gottlieb's memory is or was fading. Rather, they show only that Plaintiffs know how to perform a word search of a deposition. In several references, for instance, the context of Sgt. Gottlieb's answer demonstrates that the words "I don't recall" were used to simply mean "no." (*See* Plfs' Mem. In Support of Mot., Ex. 4, pp. 121, 140, 141.)

239, 427, 538.) Even Plaintiffs' First Amended Complaint reveals that the dismissal of their criminal charges against them was based in no small part on the information presented to the Attorney General gathered and compiled by *their* criminal defense counsel. (Docket # 26, ¶ 318.) Plaintiffs, therefore, are hardly placed at a disadvantage by delaying a Rule 26(f) conference.

Further, none of the cases cited by Plaintiffs in support of the prejudice associated by delaying discovery involved waiting until the resolution of pending 12(b)(6) motions. *See, e.g., Clinton v. Jones*, 520 U.S. 681, 707-08 (1997) (denying categorical stay of four additional years for trial as too lengthy where the record did not establish its necessity); *United States v. Knox*, No. 4:05-CR-58, 2006 U.S. Dist. LEXIS 16913, at *77 (E.D. Va. Apr. 5, 2006) (holding that a five year delay caused by the government's negligence in abiding by discovery orders and prosecuting the case infringed upon defendant's right to a speedy trial); *Medlin v. Trull*, No. 3:03-CV-269, 2006 U. S. District. LEXIS 10525, at *6-7 (W.D.N.C. Feb. 21, 2006) (finding a three-year delay to be prejudicial where plaintiff failed to prosecute claim at all). Discovery is certainly not relevant to the resolution of a 12(b)(6) motion, and the wealth of information already possessed by Plaintiffs, together with the agreed upon methods currently in place of preserving even more, suggests no prejudice to Plaintiffs here.

### B. A Hasty Race to Discovery is Premature Given Pending Motions to Dismiss

Plaintiffs' request to have the Court compel a Rule 26(f) conference in order to start the rush to take tens of dozens of depositions is premature given the eight pending

motions to dismiss. To begin what promises to be a costly, time-consuming, and potentially redundant exercise of deposing witnesses before dispositive motions are resolved would be a waste of both judicial resources and taxpayer money.

Defendants' motions to dismiss highlight how Plaintiffs' factual allegations—even if true—do not state a legally cognizable claim for relief. These motions, collectively, seek to eliminate or drastically reduce every single claim. Plaintiffs' observation that the City of Durham has not moved to dismiss the official capacity state-law claims, while not entirely true,[3] demonstrates that Plaintiffs recognize all parties have moved to dismiss each federal and constitutional claims. Plaintiffs' retort that "Defendants would still be subject to document and deposition discovery as non-party witnesses[,]" ignores the fact that the City Defendants are currently parties each facing individual liability, subject to full discovery and therefore requiring full and separate representation throughout the process. Even if all claims were not dismissed, the Court's ruling on the pending motions could eliminate at least some causes of action, reduce the number of parties (and counsel) involved in the case, reduce the number of relevant witnesses, and shrink the universe of relevant information. This would significantly ease the burden on the Court to resolve inevitable discovery disagreements, reduce the expense to the taxpayers of Durham, and ease the burden on public officials who may not end up being involved in this case at all.

In these circumstances, postponing discovery until after resolution of the motions

---

[3] The City of Durham moved to dismiss any official capacity claim leveled against it arising from the conduct of Nifong, Wilson, and the "DSI Defendants." (*See* Brief in Support of the City of Durham's Motion to Dismiss 12, 17, 19; Docket # 43.)

10

to dismiss is eminently sensible and justified.

> In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

*Simpson*, 121 F.R.D. at 263. A peek at the motions here reveals substantial challenges to the legal basis for the Plaintiffs' claims, thus counseling in favor of waiting to begin discovery.

### C. A Rush to Depose is Unsound for Reasons Beyond the Motion to Dismiss

While the circumstances of Plaintiffs' case alone warrant waiting until after the motions to dismiss are resolved before beginning discovery, the pendency of two other closely related cases creates an additional factor warranting the postponing of discovery. *McFadyen v. Duke University*, *supra*, and *Carrington v. Duke University*, 1:08-CV-119, involve the same core set of facts regarding the investigation of Crystal Mangum's claim that she was raped at the lacrosse party at 610 North Buchanan, but those complaints raise even more claims against even more parties, and involving more alleged events than Plaintiffs' First Amended Complaint here. In *McFadyen*, for instance, there are fifty defendants, all having potentially discoverable and relevant information to the claims Plaintiffs allege against the City Defendants. Indeed, each City Defendant is a party in all three suits and will be an obvious focus of discovery in each case. Further, it is not imminently clear whether and to what extent Nifong will be a part of this action or the

others. Rushing to depose in this case, as Plaintiffs desire, objectively forecloses the opportunity to evaluate the whether costs and burdens can be reduced both for the court and the litigants in all three cases by consolidating all or part of discovery.

