EVANS et al v. DURHAM, NORTH CAROLINA, CITY OF et al                                                                                       Doc. 72

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

No. 07-739

FILED
JUL 1 7 2008
IN THIS OFFICE
Clerk U. S. District Court
Greensboro, N. C.
By _____

| | |
|---|---|
| DAVID F. EVANS; COLLIN FINNERTY; and READE SELIGMANN,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF DURHAM, NORTH CAROLINA; MICHAEL B. NIFONG; MARK GOTTLIEB; BENJAMIN HIMAN; DAVID ADDISON; LINWOOD WILSON; STEVEN CHALMERS; BEVERLY COUNCIL; RONALD HODGE; JEFF LAMB; STEPHEN MIHAICH; MICHAEL RIPBERGER; LEE RUSS; DNA SECURITY, INC.; RICHARD CLARK; and BRIAN MEEHAN,<br><br>Defendants. | Response of Defendant Linwood Wilson to Plaintiffs' Motion to Compel Defendants To Confer Under Rule 26(f) |

## NATURE OF THE PROCEEDINGS

Plaintiffs have asked the Court to require Defendants to participate in a discovery conference, pursuant to Federal Rule of Civil Procedure 26(f), or to set an initial scheduling conference, even though Defendants have filed motions to dismiss Plaintiffs' 153-page amended complaint. Plaintiffs' motion asks this Court to impose the burdens and costs of full discovery on the Defendant Wilson before comprehensive motions to dismiss and questions of immunity for individual defendants are resolved. The Court should deny Plaintiffs' request.

1. The Federal and Local Rules do not mandate that the parties convene a discovery conference at this time.

1

Dockets.Justia.com

2. It is premature to commence discovery now, when resolution of the motions to dismiss may eliminate several issues and parties or may result in the dismissal of the complaint in its entirety.

3. There is ample case law supporting the wisdom of beginning discovery after the Court's ruling on dispositive motions, particularly under the circumstances of this case. In addition, there are three other related and pending cases in the Middle District of North Carolina ("Middle District")[1] -- all before this Court and all with substantially overlapping factual issues and legal claims. The scope of permissible discovery in one case, which only can be gleaned once the motions to dismiss are decided, necessarily will affect the availability of information and witnesses in the other lawsuits, as well as the body of information that must be preserved. The City Defendants have sought, consistent with local practice, both to protect themselves from costly discovery on claims that should be dismissed and to preserve information for any claim that may persist. Particularly because there are immunity defenses at issue here, this Court should not require the parties to begin the costly process of full discovery before the contours of Plaintiffs' claims have been decided.

On June 24, 2008, Plaintiffs filed their motion, asking the Court to (i) require all Defendants except Defendant Linwood Wilson to participate in a Rule 26(f) conference or (ii) set an initial scheduling conference. Specifically, in their memorandum to the motion, Plaintiffs expressed particular concern regarding the preservation of electronically stored information, including electronic mail communications, and the possibility that relevant information may be

---

[1] In addition to the present case at bar, three related federal cases are pending (two of them before this Court): *Carrington v. Duke University, et al* No. 1:08CV119 (M.D.N.C.); *McFadyen v. Duke University, et al*, No. 1:07CV953 (M.D.N.C.); and *In re Nifong*, No. 08-80034 (Bankr. M.D.N.C.).

lost or destroyed. (Plaintiffs memorandum at 1)

On July 1, 2008 Plaintiffs filed the NOTICE OF LINWOOD WILSON'S OPPOSITION TO MOTION TO COMPEL DEFENDANTS TO CONFER UNDER RULE 26(f) with the Clerk of the Court. Accordingly, Plaintiffs respectfully request that their Motion to Compel be construed to seek relief as to all Defendants, including Defendant Wilson. For these reasons, Defendant Wilson respectfully request that the Court deny the Plaintiffs' motion.

## QUESTION PRESENTED

Whether discovery should be commenced prior to the Court's ruling on the pending motions to dismiss, which will determine which parties and claims are properly before the Court in this case, and thus what information is relevant and when individual defendants' substantial demands for immunity from suit have not been addressed.

