IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DAVID F. EVANS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF DURHAM, N.C., et al., <br><br> Defendants. | Civil Action No. 1:07-CV-739 |

### PLAINTIFFS' REPLY SUPPORTING THEIR MOTION TO COMPEL DEFENDANTS TO CONFER UNDER RULE 26(f)

Defendants do not dispute that their motions to dismiss will not dispose of all of the claims in this litigation, even if granted in full.  Nor do Defendants dispute that, even if the claims against one or more of them could be dismissed, those Defendants would still be subject to document and deposition discovery under Rule 45.  Nevertheless, Defendants contend that their motions to (partially) dismiss entitle them to decide, unilaterally, that *all* discovery should be postponed indefinitely, while memories fade and documents are lost or misplaced, with the parties making no progress toward the "just, speedy, and inexpensive determination" expected by the Federal Rules.  Fed. R. Civ. P. 1.  Defendants cannot defend this decision on the law—Rule 26(f) requires the parties to confer "as soon as practicable," and Local Rule 16.1(b) merely sets a deadline for the conference, not a starting point.  Nor can they defend it based on the claims in this litigation:  whatever is occurring in other matters before this Court, the instant case involves a limited number of parties, and each of the claims arises from the same core set of events.  Most importantly, Defendants' principal concern, avoiding far-ranging

deposition discovery until the Court can rule on the pending motions, can be addressed simply by agreeing to a reasonable staging of discovery at a Rule 26(f) conference—*if* Defendants would actually agree to confer.

## ARGUMENT

None of Defendants' arguments justifies the delay and the complete prohibition on discovery that Defendants are attempting to impose here:

1. Defendants do not dispute, and the City of Durham Defendants ("City Defendants") even concede, that seven of Plaintiffs' claims are not subject to any motion to dismiss, and thus will proceed to discovery regardless of how the Court rules on the pending motions. *See* City Opp. at 10, 10 n.3; DSI Opp. at 5; Wilson Opp. at 5. Contrary to Defendants' arguments, the Amended Complaint makes clear that these official capacity claims against the City—for malicious prosecution, obstruction of justice, intentional infliction of emotional distress, and various negligence torts—arise from the same key events as Plaintiffs' other claims. *See* Am. Comp. ¶¶ 486, 498, 508, 518, 524, 533, 539. Many of those events occurred over a two-month period running from the start of the investigation in mid-March 2006 until the indictments of Plaintiffs on false evidence in mid-April and mid-May 2006, and each of the Defendants was involved in them in some way. Therefore, discovery into these events, and these Defendants, will occur regardless of the particular legal theories that will be presented to the jury.

2. Defendants also do not dispute that, because Plaintiffs' claims will proceed regardless of the outcome of the motions to dismiss and any alleged immunities, each of the Defendants will be subject to document and deposition discovery, whether under Rules 30 and 34 as parties, or under Rule 45 as third parties. *See* City Opp. at 10. As this Court has held, "a request to stay all discovery pending resolution of a motion is rarely

appropriate where resolution of the motion will not dispose of the entire case." *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988).

3. Thus, Defendants are subject to Rule 26(f)'s requirement that they confer and commence discovery "as soon as practicable." Defendants do not dispute that the advisory committee notes to Rule 26 make clear that "[t]he obligation to participate in the [Rule 26(f)] planning process is imposed on all parties that have appeared in the case, *including defendants who [have filed]. . . a pending Rule 12 motion*." Fed. R. Civ. P. 26(f) advisory committee's note (emphasis added). Instead, they argue that Local Rule 16.1 prohibits any Rule 26(f) conference until the Clerk of Court has noticed the initial pretrial conference. *See* City Opp. at 4; DSI Opp. at 3; Wilson Opp. at 3-4 & n.3. Local Rule 16.1 contains no such prohibition. It merely states that "[t]he parties must hold their Fed. R. Civ. P. 26(f) meeting *at least* 14 days before the scheduled initial pretrial conference." L.R. 16.1(b) (emphasis added). It does not establish how much earlier the parties can schedule their meeting. Nor is the fact that some attorneys elect to delay a Rule 26(f) conference until a pretrial conference has been noticed a basis to preclude such a conference where, as here, discovery is inevitable and there is a need to preserve documents and testimony. *See also Kron Medical Corp. v. Groth*, 119 F.R.D. 636 (M.D.N.C. 1988) (recognizing the "responsibility to expedite discovery and minimize delay [because] . . . prolongation of the discovery schedule is normally in no one's interest.").

