IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DAVID F. EVANS, et al.,            )
                                   )
            Plaintiffs,            )
                                   )
v.                                 )          1:07CV739
                                   )
THE CITY OF DURHAM,                )
NORTH CAROLINA, et al.,            )
                                   )
            Defendants.            )

ORDER

This matter is before the Court on Plaintiffs' Motion to Compel Defendants to Confer Under Rule 26(f) [Document #67]. Federal Rule of Civil Procedure 26(f) requires parties to meet and confer to "consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan." Under Rule 26(f)(1), this conference must be held "at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)," except "when the court orders otherwise." In this District, Local Rule 16.1 provides that "[t]he parties must hold their Fed. R. Civ. P. 26(f) meeting at least 14 days before the scheduled initial pretrial conference." In the present Motion, Plaintiffs request that Defendants be required to promptly confer in a Rule 26(f) discovery conference so that discovery may proceed in this case.

In reviewing Plaintiffs' Motion, the Court notes that this case involves 22 claims set out in a 152-page Amended Complaint against 16 Defendants who have collectively filed 8 lengthy

Motions to Dismiss. At the joint request of the parties, the Court allowed extended time periods and page limitations for briefing of those Motions to Dismiss. As a result, the briefing of the Motions to Dismiss extended over a six month period, and the Motions to Dismiss have now been referred to the Court for consideration. In light of the pending Motions to Dismiss, a Rule 16 Scheduling Order has not yet been issued by the Court, nor has a Rule 16 Pretrial Conference been set.

Plaintiffs nevertheless contend in their present Motion [Document #57] that discovery should proceed while the Motions to Dismiss are under consideration. Plaintiffs' primary argument in support of this contention is that potentially relevant evidence could be lost or destroyed while the Motions to Dismiss are being considered. However, in response, Defendants[1] contend that discovery would be premature because resolution of the Motions to Dismiss could significantly affect the nature of the claims and the number of parties proceeding forward in this case. In particular, Defendants contend that it would be costly and inefficient to engage in discovery among parties who may be dismissed, and prior to the determination of the scope of the claims that will remain. In addition, several of the Defendants note that the Motions to Dismiss raise immunity defenses that are properly resolved prior to discovery. Defendants also contend that the Court's resolution of the Motions to Dismiss will necessarily affect any discovery plan, including the scope of and timing of discovery, and that substantial

---

[1] The Court notes that the Defendants filed four separate responses to Plaintiffs' Motion: a Response by DNA Security, Inc. and Richard Clark [Document #69], a Response by Defendant Brian Meehan [Document #70], a Response by the "City Defendants" [Document #71], and a Response by Defendant Linwood Wilson [Document #72]. Because the Defendants raise similar issues, the Court has considered their arguments on this Motion collectively.

discovery disputes can be avoided by waiting to proceed with discovery until after the Motions to Dismiss are resolved. Finally, Defendants further note that to the extent Plaintiffs raise concerns regarding the preservation of potentially relevant electronic information, the various Defendants have already engaged in discussions with Plaintiffs regarding the identification and preservation of such material, and have agreed to undertake specific efforts to preserve potentially relevant electronically-stored information.

Having considered the arguments of the parties, the Court concludes that allowing discovery to proceed further at this time, prior to the filing of Answers and prior to a determination of the claims and parties that will remain following resolution of the Motions to Dismiss, would be premature and inefficient, particularly in light of the scope of this litigation and the number of claims asserted and the number of Defendants named. In addition, proceeding with full discovery at this time would likely result in significant discovery disputes that could only be resolved by determination of the issues raised in the Motions to Dismiss. Under these circumstances, the Court concludes that further discovery should proceed only after the pending Motions to Dismiss are resolved.[2] To the extent Plaintiffs raise general concerns regarding possible loss or destruction of evidence, the Court notes that Defendants

---

[2] The Court notes that some of the issues raised in the Motions to Dismiss are similar to certain of the issues raised in two other cases in this District that have been identified by the parties and the Clerk's Office as "related" to the present case: Carrington, et al. v. Duke University, et al. (1:08CV119) and McFadyen, et al. v. Duke University, et al. (1:07CV953). These cases also involve multiple Motions to Dismiss, and the briefing of those Motions has not yet been completed in the McFadyen case. Although the cases have not been formally consolidated, they all involve at least some overlapping legal issues, and it is the Court's intent to resolve the Motions to Dismiss in these cases at the same time, in order to avoid piecemeal consideration of the common issues raised.

have an ongoing duty to preserve potentially relevant evidence, and the Court of Appeals for the Fourth Circuit has made clear that "when a proponent's intentional [but not necessarily bad faith] conduct contributes to the loss or destruction of evidence, the trial court has discretion to pursue a wide range of responses both for the purpose of leveling the evidentiary playing field and for the purpose of sanctioning the improper conduct. [The court may, inter alia,] permit the jury to draw unfavorable inferences against the party responsible for the loss or destruction of the original evidence." Buckley v. Mukasey, 538 F.3d 306, 323 (4th Cir. 2008) (alterations in original) (quoting Vodusek v. Bayliner Marine Corp., 71 F.3d 148, 156 (4th Cir. 1995)). Thus, Defendants in this case are already under a legal duty to preserve any potentially relevant evidence, and this Court can appropriately address if necessary any potential loss or destruction of such evidence. In light of these existing duties and remedies, and in the interests of efficiency and sound judicial case management, the Court in its discretion will deny Plaintiffs' Motion to Compel Defendants to Confer Under Rule 26(f) [Document #67] at this time, and as a result, additional discovery will proceed only after the Motions to Dismiss are resolved and Answers have been filed.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Compel Defendants to Confer Under Rule 26(f) [Document #67] is DENIED.

This, the 12th day of November, 2008.

_____
United States District Judge