IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DAVID F. EVANS, et al.,

  Plaintiffs,

  v.

CITY OF DURHAM, N.C., et al.,

  Defendants.

Case No. 1:07CV739

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT MICHAEL B. NIFONG'S MOTION TO DISMISS**

Defendant Michael B. Nifong's Motion To Dismiss ("Motion") asserts three grounds for dismissal, incorporating by reference the arguments made by Defendant Linwood Wilson and by Defendants DNA Security, Inc. ("DSI") and Richard Clark in support of their previously-filed motions to dismiss. Plaintiffs have already responded to the arguments advanced by Wilson and the DSI Defendants in the Consolidated Opposition to the previously-filed motions to dismiss, and in the interests of economy Plaintiffs incorporate those responses herein. Plaintiffs submit this brief memorandum to summarize their response to these arguments as they relate to Nifong, and to discuss a new Supreme Court decision that reconfirms that Nifong is not entitled to absolute immunity.

First, Nifong asserts that the Amended Complaint fails to state a claim against him upon which relief can be granted. *See* Motion, ¶ A. However, the Consolidated Opposition summarizes the detailed allegations against Nifong and the other Defendants—including Nifong's involvement in the fabrication of false inculpatory

evidence, the concealment of evidence of Plaintiffs' actual innocence and the lack of probable cause against them, the intimidation of witnesses, and the making of false and inflammatory public statements regarding Plaintiffs' supposed guilt—all of which resulted in the wrongful seizures of the three innocent Duke students and caused them to suffer substantial economic, emotional and physical harm, irreparable reputational harm, and millions of dollars in legal fees. *See* Consol. Opp. to Defs.' Mots. To Dismiss the First Am. Compl. (Docket No. 51) ("Consol. Opp."), at 2-17 (summarizing allegations against Nifong and other Defendants). As the Consolidated Opposition explains, these allegations satisfy the elements of the federal civil rights violations and state-law torts alleged against each of the Defendants, including Nifong.[1]

Second, Nifong argues that he has absolute immunity from these claims because, he contends, all of the actions alleged in the Amended Complaint "were done in his role as District Attorney." Motion, ¶ C. However, Plaintiffs' Consolidated Opposition explains the relevant standards relating to absolute prosecutorial immunity and makes clear that, contrary to Nifong's argument, the mere fact that a defendant holds a prosecutorial title or position at the time of his alleged misconduct does not mean that he is entitled to absolute immunity. *See* Consol. Opp. at 23-26. Rather, courts apply a "'functional approach,' which looks to 'the nature of the function performed, not the identity of the actor who performed it.'" *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (internal citations omitted); *Suarez Corp. Indus. v. McGraw*, 125 F.3d 222, 230 (4th Cir. 1997) ("[T]he scope of absolute prosecutorial immunity has been narrowly drawn.").

---

[1] *See* Consol. Opp. at 30-46 (42 U.S.C. § 1983 claims); *id.* at 82-98 (42 U.S.C. §§ 1985 & 1986 claims); *id.* at 98-114 (state-law tort claims).

Indeed, in *Buckley*, the Supreme Court refused to extend absolute immunity to prosecutors who were alleged to have engaged in similar misconduct, including the fabrication of inculpatory evidence during an investigation and the making of false and defamatory statements at a press conference. *See* 509 U.S. at 273-78. Here, as in *Buckley*, Nifong is not being sued because of prosecutorial functions "'intimately associated with the judicial phase of the criminal process.'" *Id.* at 270 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Rather, like Wilson, the allegations concerning Nifong relate to investigative functions and other non-prosecutorial acts that are not entitled to absolute immunity. These non-prosecutorial acts include the manufacturing of the phony "identification" of Plaintiffs during the April Photo Array (AC ¶¶ 175-97); the fabrication of the false May 12 DSI forensic report and concealment of DNA evidence showing Plaintiffs' actual innocence and the lack of probable cause against them (AC ¶¶ 198-242); the efforts to intimidate witnesses into providing false inculpatory statements and disavowing prior exculpatory statements (AC ¶¶ 245-54; AC ¶ 264); and the publication of false and inflammatory public statements regarding Plaintiffs' supposed guilt (AC ¶¶ 144-55). Nifong is liable even for the wrongful investigative acts that occurred *after* Plaintiffs were indicted: as the Supreme Court held in *Buckley*, "a determination of probable cause does not guarantee a prosecutor absolute immunity from liability for all actions taken afterwards." 509 U.S. at 274 n.5. In short, Nifong is liable for his investigative misconduct and false public statements in the same manner as any other law enforcement officer.[2]

---

[2] Nor can Nifong rely upon the DSI Defendants' absolute immunity claim. As the Consolidated Opposition explains, an expert is not entitled to absolute immunity for his or her forensic analysis and reporting in support of a police investigation. *See* Consol. Opp. at 27-29; *Gregory v. City of Louisville*, 444 F.3d 725 (6th Cir. 2006).

The Supreme Court's decision earlier this week in *Van de Kamp v. Goldstein*, ___ S. Ct. ___, No. 07-854, 2009 WL 160430 (Jan. 26, 2009), reaffirms this functional immunity analysis and reconfirms that Nifong is not entitled to absolute immunity for his investigative misconduct and public statements. *Van de Kamp* involved claims that supervisory-level prosecutors had failed to properly train and supervise lower-level prosecutors to disclose impeachment material in their criminal trials, and to create a database of information relating to trial informants. As the Court explained, the allegations in *Van de Kamp* addressed an entirely different situation from a prosecutor's "investigative . . . tasks," "advice to police during a criminal investigation," or "statements to the press," to which "absolute immunity does not apply":

> The Court made clear [in *Imbler*] that absolute immunity may not apply when a prosecutor is not acting as "an officer of the court," but is instead engaged in other tasks, say, investigative or administrative tasks. To decide whether absolute immunity attaches to a particular kind of prosecutorial activity, one must take account of the "functional" considerations discussed above. . . .
>
> . . . .
>
> In the years since *Imbler*, we have held that absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant application. We have held that absolute immunity does not apply when a prosecutor gives advice to police during a criminal investigation, when the prosecutor makes statements to the press, or when a prosecutor acts as a complaining witness in support of a warrant application. This case, unlike these earlier cases, requires us to consider how immunity applies where a prosecutor is engaged in certain administrative activities.

