IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DAVID F. EVANS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 1:07CV739 |
| ) | |
| THE CITY OF DURHAM, ) | |
| NORTH CAROLINA, et al., ) | |
| ) | |
| Defendants. ) | |

ORDER

This case involves 22 claims set out in a 152-page Amended Complaint by Plaintiffs David F. Evans ("Evans"), Collin Finnerty ("Finnerty"), and Reade Seligmann ("Seligmann") against Defendants The City of Durham ("the City"), former District Attorney Michael B. Nifong ("Nifong"), Durham Police Department Detective Mark Gottlieb ("Gottlieb"), Durham Police Department Investigator Benjamin Himan ("Himan"), Durham Police Department Spokesman David Addison ("Addison"), District Attorney's Office Investigator Linwood Wilson ("Wilson"), Durham City Manager Patrick Baker ("Baker"), Durham Chief of Police Steven W. Chalmers ("Chalmers"), Durham Police Uniform Patrol Bureau Commander Beverly Council ("Council"), Deputy Chief of Police Ronald Hodge ("Hodge"), Durham Police District Two Uniform Patrol Commander Jeff Lamb ("Lamb"), Durham Police Department Lieutenant Michael Ripberger ("Ripberger"), Executive Officer to the Chief of Police Lee Russ ("Russ"), DNA Security, Inc. ("DSI"), DSI President Richard Clark ("Clark"), and DSI Lab Director Brian Meehan ("Meehan").

Defendants have collectively filed multiple Motions to Dismiss, specifically, a Motion

to Dismiss by Defendant Wilson [Doc. #29], a Motion to Dismiss by Defendant Meehan [Doc. #30], a Motion to Dismiss by Defendants DSI and Clark [Doc. #32], a Motion to Dismiss by Defendants Chalmers, Council, Hodge, Baker, Lamb, Ripberger, and Russ [Doc. #34], a Motion to Dismiss by Defendant Himan [Doc. #36], a Motion to Dismiss by Defendant Gottlieb [Doc. #38], a Motion to Dismiss by Defendant Addison [Doc. #40], and a Motion to Dismiss by the City [Doc. #42]. In addition, although the claims against Defendant Michael Nifong were initially stayed when he filed for bankruptcy protection, Defendant Nifong has since been added back to this case and has filed his own Motion to Dismiss [Doc. #90], which has now been referred to the Court for consideration.

All of these pending motions have now been fully briefed and referred to the Court for determination. Having undertaken a preliminary review of these matters, the Court notes that all of the Motions to Dismiss involve overlapping legal issues best addressed by the Court in a single determination that addresses all of the issues raised by the various Defendants. Therefore, the Court enters this preliminary Order for administrative purposes to consolidate all of the pending Motions to Dismiss into a single Motion to Dismiss for determination by the Court. The Court will consider the arguments raised by the parties in their respective briefs as part of the consolidated determination.[1]

---

[1] As the Court has previously noted, some of the issues raised in the Motions to Dismiss in the present case are similar to certain of the issues raised in two other cases in this District that have been identified by the parties and the Clerk's Office as "related" to the present case: Carrington, et al. v. Duke University, et al. (1:08CV119) and McFadyen, et al. v. Duke University, et al. (1:07CV953). Those cases also involve multiple Motions to Dismiss for which briefing has now been completed and which were recently referred to the Court for consideration. As previously noted, it is the Court's intent to resolve the Motions to Dismiss in these cases at the same time, in order to avoid piecemeal consideration of the common issues raised.

IT IS THEREFORE ORDERED that for administrative purposes, the various Motions to Dismiss [Doc. #29, #30, #32, #34, #36, #38, #40, #42 and #90] are CONSOLIDATED into a single Motion to Dismiss [designated as Doc. #42] for further review and consideration by the Court.

This, the 30th day of March, 2009.

/s/ James A. Beaty
United States District Court Judge