IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DAVID F. EVANS, ET AL., | ) | |
| | ) | |
| Plaintiffs | ) | No. 1:07 CV 739 |
| | ) | |
| vs. | ) | |
| | ) | |
| THE CITY OF DURHAM, | ) | MEMORANDUM ON BEHALF |
| NORTH CAROLINA, ET AL., | ) | OF MICHAEL B. NIFONG |
| | ) | |
| Defendants | ) | |

This brief memorandum is submitted on behalf of the defendant Michael B. Nifong pursuant to the Court's invitation to address the potential effect on this case of the May 18, 2009 Supreme Court decision in Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, ___ L.Ed.2d ___ (2009).

A. The Supreme Court noted in Iqbal that:

Government officials may not be held liable for the unconstitutional conduct of their subordinates under the theory of respondeat superior.

See Monell v. New York City Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56, L.Ed.2d 611 (1978); Dunlap v. Munroe, 11 U.S. 242, 3 L.Ed. 329 (1812); and Robertson v. Sichel, 127 U.S. 507, 8 S.Ct. 1286, 3 L.Ed.203 (1888).

It is clear from these cases, and from Iqbal, that any liability of Mike Nifong to the three plaintiffs asserting claims against him may not rest on the agency doctrine of respondeat superior. See also Cloaninger v. McDevitt, 555 F.3d 324 (4th Cir. 2009).

B. The amended 162 page, 566 allegation complaint filed December 11, 2007 is replete with the sort of conclusory allegations addressed, and appropriately

criticized, by the Court, not only in Iqbal, but also in Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Just for example, and this is by no means an exhaustive list of the instances of conclusory hyperbolic pleading in the amended complaint, consider Paragraph 49 at Page 12. It is alleged there that Nifong and others, aware of occurrences they may or may not have been aware of, "willfully ignored and/or were deliberately indifferent to this evidence demonstrating Plaintiffs' innocence [1] in their rush to charge the three innocent [2] Duke lacrosse players." Much the same allegation is set out in Paragraph 54 at Page 13. [3]

Another conclusory allegation, in Paragraph 56 at Page 14, is that Nifong and others, acting at the direction of others, tried to intimidate and discredit police offers. Paragraph 67 at Pages 17-18 is but another, conclusory repeat of prior allegations. So too is Paragraph 89 at page 33. And Paragraph 99 at Page 25, and Paragraph 106 at Page 28, as well as Paragraphs 118-119 at Page 30. There is simply no end to the conclusory allegations in the amended complaint. Put another way, take out all the conclusory allegations condemned, or held wanting, in Twombly and Iqbal and what is left? Little, very little.

It must be remembered that the complaint in this case, though utilized to begin the lawsuit, was hardly written for the Court alone. Rather it was clearly written for the New York Times, the Washington Post, Court TV, and of course the parents of the three plaintiffs. Did it have to be 162 pages long, with 566

---

[1] Does it?
[2] Were they?
[3] There is a lot of unnecessary duplication in the complaint, i.e. it did not have to be 162 pages in length.

allegations, many conclusory only?  Of course not, but it has served its advertising purpose.

The amended complaint of December 11, 2007 is as deficient, and lacking in flexible plausibility, as those in Twombly and Iqbal.  The plaintiffs may well say now that discovery will produce enough factual data to enable them to avoid the multiplicity of conclusory allegations.  This argument however is effectively shot down in Twombly, and in Iqbal the Court noted that because his complaint was deficient under Rule 8, Federal Rules of Civil Procedure, Iqbal was not entitled to discovery.  So too here.  In Iqbal the Court remanded the case to the Second Circuit so that that Court might decide whether to remand to the District court to allow Iqbal to seek leave to amend his deficient complaint.  That is in effect yet another issue before this Court now.

In short, we suggest that Iqbal indeed governs much of this case.  At the very least Iqbal can be used now to get the complaint down to manageable size.

Respectfully submitted,

/s/ James B. Craven III
James B. Craven III
Attorney for Michael B. Nifong
NCSB 997
(919) 688-8295
P.O. Box 1366
Durham, NC 27702

CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2009, I electronically filed this memorandum with the Clerk, through the CM/ECF system which will send notification of such filing to the following:

    Charles Davant IV, Esquire
    Brenden V. Sullivan, Jr., Esquire
    Robert M. Clay, Esquire
    Christopher M. Manning, Esquire
    Williams & Connolly
    725 Twelfth Street, NW
    Washington, DC 20005

    David S. Rudolf, Esquire
    RUDOLF, WIDENHOUSE & FIALKO
    213 West Franklin Street
    Chapel Hill, NC 27516

    Reginald B. Gillespie, Jr., Esquire
    FAISON & GILLESPIE
    5518-Durham-Chapel Hill Blvd., Ste. 2000
    P.O. Box 51729
    Durham, NC 27717-1729

    Edwin M. Speas, Esquire
    POYNER & SPRUILL
    3600 Glenwood Avenue
    Raleigh, NC 27612

    James B. Maxwell, Esquire
    MAXWELL, FREEMAN & BOWMAN
    P.O. Box 52396
    Durham, NC 27717-2396

    Patricia P. Kerner, Esquire
    TROUTMAN SANDERS
    434 Fayetteville Street, Suite 1900
    Raleigh, NC 27601

Robert A. Star, Esquire
Nicholas J. Sanservino Jr., Esquire
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART
2301 Sugar Bush Road, Suite 600
Raleigh, NC 27612

Joel M. Craig, Esquire
KENNON, CRAVER, BELO, CRAIG & McKEE
4011 University Drive, Suite 300
P.O. Box 51579
Durham, NC 27707-1579

I further certify that I mailed copies as well to the following:

Barry C. Scheck, Esquire
100 Fifth Avenue
New York, NC 10011

Richard D. Emery, Esquire
EMERY, CELLI, BRINCKERHOFF & ABADY
75 Rockefeller Plaza, 20th Floor
New York, NY 10019

Paul R. Dickinson, Jr., Esquire
LEWIS & ROBERTS
5960 Fairview Road, Ste. 102
Charlotte, NC 28210-3103

James A. Roberts, III, Esquire
LEWIS & ROBERTS
1305 Navaho Drive, Suite 400
Raleigh, NC 27609-7482

Linwood Wilson
6910 Innesbrook Way
Bahama, NC 27503-9700

Roger E. Warin, Esquire
STEPTOE & JOHNSON
1330 Connecticut Ave., NW
Washington, DC 20036

/s/ James B. Craven III
James B. Craven III