IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |  | |
|---|---|---|---|
| DAVID F. EVANS, ET AL., | ) | | |
| | ) | | |
| Plaintiffs | ) | No. 1:07 CV 739 | |
| | ) | | |
| vs. | ) | | |
| | ) | SUPPLEMENTAL | |
| THE CITY OF DURHAM, | ) | MEMORANDUM ON BEHALF | |
| NORTH CAROLINA, ET AL., | ) | OF MICHAEL B. NIFONG | |
| | ) | | |
| Defendants | ) | | |

This supplemental memorandum is submitted on behalf of the defendant Michael B. Nifong simply to advise the Court of two recent cases of more or less local interest applying and interpreting the May 18, 2009 Supreme Court decision in <u>Ashcroft v. Iqbal</u>, 556 U.S. ___, 129 S.Ct. 1937, ___ L.Ed.2d ___ (2009) and <u>Bell Atlantic Corporation v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

<u>Walker v. Prince George's County, Maryland</u>, ___ F.3d ___ (No. 08-1462, July 30, 2009 4th Circuit) involved the seizure of a pet wolf named Dutchess by a county animal control officer. Justice O'Connor, for the Court, found the Walkers' pleadings woefully lacking under <u>Ashcroft v. Iqbal</u>, as simply threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, and referenced legal conclusions couched as factual allegations. We concede, for present purposes, that the three plaintiffs in the case at hand did a better job with their lengthy complaint than did the Walkers, whose wolf was seized, but these plaintiffs still fail under <u>Ashcroft v. Iqbal</u>.

A much fuller discussion of these pleading issues appears in Judge Leonard's July 23, 2009 opinion in <u>Angell v. BER CAR, Inc.</u>, ___ B.R. ___ (Bkcy. EDNC, No. L-08-00174-8-JRL, July 23, 2009). In that case the allegations were much more specific and factual than in

Walker, and in many ways mirror the allegations in the present case, yet were still found wanting under Ashcroft v. Iqbal.

It is worth noting that on July 22, 2009 Senator Specter of Pennsylvania introduced S.1504, a bill entitled the Notice Pleading Restoration Act of 2009, to provide that federal courts shall not dismiss a complaint under Rule 12(b)(6) or Rule 12(e), Federal Rules of Civil Procedure, "except under the standards set forth by the Supreme Court of the United States in Conley v. Gibson, 355 U.S. 41 (1957)." The bill, without a co-sponsor, was referred to the Judiciary Committee. Senator Specter, in offering the bill, accused the Supreme Court in Twombly and Iqbal of making an end run around precedent, adding that:

> The effect of the Court's actions will no doubt be
>
> to deny many plaintiffs with meritorious claims
>
> access to the federal courts and, with it, any legal
>
> redress for their injuries.
>
> Congressional Record July 22, 2009

It should be noted the senator was speaking generally, not about this case.

Senator Specter's bill however is just that, a bill. It is not law and may never become law. Twombly and Iqbal of course are good law, and we continue to believe and contend that the present complaint of the three plaintiffs fails the tests of Twombly and Iqbal.

Respectfully submitted,

/s/ James B. Craven III
James B. Craven III
Attorney for Michael B. Nifong
NCSB 997
(919) 688-8295
P.O. Box 1366
Durham, NC 27702

CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2009, I electronically filed this memorandum with the Clerk, through the CM/ECF system which will send notification of such filing to the following:

    Charles Davant IV, Esquire
    Brenden V. Sullivan, Jr., Esquire
    Robert M. Clay, Esquire
    Christopher M. Manning, Esquire
    Williams & Connolly
    725 Twelfth Street, NW
    Washington, DC 20005

    David S. Rudolf, Esquire
    RUDOLF, WIDENHOUSE & FIALKO
    213 West Franklin Street
    Chapel Hill, NC 27516

    Reginald B. Gillespie, Jr., Esquire
    FAISON & GILLESPIE
    5518-Durham-Chapel Hill Blvd., Ste. 2000
    P.O. Box 51729
    Durham, NC 27717-1729

    Edwin M. Speas, Esquire
    POYNER & SPRUILL
    3600 Glenwood Avenue
    Raleigh, NC 27612

    James B. Maxwell, Esquire
    MAXWELL, FREEMAN & BOWMAN
    P.O. Box 52396
    Durham, NC 27717-2396

    Patricia P. Kerner, Esquire
    TROUTMAN SANDERS
    434 Fayetteville Street, Suite 1900
    Raleigh, NC 27601

Robert A. Star, Esquire
Nicholas J. Sanservino Jr., Esquire
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART
2301 Sugar Bush Road, Suite 600
Raleigh, NC 27612

Joel M. Craig, Esquire
KENNON, CRAVER, BELO, CRAIG & McKEE
4011 University Drive, Suite 300
P.O. Box 51579
Durham, NC 27707-1579

I further certify that I mailed copies as well to the following:

Barry C. Scheck, Esquire
100 Fifth Avenue
New York, NC 10011

Richard D. Emery, Esquire
EMERY, CELLI, BRINCKERHOFF & ABADY
75 Rockefeller Plaza, 20th Floor
New York, NY 10019

Paul R. Dickinson, Jr., Esquire
LEWIS & ROBERTS
5960 Fairview Road, Ste. 102
Charlotte, NC 28210-3103

James A. Roberts III, Esquire
Lewis & Roberts, PLLC
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612-5540

Linwood Wilson
6910 Innesbrook Way
Bahama, NC 27503-9700

Roger E. Warin, Esquire
STEPTOE & JOHNSON
1330 Connecticut Ave., NW
Washington, DC 20036

/s/ James B. Craven III
James B. Craven III