IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DAVID F. EVANS, et al.,

    Plaintiffs,

        v.

CITY OF DURHAM, N.C., et al.,

    Defendants.

Civil Action No. 1:07-CV-739

**PLAINTIFFS' MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT**

Plaintiffs David F. Evans, Collin Finnerty, and Reade Seligmann, by undersigned counsel, respectfully move for leave to file a Second Amended Complaint in order to add a Twenty-Third Cause of Action against Defendant City of Durham (the "City") under Article I, Section 19 of the North Carolina Constitution, pursuant to the North Carolina Supreme Court's recent decision in *Craig v. New Hanover County Board of Education*, 678 S.E.2d 351 (N.C. 2009). The proposed Second Amended complaint also would make certain housekeeping amendments referenced in Plaintiffs' Consolidated Opposition to the pending motions to dismiss. A copy of the proposed Second Amended Complaint is attached as Exhibit 1. A redline of the pages that would be changed is attached as Exhibit 2. Plaintiffs' counsel has conferred with counsel for the City, which has stated its opposition to this Motion.

## I. PROPOSED STATE CONSTITUTIONAL CLAIM AGAINST THE CITY

On June 18, 2009, the North Carolina Supreme Court recognized the availability of a direct cause of action against a municipality under the North Carolina Constitution in cases in which a plaintiff's state-law claims are subject to a sovereign or governmental immunity defense. *Craig v. New Hanover Cty. Bd. of Educ.*, 678 S.E.2d 351 (N.C. 2009). The court reasoned that where a municipal defendant can assert governmental immunity—there, based on the wording of its excess liability insurance policies, which purported not to cover the plaintiff's state-law claims—the application of such immunity would leave the plaintiff without an "adequate remedy at state law" unless the plaintiff could assert a claim directly under the state Constitution. *Id.* at 352.

As this Court is aware, the City has moved in a motion for partial summary judgment to dismiss all of Plaintiffs' state-law causes of action on governmental immunity grounds—as in *Craig*, based on the language of the City's excess liability insurance policies.[1] Plaintiffs have contested the City's assertion of immunity.[2] However, if the City were to prevail on its motion for partial summary judgment, Plaintiffs would be left without an "adequate remedy at state law" against the City. *Craig*, 678 S.E.2d at 352. Therefore, under *Craig*, Plaintiffs are entitled to assert a cause of action against the City directly under the North Carolina Constitution. *See id.* As the North Carolina Supreme Court expressly stated in *Craig*, "our constitutional rights should not be determined by the specific language of the liability insurance policies carried by [municipal defendants]." *Id.* at 357.

---

[1] *See* Def. City of Durham, N.C.'s Mot. for Partial Summ. J. (Governmental Immunity) (Doc. No. 78).

[2] *See* Pls.' Br. Opposing City of Durham's Mot. for Partial Summ. J. (Doc. No. 83).

"Under Rule 15(a), . . . leave to amend a complaint 'shall be freely given when justice so requires.'" *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002) (quoting Fed. R. Civ. P. 15(a)). The Supreme Court has declared that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "The law is well settled 'that leave to amend a pleading should be denied *only* when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (emphasis in original)).

Here, justice requires that Plaintiffs be given the opportunity to amend their complaint. Prior to *Craig*, the North Carolina Supreme Court had not addressed whether a plaintiff could assert a direct constitutional claim where, as here, the plaintiff could assert other state-law claims that might be subject to an immunity defense. Rather, in its prior opinion in *Corum v. University of North Carolina*, 413 S.E.2d 276 (N.C. 1992), the Court held that a direct constitutional claim was available only "in the absence of an adequate state remedy." *Id.* at 289. "[T]his Court did not consider the relevance of sovereign immunity" in *Corum* because "state law did not provide for the type of remedy sought by the plaintiff" in that case. *Craig*, 678 S.E.2d at 356. *Craig* makes clear that, in cases in which state-law claims can be pleaded, state constitutional claims also may be pleaded in the alternative in the event that the state-law claims are barred by governmental immunity:

> Indeed, to be considered adequate in redressing a constitutional wrong, a plaintiff must have at least the opportunity to enter the courthouse doors and present his [state-law] claim. Under the facts averred by plaintiff here, the doctrine of sovereign immunity precludes such opportunity for his common law negligence claim because the defendant Board of Education's excess liability insurance policy excluded coverage for the negligent acts alleged. . . .
>
> * * * If plaintiff is not allowed to proceed in the alternative with his direct colorable constitutional claim, sovereign immunity will have operated to bar the redress of the violation of his constitutional rights, contrary to the explicit holding of *Corum.*

*Id.* at 355-56.

Moreover, there is no conceivable prejudice to the City or bad faith from the proposed amendment, which arises from the same underlying factual allegations as Plaintiffs' current claims and raises no new legal issues from those that have already been exhaustively briefed in connection with the pending motions to dismiss. Nor can the City contend that Plaintiffs' proposed amendment would be futile, in light of *Craig* and the City's current position that Plaintiffs' state-law claims are barred by governmental immunity.

