IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:07-CV-00739

| | |
|---|---|
| **DAVID F. EVANS,** *et al.*, <br><br>              **Plaintiffs,** <br><br>v. <br><br>**THE CITY OF DURHAM, NORTH CAROLINA,** *et al.*, <br><br>              **Defendants.** | **THE CITY OF DURHAM, NORTH CAROLINA'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

      Plaintiffs' Motion for Leave to File Second Amended Complaint (hereinafter "Motion to Amend" or "motion") should be denied. The allegations in Plaintiffs' gargantuan First Amended Complaint have been the subject of numerous motions to dismiss by each of the named public and private defendants, and those motions have been—in Plaintiffs' own words—"exhaustively" briefed. Motion to Amend (Doc. No. 109) at 4. Plaintiffs now request leave to add yet another claim, under the state constitution, more than three years after the events giving rise to this lawsuit took place, nearly two years after the first complaint was filed, 20 months after the First Amended Complaint was filed, and 17 months after Plaintiffs expressly stated that they were not making a claim under the North Carolina Constitution. In these circumstances, justice does not require that Plaintiffs be granted leave to file a second amended complaint.

Indeed, allowing yet another amended complaint would be prejudicial to the City and its taxpayers.

I. **BACKGROUND**

Nearly two years ago, Plaintiffs filed a 148-page Complaint claiming, among other things, that they had been harmed by the manner in which the Durham Police Department investigated rape claims made by Crystal Mangum. *See* Doc. No. 1. Because of the extraordinary length of the Complaint and the number of causes of action, the parties jointly requested, and this Court approved, substantial additional time and pages for briefing issues that would be raised by Defendants' anticipated motions to dismiss. Doc. Nos. 24-25. In December of 2007, Plaintiffs filed an expanded First Amended Complaint, consisting of 22 separate causes of action, 152 pages, and 567 numbered paragraphs. Doc. No. 26. Defendants filed motions to dismiss the First Amended Complaint, along with comprehensive supporting memoranda. Doc. Nos. 29-43. Plaintiffs filed a 120-page consolidated response on April 2, 2008 (hereinafter, "Opp. Br."), to which Defendants promptly replied. Doc. Nos. 51, 60-65; *see also* Doc. Nos. 90-92 (subsequent briefings with respect to Defendant Nifong). Those briefings have been supplemented in several respects. First, the City moved for partial summary judgment on the grounds of governmental immunity, a motion Plaintiffs opposed. Doc. Nos. 78-81, 83, 86-88, 94. Second, at the Court's request—and following the Court's administrative consolidation of Defendants' motions to dismiss—the parties supplemented the pending motions with briefs assessing the impact of the Supreme

Court's decision in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Doc Nos. 95, 97-102, 107-08.

In their Complaint and First Amended Complaint, Plaintiffs appeared to claim deprivations under Article I, Section 19 of the North Carolina Constitution, *see* Compl. (Doc. No. 1) ¶¶ 4, 33, 220, 240; FAC (Doc. No. 26) ¶¶ 4, 33, 222, 242. Yet, they included no explicit state constitution causes of action in either version of their complaint. In an abundance of caution, the City briefed the issue, arguing that no such claim could be brought. *See* Brief in Support of Defendant City of Durham, North Carolina's Motion to Dismiss First Amended Complaint (Doc. No. 43) at 41-42. In response, Plaintiffs stated that they had, in fact, *not* stated any claims under the North Carolina Constitution. *See* Opp. Br. (Doc. No. 51) at 119. Plaintiffs now seek to file another amended complaint to add just such a claim. *See* Mot. to Amend (Doc. No. 109) at 1.

## II.  ARGUMENT

### A.  Standard of Review.

Subject to certain conditions, a plaintiff has a right to amend a pleading once as a matter of course. *See* Fed. R. Civ. P. 15(a). Additional amendments, however, require leave of court or consent of the adverse party. *Id.* A court should grant leave to amend "when justice so requires," *id.*, but such leave is not automatic. In particular, leave need not be given where the amendment would cause prejudice to the opposing party, is made in bad faith, or would be futile, or where the moving party has been dilatory. *See Foman*

*v. Davis*, 371 U.S. 178, 182 (1962); *Sandcrest Outpatient Servs., P.A. v. Cumberland Co. Hosp. Sys.*, 853 F.2d 1139, 1148 (4th Cir. 1988); *Ward Elecs. Serv., Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987). Ultimately, subject to these parameters, "the grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman*, 371 U.S. at 182.

