# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DAVID F. EVANS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF DURHAM, N.C., et al.,<br><br>Defendants. | Civil Action No. 1:07-CV-739 |

### REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

The City of Durham offers no reason why Plaintiffs should be denied leave to amend their complaint to add a direct claim under the North Carolina Constitution:

1.  Importantly, the City does not contend that the proposed amendment would be futile or barred by any statute of limitations. As a technical matter, Plaintiffs could file a separate lawsuit alleging the new cause of action, a far less efficient outcome than simply amending the present complaint. *See, e.g.*, *Wall v. Fruehauf Trailer Servs. Inc.*, 123 F. App'x 572, 577 (4th Cir. 2005) (affirming grant of leave to amend, where "amendment did not substantively change the claim, only the statute under which the claim proceeded," and denial "would have forced Wall to litigate an entirely new and separate action based on the same set of facts"); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (reversing denial of motions for leave to amend where "the statute of limitations had not yet barred Sergeant Edwards from asserting any parallel claims based upon these factual allegations against the Defendants"). Moreover, the North Carolina Supreme Court has now made clear that a plaintiff may proceed in the same action with constitutional and state-law claims pleaded in the alternative, noting

that otherwise, "sovereign immunity will have operated to bar the redress of the violation of [a plaintiff's] constitutional rights." *Craig v. New Hanover County Bd. of Educ.*, 678 S.E.2d 351, 355-56 (N.C. 2009).

2. The City also does not contend that Plaintiffs have acted in bad faith—nor could it, where the North Carolina Supreme Court only recently recognized the availability of this cause of action on the facts presented here. The City's contention that Plaintiffs should have somehow anticipated the Supreme Court's June 2009 decision, *see* City of Durham, N.C.'s Opp. to Pls.' Mot. for Leave To File Second Am. Compl. (Doc. No. 110) ("City Opp.") at 5, is belied by the fact that, at the time Plaintiffs filed the present complaint, the North Carolina Court of Appeals had reached precisely the <u>opposite</u> conclusion in the same case, holding that a direct constitutional claim could <u>not</u> be brought where a plaintiff had state-law claims that were subject to a governmental immunity defense. *See Craig v. New Hanover County Bd. of Educ.*, 648 S.E.2d 923 (N.C. Ct. App. 2007), *rev'd*, 678 S.E.2d 351 (N.C. 2009).[1] The North Carolina Supreme Court disagreed, holding instead that municipalities that attempt to cleverly carve out coverage for state-law torts from their liability insurance policies must instead face liability for direct constitutional claims unchecked by governmental immunity. *Craig*, 678 S.E.2d at 357 ("[O]ur constitutional rights should not be determined by the specific language of the liability insurance policies carried by [municipal defendants]."). Far from being "whipsawed" by the Plaintiffs (City Opp. at 4), it appears that the City has been hoisted on its own petard by the North Carolina Supreme Court.

---

[1] The Court of Appeals' decision in *Craig* was filed on September 4, 2007. Plaintiffs' initial and first amended complaints were filed thereafter, on October 5, 2007 and December 11, 2007, respectively.

2

3. Moreover, contrary to the City's suggestion, the Supreme Court's holding in *Craig* did not flow predictably from *Corum v. University of North Carolina*, 413 S.E.2d 276 (N.C. 1992), and "even earlier cases." City Opp. at 5 (citations omitted). The Court of Appeals doubtless would take issue with the City on this point, having found that it was "bound by precedent" in reaching the opposite conclusion. *Craig*, 648 S.E.2d 926–27 (citing *Alt v. Parker*, 435 S.E.2d 773, 779 (N.C. Ct. App. 1993)).[2] Neither *Corum* nor the other cases cited by the City addressed the issue presented here. The Supreme Court confirmed this in *Craig*: "this Court did not consider the relevance of sovereign immunity" in *Corum* because "state law did not provide for the type of remedy sought by the plaintiff" in that case. 678 S.E.2d at 356. The City's only other authorities are inapposite takings cases, neither of which addresses the issue of whether direct constitutional claims may be pleaded in the same complaint as state-law claims subject to an immunity defense. *See Midgett v. N.C. State Highway Comm'n*, 132 S.E.2d 599, 607-09 (N.C. 1963), *overruled on other grounds by Lea Co. v. N.C. Bd. of Transp.*, 304 S.E.2d 164, 174 (N.C. 1983); *Sale v. State Highway & Pub. Works Comm'n*, 89 S.E.2d 290, 296-97 (N.C. 1955).

