IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DAVID F. EVANS, et al., )
          Plaintiffs, )
    v. ) 1:07CV739
THE CITY OF DURHAM, )
NORTH CAROLINA, et al., )
          Defendants. )

ORDER

This matter is before the Court on a Motion for Leave to File a Second Amended Complaint [Doc. #109] by Plaintiffs David F. Evans, Collin Finnerty, and Reade Seligmann ("Plaintiffs"). In the Motion, Plaintiffs seek leave to file a Second Amended Complaint adding a Twenty-Third cause of action against Defendant City of Durham ("the City") under Article I, Section 19 of the North Carolina Constitution, pursuant to the North Carolina Supreme Court's decision in Craig v. New Hanover County Board of Education, 363 N.C. 334, 678 S.E.2d 351 (N.C. 2009). This amendment is in response to a Motion for Partial Summary Judgment [Doc. #78] filed by the City prior to discovery, seeking to dismiss Plaintiffs' state law causes of action on the grounds of governmental immunity. After the Motion for Partial Summary Judgment was filed, the state Supreme Court issued the decision in Craig, which held that where a plaintiff's claim is precluded by a governmental immunity defense, the plaintiff is without an "adequate remedy at state law" and can assert a claim directly under the state Constitution. See Craig, 363 N.C. at 339-40, 678 S.E.2d at 355-56. Plaintiffs' proposed Second Amended Complaint therefore seeks to add a cause of action under the state Constitution pursuant to Craig. The proposed Second Amended Complaint also changes the headings for the Fifth, Seventh, Eighth, Ninth, Tenth, Eleventh, Thirteenth, Fourteenth, Fifteenth,

Dockets.Justia.com

Sixteenth, Seventeenth, Eighteenth, and Ninteenth causes of action, clarifying that the "official capacity" claims are brought against the City of Durham based on the actions of City employees and agents in their official capacities. The Second Amended Complaint also deletes the "individual capacity" claims in the Sixteenth, Seventeenth, Eighteenth, and Ninteenth causes of action.

Only the City has filed any opposition to the Motion to Amend. In its Opposition, the City contends that leave to amend should not be allowed because the amendment would cause prejudice to the City by requiring the City to respond yet again to Plaintiffs' Complaint. The City further contends that leave to amend should be denied because Plaintiffs were dilatory in failing to bring a claim under the state Constitution in the original Complaint. The City does not attempt to establish, however, that the amendment would be futile.

Having considered the matter, the Court concludes that the Motion for Leave to Amend should be granted. Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave when justice so requires." In this case, in light of the decision of the North Carolina Supreme Court in Craig, this Court finds that it is appropriate to allow Plaintiffs to amend their Complaint to assert a cause of action based on this new decision of state law. In these circumstances, the Court does not find that the Motion to Amend is in bad faith, or that Plaintiffs have been dilatory. The Court further finds that the City will not suffer any undue prejudice in the circumstances. In order to reduce the burden on the City and the other Defendants, the Court will specifically allow all of the Defendants to incorporate their previous Motions to Dismiss and Briefing by reference. In addition, the City has requested that it be

2

allowed to file a Motion to Dismiss and supplemental supporting memorandum not to exceed 20 pages with respect to the newly-added claim, and the Court will allow that request.

As a matter of procedure, Plaintiffs will be required to file their Second Amended Complaint within seven (7) days of this Order. The Court notes that because the Second Amended Complaint will become the operative Complaint in this case, the previously-filed Motions to Dismiss, which sought to dismiss the prior Complaint, will be terminated as moot. All of the Defendants will be allowed to file renewed Motions to Dismiss within 21 days after the Second Amended Complaint is filed in this case. However, in the circumstances, and in order to reduce the need for any additional briefing in this case, those renewed Motions to Dismiss should not be accompanied by any further briefing, and should instead incorporate any previous briefing by reference to the relevant docket numbers in this case, including the supplemental briefing related to the Supreme Court's decision in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and the recently-filed Suggestion of Subsequently Decided Authority [Doc. #114]. In addition, the City may file an additional supplemental supporting memorandum not to exceed 20 pages addressing only the new matters reflected in the Second Amended Complaint. A Response to the supplemental memorandum, not to exceed 20 pages, may be filed within 21 days thereafter, with a Reply not to exceed 10 pages filed 14 days later. All other Responses and Replies may be incorporated by reference, without the need for further filings or briefing related to the Motions to Dismiss.

Finally, the Court notes that Defendant Nifong filed a Supplemental Memorandum [Doc. #112] noting that the United States Supreme Court had taken up consideration of

Pottawattamie County v. McGhee, No. 08-1065. After certiorari was granted in Pottawattamie, 129 S. Ct. 2002 (April 20, 2009), this Court had anticipated that the Supreme Court could provide relevant guidance in that case related to issues raised in the present case. However, as noted by Plaintiffs in their subsequent Notice [Doc. #113], Pottawattamie was dismissed on January 4, 2010 without decision, after oral argument, based on a settlement by the parties in that case. Therefore, this Court will proceed in the present case without the benefit of any final determination by the Supreme Court in the Pottawattamie case.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Leave to File a Second Amended Complaint [Doc. #109] is GRANTED, and Plaintiffs must file their Second Amended Complaint within seven (7) days of this Order. IT IS FURTHER ORDERED that the previously-filed Motions to Dismiss [consolidated at Doc. #42] will be terminated as MOOT. IT IS ORDERED that Defendants may file renewed Motions to Dismiss within 21 days after the Second Amended Complaint is filed, but those renewed Motions to Dismiss should not be accompanied by any further briefing, and should instead incorporate any previous briefing by reference to the relevant docket numbers in this case. IT IS FURTHER ORDERED that the City may file an additional supplemental supporting memorandum not to exceed 20 pages addressing new matters reflected in the Second Amended Complaint, and a Response to the supplemental memorandum, not to exceed 20 pages, may be filed within 21 days thereafter, with a Reply not to exceed 10 pages filed 14 days later.

This, the 16 day of February, 2010.

_James A. Beaty_
United States District Judge

Case 1:07-cv-00739-JAB-WWD   Document 115   Filed 02/16/10   Page 4 of 4