## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA
### Civil Action No. 1:-07CV739

| | |
|---|---|
| DAVID F. EVANS; COLLIN FINNERTY; and READE SELIGMANN, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF DURHAM, NORTH CAROLINA; MICHAEL B. NIFONG; MARK GOTTLIEB; BENJAMIN HIMAN; DAVID ADDISON; LINWOOD WILSON; PATRICK BAKER; STEVEN CHALMERS; BEVERLY COUNCIL; RONALD HODGE; JEFF LAMB; MICHAEL RIPBERGER; LEE RUSS; DNA SECURITY, INC.; RICHARD CLARK; and BRIAN MEEHAN, <br><br> Defendants. | **DNA SECURITY, INC.'S AND RICHARD CLARK'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |

NOW COME Defendants DNA Security, Inc. ("DSI") and Richard Clark ("Clark"), by and through counsel, and hereby respond to the allegations of Plaintiffs' Second Amended Complaint ("Complaint") as follows:

### FIRST DEFENSE

Answering the correspondingly numbered paragraphs of the Second Amended Complaint, Defendants DSI and Clark respond as follows:

1.     The allegations of Para. 1 of the Second Amended Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, the allegations of this Paragraph are denied.

2. To the extent that the allegations in this Paragraph relate to DSI, Clark, or Dr. Brian Meehan ("Meehan"), such allegations are denied. DSI and Clark lack sufficient information to respond to the remaining allegations in this Paragraph, and the same are therefore denied.

3. To the extent that the allegations in this Paragraph relate to DSI, Clark, or Meehan, such allegations are denied. DSI and Clark lack sufficient information to respond to the remaining allegations in this Paragraph, and the same are therefore denied.

4. To the extent that the allegations in this Paragraph relate to DSI, Clark, or Meehan, such allegations are denied. DSI and Clark lack sufficient information to respond to the remaining allegations in this Paragraph, and the same are therefore denied.

5. DSI and Clark admit that Plaintiffs have sought the entry of the referenced "Order and Permanent Injunction," but specifically deny the existence of any grounds upon which such an Order could be granted with respect to DSI or Clark. Except as admitted herein, the allegations of Para. 5 of the Second Amended Complaint are denied.

6. Admitted, upon information and belief.

7. Admitted, upon information and belief.

8. Admitted, upon information and belief.

9. Admitted, upon information and belief.

10. As to the allegations in Para. 10, DSI and Clark lack sufficient information to form a response. Such allegations are therefore denied.

11. As to the allegations in Para. 11, DSI and Clark lack sufficient information and belief to form a response. Such allegations are therefore denied.

2

12.     As to the allegations in Para. 12, DSI and Clark lack sufficient information to form a response.  Such allegations are therefore denied.

13.     As to the allegations in Para. 13, DSI and Clark lack sufficient information to form a response.  Such allegations are therefore denied.

14.     As to the allegations in Para. 14, DSI and Clark lack sufficient information to form a response.  Such allegations are therefore denied.

15.     It is admitted that Nifong was the District Attorney for Durham County at times relevant to this dispute.  Except as so admitted, DSI and Clark lack sufficient information to form a response to the allegations in Para. 15.  Such allegations are therefore denied.

16.     As to the allegations in Para. 16, DSI and Clark lack sufficient information to form a response.  Such allegations are therefore denied.

17.     It is admitted that the City of Durham is a municipal corporation.  Except as so admitted, DSI and Clark lack sufficient information to form a response to the allegations in Para. 17.  Such allegations are therefore denied.

18–25.  As to the allegations in Para. 18 through 25, DSI and Clark lack sufficient information to form a response.  Such allegations are therefore denied.

26.     DSI and Clark admit that Plaintiffs, in the Second Amended Complaint, collectively refer to Defendants Baker, Chalmers, Hodge, Russ, Council, Lamb, and Ripberger as the "Supervisory Defendants," but specifically deny that the label is of any legal or factual significance.  Any remaining allegations of this Paragraph are denied.

3

27–29.   The allegations of Para. 27 through 29 of the Second Amended Complaint appear to be directed to Defendants other than DSI and Clark, such that no response is necessary.  To the extent a response is deemed necessary, DSI and Clark state that they lack sufficient information to respond to the allegations in Paragraphs 27 through 29 of the Second Amended Complaint and, therefore, deny the same.

30.   It is admitted that DNA Security, Inc. is a corporation formed under the laws of North Carolina with its primary place of business in Burlington, North Carolina. It is also admitted that DSI was retained to provide DNA services relating to a matter involving members of the Duke lacrosse team.  Except as stated or admitted herein, the allegations of Para. 30 of the Second Amended Complaint are denied.

31.   It is admitted that Richard Clark is the President of DSI and is a citizen and resident of North Carolina.  Except as admitted herein, the allegations of Para. 31 of the Second Amended Complaint are denied.

32.   It is admitted that Defendant Brian Meehan, from 1998 until approximately November of 2007, served as Laboratory Director at DSI.  Except as stated or admitted herein, the allegations of Para. 32 of the Second Amended Complaint are denied.

33-36.   The allegations of Paragraphs 33 through 36 state legal conclusions to which no response is required.  To the extent any factual allegations are contained in Paragraphs 33 through 36, they are denied.

37-58.   The allegations of Paragraphs 37 through 58 of the Second Amended Complaint appear to be directed to Defendants other than DSI and Clark, such that no response is necessary.  To the extent a response is deemed necessary, DSI and Clark lack

4

sufficient information to form a belief as to the truth of the allegations in Paragraphs 37 through 58 of the Second Amended Complaint and, therefore, deny the same.

59.    To the extent that the allegations in Para. 59 relate to DNA analysis performed by DSI, the documents evidencing such analysis speak for themselves. DSI and Clark lack sufficient information to respond to the remaining allegations in Para. 59. Such allegations are therefore denied.

60.    As to the allegations in Para. 60, DSI and Clark lack sufficient information and belief to form a response. Such allegations are therefore denied.

61.    To the extent that the allegations in Para. 61 relate to DNA analysis performed by DSI, the documents evidencing such analysis speak for themselves. DSI and Clark lack sufficient information to respond to the remaining allegations in Para. 61. Such allegations are therefore denied.

62–76.    As to the allegations in Para. 61 through 76, DSI and Clark lack sufficient information and belief to form a response. Such allegations are therefore denied.