Without such an evaluation, and without the narrowed scope of discovery that is likely to follow from resolution of the pending motions to dismiss, the costs in dollars and time for discovery will objectively be multiplied three-fold. Each Plaintiff and each Defendant in this case could be subjected to three separate depositions covering the same facts and required to respond to hundreds of interrogatories across the three cases. Given the related nature of these three cases, it would also seem likely that the varied counsel for all plaintiffs would want to monitor carefully testimony from Defendants in all three cases, as well as avoid subjecting the propriety of their own cases to the unfettered testimony of their teammates and their counsel. Repeated depositions and interrogatories in each case may consume not only the deponent and numerous counsel, but also the Court in motions before, during, and after discovery regarding the scope of its use in the other cases.

III.  QUALIFIED IMMUNITY IS A FACTOR SUPPORTING A POSTPONED, CONTROLLED DISCOVERY

Additionally, Baker, Chalmers, Council, Hodge, Lamb, Ripberger, Russ, Gottlieb, Himan, and Addison have all asserted qualified immunity from the claims against them, a factor heavily weighing against any discovery. "Generally, discovery is not appropriate when a defense of qualified immunity has been raised." *Delph v. Trent*, 86 F. Supp. 2d 572, 576 (E.D. Va. 2000); *see also Specialty Retail*, 121 F.R.D. at 263 (relying on

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982), for support that staying discovery is appropriately within the court's discretion). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

> [T]he Court has constructed two hurdles the plaintiff must overcome to win the right to discovery. First, the trial court must insure that plaintiff has alleged a cognizable injury with sufficient specificity that officials are not subject to burdensome or unnecessary discovery. *See* [*Crawford-El*, 523 U.S. at 597-98.] The trial court may require the plaintiff to make specific factual allegations or may grant motions by defendant for more definite statements under Rule 12(e). Second, once plaintiff has made a sufficient allegation, the trial court must then resolve the threshold issue of immunity before proceeding to discovery. In doing so, the trial court must determine whether the officials violated clearly established law, assuming the plaintiff's allegations as true. If so, plaintiff may be entitled to discovery, subject to the discretion of the trial court and the limits of Rule 26.

*Delph*, 86 F. Supp. 2d at 576. Peeking at Defendants' memoranda in support of their motions to dismiss reveals that both of these hurdles were pled as grounds for dismissing Plaintiffs' complaint.

Even if discovery becomes necessary in this case, it will likely be more limited after resolution of the motions to dismiss, and subject to close Court supervision:

> For instance, the court may at first permit the plaintiff to take only a focused deposition of the defendant before allowing any additional discovery. Alternatively, the court may postpone all inquiry regarding the official's subjective motive until discovery has been had on objective factual questions such as whether the plaintiff suffered any injury or whether the plaintiff actually engaged in protected conduct that could be the object of unlawful retaliation.

*Crawford-El*, 523 U.S. at 599. A Rule 26(f) conference would be the appropriate place to

frame these issues on qualified immunity, *see* Fed. R. Civ. P. 26(f)(3)(B), but since Plaintiffs are clearly contending the immunity is utterly inapplicable—a conference absent judicial intervention on this issue is futile. This Court should therefore wait to begin discovery until it rules on the pending motions to dismiss, including the Defendants' assertions of qualified immunity.

## **CONCLUSION**

While Plaintiffs accurately quote phrases from several cases, none of them present anything like the issues raised by this case. None involve a party seeking to initiate expansive and costly discovery while motions to dismiss are pending. The motions in this case have the potential to eliminate many of the claims, and at least reduce the number of parties and witnesses subject to deposition and the amount of relevant information. None of the cases cited by Plaintiffs involve a party seeking to compel another party to participate in a 26(f) conference before a conference is required under the local rules. Far from acting improperly here, Defendants have acted consistently with this Court's longstanding practice and in the interest of judicial efficiency. Plaintiffs' Motion to Compel Defendants to Confer under Rule 26(f) should be denied.

Respectfully submitted, this the 17th day of July, 2008.

          TROUTMAN SANDERS LLP

          By: /s/ Patricia P. Kerner
            Patricia P. Kerner
          N.C. State Bar No. 13005
            Hannah G. Styron
          N.C. State Bar No. 28824
            D. Martin Warf
          N.C. State Bar No. 32982
          434 Fayetteville Street, Suite 1900
          Raleigh, North Carolina 27601
          Telephone: (919) 835-4100
          Facsimile: (919) 829-8714
          tricia.kerner@troutmansanders.com
          hannah.styron@troutmansanders.com
          martin.warf@troutmansanders.com
          *Attorneys for Defendants Baker, Chalmers,*
          *Council, Hodge, Lamb, Ripberger, and Russ*