## ARGUMENT

**1. The Federal And Local Rules Do Not Mandate That The Parties Convene A Discovery Conference At This Time.**

The Federal and Local Rules do not require that the Rule 26(f) conference be held now, while motions to dismiss are pending. Federal Rule 26(f) requires that the parties confer "at least 21 days before a scheduling conference is to be held *or* a scheduling order is due under Rule 16(b)." effectively chooses the first of two options permitted under Federal Rule 26(f).[2] Local Rule 16.1 Fed. R. Civ. P. 26(f) (emphasis added). The Middle District adopted Local Rule 16.1, which requires that the clerk of the court "schedule an initial pretrial conference and give at least thirty (30) days notice thereof," and that the parties "hold their Fed. R. Civ. P. 26(f) meeting at least 14

---

[2] The Middle District acted within the authority afforded it under Federal Rule 83 (allowing a district court to adopt rules governing its practice) when it adopted its Local Rules.

days before the scheduled initial pretrial conference and submit to the court their report within 10 days thereafter." Under the Local Rule, the timing of the Rule 26(f) discovery conference is triggered by the Court's calendaring of a scheduling conference, which has not occurred in this case.[3] Where, as here, the Court has not calendared the scheduling conference, there is no obligation to convene a Rule 26(f) conference.[4]

**2. It Is Premature To Commence Discovery Now, When Resolution Of The Motions To Dismiss May Eliminate Several Issues And Parties Or May Result In The Dismissal Of The Complaint In Its Entirety.**

Plaintiffs filed a 153-page amended complaint, and Defendants have filed motions arguing the dismissal of each and every one of Plaintiffs' claims. Resolution of the motions to dismiss may eliminate all or many issues and parties and, in the process, streamline discovery or

---

[3] As far as Defendants are aware, the uniform practice of this Court is not to calendar a scheduling conference until after motions to dismiss are decided. This practice is fully consistent with the considerable latitude provided to this Court by the Federal Rules to time discovery according to the needs of a particular case. *See, e.g.*, Fed. R. Civ. P. 26(f)(1) (providing a court-ordered exemption from the requirement that the parties "must confer as soon as practicable . . . [or] at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)"); Fed. R. Civ. P. 26(f) advisory committee's note (stating that "[t]he court may order that the [Rule 26(f)] conference need not occur in a case where otherwise required"); Fed. R. Civ. P. 26(d) (permitting the court to set the timing and sequence of discovery). Thus, it is within the Court's authority not to schedule the initial pre-trial conference until after the Court decides the motion to dismiss. *See, e.g., Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) ("'Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.'" (quoting *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999))).

[4] The Court plainly has authority under its rules to manage this case by, among other things, awaiting the determination of motions to dismiss before scheduling a conference or permitting discovery to begin. Even were this not the case, the Court has the authority to effect this outcome under Federal Rule 26(c): "Under Rule 26(c), the Court may, on a showing of good cause, enter an order to stay discovery in order to 'protect a party or person from annoyance, embarrassment, plan, including the scope of relevant and discoverable information; the range of initial disclosures; the timing of discovery requests; the number, extent and schedule of depositions; oppression, or undue burden or expense.' District courts have broad discretion to stay discovery pending the resolution of dispositive motions, including motions to dismiss under Rule 12(b)(6)." *In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577, at *2 (N.D.Cal. 2007) (quoting *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987)).

4

eliminate it entirely. The Court's ruling on the motions necessarily will affect any discovery and much more. If discovery were to proceed before resolution of the motions, it will result in wasteful inefficiencies, including the likely need to ask this Court to resolve disputes such as requests for information that may be irrelevant or otherwise improper once the motions are decided and attempts to depose witnesses who may have no knowledge of the issues, if any, that survive a ruling on the motions. Moreover, the task of arriving at an efficient discovery plan is complicated by the fact that there are three other pending cases in this District that would be affected by a decision to commence discovery now in this case. Coordination among the many parties involved in these multiple lawsuits and their counsel will be necessary and challenging, given the volume of potential witnesses and issues that are common to all the matters. Any discovery plan in this action should be fashioned in a manner that will accommodate, but not unnecessarily duplicate, discovery needs in the other cases. The most efficient and sensible way to achieve this aim is to proceed with discovery after all the motions to dismiss in the pending cases have been resolved by the Court, whereupon the parties in the various cases can assess which claims against which parties remain to be litigated and can then develop a coordinated discovery plan. *See In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577, at *5 (stating that "adjudicating the motions to dismiss will shed light on the best course for discovery"). Under these circumstances, where discovery may prove superfluous[5] and unnecessary costs of early discovery may be avoided, proceeding with discovery only after resolution of the motions to dismiss is warranted.[6] *See Tschirn v. Kurzweg*, No. 03-0369, 2003 WL 21087741, at *2 (E.D. La. May 9, 2003) (granting the defendants' motion for stay of all discovery pending ruling on motion to dismiss and completion of Rule 26(f) conference, where parties otherwise would have "incur[red] the expense of litigating over the scope of the

discovery and conducting the discovery and this may be unnecessary").