4. Defendants' principal objection to starting discovery, and to this Court's holding in *Kron*, is that they should not be forced into extensive deposition discovery before the Court rules on their motions to dismiss and the immunity defenses raised by some Defendants. *See, e.g.*, City Opp. at 9; DSI Opp. at 4-6; Wilson Opp. at 6-8. This is

not a basis for stalling discovery entirely, however. To the contrary, Defendants' concerns could be addressed simply by agreeing to a reasonable staging of discovery at a Rule 26(f) conference. For example, the parties could agree to start with document discovery and Rule 30(b)(6) depositions of document custodians to ensure that discoverable information is indeed being preserved and produced. The parties also could agree that certain fact depositions would occur thereafter, while postponing others until the Court has ruled on the pending motions. The parties could, and should, discuss reasonable limits on third-party depositions. Indeed, two of the express purposes of the Rule 26(f) conference are to determine "whether discovery should be conducted in phases or be limited to or focused on particular issues," Fed. R. Civ. P. 26(f)(3)(B), and to agree upon a "schedule for depositions," L.R. 16.1(b)(7). But these purposes have been frustrated entirely by Defendants' refusal even to meet with Plaintiffs.

5. For the same reasons, Defendants cannot invoke other litigation pending before this Court—the *McFayden* and *Carrington* cases—as a basis to forestall all discovery in this case. *See* City Opp. at 11-12; DSI Opp. at 1-2, 7; Wilson Opp. at 2, 5,9. Defendants offer no good explanation as to why motions to dismiss in those cases should prevent document discovery in this one.[1] Nor do they explain how reasonable and commonly-used discovery procedures, such as staging of discovery, cross-noticing of depositions of common witnesses, and limits on third-party depositions, would not prevent excessive depositions or multiple depositions of the same witness.[2] Again,

---

[1] The motions to dismiss in one of those cases (*Carrington*) will not be fully briefed until September 29, 2008—almost one year after Plaintiffs filed their complaint in this case.

[2] The *McFayden* and *Carrington* cases involve a much wider array of parties, witnesses, facts, and legal theories than this one.

Plaintiffs are prepared to confer with Defendants regarding such procedures, if Defendants would let them.

6. Nor must the Court resolve "the issue of whether Michael Nifong will be a defendant in the present action . . . before discovery begins." DSI Opp. at 7-8; *see also* City Opp. at 11-12; Wilson Opp. at 6 n.6, 9. As noted above, until Nifong is restored to this action, he remains subject to document and deposition discovery under Rule 45 like any other non-party witness. Defendants should not be permitted to forestall the production of their own documents, or to frustrate Plaintiffs' efforts to confirm that all relevant materials in their possession have been preserved and produced, simply because Nifong is in the process of being restored to this action.

7. The City Defendants' claims that starting discovery now would waste "taxpayer money" (City Opp. at 9, 10) ring hollow, given that the City has announced that it already spent its insurance deductible and that its defense, and those of its defendant employees, are now being funded exclusively by the City's insurance carrier, not Durham taxpayers. *See* Matt Dees, Legal Bills Climbing for Durham, *News and Observer* (June 7, 2008).