*Id.* at \*6 (quoting *Imbler*, 424 U.S. at 431 n.33; citing *Burns v. Reed*, 500 U.S. 478, 492, 496 (1991); *Buckley*, 509 U.S. at 277; *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997); *id.* at 132 (Scalia, J., concurring)). Ultimately, the Court held that the tasks at issue in *Van de Kamp* were "directly connected with the prosecutor's basic trial advocacy duties" and, therefore, entitled to absolute immunity: "The management tasks at issue, insofar as they are relevant, concern how and when to make impeachment information available at a trial. They are thereby directly connected with the prosecutor's basic trial advocacy duties." *Id.* at \*8. As previously noted, however, Nifong's liability arises not from a failure of "trial advocacy duties," but from misconduct during the investigation of Plaintiffs and false public statements that "have no functional tie to the judicial process." *Buckley*, 509 U.S. at 277. As *Van de Kamp* reconfirms, Nifong is not entitled to absolute immunity for such acts.

Finally, Nifong argues that Plaintiffs lack standing to seek the Injunction requested in the Amended Complaint. *See* Motion, ¶ B. However, Plaintiffs do not seek injunctive relief against Nifong. Therefore, Nifong himself lacks standing to make this argument.[3]

## CONCLUSION

For the aforementioned reasons, the Court should deny the Motion.

---

[3] *See also* Consol. Opp. at 116-18 (discussing Plaintiffs' standing to seek Injunction and explaining why the City of Durham's and DSI Defendants' requests to dismiss prayer for Injunction are premature).

Dated:  January 29, 2009            Respectfully submitted,

**WILLIAMS & CONNOLLY LLP**

By: ___/s/ Charles Davant IV_____
    Brendan V. Sullivan, Jr. (pro hac vice)
    Robert M. Cary (pro hac vice)
    Christopher N. Manning (pro hac vice)
    Charles Davant IV (N.C. Bar #28489)
    725 Twelfth Street, N.W.
    Washington, DC  20005
    Tel.:      (202) 434-5000
    E-mail:    cdavant@wc.com

*Attorneys for Plaintiffs*
 *David F. Evans and Collin Finnerty*

            -and-

**RUDOLF WIDENHOUSE & FIALKO**

By: ___/s/ David S. Rudolf_____
    David S. Rudolf (N.C. Bar #8587)
    312 West Franklin Street
    Chapel Hill, NC  27516
    Tel.:      (919) 967-4900
    E-mail:    dsrudolf@rwf-law.com

**BARRY C. SCHECK, ESQ.**

    Barry C. Scheck*
    Attn: Elizabeth Vaca
    100 Fifth Avenue
    New York, NY  10011
    Tel.:    (212) 364-5390
    E-mail:    bcsinnocence@aol.com

    (* motion for special appearance
      to be filed)

**EMERY CELLI BRINCKERHOFF &**
 **ABADY LLP**

    Richard D. Emery (pro hac vice)
    Ilann M. Maazel (pro hac vice)
    75 Rockefeller Plaza, 20th Floor
    New York, NY  10019
    Tel.:    (212) 763-5000
    Fax.:    (212) 763-5001
    E-mail:    remery@ecbalaw.com

*Attorneys for Plaintiff Reade Seligmann*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DAVID F. EVANS, et al.,<br><br>    Plaintiffs,<br><br>              v.<br><br>CITY OF DURHAM, N.C., et al.,<br><br>    Defendants. | Case No. 1:07CV739 |

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2009, I electronically filed the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANT MICHAEL B. NIFONG'S MOTION TO DISMISS** and any attachments with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Reginald B. Gillespie, Jr.
*Counsel for Defendant City of Durham*

Joel M. Craig
Henry W. Sappenfield
*Counsel for Defendant Benjamin Himan*

James B. Maxwell,
*Counsel for Defendant David Addison*

Edwin M. Speas
Eric P. Stevens
*Counsel for Defendant Mark Gottlieb*

Patricia P. Kerner
D. Martin Warf
Hannah G. Styron
*Counsel for Defendants Steven Chalmers, Beverly Council, Ronald Hodge, Jeff Lamb, Patrick Baker, Michael Ripberger, and Lee Russ*

Robert A. Sar
Nicholas J. Sanservino, Jr.
*Counsel for Defendant DNA Security*

Robert J. King III
Kearns Davis
*Counsel for Defendant DNA Security, Inc. & Richard Clark*

Paul R. Dickinson, Jr.
James A. Roberts, III
*Counsel for Defendant Brian Meehan*

David S. Rudolf
*Counsel for Plaintiff Reade Seligmann*

Linwood Wilson
*Pro se*

James B. Craven III
*Counsel for Michael B. Nifong*

                                                                      Respectfully submitted,

                                                                        /s/ Charles Davant IV
                                                                        Charles Davant IV (N.C. Bar No. 28489)
                                                                        WILLIAMS & CONNOLLY LLP
                                                                        725 Twelfth Street, N.W.
                                                                        Washington, DC  20005
                                                                        Tel.:        (202) 434-5000
                                                                        Email:      cdavant@wc.com

                                                                        *Attorney for Plaintiffs David F. Evans and
                                                                          Collin Finnerty*