## II. ADDITIONAL HOUSEKEEPING AMENDMENTS

The proposed Second Amended Complaint would make two housekeeping amendments referenced in Plaintiffs' Consolidated Opposition to the pending motions to dismiss, *see* Pls.' Consol. Opp. to Defs.' Mots. to Dismiss First Am. Compl., at 120 (Doc. No. 51) ("Pls.' Consol. Opp."):

1. The proposed Second Amended Complaint would remove references to "official capacity" claims against individual defendants in the headings of the Fifth,

Eighth, Ninth, Tenth, Eleventh, Sixteenth, Seventeenth, Eighteenth, and Nineteenth Causes of Action because the City is already named as a defendant and is the real party in interest in those causes of action. For consistency, the proposed Second Amended Complaint also would remove "official capacity" references to individual defendants in the Seventh, Thirteenth, Fourteenth, and Fifteenth Causes of Action and name the City as a defendant in those causes of action. The parties have agreed that official capacity references to individual defendants are "redundant" and "duplicative" where the City is already named as a defendant in the same cause of action. *See* City Br. in Support of Mot. to Dismiss, at 12 n.4 (Doc. No. 43); SD Br. in Supp. of Mot. to Dismiss, at 8-10 & n.1 (Doc. No. 35); Pls.' Consol. Opp. at 114-15. The proposed amendment would not make any substantive changes, but rather clarify that the City is a defendant in each of these causes of action based on the conduct of City employees and agents in their official capacities.

2. The proposed Second Amended Complaint would remove the "individual capacity" claims alleging negligence by Defendants Addison, Gottlieb, Himan, and the Supervisory Defendants in the headings of the Sixteenth, Seventeenth, Eighteenth, and Nineteenth Causes of Action. *See* Pls.' Consol. Opp., at 113. As noted above, however, the City will remain a defendant in these causes of action based on the actions of these City employees in their official capacities.

## CONCLUSION

For the aforementioned reasons, the Court should grant leave for Plaintiffs to file the proposed Second Amended Complaint.

Dated: August 12, 2009	Respectfully submitted,

**WILLIAMS & CONNOLLY LLP**

By:	/s/ Charles Davant IV
	Brendan V. Sullivan, Jr. (*pro hac vice*)
	Robert M. Cary (*pro hac vice*)
	Christopher N. Manning (*pro hac vice*)
	Charles Davant IV (N.C. Bar #28489)
	725 Twelfth Street, N.W.
	Washington, DC  20005
	Tel.:	(202) 434-5000
	E-mail:	cdavant@wc.com

*Attorneys for Plaintiffs David F. Evans and Collin Finnerty*

	-and-

**RUDOLF WIDENHOUSE & FIALKO**

By:	/s/ David S. Rudolf
	David S. Rudolf (N.C. Bar #8587)
	312 West Franklin Street
	Chapel Hill, NC  27516
	Tel.:	(919) 967-4900
	E-mail:	dsrudolf@rwf-law.com

**BARRY C. SCHECK, ESQ.**

	Barry C. Scheck*
	Attn: Elizabeth Vaca
	100 Fifth Avenue
	New York, NY  10011
	Tel.:	(212) 364-5390
	E-mail:	bcsinnocence@aol.com

	(* motion for special appearance
	  to be filed)

**EMERY CELLI BRINCKERHOFF &
 ABADY LLP**

    Richard D. Emery (*pro hac vice*)
    Ilann M. Maazel (*pro hac vice*)
    75 Rockefeller Plaza, 20th Floor
    New York, NY  10019
    Tel.:      (212) 763-5000
    Fax.:     (212) 763-5001
    E-mail:   remery@ecbalaw.com

*Attorneys for Plaintiff Reade Seligmann*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DAVID F. EVANS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF DURHAM, N.C., et al., <br><br> Defendants. | Case No. 1:07CV739 |

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2009, I electronically filed the foregoing **PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** (including exhibits) with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Reginald B. Gillespie, Jr.
*Counsel for Defendant City of Durham*

Joel M. Craig
Henry W. Sappenfield
*Counsel for Defendant Benjamin Himan*

James B. Maxwell,
*Counsel for Defendant David Addison*

Edwin M. Speas
Eric P. Stevens
*Counsel for Defendant Mark Gottlieb*

1

Patricia P. Kerner
D. Martin Warf
Hannah G. Styron
*Counsel for Defendants Steven Chalmers, Beverly Council, Ronald Hodge, Jeff Lamb, Patrick Baker, Michael Ripberger, and Lee Russ*

Robert A. Sar
Nicholas J. Sanservino, Jr.
*Counsel for Defendant DNA Security*

Robert J. King III
Kearns Davis
*Counsel for Defendant DNA Security, Inc. & Richard Clark*

Paul R. Dickinson, Jr.
James A. Roberts, III
*Counsel for Defendant Brian Meehan*

Linwood Wilson
*Pro se*

James B. Craven III
*Counsel for Michael B. Nifong*

        Respectfully submitted,

        /s/ Charles Davant IV
        Charles Davant IV (N.C. Bar No. 28489)
        WILLIAMS & CONNOLLY LLP
        725 Twelfth Street, N.W.
        Washington, DC 20005
        Tel.:      (202) 434-5000
        Email:   cdavant@wc.com

        *Attorney for Plaintiffs David F. Evans and Collin Finnerty*