> **B. Plaintiffs' Motion—Coming Nearly Two Years Into Briefing on Defendants' Pending Motions To Dismiss—Is Prejudicial to the City.**

Plaintiffs make no argument that justice requires that they be given leave to file a second amended complaint, nor could they. Plaintiffs have had every opportunity to bring a claim under the North Carolina Constitution, but chose not to do so. In fact, they *specifically disclaimed* that they were seeking relief under the state constitution, though only *after* the Defendants were forced to brief the issue. Certainly justice does not *require* that Plaintiffs be permitted to whipsaw Defendants in this fashion—appearing to bring a state constitutional claim, then denying that they had brought such a claim after Defendants addressed the issue, and now deciding to bring the claim nearly two years later "on the heels of [defendant's] well-supported . . . motion for summary judgment based on immunity." *Sandcrest Outpatient Servs.*, 853 F.2d at 1149. Even if not indicative of bad faith, this course of conduct is at the very least dilatory. *Cf. id.* at 1148 (noting that the motion to amend "was made 18 months after the last event giving rise to the causes of action in this case, more than 8 months after the filing of the initial complaint, and five months after the filing of the first motion to amend the complaint").

Plaintiffs can hardly argue that their dilatoriness is somehow justified by new legal developments. Although their motion is predicated on the North Carolina Supreme Court's decision earlier this year in *Craig v. New Hanover County Bd. of Educ.*, 678 S.E.2d 351 (N.C. 2009), that decision was based on the same court's much earlier decision in *Corum v. University of North Carolina*, 413 S.E.2d 276 (N.C. 1992), as well as even earlier cases. *See Craig*, 678 S.E.2d at 354 ("This Court could hardly have been clearer in its holding in *Corum*: '[I]n the absence of an adequate state remedy, one whose state constitutional rights have been abridged has a direct claim against the State under our Constitution.'") (quoting *Corum*, 413 S.E.2d at 289); *id.* at 356 (citing *Sale v. State Highway & Public Works Comm'n*, 89 S.E.2d 290 (N.C. 1955), and *Midgett v. North Carolina State Highway Comm'n*, 132 S.E.2d 599 (N.C. 1963), *overruled on other grounds by Lea Co. v. North Carolina Bd. of Transp.*, 304 S.E.2d 164, 174 (N.C. 1983). And *Corum* is, of course, a decision well-known to Plaintiffs; indeed, they cited it in their opposition to the Defendants' motions to dismiss, in the course of expressly *denying* that they were bringing a state constitutional claim. *See* Opp. Br. (Doc. No. 51) at 119. There is thus no reason that Plaintiffs could not have raised this claim earlier,[1] making it

---

[1] Plaintiffs now seek to assert the state constitutional claims in the alternative. Mot. to Amend (Doc. No. 109) at 3; *see also id.* Ex. 1 at ¶ 571 ("Plaintiffs plead this cause of action as an alternative remedy"). But nothing precluded Plaintiffs from doing so in the first instance, as the plaintiffs did in *Craig*. *See* 678 S.E.2d at 355 n.4 (noting that constitutional claims were pled as "an alternative remedy, should the court find that sovereign immunity or governmental immunity in any of its various forms exists . . . then, in that event, plaintiffs have no adequate remedy at law and assert the constitutional violations pursuant to the laws of North Carolina").

apparent that the reason they are raising it now is their anticipation of losing on the pending motion for summary judgment on grounds of governmental immunity. This is not an adequate reason to grant a tardy motion for leave to amend a complaint a second time. *See Sandcrest Outpatient Servs.*, 853 F.2d at 1149 (affirming district court's denial of motion to amend in part because the motion appeared to be "possibly prompted only by the [plaintiff's] concern that it would lose on the summary judgment motion" based on immunity); *cf. Witmeyer v. Kilroy*, 788 F.2d 1021, 1024 (4th Cir. 1986) (affirming denial of motion to amend on equitable grounds of laches and because it "appears to be an afterthought following the district court's correct dismissal of [several claims] . . . on jurisdictional grounds").