4. Until the Supreme Court's decision in *Craig*, even the <u>City</u> did not believe that a direct cause of action was available. In its January 2008 brief in support of its motion to dismiss, the City argued that any state constitutional claim should be dismissed because Plaintiffs' other state-law claims would be "based on the [same] conduct. . . .

---

[2] Similarly, prior to June 2009, the Court of Appeals' holding in *Craig* had been followed by at least one federal district court. *See Cooper v. Brunswick County Bd. of Educ.*, No. 4:08-cv-48, 2009 WL 1491447, at *4 (E.D.N.C. May 26, 2009) (rejecting direct cause of action under state constitution where "adequate" tort claims existed, notwithstanding that defendant had government immunity on such claims (citing *Craig*, 648 S.E.2d at 927)).

'This is so *even if a plaintiff cannot prevail on the alternative state law cause of action*.'" City Br. in Support of Mot. to Dismiss First Am. Compl. ("City MTD Br.") (Doc. No. 43) at 41-42 (quoting *Kling v. Harris Teeter Inc.*, 338 F. Supp. 2d 667, 678 (W.D.N.C. 2002), *aff'd*, 86 F. App'x 662 (4th Cir. 2004)). The City does not explain how the Plaintiffs should have predicted the Supreme Court's holding in *Craig*, when the City itself was arguing that the then-existing law was to the contrary.

5. The City's claim that it would suffer "prejudice" if the amendment were granted also rings hollow. The only purported harm that the City identifies is that it might have to file a motion "not to exceed 20 pages" if the amendment were permitted. City Opp. at 6-7. Respectfully, that is not prejudice, and certainly not the "undue prejudice" contemplated by Rule 15(a), particularly where the Court has yet to rule on the pending motions to dismiss, discovery has not yet begun, and no scheduling order has issued. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend must be "freely given" unless prejudice is "undue" (quotation marks omitted)); *Dove v. Wash. Metro. Area Transit Auth.*, 221 F.R.D. 246, 248 (D.D.C. 2004) ("While prejudice to the non-movant is a valid reason for denying leave to amend, such prejudice must in fact be 'undue.'" (quoting *Foman*, 371 U.S. at 182)). To the contrary, this Court has previously rejected claims of "undue prejudice" and permitted amendments where, as here, the proposed amendment is based on the same underlying facts and "little" or "no" discovery has been taken. *See Dominion Healthcare Servs. Inc. v. Value Options, Inc.*, No. 1:08-CV-134, 2009 WL 580326, at *3 (M.D.N.C. Mar. 5, 2009); *Bandag, Inc. v. Brad Ragan, Inc.*, 55 F.R.D. 20, 22 (M.D.N.C. 1972).

6. The City's cries of "prejudice" are especially baffling where the City concedes that it has <u>already</u> briefed the issue of whether Plaintiffs may bring a direct

constitutional claim—in its January 2008 motion to dismiss. *See* City Opp. at 3 (citing City MTD Br. at 41-42). Indeed, given the ultimate (and unequivocal) holding in *Craig*, it is unclear why the City would even need an additional twenty-page motion to address this issue, except to recite arguments that it has already made in its prior briefing.

7. "[T]he absence of prejudice is a strong indication that leave to amend should be allowed." *Dominion Healthcare Servs.*, 2009 WL 580326, at *3. And there can be no prejudice to the City here, where the proposed amendment is simply to add a new cause of action based on the same factual allegations as Plaintiffs' present complaint and existing claims. *See Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of defendant's case."); *Edwards*, 178 F.3d at 243 ("Prejudice to the Defendants could hardly flow from" amendment that "derived from [the same] evidence . . . regarding matters already contained in the complaint in some form."); *Dominion Healthcare Servs.*, 2009 WL 580326, at *3 (finding no prejudice, where "the issues and the legal basis for the federal claim in the original complaint and the state constitutional claims in the Amended Complaint are the same").

8. The City does not contend that "the factor regarding repeated failure to cure deficiencies by previous amendments" is at issue. *Dominion Healthcare Servs.*, 2009 WL 580326, at *5. Nor could it: this is Plaintiffs' first request to amend (the prior amended complaint was by right under Rule 15(a)(1)(A)); and there was no "deficiency" at the time of the prior amendment, particularly given the Court of Appeals' September 2007 holding in *Craig*.

9. Ultimately, the City's arguments really boil down to its accusation that Plaintiffs delayed in filing this Motion: the City declares, repeatedly, that Plaintiffs' conduct was "dilatory." City Opp. at 4, 5. Plaintiffs, of course, did <u>not</u> delay: *Craig* was only decided in June. Nor is there any indication that the amendment would cause any delay in deciding the motions currently pending before the Court. More importantly, as the Fourth Circuit has made clear, delay itself is never a basis to deny leave to amend:

> The law is well settled "that leave to amend a pleading should be denied *only* when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Delay alone is an insufficient reason to deny leave to amend. Rather, the delay must be accompanied by prejudice, bad faith, or futility.