77.    The allegations of Paragraph 77 appear to refer to the contents of a report that was prepared by Meehan, while he was employed with DSI, which report speaks for itself. Any attempts by Plaintiffs to characterize the contents of said report are, therefore, denied. Any remaining allegations of this Paragraph are denied.

78.    DSI and Clark lack sufficient information to form a belief as to the truth of the allegations in Para. 78 of the Second Amended Complaint and, therefore, deny the same.

79. To the extent that the allegations in this Paragraph relate to DSI, Clark, or Meehan, such allegations are denied. To the extent that allegations are made as to other Defendants, DSI and Clark lack sufficient information to form a response. Such allegations are therefore denied.

80-166. The allegations of Paragraphs 80 through 166 of the Second Amended Complaint appear to be directed to Defendants other than DSI and Clark, such that no response is necessary. To the extent a response is necessary, DSI and Clark lack sufficient information to respond to such allegations and, therefore, deny the same.

167. In response to the allegations of Paragraph 167 of the Second Amended Complaint, it is unclear the source of the alleged quote, and therefore the accuracy of the quote is denied. The remaining allegations are legal and conclusory; to the extent that any additional response is necessary, such allegations are denied.

168-197. The allegations of Paragraphs 168 through 197 of the Second Amended Complaint appear to be directed to Defendants other than DSI and Clark, such that no response is necessary. To the extent a response is deemed necessary, DSI and Clark lack sufficient information to respond to such allegations and, therefore, deny the same.

198. DSI and Clark lack sufficient information to respond to the allegations of Paragraph 198 of the Second Amended Complaint and, therefore, deny the same.

199. It is admitted that DSI was retained to provide DNA services relating to a matter involving members of the Duke lacrosse team. It is also admitted that Defendant Brian Meehan, from 1998 until approximately November of 2007, served as a Laboratory

6

Director at DSI. DSI and Clark state that they lack sufficient information to respond to allegations regarding statements made by Meehan to Michelle Soucie of the Durham Police Department and, therefore, deny the same. Except as stated or admitted herein, the allegations of Paragraph 199 of the Second Amended Complaint are denied.

200. DSI and Clark lack sufficient information to respond to the allegations regarding statements made by Meehan to Michelle Soucie of the Durham Police Department and, therefore, deny the same. Any remaining allegations of Paragraph 200 of the Second Amended Complaint are denied.

201. DSI and Clark lack sufficient information to respond to the allegations regarding statements made by Michelle Soucie of the Durham Police Department to Defendant Nifong and, therefore, deny the same. Any remaining allegations of this Paragraph are denied.

202. DSI and Clark lack sufficient information to respond to the allegations of Paragraph 202 regarding statements made by a member of the Durham District Attorney's Office to Judge Ronald Stephens, and, therefore, deny the same. Any remaining allegations of this Paragraph are denied.

203. It is admitted that items were transferred to DSI. Except as so admitted, DSI and Clark lack sufficient information to respond to the allegations of Paragraph 203 and, therefore, deny the same.

204. The allegations of Paragraph 204 appear to refer to the contents of various documents that were prepared by Defendant Meehan, while he was employed with DSI,

which documents speak for themselves. Any remaining allegations of this Paragraph are denied.

205. The allegations of Paragraph 205 appear to refer to the contents of various documents that were prepared by Defendant Meehan, while he was employed with DSI, which documents speak for themselves. Any remaining allegations of this Paragraph are denied.

206. The allegations of Paragraph 206 appear to refer to the contents of various documents that were prepared by Defendant Meehan, while he was employed with DSI, which documents speak for themselves. Any remaining allegations of this Paragraph are denied.

207. In response to the allegations of Paragraph 207 of the Second Amended Complaint, DSI and Clark admit that Clark is the President of DSI and that DSI is located in Burlington, North Carolina. DSI and Clark further admit that Clark and Meehan met with certain officials for the purpose of Meehan reporting to said officials the status and results of the forensic DNA analysis conducted by DSI. Answering further, DSI and Clark specifically deny that they ever "sought the indictments" of Plaintiffs Seligmann, Finnerty, and Evans, since such a course of action could only have been pursued by law enforcement and prosecutorial officials. DSI and Clark state that DSI conducted DNA analyses of the samples provided and promptly reported the results of said analyses to the officials who were responsible for the matter. Except as stated or admitted herein, the allegations of Paragraph 207 of the Second Amended Complaint are denied.

208. The allegations of Paragraph 208 are denied.

209.    The allegations of Paragraph 209 are denied.

210.    The allegations of Paragraph 210 are denied.

211.    In response to the allegations of Paragraph 211 of the Second Amended Complaint, DSI and Clark specifically deny that they participated in any conspiracy, "illicit agreement", or other misconduct of any kind.   DSI and Clark are without sufficient knowledge to form a belief as to the truth of the allegations regarding the mental state of the "Supervisory Defendants" and their awareness of certain alleged facts, and, therefore, deny the same.   Any remaining allegations of this Paragraph are denied.

212-222.    The allegations of Para. 212 through 222 of the Second Amended Complaint appear to be directed to Defendants other than DSI and Clark, such that no response is required.   To the extent a response is deemed required, DSI and Clark lack sufficient information to respond to the allegations in Para. 212 through 222 and, therefore, deny the same.

223.    DSI and Clark admit only that Clark and Meehan met with certain officials for the purpose of Meehan reporting to said officials the status and results of the DNA analysis conducted by DSI.   Answering further, DSI and Clark state that DSI conducted DNA analyses of the samples provided and promptly reported the results of said analyses to the aforementioned officials.   Except as stated or admitted herein, the allegations of this Paragraph are denied.

224.    Meehan accurately reported the results of the analyses performed, such analyses being set forth in detail in DSI's documents.   Any remaining or contrary allegations of this Paragraph are denied.

225.   The allegations of Para. 225 are denied.

226.   The allegations of Para. 226 are denied.

227.   The allegations of Para. 227 are denied.

228.   In response to the allegations of Para. 228 of the Second Amended Complaint, DSI and Clark specifically deny that they participated in any conspiracy, "illicit agreement", or other improper conduct of any kind. DSI and Clark are without sufficient knowledge to form a belief as to the truth of the allegations regarding the remaining allegations in Para. 228 and the same are therefore denied.

229.   DSI and Clark admit only that Clark and Meehan met with certain officials for the purpose of Meehan reporting to said officials the status and results of the DNA analysis conducted by DSI. Any remaining allegations of this Paragraph are denied.