          FAISON & GILLESPIE

          By: /s/ Reginald B. Gillespie, Jr.
            Reginald B. Gillespie, Jr.
          N.C. State Bar No. 10895
          5517 Chapel Hill Boulevard, Suite 2000
          Post Office Box 51729
          Durham, NC 27717
          Telephone: (919) 489-9001
          Facsimile: (919) 489-5774
          rgillespie@faison-gillespie.com
          *Attorneys for Defendant City of Durham*

STEPTOE & JOHNSON, LLP

By: /s/ Roger E. Warrin
Roger E. Warrin*
Michael A. Vatis*
Matthew J. Herrington*
Johnathan P. Nolan*
Leah M. Quadrino*
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone : (202) 429-3000
Facsimile: (202) 429-3902
rwarrin@steptoe.com
*Attorneys for Defendant City of Durham*


MAXWELL, FREEMAN & BOWMAN, PA

By: /s/ James B. Maxwell
    James B. Maxwell
N.C. State Bar No. 2933
P.O. Box 52396
Durham, NC 27717
Telephone: (919) 493-6464
jmaxwell@mfbpa.com
*Attorneys for David Addison*


POYNER & SPRUILL LLP

By: /s/ Edwin M. Speas, Jr.
    Edwin M. Speas, Jr.
N.C. State Bar No. 4112
    Eric P. Stevens
N.C. State Bar No. 17609
P.O. Box 10096
Raleigh, N.C. 27605-0096
Telephone: (919) 783-6400
Facsimile: (919) 783-1075
espeas@poynerspruill.com
estevens@poynerspruill.com
*Attorneys for Mark Gottlieb*

KENNON, CRAVER, BELO, CRAIG & MCKEE, PLLC

By: /s/ Joel M. Craig
    Joel M. Craig
N.C. State Bar No. 9179
    Henry W. Sappenfield
N.C. State Bar No. 37419
4011 University Dr., Suite 300
P.O. Box 51579
Durham, NC 27717-1579
Telephone: (919) 490-0500
Facsimile: (919) 490-0873
jcraig@kennoncraver.com
hsappenfield@kennoncraver.com
*Attorneys for Benjamin Himan*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF
NORTH CAROLINA

| | |
|---|---|
| DAVID F. EVANS, *et al*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:07-CV-00739 |
| | ) |
| THE CITY OF DURHAM, *et al*, | ) |
| | ) |
| Defendants. | ) |

_____

**CERTIFICATE OF SERVICE**
_____

I hereby certify that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Brendan V. Sullivan, Jr.<br>Robert M. Cary<br>Christopher N. Manning<br>Charles Davant IV<br>WILLIAMS &CONNOLLY, LLP<br>725 Twelfth Street, N.W.<br>Washington, DC 20005<br>*Attorneys for Plaintiffs Evans and Finnerty* | David S. Rudoph<br>RUDOLPH, WIDENHOUSE & FIALKO<br>312 W. Franklin Street<br>Chapel Hill, NC 27516<br>*Attorneys for Plaintiff Seligmann* |
| Robert J. King, III<br>Kearns Davis<br>BROOKS, PIERCE, McLENDON,<br>HUMPHREY & LEONARD, LLP<br>Post Office Box 26000<br>Greensboro, NC 27420<br>*Attorneys for Defendants DNA Security,<br>Inc. and Richard Clark* | Robert A. Saar<br>Nicholas J. Sanservino, Jr.<br>OGLETREE DEAKINS NASH SMOAK<br>& STEWART, PC<br>2301 Sugar Bush Rd., Suite 600<br>Raleigh, NC 27612<br>*Attorneys for DNA Security* |

| James A. Roberts, III | Paul R. Dickinson, Jr. |
| LEWIS & ROBERTS, PLLC | LEWIS & ROBERTS, PLLC |
| 1305 Navaho Drive, Suite 400 | 590 Fairview Rd., Suite 102 |
| Raleigh, NC 27605 | Charlotte, NC 28210 |
| *Attorneys for Brian Meehan* | *Attorneys for Brian Meehan* |

I further certify that a copy of the foregoing was served today upon each of the following non CM/ECF participants by United States mail, postage prepaid, addressed as follows:

| Richard D. Emery | Barry C. Scheck |
| Ilann M. Maazel | 100 Fifth Avenue |
| EMERY, CELLI, BRINKERHOFF & | New York, NY 10011 |
| ABADY, LLP | *Attorneys for Plaintiff Seligmann* |
| 75 Rockefeller Plaza, 20th Floor | |
| New York, NY | |
| *Attorneys for Plaintiff Seligmann* | |

Linwood Wilson
6910 Innesbrook Way
Bahama, NC 27503
*Pro Se*

This the 17th day of July, 2008.

Respectfully submitted,

By: /s/ Patricia P. Kerner
    Patricia P. Kerner
N.C. State Bar No. 13005
*Attorneys for Defendants Baker, Chalmers, Council, Hodge, Lamb, Ripberger, and Russ*
434 Fayetteville Street, Suite 1900
Raleigh, North Carolina 27601
Telephone: (919) 835-4100
Facsimile: (919) 829-8714
tricia.kerner@troutmansanders.com