### 3. Courts Regularly Defer Discovery In Large, Complicated Matters Until Resolution Of Motions To Dismiss.

Federal courts commonly defer discovery until resolution of motions to dismiss – even if that means discovery does not commence until a year or more after a complaint is filed. *See, e.g., Patterson v. Brown*, No. 06-476, 2008 WL 219965, at *7 (W.D.N.C. Jan. 24, 2008) (concluding, more than a year and a half after the lawsuit was initiated, that plaintiff's discovery requests, which were promulgated while motions to dismiss were pending and before the Rule 26(f) had occurred, were improper). So long as the parties take appropriate preservation actions, the relevant material ultimately will be available when discovery begins. As the court explained in *Walker v. White*, "[b]y placing such limits on court-enforceable discovery, the court

---

[5] Discovery in these cases will be extensive. For example, the City of Durham has at least 60 document custodians. There is a total of 53 plaintiffs, all of whom presumably have email accounts, computer hard-drives and internet Facebook or other web-based profiles. Discovery, including the production of electronically stored information from multiple servers and hard-drives, must be coordinated across multiple parties in 4 federal actions.

[6] In addition, within the last two weeks, Plaintiffs have represented that they may add another party, former District Attorney Michael Nifong, to this case, which would affect any discovery plan that the parties might now craft. (Ex. 5, Summary of Parties' 6/3/08 Teleconference.) If Plaintiffs ultimately decide to expand their complaint and name Mr. Nifong as a defendant or if Mr. Nifong is indeed required to litigate the claims against him in the *Evans* litigation (pursuant to the bankruptcy court's recent decision in *In re Nifong*, No. 08-80034, 2008 WL 2203149 (Bankr. M.D.N.C. May 27, 2008, lifting the stay of the district court proceedings with respect to Mr. Nifong), the parties to this action would be compelled to re-visit any discovery decisions they make now, in order to accommodate the additional party and amended complaint – especially given the central role that Mr. Nifong played in the underlying facts. Under these circumstances, where the addition of a new party and the submission of an amended complaint may be imminent, it is premature to commence discovery. *See In re Flash Memory Antitrust Litig.*, No. 07-0086, 2008 WL 62278, at *2, *4 (N.D. Cal. Jan. 4, 2008) (refusing to allow discovery before the plaintiffs filed their amended consolidated complaints and definitely named certain defendants).

can give its full attention to ... preliminary issues such as a motion to dismiss, ... without the distraction of discovery disputes." No. 06-350, 2007 WL 812113, at *1 (W.D.N.C. Mar. 14, 2007) (denying plaintiff's motion to compel discovery).

The federal courts based in North Carolina are not unique in this regard. Courts in other jurisdictions regularly defer discovery until after they have considered motions to dismiss. *See, e.g., Montgomery v. United States*, 933 F.2d 348, 350 (5th Cir. 1991) (affirming district court's denial of the plaintiff's motion to require a Rule 26(f) discovery conference, on the ground that it was appropriate to postpone discovery until the court could consider the motion to dismiss); *Mulero v. Bridgeport Bd. of Educ.*, No. 07-1206, 2008 WL 2185928, at *4 (D. Conn. May 22, 2008) (ordering the parties to "confer for the purposes described in Fed. R. Civ. P. 26(f)," after ruling on defendant's motion to dismiss); *Meier v. Green*, No. 07-11410, 2007 WL 1725383, at *3 (E.D. Mich. June 7, 2007) (stating that, "[i]n light of the pending motion to dismiss, the court will not conduct a scheduling conference until the motion to dismiss has been resolved" and that "no discovery should be taken until, at the earliest, the motion to dismiss has been resolved").