8. Defendants' claim that witness testimony has been "preserved" based on a small amount of testimony in Nifong's prior disbarment proceeding, DSI Opp. at 9, is belied by the fact that most of the witnesses in this case did not testify there. *See* DSI Opp. at 9, Ex. 3; City Opp. at 8. Moreover, those who did were examined by the State Bar, not Plaintiffs, and about events relating to Nifong and his violations of the Rules of Professional Conduct, only some of which overlap with the facts at issue here. Those depositions were never intended to be an attempt to preserve testimony relating to Plaintiffs' claims: for example, the deposition of Defendant Michael Ripberger lasted a

total of 32 minutes.  At bottom, if Defendants believe that certain witnesses were extensively examined, they may wish at a Rule 26(f) conference to propose staging those witnesses' depositions until later in discovery.  However, the fact of those prior depositions is not an acceptable justification for a complete refusal to confer.

9. Far from obviating the need to commence discovery, the parties' prior communications regarding electronically stored information ("ESI") demonstrate the need to commence such discovery as soon as possible.  Eight months after Plaintiffs had asked Defendants to preserve potentially relevant ESI, the City of Durham's counsel not only had failed to secure the computers used by the City Defendants—they had not even determined which of them used a City-issued computer.  *See* Ex. A, 4/22/2008 Davant Ltr.  Even more remarkably, the City's counsel revealed to Plaintiffs that the City had made no effort to locate or secure the computers used by its two lead investigators, Defendants Gottlieb and Himan, for purposes of this litigation.  *See id*.  The City also claims that it has no server-based emails for a significant portion of the relevant time period.  The only way for Plaintiffs to assure that all potentially relevant sources of ESI have been identified and preserved is to permit Rule 30(b)(6) depositions of the relevant information technology personnel or records custodians.  As noted above, this discovery is inevitable, so the parties should start it promptly so that ESI issues are identified and resolved early, and so that later discovery can be conducted more efficiently.  This is yet another appropriate topic of discussion for a Rule 26(f) conference.

10. Finally, the City Defendants' argument that discovery should be postponed because Plaintiffs' criminal defense counsel conducted an investigation in an effort to establish their clients' innocence simply makes no sense.  *See* City Opp. at 8-9.  Plaintiffs obviously had no ability to take depositions of Defendants or other witnesses in

6

the criminal proceeding. And in a case that is based on Defendants' willful concealment and fabrication of evidence, it is the height of irony for Defendants to suggest that Plaintiffs have already been provided with all relevant documents.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order directing Defendants to confer with Plaintiffs as required by Federal Rule of Civil Procedure 26(f). Alternatively, Plaintiffs request that the Court schedule an initial pretrial conference so that a reasonable discovery plan can be established.

Dated: August 4, 2008

Respectfully submitted,

**WILLIAMS & CONNOLLY LLP**

By: s/ Charles Davant IV
Brendan V. Sullivan, Jr. (pro hac vice)
Robert M. Cary (pro hac vice)
Christopher N. Manning (pro hac vice)
Charles Davant IV (N.C. Bar #28489)
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel. (202) 434-5000
Email cdavant@wc.com

*Attorneys for Plaintiffs*
 *David F. Evans and Collin Finnerty*

-and-

**RUDOLF WIDENHOUSE & FIALKO**

By: /s/ David S. Rudolf
David S. Rudolf (N.C. Bar #8587)

312 West Franklin Street
Chapel Hill, NC 27516
Tel. (919) 967-4900
Email dsrudolf@rwf-law.com

**BARRY C. SCHECK, ESQ.**

Barry C. Scheck*
Attn: Elizabeth Vaca
100 Fifth Avenue
New York, NY 10011
Tel. (212) 364-5390
Email bcsinnocence@aol.com

(* motion for special appearance to be filed)

**EMERY CELLI BRINCKERHOFF & ABADY LLP**

Richard D. Emery (pro hac vice)
Ilann M. Maazel (pro hac vice)
75 Rockefeller Plaza, 20th Floor
New York, NY 10019
Tel. (212) 763-5000
Fax. (212) 763-5001
Email remery@ecbalaw.com

*Attorneys for Plaintiff Reade Seligmann*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

DAVID F. EVANS, et al.,

    Plaintiffs,

    v.