Moreover, contrary to Plaintiffs' suggestion, allowing them to file a second amended complaint at this late juncture would cause prejudice to the City of Durham and its taxpayers. The City and individual City employees (as well as other Defendants) have already expended significant resources in detailing the deficiencies in Plaintiffs' enormous First Amended Complaint (and similar deficiencies in the two related cases pending before this Court). Plaintiffs' request would require yet another round of briefing, and on a cause of action that Plaintiffs had expressly disclaimed earlier in this litigation. Forcing the City and other Defendants to endure this sort of protracted, yo-yo course of litigation over several years needlessly burdens the City and its taxpayers with significant additional litigation costs and distracts City employees from their public responsibilities.

Plaintiffs assert that the new constitutional claim they seek to bring "raises no new legal issues from those that have already been exhaustively briefed in connection with the pending motions to dismiss." Mot. to Amend (Doc. No. 109) at 4. This is, of course, not true. Defendants would need to be given the opportunity to argue, among other things: (1) why Plaintiffs have an adequate remedy even if the City prevails on its governmental immunity argument, thus precluding a claim under the state constitution; and (2) why Plaintiffs have failed to state a constitutional claim on its own terms, regardless of whether they otherwise have an adequate remedy.

Because Plaintiffs' new claim would thus impose a significant additional burden on the City, as well as a corresponding delay in the adjudication of the pending motions, a second amended complaint would prejudice the City. Plaintiffs' motion should therefore be denied.

If the Court decides, nevertheless, to grant leave to amend the complaint a second time, Defendants request that they be granted leave to file a further motion to dismiss and a supplemental supporting memorandum not to exceed 20 pages.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Amend should be denied. In the alternative, the City requests leave to file a further motion to dismiss and a supplemental supporting memorandum not to exceed 20 pages.

This the 4th day of September, 2009.

| FAISON & GILLESPIE | STEPTOE & JOHNSON LLP |
|---|---|
| By: /s/ Reginald B. Gillespie, Jr. | By: /s/ Roger E. Warin |
| Reginald B. Gillespie, Jr. | Roger E. Warin* |
| North Carolina State Bar No. 10895 | Michael A. Vatis* |
| 5517 Chapel Hill Boulevard, Suite 2000 | Matthew J. Herrington* |
| Post Office Box 51729 | John P. Nolan* |
| Durham, North Carolina 27717-1729 | Leah M. Quadrino* |
| Telephone: (919) 489-9001 | Steptoe & Johnson LLP |
| Fax: (919) 489-5774 | 1330 Connecticut Avenue, NW |
| E-Mail: rgillespie@faison-gillespie.com | Washington, DC 20036 |
|  | Telephone: (202) 429-3000 |
|  | Fax: (202) 429-3902 |
|  | E-mail: rwarin@steptoe.com |
|  | *Motion for Special Appearance to be filed |

*Attorneys for Defendant City of Durham*

CERTIFICATE OF ELECTRONIC FILING AND SERVICE

  The undersigned hereby certifies that, pursuant to Rule 5 of the Federal Rules of Civil Procedure and LR5.3 and LR5.4, MDNC, the foregoing pleading, motion, affidavit, notice, or other document/paper has been electronically filed with the Clerk of Court using the CM/ECF system, which system will automatically generate and send a Notice of Electronic Filing (NEF) to the undersigned filing user and registered users of record, and that the Court's electronic records show that each party to this action is represented by at least one registered user of record (or that the party is a registered user of record), to each of whom the NEF will be transmitted.

  This the 4th day of September, 2009.

        FAISON & GILLESPIE

        By: /s/ Reginald B. Gillespie, Jr.
         Reginald B. Gillespie, Jr.
         North Carolina State Bar No. 10895
         5517 Chapel Hill Boulevard, Suite 2000
         Post Office Box 51729
         Durham, North Carolina  27717-1729
         Telephone: (919) 489-9001
         Fax: (919) 489-5774
         E-Mail: rgillespie@faison-gillespie.com

        *Attorneys for Defendant City of Durham,*
         *North Carolina*