*Edwards v. City of Goldsboro*, 178 F.3d at 242 (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). Neither of the cases cited by the City on this point support a denial of the proposed amendment: in one, the Fourth Circuit affirmed the denial of an amendment principally because, <u>unlike</u> here, the plaintiff did <u>not</u> seek amendment "to plead a different cause of action," *Sandcrest Outpatient Servs., P.A. v. Cumberland County Hosp. Sys., Inc.*, 853 F.2d 1139, 1148-49 (4th Cir. 1988); in the other, the denial was affirmed because the proposed amendment sought to add a new claim regarding events that had occurred over 13 years earlier, *Witmeyer v. Kilroy*, 788 F.2d 1021, 1024 (4th Cir. 1986). In neither case did the proposed amendment follow a decision of the state's highest court recognizing the availability of a new cause of action.

## CONCLUSION

For the aforementioned reasons, the Court should grant leave for Plaintiffs to file the proposed Second Amended Complaint.

Dated:  September 21, 2009　　　　　　　　　　Respectfully submitted,

**WILLIAMS & CONNOLLY LLP**

By: ___/s/ Charles Davant IV_____
Brendan V. Sullivan, Jr. (*pro hac vice*)
Robert M. Cary (*pro hac vice*)
Christopher N. Manning (*pro hac vice*)
Charles Davant IV (N.C. Bar #28489)
725 Twelfth Street, N.W.
Washington, DC  20005
Tel.:　　(202) 434-5000
E-mail:　　cdavant@wc.com

*Attorneys for Plaintiffs David F. Evans and Collin Finnerty*

-and-

**RUDOLF WIDENHOUSE & FIALKO**

By: ___/s/ David S. Rudolf_____
David S. Rudolf (N.C. Bar #8587)
312 West Franklin Street
Chapel Hill, NC  27516
Tel.:　　(919) 967-4900
E-mail:　　dsrudolf@rwf-law.com

**BARRY C. SCHECK, ESQ.**

Barry C. Scheck*
Attn: Elizabeth Vaca
100 Fifth Avenue
New York, NY  10011
Tel.:　　(212) 364-5390
E-mail:　　bcsinnocence@aol.com

(* motion for special appearance
   to be filed)

**EMERY CELLI BRINCKERHOFF &
   ABADY LLP**

  Richard D. Emery (*pro hac vice*)
  Ilann M. Maazel (*pro hac vice*)
  75 Rockefeller Plaza, 20th Floor
  New York, NY  10019
  Tel.:  (212) 763-5000
  Fax:  (212) 763-5001
  E-mail: remery@ecbalaw.com

*Attorneys for Plaintiff Reade Seligman*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DAVID F. EVANS, et al.,

    Plaintiffs,

    v.

CITY OF DURHAM, N.C., et al.,

    Defendants.

Case No. 1:07CV739

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2009 I electronically filed the foregoing **REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Reginald B. Gillespie, Jr.
*Counsel for Defendant City of Durham*

Joel M. Craig
Henry W. Sappenfield
*Counsel for Defendant Benjamin Himan*

James B. Maxwell,
*Counsel for Defendant David Addison*

Edwin M. Speas
Eric P. Stevens
*Counsel for Defendant Mark Gottlieb*

- 1 -

Patricia P. Kerner
D. Martin Warf
Hannah G. Styron
*Counsel for Defendants Steven Chalmers, Beverly Council, Ronald Hodge, Jeff Lamb, Patrick Baker, Michael Ripberger, and Lee Russ*

Robert A. Sar
Nicholas J. Sanservino, Jr.
*Counsel for Defendant DNA Security*

Robert J. King III
Kearns Davis
*Counsel for Defendant DNA Security, Inc. & Richard Clark*

Paul R. Dickinson, Jr.
James A. Roberts, III
*Counsel for Defendant Brian Meehan*

Linwood Wilson
*Pro se*

James B. Craven III
*Counsel for Michael B. Nifong*

        Respectfully submitted,

        <u>/s/ Charles Davant IV</u>
        Charles Davant IV (N.C. Bar No. 28489)
        WILLIAMS & CONNOLLY LLP
        725 Twelfth Street, N.W.
        Washington, DC 20005
        Tel.:      (202) 434-5000
        Email:   cdavant@wc.com

        *Attorney for Plaintiffs David F. Evans and Collin Finnerty*