230.   DSI and Clark admit only that Clark and Meehan met with certain officials for the purpose of Meehan reporting to said officials the status and results of the DNA analysis conducted by DSI. It is further admitted that DSI conducted DNA analyses of the samples provided and promptly reported the results of said analyses to the aforementioned officials. Any remaining allegations of this Paragraph are denied.

231.   The allegations of Para. 231 are denied.

232.   The referenced "May 12 Report," as a written document, speaks for itself, and any attempt by Plaintiffs to characterize the contents of the referenced report is, therefore, denied. Any remaining allegations of Para. 232 of the Second Amended Complaint are denied.

233.  It is unclear the source of the supposed quote, and the accuracy of such allegation is therefore denied.  Any remaining allegations of this Paragraph are denied.

234.  The allegations in Para. 234 are denied.

235.  The allegations of Para. 235 are denied.

236.  The referenced "May 12 Report," as a written document, speaks for itself, and any attempt by Plaintiffs to characterize the contents of the referenced report is, therefore, denied.  DSI and Clark further deny any allegation of wrongdoing or negligence on their part.  As to the remaining allegations in Para. 236, DSI and Clark lack sufficient information to form a response, and such allegations are therefore denied.

237.  In response to the allegations of Para. 237 of the Second Amended Complaint, DSI and Clark specifically deny that they participated in any conspiracy or agreement of any kind to "conceal" or "obfuscate" the results of any DNA analysis relating to this litigation.  DSI and Clark are without sufficient knowledge to form a belief as to the truth of the allegations regarding the mental state of the "Supervisory Defendants" and their awareness of certain alleged facts, and, therefore, deny the same. Any remaining allegations of this Paragraph are denied.

238.  DSI and Clark deny that they engaged in any "intentionally fraudulent" behavior or other improper activity.  DSI and Clark are without sufficient knowledge to form a response to the remaining allegations in Para. 238, and the same are therefore denied.

239-242.  DSI and Clark are without sufficient knowledge to form a belief as to the truth of the allegations of Para. 239 through 242 and, therefore, deny the same.

243-244.    The allegations of Para. 243 and 244 of the Second Amended Complaint appear to be directed to Defendants other than DSI and Clark, such that no response is required.  To the extent a response is deemed required, the allegations of these Paragraphs are denied as to DSI and Clark.

245-271.    The allegations of Para. 245 through 271 of the Second Amended Complaint appear to be directed to Defendants other than DSI and Clark, such that no response is required.  To the extent a response is required, the allegations of these Paragraphs are denied as to DSI and Clark.

272.    In response to the allegations of Para. 272 of the Second Amended Complaint, DSI and Clark specifically deny that they ever engaged in any "conspiracy" or "illicit agreement" of any kind.  DSI and Clark further deny that they have ever made "false public statements" regarding Plaintiffs at any time.  DSI and Clark are without knowledge sufficient to respond to the remaining allegations in Para. 272, and the same are therefore denied.

273.    In response to the allegations of Para. 273 of the Second Amended Complaint, DSI and Clark specifically deny that they ever engaged in any "conspiracy" or "illicit agreement" of any kind with respect to Plaintiffs.  DSI and Clark are without knowledge sufficient to form a belief as to the truth of the allegations regarding actions taken by Defendants other than DSI or Clark, and, therefore, deny the same.  Any remaining allegations of this Paragraph are denied.

274.    In response to the allegations of Para. 274 of the Second Amended Complaint, DSI and Clark specifically deny that they ever engaged in any "conspiracy"

12

or "illicit agreement" of any kind. DSI and Clark are without knowledge sufficient to form a belief as to the remaining allegations in Para. 274 and the same are therefore denied.

275. It is admitted that Meehan accurately provided information to various officials in the meetings that were conducted to discuss the results and status of DSI's work. To the extent that Para. 275 alleges otherwise, such allegations are denied.

276. To the extent that the allegations in Para. 276 accuse DSI or Clark of any type of wrongdoing, such allegations are denied. As to the remaining allegations in Para. 276, DSI and Clark lack sufficient information to respond and such allegations are therefore denied.

277. DSI and Clark are without knowledge sufficient to form a belief as to the truth of the allegations of Para. 277, and, therefore, deny the same.

278. DSI and Clark are without knowledge sufficient to form a belief as to the truth of the allegations of Para. 278, and, therefore, deny the same.

279. DSI accurately provided information to various officials, including Nifong, during the meetings held to discuss the status and results of DSI's work. Any allegations to the contrary are denied. As to the remaining allegations in Para. 279, DSI and Clark lack sufficient information to form a response, and the same are therefore denied.

280-287. DSI and Clark are without knowledge sufficient to form a belief as to the truth of the allegations of Para. 280 through 287, and, therefore, deny the same.

288. DSI accurately provided information to various officials, including Nifong, during the meetings held to discuss the status and results of DSI's work. Any allegations

13

to the contrary are denied. To the extent that the allegations relate to the contents of documents, such documents speak for themselves. As to the remaining allegations in Para. 288, DSI and Clark lack sufficient information to form a response, and the same are therefore denied.

289. DSI and Clark are without knowledge sufficient to form a belief as to the truth of the allegations of Para. 289 and, therefore, deny the same.

290. DSI and Clark are without knowledge sufficient to form a belief as to the truth of the allegations of Para. 290 and, therefore, deny the same.

291. In response to the allegations of Paragraph 291, DSI and Clark deny that they participated in any type of misconduct with respect to Plaintiffs. DSI and Clark are without knowledge sufficient to form a belief as to the truth of the allegations regarding actions taken by and the mental states of Defendants other than DSI or Clark, and, therefore, deny the same. Any remaining allegations of this Paragraph are denied.

292-295. DSI and Clark are without knowledge sufficient to form a belief as to the truth of the allegations of Para. 292 through 295 and, therefore, deny the same.

296. DSI accurately provided information to various officials, including Nifong, during the meetings held to discuss the status and results of DSI's work. Any allegations to the contrary are denied. To the extent that the allegations relate to the contents of documents, such documents speak for themselves. As to the remaining allegations in Para. 296, DSI and Clark lack sufficient information to form a response, and the same are therefore denied.

297-302.     DSI and Clark are without information sufficient to form a belief as to the truth of the allegations of these Paragraphs and, therefore, deny the same.

303.     The contents of the referenced documents speak for themselves. Any allegation of wrongdoing as to DSI or Clark are denied. DSI and Clark lack sufficient information to respond to the remaining allegations in Para. 303 and the same are therefore denied.