Even jurisdictions that generally disfavor a stay of discovery pending resolution of motions to dismiss would likely defer premature discovery under the circumstances of the instant case. For example, in *Hall v. Witteman*, the court noted:

> The court does not ordinarily favor staying discovery pending resolution of dispositive motions or motions to dismiss because of the delay such a stay may occasion in obtaining a timely resolution of the matter. However, "it is appropriate for a court to stay discovery until a pending dispositive motion is decided ... where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful."

7

The court continued:

> Additionally, the court has not yet entered an order directing the parties to confer and formulate a plan for completion of discovery pursuant to Fed. R. Civ. P. 26(f) . . . . [and] [t]there is a potential for rulings on the pending motions to dismiss to be completely dispositive, to eliminate one or more defendants from the action, or to narrow the issues remaining for discovery . . . . Accordingly, by imposing a stay on discovery now, before discovery activities have truly begun, the court can prevent any waste of the parties' resources from the conduct of discovery on any aspect of the case that does not survive the pending motions.

The court therefore concluded:

> [A] stay of discovery would not prejudice any party, will allow the parties to have knowledge of what, if any, claims remain prior to expending resources on discovery, and is appropriate in this instance.

No. 07-4128, 2008 WL 1743439, at *2 (D. Kan. Apr. 14, 2008) (refusing to permit discovery until trial judge decided all pending motions to dismiss).

**4. The Facts In This Case Do Not Support An Argument That Discovery Should Commence Now Or That Plaintiffs Would Be Harmed If It Does Not.**

Beginning discovery prematurely in this case is not necessary, given that Defendant Wilson has no means to address all the preservation issues that Plaintiffs suggested in their motion which were of greatest concern to them. A significant part of a Rule 26(f) conference is discussing the preservation steps the parties are taking to ensure that relevant evidence is not lost and Plaintiffs' concern regarding the preservation of electronically stored information, including electronic mail, noting the possibility that relevant information may be lost or destroyed due to servers that crash and backup tapes that are overwritten. Defendant Wilson is not the custodian of such records in this case however, the State of North Carolina is. Plaintiffs should be requesting the State of North Carolina to preserve those records as they have with the City of

8

Durham Defendants and others, although Plaintiffs have not named the State of North Carolina as a defendant to this or any other action.

According to their responses in 1:08-CV-119, the Duke Defendants, SANE Defendants, and City of Durham Defendants *(although the Duke Defendants, SANE Defendants are not named in this particular action)* have sought to negotiate a reasonable preservation protocol with Plaintiffs that would address legitimate concerns regarding preservation of information, while allowing the Court to decide without discovery distractions which, if any, of Plaintiffs' claims will survive the motions to dismiss. *See In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577, at *5 (concluding that "first resolving the motions to dismiss is the better course. The preservation in one case will ultimately effect the preservation in all 3 civil actions. After full ventilation of the viability *vel non* of the complaint, we will all be in a much better position to evaluate how much, if any, discovery to allow."). Moreover, there are overlapping issues and claims brought up in the related cases of *Carrington v. Duke University*, 1:08-CV-119, and *McFadyen v. Duke University*, 1:07-CV-953, which could create burdensome, duplicative discovery for Defendant Wilson if Plaintiffs here are allowed to start discovery. And, additional subjects and sources of information could arise if Michael Nifong is added as a Defendant in this case. It is therefore impossible at this early stage to know what the scope of discovery should be or what matters might be relevant. It is impracticable to hold a 26(f) conference before the motions to dismiss are decided and these other preliminary matters are addressed.

**5. Defendant Linwood Wilson Is Entitled to Qualified or Public Official Immunity and Should Not Be Subject to Discovery.**

As shown in the motions to dismiss, Defendant Linwood Wilson is entitled to absolute and qualified immunity from suit on Plaintiffs' federal claims and public official immunity for many of Plaintiffs' state law claims.

Should this Court decide to enter a scheduling order, Defendant Linwood Wilson respectfully request that any Rule 26(f) conference be set no earlier than November 30, 2008 or at such other time that will allow this Court to consider and address Defendant Wilson's arguments set forth in their motions to dismiss.

## CONCLUSION

WHEREFORE, for the reasons stated above, Plaintiffs' motion to require Defendant Linwood Wilson to participate in a Rule 26(f) discovery conference should be denied, or in the alternative, request that this Court issue a scheduling order setting the Rule 26(f) conference for no earlier than November 30, 2008.