CITY OF DURHAM, N.C., et al.,

    Defendants.

Case No. 1:07CV739

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2008, I electronically filed the foregoing **REPLY SUPPORTING PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO CONFER UNDER RULE 26(f)** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Reginald B. Gillespie, Jr.
FAISON & GILLESPIE
5517 Durham-Chapel Hill Blvd., Ste. 2000
P.O. Box 51729
Durham, NC 27717-1729

Roger E. Warin
STEPTOE & JOHNSON LLP
1330 Connecticut Ave. N.W.
Washington, D.C. 20036

*Counsel for Defendant City of Durham*


Joel M. Craig
KENNON CRAVER BELO CRAIG & MCKEE, PLLC
4011 University Drive, Suite 300

P.O. Box 51579
Durham, NC 27717-1579

*Counsel for Defendant Benjamin Himan*


James B. Maxwell,
MAXWELL, FREEMAN & BOWMAN, P.A.
P.O. Box 52396
Durham, NC 27717-2396

*Counsel for Defendant David Addison*


Edwin M. Speas
Eric P. Stevens
POYNER & SPRUILL, LLP
3600 Glenwood Avenue
Raleigh, NC 27612

*Counsel for Defendant Mark Gottlieb*


Patricia P. Kerner
D. Martin Warf
Hannah G. Styron
TROUTMAN SANDERS LLP
434 Fayetteville Street, Suite 1900
Raleigh, NC 27601

*Counsel for Defendants Steven Chalmers, Beverly Council, Ronald Hodge, Jeff Lamb, Patrick Baker, Michael Ripberger, and Lee Russ*


Robert A. Sar
Nicholas J. Sanservino, Jr.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2301 Sugar Bush Road
Suite 600
Raleigh, NC 27612

*Counsel for Defendant DNA Security*

Robert J. King III
Kearns Davis
BROOKS, PIERCE, McLENDON, HUMPHREY & LEONARD, LLP
2000 Renaissance Plaza
Post Office Box 26000
Greensboro, NC 27420

*Counsel for Defendant DNA Security, Inc. & Richard Clark*


Paul R. Dickinson, Jr.
James A. Roberts, III
LEWIS & ROBERTS PLLC
1305 Navaho Drive, Suite 400
Raleigh, NC 27609-7482

*Counsel for Defendant Brian Meehan*


David S. Rudolf
RUDOLF WIDENHOUSE & FIALKO
312 West Franklin Street
Chapel Hill, NC 27516

Richard D. Emery
EMERY CELLI BRINCKERHOFF & ABADY LLP
75 Rockefeller Plaza, 20th Floor
New York, NY 10019

*Counsel for Plaintiff Reade Seligmann*


I further certify that I caused the foregoing document to be served by first-class mail, postage prepaid, to the following non CM/ECF participants:

Linwood Wilson
6910 Innesbrook Way
Bahama, NC 27503-9700

*Pro se*


James B. Craven III
340 West Main Street
P.O. Box 1366
Durham, NC 27702

*Counsel for Michael B. Nifong*
*(terminated administratively pursuant to order of Jan. 28, 2008)*


Barry C. Scheck
100 Fifth Avenue
New York, NY 10011

*Counsel for Plaintiff Reade Seligmann*

                                            Respectfully submitted,

                                            <u>/s/ Charles Davant IV</u>
                                            Charles Davant IV (N.C. Bar No. 28489)
                                            WILLIAMS & CONNOLLY LLP
                                            725 Twelfth Street, N.W.
                                            Washington, D.C.  20005
                                            Tel.   (202) 434-5000
                                            Email: cdavant@wc.com

                                            *Attorney for Plaintiffs David F. Evans and*
                                              *Collin Finnerty*