304.     The contents of the referenced documents speak for themselves. Any allegation of wrongdoing as to DSI or Clark are denied. DSI and Clark lack sufficient information to respond to the remaining allegations in Para. 304 and the same are therefore denied.

305.     DSI and Clark lack sufficient information to respond to the allegations in Para. 305 and the same are therefore denied.

306.     The referenced opinion of the Disciplinary Hearing Commission of the North Carolina State Bar, as a written document, speaks for itself, and any attempt by Plaintiffs to characterize the contents of the referenced written document is, therefore, denied. Any remaining allegations of this Paragraph are denied.

307.     Meehan's testimony was transcribed and such testimony speaks for itself. To the extent that any additional response is necessary, the allegations in Para. 307 are denied.

308.     DSI and Clark deny that they ever participated in any "DNA conspiracy" relating to Plaintiffs. DSI and Clark further deny Plaintiffs' mischaracterization of Defendant Meehan's testimony as a confession to a "DNA conspiracy." The remaining

allegations of this Paragraph appear to be directed to a Defendant other than DSI and Clark, such that a response is not necessary. To the extent a response is deemed required, the remaining allegations are denied.

309. Plaintiffs' characterization of Meehan's testimony is false and should be stricken. Meehan's testimony speaks for itself and Plaintiffs' attempts to characterize such testimony are inappropriate. To the extent that any additional response is necessary, the allegations in Para. 309 are denied.

310-315. DSI and Clark are without knowledge sufficient to form a belief as to the truth of the allegations of Para. 310 through 315 and, therefore, deny the same.

316-328. The allegations of Para. 316 through 328 of the Second Amended Complaint appear to be directed to Defendants other than DSI and Clark, such that no response is required. To the extent a response is deemed required, the allegations of these Paragraphs are denied as to DSI and Clark.

### FIRST CAUSE OF ACTION:
### MALICIOUS PROSECUTION AND SEIZURE IN VIOLATION OF
### 42 U.S.C. § 1983

329. DSI and Clark reassert and incorporate by reference their responses to all previous paragraphs of the Second Amended Complaint as if fully set forth herein.

330. The allegations of Para. 330 of the Second Amended Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, the allegations of this Paragraph are denied.

331. The allegations of Para. 331 are denied.

332. DSI and Clark lack sufficient information to respond to the allegations in Para. 332 and the same are therefore denied.

333. It is admitted that the criminal charges against each Plaintiff were dismissed.

334. The allegations as to DSI, Clark, and Meehan are denied. DSI and Clark lack sufficient information as to the remaining allegations, and the same are therefore denied.

335. The allegations as to DSI, Clark, and Meehan are denied. DSI and Clark lack sufficient information as to the remaining allegations, and the same are therefore denied.

336. The allegations as to DSI, Clark, and Meehan are denied. DSI and Clark lack sufficient information as to the remaining allegations, and the same are therefore denied.

337. The allegations as to DSI, Clark, and Meehan are denied. DSI and Clark lack sufficient information as to the remaining allegations, and the same are therefore denied.

## SECOND CAUSE OF ACTION:
## CONCEALMENT OF EVIDENCE IN VIOLATION OF 42 U.S.C. § 1983

338. DSI and Clark reassert and incorporate by reference their responses to all previous paragraphs of the Second Amended Complaint as if fully set forth herein.

339. The allegations as to DSI, Clark, and Meehan are denied. DSI and Clark lack sufficient information as to the remaining allegations, and the same are therefore denied.

340. The allegations as to DSI, Clark, and Meehan are denied. DSI and Clark lack sufficient information as to the remaining allegations, and the same are therefore denied.

341. The allegations of Para. 341 are denied.

342. The allegations of Para. 342 are denied.

343. The allegations as to DSI, Clark, and Meehan are denied. DSI and Clark lack sufficient information as to the remaining allegations, and the same are therefore denied.

344. The allegations as to DSI, Clark, and Meehan are denied. DSI and Clark lack sufficient information as to the remaining allegations, and the same are therefore denied.

345. The allegations of Para. 345 are denied.

346. The allegations as to DSI, Clark, and Meehan are denied. DSI and Clark lack sufficient information as to the remaining allegations, and the same are therefore denied.

347. The allegations as to DSI, Clark, and Meehan are denied. DSI and Clark lack sufficient information as to the remaining allegations, and the same are therefore denied.

348.     The allegations as to DSI, Clark, and Meehan are denied.  DSI and Clark

lack sufficient information as to the remaining allegations, and the same are therefore

denied.

349.     The allegations as to DSI, Clark, and Meehan are denied.  DSI and Clark

lack sufficient information as to the remaining allegations, and the same are therefore

denied.

**THIRD CAUSE OF ACTION:**
**FABRICATION OF FALSE EVIDENCE IN VIOLATION OF 42 U.S.C. § 1983**

350.     DSI and Clark reassert and incorporate by reference their responses to all

previous paragraphs of the Second Amended Complaint as if fully set forth herein.

351.     The allegations as to DSI, Clark, and Meehan are denied.  DSI and Clark

lack sufficient information as to the remaining allegations, and the same are therefore

denied.

352.     The allegations of Para. 352 are denied.

353.     The allegations of Para. 353 of the Second Amended Complaint appear to

be directed to Defendants other than DSI and Clark, such that no response is required.

To the extent a response is deemed required, DSI and Clark are without knowledge

sufficient to form a belief as to the truth of the allegations of this Paragraph and,

therefore, deny the same.

354.     The allegations of Para. 354 of the Second Amended Complaint appear to

be directed to Defendants other than DSI and Clark, such that no response is required.

To the extent a response is deemed required, DSI and Clark are without knowledge

19

sufficient to form a belief as to the truth of the allegations of this Paragraph and, therefore, deny the same.

355.   The allegations as to DSI, Clark, and Meehan are denied.  DSI and Clark lack sufficient information as to the remaining allegations, and the same are therefore denied.

356.   The allegations as to DSI, Clark, and Meehan are denied.  DSI and Clark lack sufficient information as to the remaining allegations, and the same are therefore denied.

357.   The allegations as to DSI, Clark, and Meehan are denied.  DSI and Clark lack sufficient information as to the remaining allegations, and the same are therefore denied.

358.   The allegations as to DSI, Clark, and Meehan are denied.  DSI and Clark lack sufficient information as to the remaining allegations, and the same are therefore denied.