Respectfully submitted, this the 17th day of July, 2008.

_____
Linwood Wilson
*Pro Se*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

No. 07-739

| | |
|---|---|
| DAVID F. EVANS; COLLIN FINNERTY; and READE SELIGMANN,<br>　　　　Plaintiffs,<br><br>v.<br><br>THE CITY OF DURHAM, NORTH CAROLINA; MICHAEL B. NIFONG; MARK GOTTLIEB; BENJAMIN HIMAN; DAVID ADDISON; LINWOOD WILSON; STEVEN CHALMERS; BEVERLY COUNCIL; RONALD HODGE; JEFF LAMB; STEPHEN MIHAICH; MICHAEL RIPBERGER; LEE RUSS; DNA SECURITY, INC.; RICHARD CLARK; and BRIAN MEEHAN,<br>　　　　Defendants. | Response of Defendant Linwood Wilson to Plaintiffs' Motion to Compel Defendants To Confer Under Rule 26(f) |

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2008, I filed the foregoing **RESPONSE OF DEFENDANT LINWOOD WILSON TO PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO CONFER UNDER RULE 26(f)** with the Clerk of the Court using the USPS Overnight Express Mail. I further certify that I caused the foregoing document to be served by first-class mail, postage prepaid, to the following:

Reginald B. Gillespie, Jr.
FAISON & GILLESPIE
P.O. Box 51729
Durham, NC 27717-1729

Roger E. Warin
STEPTOE & JOHNSON LLP
1330 Connecticut Ave. N.W.
Washington, D.C. 20036
*Counsel for Defendant City of Durham*

Joel M. Craig
KENNON CRAVER BELO CRAIG &
MCKEE, PLLC
P.O. Box 51579
Durham, NC 27717-1579
*Counsel for Defendant Benjamin Himan*

James B. Maxwell,
MAXWELL, FREEMAN & BOWMAN,
P.A.
P.O. Box 52396
Durham, NC 27717-2396
*Counsel for Defendant David Addison*

Edwin M. Speas
Eric P. Stevens
POYNER & SPRUILL, LLP
3600 Glenwood Avenue
Raleigh, NC 27612
*Counsel for Defendant Mark Gottlieb*

Patricia P. Kerner
D. Martin Warf
Hannah G. Styron
TROUTMAN SANDERS LLP
434 Fayetteville Street, Suite 1900
Raleigh, NC 27601
*Counsel for Defendants Steven Chalmers,
Beverly Council, Ronald Hodge, Jeff Lamb,
Patrick Baker, Michael Ripberger, and Lee
Russ*

Robert A. Sar
Nicholas J. Sanservino, Jr.
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
2301 Sugar Bush Road Suite 600
Raleigh, NC 27612
*Counsel for Defendant DNA Security*

Paul R. Dickinson, Jr.
James A. Roberts, III
LEWIS & ROBERTS PLLC
1305 Navaho Drive, Suite 400
Raleigh, NC 27609-7482
*Counsel for Defendant Brian Meehan*

David S. Rudolf
RUDOLF WIDENHOUSE & FIALKO
312 West Franklin Street
Chapel Hill, NC 27516
*Counsel for Plaintiff Reade Seligmann*

James B. Craven III
P.O. Box 1366
Durham, NC 27702
*Counsel for Michael B. Nifong
(terminated administratively pursuant to
order of Jan. 28, 2008)*

Barry C. Scheck
100 Fifth Avenue
New York, NY 10011

Richard D. Emery
Ilann M. Maazel
EMERY CELLI BRINCKERHOFF &
ABADY LLP
75 Rockefeller Plaza, 20th Floor
New York, NY 10019
*Counsel for Plaintiff Reade Seligmann*

Robert J. King III
Kearns Davis
BROOKS, PIERCE, McLENDON,
HUMPHREY & LEONARD, LLP
Post Office Box 26000
Greensboro, NC 27420
*Counsel for Defendant DNA Security, Inc. &
Richard Clark*

Brendan V. Sullivan, Jr.
Robert M. Cary
Christopher N. Manning
Charles Davant IV
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
*Attorneys for Plaintiffs*
*David F. Evans and Collin Finnerty*

Respectfully submitted,

*[signature]*

Linwood Wilson
Pro Se