## FOURTH CAUSE OF ACTION:
## MAKING FALSE PUBLIC STATEMENTS IN VIOLATION OF
## 42 U.S.C. § 1983

359-370.   DSI and Clark reassert and incorporate by reference their responses to all previous paragraphs of the Second Amended Complaint as if fully set forth herein. The allegations of Para. 359 through 370 of the Second Amended Complaint appear to be directed to Defendants other than DSI and Clark, such that no response is required.  To the extent a response is deemed required, DSI and Clark are without knowledge sufficient

to form a belief as to the truth of the allegations of these Paragraphs and, therefore, deny the same.

### FIFTH CAUSE OF ACTION: VIOLATIONS OF 42 U.S.C. § 1983
#### (MONELL V. DEP'T OF SOCIAL SERVS., 436 U.S. 658 (1977))

371-407.    DSI and Clark reassert and incorporate by reference their responses to all previous paragraphs of the Second Amended Complaint as if fully set forth herein. The allegations of Para. 371 through 407 of the Second Amended Complaint appear to be directed to Defendants other than DSI and Clark, such that no response is required.  To the extent a response is deemed required, the allegations of these Paragraphs are denied.

### SIXTH CAUSE OF ACTION:
### SUPERVISORY VIOLATIONS OF 42 U.S.C. § 1983

408-436.    DSI and Clark reassert and incorporate by reference their responses to all previous paragraphs of the Second Amended Complaint as if fully set forth herein. The allegations of Para. 408 through 436 of the Second Amended Complaint appear to be directed to Defendants other than DSI and Clark, such that no response is required.  To the extent a response is deemed required, the allegations of these Paragraphs are denied.

### SEVENTH CAUSE OF ACTION:
### CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1983

437–444.    The Seventh Cause of Action has been dismissed pursuant to this Court's Memorandum Opinion of March 31, 2011 (Document No. 133).  As such, no response is required of DSI and Clark.  To the extent a response is deemed required, the allegations of Para. 437 through 444 of the Second Amended Complaint are denied.

21

## EIGHTH CAUSE OF ACTION:
## CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1985(2)
## (OBSTRUCTION OF JUSTICE)

445–452.   The Eighth Cause of Action has been dismissed pursuant to this Court's Memorandum Opinion of March 31, 2011 (Document No. 133).   As such, no response is required of DSI and Clark.   To the extent a response is deemed required, the allegations of Para. 445 through 452 of the Second Amended Complaint are denied.

## NINTH CAUSE OF ACTION:
## CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1985(2)
## (WITNESS TAMPERING)

453–459.   The Ninth Cause of Action has been dismissed pursuant to this Court's Memorandum Opinion of March 31, 2011 (Document No. 133).   As such, no response is required of DSI and Clark.   To the extent a response is deemed required, the allegations of Para. 453 through 459 of the Second Amended Complaint are denied.

## TENTH CAUSE OF ACTION:
## CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1985(3)

460–467.   The Tenth Cause of Action has been dismissed pursuant to this Court's Memorandum Opinion of March 31, 2011 (Document No. 133).   As such, no response is required of DSI and Clark.   To the extent a response is deemed required, the allegations of Para. 460 through 467 of the Second Amended Complaint are denied.

## ELEVENTH CAUSE OF ACTION:
## CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1986 (DURHAM POLICE)

468–476.   The Eleventh Cause of Action has been dismissed pursuant to this Court's Memorandum Opinion of March 31, 2011 (Document No. 133).   As such, no

response is required of DSI and Clark.  To the extent a response is deemed required, the allegations of Para. 468 through 476 of the Second Amended Complaint are denied.

## TWELFTH CAUSE OF ACTION:
## CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1986 (DNA SECURITY)

477–485.   The Twelfth Cause of Action has been dismissed pursuant to this Court's Memorandum Opinion of March 31, 2011 (Document No. 133).   As such, no response is required of DSI and Clark.  To the extent a response is deemed required, the allegations of Para. 477 through 485 of the Second Amended Complaint are denied.

## THIRTEENTH CAUSE OF ACTION:
## MALICIOUS PROSECUTION AND CONSPIRACY

486.   DSI and Clark reassert and incorporate by reference their responses to all previous paragraphs of the Second Amended Complaint as if fully set forth herein.

487.   The allegations as to DSI, Clark, and Meehan are denied.  DSI and Clark lack sufficient information as to the remaining allegations, and the same are therefore denied.

488.   It is admitted that the criminal proceedings against each Plaintiff were terminated.  Except as so admitted, DSI and Clark lack sufficient information to respond to the allegations in Para. 488 and the same are therefore denied.

489.   The allegations of Para. 489 are denied.

490.   The allegations of Para. 490 of the Second Amended Complaint appear to be directed to Defendants other than DSI and Clark, such that no response is required. To the extent a response is deemed required, DSI and Clark lack sufficient information to form a belief as to the allegations of this Paragraph and, therefore, deny the same.

23

491. The allegations of Para. 491 are denied.

492. The allegations of Para. 492 of the Second Amended Complaint appear to be directed to Defendants other than DSI and Clark, such that no response is required. To the extent a response is deemed required, DSI and Clark lack sufficient information to form a belief as to the allegations of this Paragraph and, therefore, deny the same.

493. The allegations of Para. 493 of the Second Amended Complaint appear to be directed to Defendants other than DSI and Clark, such that no response is required. To the extent a response is deemed required, DSI and Clark lack sufficient information to form a belief as to the allegations of this Paragraph and, therefore, deny the same.

494. The allegations of Para. 494 of the Second Amended Complaint appear to be directed to Defendants other than DSI and Clark, such that no response is required. To the extent a response is deemed required, DSI and Clark lack sufficient information to form a belief as to the allegations of this Paragraph and, therefore, deny the same.

495. The allegations as to DSI, Clark, and Meehan are denied. DSI and Clark lack sufficient information as to the remaining allegations, and the same are therefore denied.

496. The allegations as to DSI, Clark, and Meehan are denied. DSI and Clark lack sufficient information as to the remaining allegations, and the same are therefore denied.

497. The allegations as to DSI, Clark, and Meehan are denied. DSI and Clark lack sufficient information as to the remaining allegations, and the same are therefore denied.

## FOURTEENTH CAUSE OF ACTION:
## OBSTRUCTION OF JUSTICE AND CONSPIRACY

498.  DSI and Clark reassert and incorporate by reference their responses to all previous paragraphs of the Second Amended Complaint as if fully set forth herein.

499.  The allegations as to DSI, Clark, and Meehan are denied.  DSI and Clark lack sufficient information as to the remaining allegations, and the same are therefore denied.

500.  The allegations of Para. 500 are denied.

501.  The allegations of Para. 501 of the Second Amended Complaint appear to be directed to Defendants other than DSI and Clark, such that no response is required. To the extent a response is deemed required, DSI and Clark lack sufficient information to form a belief as to the allegations of this Paragraph and, therefore, deny the same.

502.  The allegations of Para. 502 are denied.

503.  The allegations of Para. 503 of the Second Amended Complaint appear to be directed to Defendants other than DSI and Clark, such that no response is required. To the extent a response is deemed required, DSI and Clark lack sufficient information to form a belief as to the allegations of this Paragraph and, therefore, deny the same.

504.  The allegations of Para. 504 of the Second Amended Complaint appear to be directed to Defendants other than DSI and Clark, such that no response is required. To the extent a response is deemed required, DSI and Clark lack sufficient information to form a belief as to the allegations of this Paragraph and, therefore, deny the same.

505. The allegations as to DSI, Clark, and Meehan are denied. DSI and Clark lack sufficient information as to the remaining allegations, and the same are therefore denied.

506. The allegations as to DSI, Clark, and Meehan are denied. DSI and Clark lack sufficient information as to the remaining allegations, and the same are therefore denied.

507. The allegations as to DSI, Clark, and Meehan are denied. DSI and Clark lack sufficient information as to the remaining allegations, and the same are therefore denied.

## FIFTEENTH CAUSE OF ACTION:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND CONSPIRACY

508–517. The Fifteenth Cause of Action has been dismissed pursuant to this Court's Memorandum Opinion of March 31, 2011 (Document No. 133). As such, no response is required of DSI and Clark. To the extent a response is deemed required, the allegations of Para. 508 through 517 of the Second Amended Complaint are denied.

## SIXTEENTH CAUSE OF ACTION:
## NEGLIGENCE BY DURHAM POLICE

518-523. DSI and Clark reassert and incorporate by reference their responses to all previous paragraphs of the Second Amended Complaint as if fully set forth herein. The allegations of Para. 518 through 523 of the Second Amended Complaint appear to be directed to Defendants other than DSI and Clark, such that no response is required. To the extent a response is deemed required, the allegations of these Paragraphs are denied.

## SEVENTEENTH CAUSE OF ACTION:
## NEGLIGENT SUPERVISION, HIRING, TRAINING, DISCIPLINE, AND RETENTION BY DURHAM POLICE

524-532.     DSI and Clark reassert and incorporate by reference their responses to all previous paragraphs of the Second Amended Complaint as if fully set forth herein. The allegations of Para. 524 through 532 of the Second Amended Complaint appear to be directed to Defendants other than DSI and Clark, such that no response is required. To the extent a response is deemed required, the allegations of these Paragraphs are denied.

## EIGHTEENTH CAUSE OF ACTION:
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BY DURHAM POLICE

533–538.     The Eighteenth Cause of Action has been dismissed pursuant to this Court's Memorandum Opinion of March 31, 2011 (Document No. 133). As such, no response is required of DSI and Clark. To the extent a response is deemed required, the allegations of Para. 533 through 538 of the Second Amended Complaint are denied.

## NINETEENTH CAUSE OF ACTION:
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BY DURHAM POLICE (DURHAM POLICE STATEMENTS)

539–544.     The Nineteenth Cause of Action has been dismissed pursuant to this Court's Memorandum Opinion of March 31, 2011 (Document No. 133). As such, no response is required of DSI and Clark. To the extent a response is deemed required, the allegations of Para. 539 through 544 of the Second Amended Complaint are denied.

## TWENTIETH CAUSE OF ACTION:
## NEGLIGENCE BY THE DNA SECURITY DEFENDANTS

545–554.     The Twentieth Cause of Action has been dismissed pursuant to this Court's Memorandum Opinion of March 31, 2011 (Document No. 133). As such, no response is required of DSI and Clark. To the extent a response is deemed required, the allegations of Para. 545 through 554 of the Second Amended Complaint are denied.

## TWENTY-FIRST CAUSE OF ACTION:
## NEGLIGENT SUPERVISION, HIRING, TRAINING, DISCIPLINE, AND RETENTION BY THE DNA SECURITY DEFENDANTS

555.     DSI and Clark reassert and incorporate by reference their responses to all previous paragraphs of the Second Amended Complaint as if fully set forth herein.

556.     It is admitted that Defendant Brian Meehan, from 1998 until approximately November of 2007, served as a Laboratory Director at DSI. It is further admitted that Clark was, as of 2006, and is currently the President of DSI. Except as stated or admitted herein, the allegations of this Paragraph are denied.

557.     The allegations of Para. 557 of the Second Amended Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, the allegations of this Paragraph are denied.

558.     The allegations of Para. 558 are denied.

559.     The allegations of Para. 559 are denied.

560.     The allegations of Para. 560 are denied.

28

## TWENTY-SECOND CAUSE OF ACTION:
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## BY THE DNA SECURITY DEFENDANTS

561–566.     The Twenty-Second Cause of Action has been dismissed pursuant to this Court's Memorandum Opinion of March 31, 2011 (Document No. 133). As such, no response is required of DSI and Clark. To the extent a response is deemed required, the allegations of Para. 561 through 566 of the Second Amended Complaint are denied.

## TWENTY-THIRD CAUSE OF ACTION: VIOLATION OF ARTICLE I, SECTION 19 OF THE NORTH CAROLINA CONSTITUTION

567-571.     DSI and Clark reassert and incorporate by reference their responses to all previous paragraphs of the Second Amended Complaint as if fully set forth herein. The allegations of Para. 567 through 571 of the Second Amended Complaint appear to be directed to Defendants other than DSI and Clark, such that no response is required. To the extent a response is deemed required, the allegations of these Paragraphs are denied.

572.     DSI and Clark admit that Plaintiffs are requesting the relief set forth in the numbered "WHEREFORE" paragraph of the Second Amended Complaint, but specifically deny that Plaintiffs are entitled to the relief they seek.

573.     To the extent that DSI or Clark failed to address any allegation in the Second Amended Complaint, such allegation is hereby denied.

## SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part because DSI and Clark (and any person whose actions are chargeable to either of them) owed no legal duties or obligations to Plaintiffs.

## THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part because DSI and Clark's actions, as well as any person's actions chargeable to either of them, were in accordance with any applicable standard of care and any duties owed to Plaintiffs (which duties are denied).

## FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part because DSI and Clark (and any person whose actions are chargeable to either of them) acted in good faith and in the reasonable belief that their actions were lawful and authorized, and within the exercise of their best judgment and without malice, corruption and wrongful intent. Moreover, the work undertaken by DSI was pursuant to an Order of the Court, which directed specific actions by DSI.

## FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part because, upon information and belief, Plaintiffs' indictments and arrests were reasonable and based upon probable cause, and, if Plaintiffs were seized, they were seized following a determination of probable cause by the grand jury.

## SIXTH DEFENSE

Plaintiffs' claims are barred in whole or in part because DSI and Clark (and any person whose actions are chargeable to either of them) performed all of their obligations and/or substantially fulfilled all of their legal duties and obligations, if any, imposed pursuant to DSI's engagement.

## SEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because DSI and Clark (and any person whose actions are chargeable to either of them) provided any information known by them truthfully, honestly, completely and promptly to all those persons to whom they had any duty to provide such information.

## EIGHTH DEFENSE

Plaintiffs' claims are barred in whole or in part because DSI and Clark (and any person whose actions are chargeable to either of them) did not deprive Plaintiffs of any right guaranteed under the Constitution or any laws, and moreover did not do so intentionally or knowingly.

## NINTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs were not subject to trial, conviction, or punishment.

## TENTH DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that their claims under 42 U.S.C. § 1983 against DSI and Clark do not involve any particular right arising under the United States Constitution but instead seek vindication for alleged violations of state law. Likewise, Plaintiffs' claims are barred in whole or in part to the extent that they seek to recover from DSI and Clark for alleged negligence because negligence is insufficient, as a matter of law, to state a claim under 42 U.S.C. § 1983.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because DSI and Clark (and any person whose actions are chargeable to either of them) did not deprive Plaintiffs of any vested liberty or property interest in violation of the United States Constitution, and Plaintiffs received all the process that was due them.

## TWELFTH DEFENSE

Plaintiffs' claims are barred in whole or in part because the conduct of DSI and Clark (and any person whose actions are chargeable to either of them) were not a substantial, actual, or proximate cause of Plaintiffs' alleged injuries or damages, if any.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because of their failure to exhaust state or administrative remedies.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that DSI and Clark (and any person whose actions are chargeable to either of them) relied upon and were subject to the determination of the district attorney's office as to the nature, scope, fashion, timing and format of the evidence to be disclosed, all of which were matters within the control and discretion of the district attorney's office.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because DSI and Clark (and any person whose actions are chargeable to either of them) did not institute, procure or participate in any proceeding against Plaintiffs.

32

## SIXTEENTH DEFENSE

Plaintiffs' alleged injuries and damages (if any) were not proximately or in-fact caused by the alleged wrongful actions of DSI, Clark, or any person whose actions are chargeable to either of them. Instead their sole proximate cause was the combination of action, non-action, or negligence of a person or persons other than DSI, Clark and any person whose actions are chargeable to either of them. Plaintiffs are, therefore, not entitled to recover from DSI and Clark in this action.

## SEVENTEENTH DEFENSE

Plaintiffs' alleged injuries and damages (if any) were proximately caused by intervening and/or superseding actions for which DSI and Clark (or any person whose actions are chargeable to either of them) are not responsible, that were not foreseeable to DSI and Clark, and that DSI and Clark had no opportunity or right to control.

## EIGHTEENTH DEFENSE

Plaintiffs are not entitled to recover to the extent that their alleged injuries and damages (if any) were proximately caused by actions of DSI and Clark (and any person whose actions are chargeable to either of them) that were not wrongful.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that their injuries and damages (if any) were caused by the intentional behavior and/or negligence of Plaintiffs themselves.

## TWENTIETH DEFENSE

Plaintiffs lack standing, authority and/or otherwise lack capacity to recover some or all of the damages they seek, including but not limited to any damages allegedly suffered by individuals and entities other than Plaintiffs.

## TWENTY-FIRST DEFENSE

Plaintiffs are not entitled to recover speculative, incidental or unforeseeable damages.

## TWENTY-SECOND DEFENSE

Plaintiffs failed to mitigate those damages, if any, that they seek to recover.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims must be dismissed to the extent that they are barred by the applicable statute(s) of limitations.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims must be dismissed to the extent that they are barred by the applicable statute(s) of repose.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred in whole or in part by principles of unclean hands.

## TWENTY-NINTH DEFENSE

Plaintiff's equitable claims are barred in whole or in part because Plaintiff has a full and adequate remedy at law.

## THIRTIETH DEFENSE

Plaintiff's claims for injunctive relief are barred because Plaintiffs cannot demonstrate a real and immediate threat of future irreparable injury that is posed by DSI and Clark.

## THIRTY-FIRST DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of collateral estoppel, res judicata and/or the Court's Order of March 31, 2011.

## THIRTY-SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part by Plaintiffs' own contributory negligence, including, but not limited to, failing to investigate and make appropriate inquiries into matters alleged and/or failing to provide or act upon information known to Plaintiffs.

## THIRTY-THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs assumed the risk of the events in the underlying action because, among other reasons, Plaintiffs failed to investigate and make appropriate inquiries into matters alleged and/or failed to provide or act upon information known to Plaintiffs.

35

## THIRTY-FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part because of the doctrine of avoidable consequences.

## THIRTY-FIFTH DEFENSE

Plaintiffs' claims against DSI are barred in whole or in part to the extent that they seek to impose liability upon DSI under a theory of respondeat superior for alleged constitutional violations and intentional torts of any alleged agents and employees.

## THIRTY-SIXTH DEFENSE

Plaintiffs' claims against DSI are barred in whole or in part to the extent that they seek to impose liability upon DSI for actions that it did not know or have reason to know that its agents or employees would undertake.

## THIRTY-SEVENTH DEFENSE

Plaintiffs' claims against DSI and Clark are barred in whole or in part because they seek to impose liability upon DSI and Clark (or any person whose actions are chargeable to either of them) for the acts of others, including acts that are imposed solely upon the others by law, and that DSI and Clark had no duty, right or opportunity to control.

## THIRTY-EIGHTH DEFENSE

Plaintiffs' claims against DSI are barred in whole or in part to the extent that their claims are barred or fail against Clark, Meehan and any others person whose actions are chargeable to DSI.

36

### THIRTY-NINTH DEFENSE

Plaintiffs' claims against DSI are barred in whole or in part to the extent that Plaintiffs seek to impose liability for persons acting outside the scope of their employment and authority and whose actions were not ratified by DSI.

### FORTIETH DEFENSE

Plaintiffs' claims against DSI are barred in whole or in part because, at all times, no actions taken by any person whose actions are chargeable to it were taken pursuant to a policy, practice or custom of DSI.

### FORTY-FIRST DEFENSE

Plaintiffs' claims are barred in whole or in part because DSI and Clark are immune from such claims, including but not limited through the doctrines of absolute immunity, witness immunity, quasi-judicial immunity, public official immunity, prosecutorial immunity, good-faith immunity and/or qualified immunity.

### FORTY-SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part because the actions upon which Plaintiffs seek to impose liability upon DSI were not undertaken under color of state law and because DSI, Clark, and Meehan (and any person whose actions are chargeable to either of them) are not state actors.

### FORTY-THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part because the actions undertaken by DSI and Clark (and any person whose actions are chargeable to either of them) were privileged absolutely or conditionally.

### FORTY-FOURTH DEFENSE

Plaintiffs' claims against DSI and Clark are barred in whole or in part because neither DSI nor Clark (nor any person whose actions are chargeable to either of them) participated in any conspiracy, plan or practice to violate Plaintiffs' rights.

### FORTY-FIFTH DEFENSE

Plaintiffs' claims against DSI and Clark are barred in whole or in part under the doctrine of intracorporate immunity or other similar doctrines protecting communications and acts between or among employees of a corporation or other legal entity.

### FORTY-SIXTH DEFENSE

Plaintiffs' claims against DSI and Clark are barred in whole or in part because any communications undertaken by DSI and Clark were undertaken with officials and attorneys who had retained DSI, and any communications or actions were within the scope of that retention.

### FORTY-SEVENTH DEFENSE

To the extent that Plaintiffs have recovered, or in the future do recover, some or all of its damages from other parties or sources, DSI and Clark are entitled to a credit or setoff of all such recoveries.

### FORTY-EIGHTH DEFENSE

Punitive damages may not be recovered from DSI and Clark, nor have grounds for recovery of punitive damages been pled with particularity against DSI and Clark. Further, such recovery would be contrary to public policy, inherently unfair, and would be a denial of DSI and Clark's constitutional rights, including but not limited to the right

to equal protection and due process under the United States and North Carolina Constitutions, the prohibition on excessive fines and forfeitures, the right to procedural safeguards for alleged penal conduct, and the right to avoid penalties that do not bear a proportional or rational relationship to any actual damages or to the conduct of DSI and Clark.

## FORTY-NINTH DEFENSE

To the extent not inconsistent with anything pleaded herein, DSI and Clark reserve the right to join in the defenses asserted by any co-defendants.

## FIFTIETH DEFENSE

DSI and Clark reserve and do not waive any additional or further defenses as may be revealed by additional information that may be acquired in discovery or otherwise.

WHEREFORE, Defendants DNA Security, Inc. and Richard Clark respectfully pray to the Court for the following relief:

1.      That Plaintiffs have and recover nothing on their Second Amended Complaint as to DSI and Clark;

2.      That the Second Amended Complaint be dismissed, with prejudice, as to DSI and Clark;

3.      That the costs of this action, including reasonable attorneys' and experts' fees, be taxed against Plaintiffs pursuant to 42 U.S.C. § 1988(b) or as otherwise allowed by law; and

4.   For such other and further relief as to the Court seems just and proper.

JURY TRIAL DEMANDED

Respectfully submitted, this the 16th day of May, 2011.

/s/ Robert J. King III
Robert J. King III
  N.C. State Bar No. 15946
  rking@brookspierce.com
William P.H. Cary
  N.C. State Bar No. 7651
  wcary@brookspierce.com
Clinton R. Pinyan
  N.C. State Bar No. 22260
  cpinyan@brookspierce.com
Charnanda T. Reid
  N.C. State Bar No. 38927
  creid@brookspierce.com
Brooks, Pierce, McLendon,
  Humphrey & Leonard, L.L.P.
Post Office Box 26000
Greensboro, NC 27420
Telephone: 336-373-8850
Facsimile:  336-378-1001

*Counsel for Defendants DNA Security, Inc. and Richard Clark*

40

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, the foregoing DNA SECURITY, INC.'S AND RICHARD CLARK'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT was filed electronically. Notice of this filing will be sent by operation of the Court's Electronic Filing System to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

| | |
|---|---|
| ROBERT M. CARY | rcary@wc.com |
| JOEL MILLER CRAIG | jcraig@kennoncraver.com |
| JAMES B. CRAVEN, III | Jbc64@mindspring.com |
| CHARLES DAVANT, IV | cdavant@wc.com |
| KEARNS DAVIS | kdavis@brookspierce.com |
| PAUL R. DICKINSON, JR. | pauldickinson@lewis-roberts.com |
| RICHARD D. EMERY | remery@ecbalaw.com |
| REGINALD B. GILLESPIE, JR. | rgillespie@faison-gillespie.com |
| PATRICIA P. KERNER | Tricia.kerner@troutmansanders.com |
| ROBERT J. KING III | rking@brookspierce.com |
| ILANN M. MAAZEL | aazel@ecbalaw.com |
| CHRISTOPHER N. MANNING | cmanning@wc.com |
| JAMES B. MAXWELL | jmaxwell@mfbpa.com |
| CLINTON R. PINYAN | cpinyan@brookspierce.com |
| JAMES AVERY ROBERTS, III | jimroberts@lewis-roberts.com |
| DAVID S. RUDOLF | dsrudolf@rwf-law.com |
| NICHOLAS J. SANSERVINO | Nicholas.sanservino@ogletreedeakins.com |
| HENRY W. SAPPENFIELD | hsappenfield@kennoncraver.com |
| ROBERT A. SAR | Robert.sar@ogletreedeakins.com |
| HANNAH GRAY STYRON | Hannah.styron@troutmansanders.com |
| BRENDA V. SULLIVAN, JR. | bsullivan@wc.com |
| D. MARTIN WARF | Martin.warf@troutmansanders.com |
| LINWOOD WILSON | linwoodw@aol.com |
| DAVID W. LONG | dwlong@poynerspruill.com |
| EDWIN M. SPEAS | espeas@poynerspruill.com |
| ERIC P. STEVENS | estevens@poyners.com |

This the 16th day of May, 2011.

/s/ Robert J. King III
Robert J. King III

41