## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## CIVIL ACTION NO. 1:07-CV-00739

DAVID F. EVANS, *et al.*,        )
                                  )
        Plaintiffs,        )
                                  )
        v.              )     **ANSWER OF DEFENDANT**
                                  )     **BRIAN MEEHAN, Ph.D.**
THE CITY OF DURHAM, NORTH     )
CAROLINA, *et al.*,       )
                                  )
        Defendants.     )
_____ )

NOW COMES Defendant, Brian Meehan, Ph.D. ("Meehan," "Defendant" or "answering Defendant"), by and through his undersigned counsel, and hereby responds to the Second Amended Complaint as follows:

## FIRST DEFENSE

Answering the separately numbered allegations of the Second Amended Complaint, Meehan responds as follows:

## NATURE OF THE ACTION

1.     The allegations of paragraph 1 state legal conclusions to which no response is required. To the extent a response is necessary, the allegations of paragraph 1 are denied.

2.     The allegations of paragraph 2 which are directed to this answering Defendant are denied. Meehan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 which are not directed to him and such allegations are therefore denied.

3.      The allegations of paragraph 3 which are directed to this answering Defendant are denied.  Meehan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 which are not directed to him and such allegations are therefore denied.

4.      The allegations of paragraph 4 state legal conclusions to which no response is required.  To the extent a response is necessary, the allegations of paragraph 4 are denied.

5.      It is admitted only that Plaintiffs have sought the entry of the referenced "Order and Permanent Injunction," but is specifically denied that grounds exists upon which such an Order could be granted with respect to Meehan.  Except as expressly admitted herein, the allegations contained in paragraph 5 are denied.

6.- 9.      The allegations of paragraphs 6 through 9 are admitted upon information and belief.

10.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and such allegations are therefore denied.

11.      The allegations of paragraph 11 are admitted upon information and belief.

12.- 14.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 12 through 14 and such allegations are therefore denied.

15.      It is admitted that Nifong was the District Attorney for Durham County at all times relevant to this action.  It is further admitted upon information and belief that Nifong was disbarred by the North Carolina State Bar, was suspended from his position as District Attorney and was later found guilty of criminal contempt.  Other than reports of such proceedings, Meehan is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 and such allegations are therefore denied.

16. It is admitted upon information and belief that Linwood Wilson was employed by the District Attorney for the Fourteenth Judicial District. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 and such allegations are therefore denied.

17. It is admitted that the City of Durham is a municipal corporation. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 and such allegations are therefore denied.

18.- 25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 18 through 25 and such allegations are therefore denied.

26. It is admitted that Plaintiffs, in the Second Amended Complaint, collectively refer to Defendants Baker, Chalmers, Hodge, Russ, Council, Lamb and Ripberger as the "Supervisory Defendants." Except as expressly admitted herein, the allegations contained in paragraph 26 are denied.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 and such allegations are therefore denied.

28. It is admitted upon information and belief that Mark Gottlieb was employed by the Durham Police Department. Defendant is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in paragraph 28 and such allegations are therefore denied.

29.     It is admitted upon information and belief that Benjamin W. Himan was employed by the Durham Police Department. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29 and such allegations are therefore denied.

30.     It is admitted that DNA Security, Inc. ("DSI") is a corporation formed under the laws of North Carolina with its primary place of business in Burlington, North Carolina. It is further admitted that DSI was retained to provide forensic DNA services relating to a matter involving members of the Duke lacrosse team. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30 and such allegations are therefore denied.

31.     It is admitted that Richard Clark is the President of DSI. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31 and such allegations are therefore denied.

32.     It is admitted that Meehan served as a Laboratory Director of DSI from approximately 1998 through November of 2007. It is further admitted that DSI was retained to provide forensic DNA services relating to a matter involving the Duke men's lacrosse team. Except as expressly admitted herein, the allegations contained in paragraph 32 are denied.

33.- 36.     The allegations of paragraphs 33 through 36 state legal conclusions to which no response is required. To the extent a response is necessary, the allegations contained in paragraphs 33 through 36 are denied.

37. - 58.     The allegations set forth in paragraphs 37 through 58 relate to claims made by Plaintiffs against Defendants other than this answering Defendant and to which no response by Meehan is required. To the extent a response is necessary, Meehan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 37 through 58 and such allegations are therefore denied. It is specifically denied that Meehan had any involvement in any sort of conspiracy or was otherwise engaged in any wrongful conduct as alleged in the Second Amended Complaint. To the extent the allegations contained in paragraphs 37 through 58 attempt to assert any culpable or actionable conduct by Meehan, all such allegations are expressly denied.

59.     To the extent the allegations of paragraph 59 concerning "DNA testing" relate to DNA analysis performed by DSI, the documents evidencing such analysis speak for themselves and contain the best evidence of their contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 59 and such allegations are therefore denied.

60.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 and such allegations are therefore denied.

61.     To the extent the allegations of paragraph 61 concerning "DNA testing" relate to DNA analysis performed by DSI, the documents evidencing such analysis speak for themselves and

contain the best evidence of their contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 61 and such allegations are therefore denied.

62.- 66.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 62 through 66 and such allegations are therefore denied.

67.- 68.    The allegations set forth in paragraphs 67 and 68 relate to claims made by Plaintiffs against Defendants other than this answering Defendant and to which no response by Meehan is required. To the extent a response is necessary, Meehan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 67 and 68 and such allegations are therefore denied. It is specifically denied that Meehan had any involvement in any sort of conspiracy or was otherwise engaged in any wrongful conduct as alleged in the Second Amended Complaint. To the extent the allegations contained in paragraphs 67 and 68 attempt to assert any culpable or actionable conduct by Meehan, all such allegations are expressly denied.

69.- 71.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 69 through 71 and such allegations are therefore denied.

72.    The documents evidencing the DNA analysis performed by DSI speak for themselves and contain the best evidence of their contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 72 and such allegations are therefore denied.

73.- 74.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 73 and 74 and such allegations are therefore denied.

75.    It is admitted upon information and belief that certain rape kit evidence was placed in the custody of the crime lab of the State Bureau of Investigation ("SBI"). Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 75 and such allegations are therefore denied.

76.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 and such allegations are therefore denied.

77.    The documents evidencing the DNA analysis performed by DSI speak for themselves and contain the best evidence of their contents. To the extent the allegations of paragraph 77 conflict or are inconsistent with such documents, all such allegations are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 77 and such allegations are therefore denied.

78.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 and such allegations are therefore denied.

79.    The allegations set forth in paragraph 79 which are directed to this answering Defendant are denied. The remaining allegations of paragraph 79 relate to claims made by Plaintiffs against Defendants other than this answering Defendant and to which no response by Meehan is required. To the extent a response is necessary, Meehan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 which are not directed to this answering Defendant and such allegations are therefore denied. It is specifically

denied that Meehan had any involvement in any sort of conspiracy or was otherwise engaged in any wrongful conduct as alleged in the Second Amended Complaint. To the extent the allegations contained in paragraph 79 attempt to assert any culpable or actionable conduct by Meehan, all such allegations are expressly denied.

80.- 166.    The allegations set forth in paragraphs 80 through 166 relate to claims made by Plaintiffs against Defendants other than this answering Defendant and to which no response by Meehan is required. To the extent a response is necessary, Meehan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 80 through 166 and such allegations are therefore denied. It is specifically denied that Meehan had any involvement in any sort of conspiracy or was otherwise engaged in any wrongful conduct as alleged in the Second Amended Complaint. To the extent the allegations contained in paragraphs 80 through 166 attempt to assert any culpable or actionable conduct by Meehan, all such allegations are expressly denied.

167.    The source of the quote attributed to Meehan in paragraph 167 is unclear and to the extent such allegations conflict or are inconsistent with Meehan's prior testimony, all such allegations are denied. The remaining allegations of paragraph 167 are conclusory in nature and require no further response. To the extent a further response is necessary, such allegations are denied.

168.- 197.    The allegations set forth in paragraphs168 through 197 relate to claims made by Plaintiffs against Defendants other than this answering Defendant and to which no response by Meehan is required. To the extent a response is necessary, Meehan is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in paragraphs 168 through 197 and such allegations are therefore denied. It is specifically denied that Meehan had any involvement in any sort of conspiracy or was otherwise engaged in any wrongful conduct as alleged in the Second Amended Complaint. To the extent the allegations contained in paragraphs 168 through 197 attempt to assert any culpable or actionable conduct by Meehan, all such allegations are expressly denied.

198. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 198 and such allegations are therefore denied.

199. It is admitted that Investigator Soucie contacted Meehan to discuss the possibility of DSI providing DNA testing. It is further admitted that Meehan advised Soucie regarding DSI's capabilities to perform DNA testing and analysis. Except as admitted herein, the allegations contained in paragraph 199 are denied.

200. It is admitted that Meehan offered competitive pricing for DNA testing and analysis based upon the number of potential specimens. Except as admitted herein, the allegations contained in paragraph 200 are denied.

201. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 201 and such allegations are therefore denied.

202. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 202 and such allegations are therefore denied.

203.    It is admitted that certain evidence items were transferred to DSI.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 203 and such allegations are therefore denied.

204.    It is admitted that DSI performed certain DNA testing on evidence items contained in the rape kit.  The remaining allegations of paragraph 204 refer to the results of DNA testing and analysis performed by DSI which are contained in various documents.  The documents evidencing the testing and analysis performed by DSI speak for themselves and contain the best evidence of their contents.  To the extent the allegations of paragraph 204 conflict or are inconsistent with the contents of such documents, the allegations of paragraph 204 are denied.  Except as admitted herein, the allegations of paragraph 204 are denied.

205.    It is admitted that DSI performed certain DNA testing on evidence items contained in the rape kit.  The remaining allegations of paragraph 205 refer to the results of DNA testing and analysis performed by DSI which are contained in various documents.  The documents evidencing the testing and analysis performed by DSI speak for themselves and contain the best evidence of their contents.  To the extent the allegations of paragraph 205 conflict or are inconsistent with the contents of such documents, the allegations of paragraph 205 are denied.  Except as admitted herein, the allegations of paragraph 205 are denied.

206.    It is admitted that on the dates set forth in paragraph 206, DSI performed an analysis of certain rape kit items.  The remaining allegations of paragraph 206 refer to the results of DNA testing and analysis performed by DSI which are contained in various documents.  The documents evidencing the testing and analysis performed by DSI speak for themselves and contain the best

evidence of their contents. To the extent the allegations of paragraph 206 conflict or are inconsistent with the contents of such documents, the allegations of paragraph 206 are denied. Except as admitted herein, the allegations of paragraph 206 are denied.

207.　It is admitted on April 10, 2006, Nifong, Himan and Gottlieb drove to DSI's offices in Burlington and met with Clark and Meehan. It is further admitted that, at the time alleged, Clark was the President of DSI. It is further admitted that during the April 10 meeting, Meehan fully and completely informed the officials identified in paragraph 207 of the results of DSI's DNA testing and analysis performed to date, including information that DSI had identified multiple sources of male DNA on the rape kit items and that DSI had not found "matches" with any of the Duke lacrosse players. It is specifically denied that Meehan had any involvement in any sort of conspiracy or was otherwise engaged in any wrongful conduct as alleged in the Second Amended Complaint. To the extent the allegations contained in paragraph 207 attempt to assert any culpable or actionable conduct by Meehan, all such allegations are expressly denied. Except as admitted herein, the allegations of paragraph 207 are denied.

208.　The allegations of paragraph 208 are denied.

209.　The allegations of paragraph 209 are denied.

210.　The allegations of paragraph 210 are denied.

211.　The allegations set forth in paragraph 211 which are directed to this answering Defendant are denied. The remaining allegations relate to claims made by Plaintiffs against Defendants other than this answering Defendant and to which no response by Meehan is required. To the extent a response is necessary, Meehan is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in paragraph 211 and such allegations are therefore denied. It is specifically denied that Meehan had any involvement in any sort of conspiracy, "illicit agreement" or was otherwise engaged in any wrongful conduct as alleged in the Second Amended Complaint. To the extent the allegations contained in paragraph 211 attempt to assert any culpable or actionable conduct by Meehan, all such allegations are expressly denied.

212.- 222. The allegations set forth in paragraphs 212 through 222 relate to claims made by Plaintiffs against Defendants other than this answering Defendant and to which no response by Meehan is required. To the extent a response is necessary, Meehan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 212 through 222 and such allegations are therefore denied. It is specifically denied that Meehan had any involvement in any sort of conspiracy or was otherwise engaged in any wrongful conduct as alleged in the Second Amended Complaint. To the extent the allegations contained in paragraphs 212 through 222 attempt to assert any culpable or actionable conduct by Meehan, all such allegations are expressly denied.

223. It is admitted that on April 21, 2006, Nifong, Gottlieb and Himan again met with Meehan and Clark at DSI's offices in Burlington. It is further admitted that during the meeting Meehan fully and completely reported the results of DSI's DNA testing and analysis to date. Except as admitted herein, the allegations contained in paragraph 223 are denied.

224. It is admitted that Meehan fully and completely reported the results of all DNA analyses performed by DSI. The documents evidencing the DNA analyses performed by DSI speak

for themselves and contain the best evidence of their contents. To the extent the allegations of paragraph 224 conflict or are inconsistent with the contents of such documents, the allegations of paragraph 224 are denied. Except as admitted herein, the allegations of paragraph 224 are denied.

225. The allegations of paragraph 225 are denied.

226. The allegations of paragraph 226 are denied.

227. The allegations of paragraph 227 are denied.

228. It is specifically denied that Meehan had any involvement in any sort of conspiracy, "illicit agreement" or was otherwise engaged in any wrongful conduct as alleged in the Second Amended Complaint. To the extent the allegations contained in paragraph 228 attempt to assert any culpable or actionable conduct by Meehan, all such allegations are expressly denied. Meehan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 228 which are not directed to this answering Defendant and such allegations are therefore denied.

229. It is admitted only that on May 12, 2006 Nifong met with Meehan and Clark to discuss the results of DSI's DNA testing. Except as admitted herein, the allegations of paragraph 229 are denied.

230. It is admitted that during the May 12, 2006 meeting, Meehan provided a report to Nifong and fully and completely informed him regarding the results of the DNA testing and analyses performed by DSI to date. The report is a written document which speaks for itself and contains the best evidence of its contents. To the extent the allegations of paragraph 230 conflict or are

inconsistent with the contents of such report, all such allegations are denied. Except as admitted herein, the allegations of paragraph 230 are denied.

231.   The allegations of paragraph 231 are denied.

232.   The report referenced in paragraph 232 is a written document which speaks for itself and contains the best evidence of its contents. To the extent the allegations of paragraph 232 conflict or are inconsistent with the contents of the report, such allegations are denied. It is specifically denied that Meehan had any involvement in any sort of conspiracy or was otherwise engaged in any wrongful conduct as alleged in the Second Amended Complaint. Except as admitted herein, the allegations of paragraph 232 are denied.

233.   The source of the quote attributed to Meehan in paragraph 233 is unclear and to the extent such allegations conflict or are inconsistent with Meehan's prior testimony, all such allegations are denied. To the extent a further response is necessary, the allegations of paragraph 233 are denied.

234.   The allegations of paragraph 234 are denied.

235.   The allegations of paragraph 235 are denied.

236.   The referenced "May 12 Report" is a written document which speaks for itself and contains the best evidence of its contents. To the extent the allegations of paragraph 236 conflict or are inconsistent with the contents of the report, such allegations are denied. It is specifically denied that Meehan had any involvement in any sort of conspiracy or was otherwise engaged in any wrongful conduct as alleged in the Second Amended Complaint. Except as admitted herein, the allegations of paragraph 236 are denied.

237.    It is specifically denied that Meehan had any involvement in any sort of conspiracy or agreement to "conceal" or "obfuscate" any DNA analysis or was otherwise engaged in any wrongful conduct as alleged in the Second Amended Complaint. Meehan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 237 which are not directed to him and such allegations are therefore denied.

238.    It is specifically denied that Meehan engaged in any "intentionally fraudulent" or other wrongful conduct. Meehan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 238 which are not directed to him and such allegations are therefore denied.

239.- 242.    The allegations set forth in paragraph 239 through 242 relate to claims made by Plaintiffs against Defendants other than this answering Defendant and to which no response by Meehan is required. To the extent a response is necessary, Meehan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 239 through 242 and such allegations are therefore denied. It is specifically denied that Meehan had any involvement in any sort of conspiracy or was otherwise engaged in any wrongful conduct as alleged in the Second Amended Complaint. To the extent the allegations contained in paragraphs 239 through 242 attempt to assert any culpable or actionable conduct by Meehan, all such allegations are expressly denied.

243.-244.    It is specifically denied that Meehan had any involvement in any sort of conspiracy or was otherwise engaged in any wrongful conduct as alleged in the Second Amended Complaint. To the extent the allegations contained in paragraphs 243 and 244 attempt to assert any culpable or

actionable conduct by Meehan, all such allegations are expressly denied. Meehan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 243 and 244 which are not directed to him and such allegations are therefore denied.

245.- 271.    The allegations set forth in paragraphs 245 through 271 relate to claims made by Plaintiffs against Defendants other than this answering Defendant and to which no response by Meehan is required.    To the extent a response is necessary, Meehan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 245 through 271 and such allegations are therefore denied. It is specifically denied that Meehan had any involvement in any sort of conspiracy or was otherwise engaged in any wrongful conduct as alleged in the Second Amended Complaint.    To the extent the allegations contained in paragraphs 245 through 271  attempt to assert any culpable or actionable conduct by Meehan, all such allegations are expressly denied.

272.    It is specifically denied that Meehan made "false public statements" against Plaintiffs at any time.    It is further specifically denied that Meehan had any involvement in any sort of conspiracy or was otherwise engaged in any wrongful conduct as alleged in the Second Amended Complaint.    To the extent the allegations contained in paragraph 272 attempt to assert any culpable or actionable conduct by Meehan, all such allegations are expressly denied.    Meehan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 272 which are not directed to him and such allegations are therefore denied.

273.    It is specifically denied that Meehan had any involvement in any sort of conspiracy, "illicit agreement" or was otherwise engaged in any wrongful conduct as alleged in the Second

Amended Complaint. To the extent the allegations contained in paragraph 273 attempt to assert any culpable or actionable conduct by Meehan, all such allegations are expressly denied. Meehan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 273 which are not directed to him and such allegations are therefore denied.

274. It is specifically denied that Meehan had any involvement in any sort of conspiracy or was otherwise engaged in any wrongful conduct as alleged in the Second Amended Complaint. To the extent the allegations contained in paragraph 274 attempt to assert any culpable or actionable conduct by Meehan, all such allegations are expressly denied. Meehan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 274 which are not directed to him and such allegations are therefore denied.

275. It is admitted only that Meehan fully and completely disclosed the results of DSI's DNA testing and analysis, including the existence of DNA from multiple unidentified males on Mangum's rape kit items and that none of the DNA from the Duke lacrosse players matched any of those items. It is specifically denied that Meehan had any involvement in any sort of conspiracy or was otherwise engaged in any wrongful conduct as alleged in the Second Amended Complaint. To the extent the allegations contained in paragraph 275 attempt to assert any culpable or actionable conduct by Meehan, all such allegations are expressly denied. Except as admitted herein, the allegations of paragraph 275 are denied.

276. It is specifically denied that Meehan had any involvement in any sort of conspiracy or was otherwise engaged in any wrongful conduct as alleged in the Second Amended Complaint.

To the extent the allegations contained in paragraph 276 attempt to assert any culpable or actionable conduct by Meehan, all such allegations are expressly denied. Meehan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 276 which are not directed to him and such allegations are therefore denied.

277.- 278.    Meehan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 277 and 278 and such allegations are therefore denied.

279.    It is admitted only that Meehan fully and completely advised various officials, including Nifong, of the results of the forensic DNA analysis performed by DSI. The remaining allegations set forth in paragraph 279 relate to claims made by Plaintiffs against Defendants other than this answering Defendant and to which no response by Meehan is required. To the extent a response is necessary, Meehan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 279 which are not directed to this answering Defendant and such allegations are therefore denied.

280.- 287.    The allegations set forth in paragraphs 280 through 287 relate to claims made by Plaintiffs against Defendants other than this answering Defendant and to which no response by Meehan is required. To the extent a response is necessary, Meehan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 280 through 287 and such allegations are therefore denied. It is specifically denied that Meehan had any involvement in any sort of conspiracy or was otherwise engaged in any wrongful conduct as alleged in the Second Amended Complaint. To the extent the allegations contained in paragraphs 280

through 287 attempt to assert any culpable or actionable conduct by Meehan, all such allegations are expressly denied.

288. It is admitted only that Meehan fully and completely advised various officials, including Nifong, of the results of the forensic DNA analysis performed by DSI. The remaining allegations set forth in paragraph 288 relate to claims made by Plaintiffs against Defendants other than this answering Defendant and to which no response by Meehan is required. To the extent a response is necessary, Meehan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 288 which are not directed to this answering Defendant and such allegations are therefore denied. Except as admitted herein, the allegations of paragraph 288 are denied.

289.- 290. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 289 and 290 and such allegations are therefore denied.

291. This answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding actions taken by and the mental states of Defendants other than this answering Defendant and such allegations are therefore denied. It is specifically denied that Meehan had any involvement in any sort of conspiracy or was otherwise engaged in any wrongful conduct as alleged in the Second Amended Complaint. To the extent the allegations contained in paragraph 291 attempt to assert any culpable or actionable conduct by Meehan, all such allegations are expressly denied.

292.- 295.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 292 through 295 and such allegations are therefore denied.

296.    It is admitted only that Meehan fully and completely advised various officials, including Nifong, of the results of the forensic DNA analysis performed by DSI. The remaining allegations set forth in paragraph 296 relate to claims made by Plaintiffs against Defendants other than this answering Defendant and to which no response by Meehan is required. To the extent a response is necessary, Meehan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 296 and such allegations are therefore denied.

297.- 302.    Meehan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 297 through 302 and such allegations are therefore denied.

303.    The documents referenced in paragraph 303 speak for themselves and contain the best evidence of their contents. To the extent the allegations of paragraph 303 conflict or are inconsistent with the contents of such documents, the allegations of paragraph 303 are denied. It is specifically denied that Meehan had any involvement in any sort of conspiracy or was otherwise engaged in any wrongful conduct as alleged in the Second Amended Complaint. To the extent the allegations contained in paragraph 303 attempt to assert any culpable or actionable conduct by Meehan, all such allegations are expressly denied. Except as admitted herein, the allegations of paragraph 303 are denied.

304. The "Motion to Compel Discovery" referenced in paragraph 304 speaks for itself and contains the best evidence of its contents. It is admitted that a hearing was held before The Honorable Osmond W. Smith, III on December 15, 2006. Meehan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 304 and such allegations are therefore denied. Except as admitted herein, the allegations of paragraph 304 are denied.

305. Meehan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 305 and such allegations are therefore denied.

306. The opinion referenced in paragraph 306 speaks for itself and contains the best evidence of its contents. Meehan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 306 and such allegations are therefore denied.

307. It is admitted only that Meehan testified at the December 15 hearing. Such testimony speaks for itself and to the extent the allegations of paragraph 307 conflict or are inconsistent with such testimony, the allegations of paragraph 307 are denied. It is specifically denied that Meehan had any involvement in any sort of conspiracy or was otherwise engaged in any wrongful conduct as alleged in the Second Amended Complaint. To the extent the allegations contained in paragraph 307 attempt to assert any culpable or actionable conduct by Meehan, all such allegations are expressly denied. Except as admitted herein, the allegations of paragraph 307 are denied.

308. The allegations of paragraph 308 mischaracterize the testimony of Meehan and should be stricken. It is specifically denied that Meehan had any involvement in any sort of conspiracy or

was otherwise engaged in any wrongful conduct as alleged in the Second Amended Complaint. Meehan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 308 which are not directed to this answering Defendant and such allegations are therefore denied.

309. The allegations of paragraph 309 mischaracterize the testimony of Meehan and should be stricken. It is specifically denied that Meehan had any involvement in any sort of conspiracy or was otherwise engaged in any wrongful conduct as alleged in the Second Amended Complaint. Meehan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 309 which are not directed to this answering Defendant and such allegations are therefore denied.

310.- 317. The allegations set forth in paragraphs 310 through 317 relate to claims made by Plaintiffs against Defendants other than this answering Defendant and to which no response by Meehan is required. To the extent a response is necessary, Meehan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 310 through 317 and such allegations are therefore denied. It is specifically denied that Meehan had any involvement in any sort of conspiracy or was otherwise engaged in any wrongful conduct as alleged in the Second Amended Complaint. To the extent the allegations contained in paragraphs 310 through 317 attempt to assert any culpable or actionable conduct by Meehan, all such allegations are expressly denied.

318.- 319. It is admitted upon information and belief that the North Carolina Attorney General's office conducted an independent investigation of the allegations made by Ms. Mangum. It is further

admitted upon information and belief that on or about April 11, 2007, the North Carolina Attorney General dismissed all charges against Plaintiffs arising from the rape allegations which are the subject of the Second Amended Complaint. Meehan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 318 and 319 and such allegations are therefore denied.

320.- 325.    Meehan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 320 through 325 and such allegations are therefore denied.

326.    It is admitted upon information and belief that Nifong was disbarred by the North Carolina State Bar. Meehan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 326 and such allegations are therefore denied.

327.    Meehan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 327 and such allegations are therefore denied.

328.    It is admitted upon information and belief that Nifong was found guilty of criminal contempt by The Honorable Osmond W. Smith, III. Meehan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 328 and such allegations are therefore denied.

## FIRST CAUSE OF ACTION:
## MALICIOUS PROSECUTION AND SEIZURE IN VIOLATION OF
## 42 U.S.C. § 1983

(Against Nifong, Clark, Gottlieb, Himan, Meehan, Wilson, and DSI
in their individual capacities)

329.    Meehan reasserts and incorporates by reference his responses to all previous paragraphs of the Second Amended Complaint as if fully set forth herein.

330.    The allegations contained in paragraph 330 set forth legal conclusions to which no response is required.  To the extent a response is necessary, such allegations are denied.

331.    The allegations of paragraph 331 are denied.

332.    Meehan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 332 and such allegations are therefore denied.

333.    The allegations contained in paragraph 333 are admitted.

334.- 337.    The allegations contained in paragraphs 334 through 337 which are directed to this answering Defendant are denied.  Meehan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 334 through 337  which are not directed to this answering Defendant and such allegations are therefore denied.

## SECOND CAUSE OF ACTION:
## CONCEALMENT OF EVIDENCE IN VIOLATION OF 42 U.S.C. § 1983

(Against Nifong, Clark, Gottlieb, Himan, Meehan, Wilson and DSI
in their individual capacities)

338.    Meehan reasserts and incorporates by reference his responses to all previous paragraphs of the Second Amended Complaint as if fully set forth herein.

339.    The allegations contained in paragraph 339 which are directed to this answering Defendant are denied. Meehan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 339 which are not directed to this answering Defendant and such allegations are therefore denied.

340.    The allegations contained in paragraph 340 which are directed to this answering Defendant are denied. Meehan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 340 which are not directed to this answering Defendant and such allegations are therefore denied.

341.    The allegations of paragraph 341 are denied.

342.    The allegations of paragraph 342 are denied.

343.- 349.    The allegations contained in paragraphs 343 through 349 which are directed to this answering Defendant are denied. Meehan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 343 through 349 which are not directed to this answering Defendant and such allegations are therefore denied.

## THIRD CAUSE OF ACTION:
## FABRICATION OF FALSE EVIDENCE IN VIOLATION OF 42 U.S.C. § 1983

(Against Nifong, Clark, Gottlieb, Himan, Meehan, Wilson, and
DSI in their individual capacities)

350.    Meehan reasserts and incorporates by reference his responses to all previous paragraphs of the Second Amended Complaint as if fully set forth herein.

351.    The allegations contained in paragraph 351 which are directed to this answering Defendant are denied. Meehan is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained in paragraph 351 which are not directed to this answering Defendant and such allegations are therefore denied.

352.    The allegations of paragraph 352 are denied.

353.-354.    The allegations set forth in paragraphs 353 and 354 relate to claims made by Plaintiffs against Defendants other than this answering Defendant and to which no response by Meehan is required.    To the extent a response is necessary, Meehan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 353 and 354 and such allegations are therefore denied.    It is specifically denied that Meehan had any involvement in any sort of conspiracy or was otherwise engaged in any wrongful conduct as alleged in the Second Amended Complaint.    To the extent the allegations contained in paragraphs 353 and 354 attempt to assert any culpable or actionable conduct by Meehan, all such allegations are expressly denied.

355.- 358.    The allegations contained in paragraphs 355 through 358 which are directed to this answering Defendant are denied.    Meehan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 355 through 358 which are not directed to this answering Defendant and such allegations are therefore denied.

**FOURTH CAUSE OF ACTION:**
**MAKING FALSE PUBLIC STATEMENTS IN VIOLATION OF 42 U.S.C. § 1983**

(Against Nifong, Hodge, and Addison in their individual capacities)

359.    Meehan reasserts and incorporates by reference his responses to all previous paragraphs of the Second Amended Complaint as if fully set forth herein.

360.- 370.    The allegations set forth in paragraphs 360 through 370 relate to claims made by Plaintiffs against Defendants other than this answering Defendant and to which no response by

Meehan is required. To the extent a response is necessary, Meehan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 360 through 370 and such allegations are therefore denied. It is specifically denied that Meehan had any involvement in any sort of conspiracy or was otherwise engaged in any wrongful conduct as alleged in the Second Amended Complaint. To the extent the allegations contained in paragraphs 360 through 370 attempt to assert any culpable or actionable conduct by Meehan, all such allegations are expressly denied.

### FIFTH CAUSE OF ACTION: VIOLATIONS OF 42 U.S.C. § 1983
### *(MONELL V. DEP'T OF SOCIAL SERVS., 436 U.S. 658 (1977))*

(Against the City of Durham directly and based on the actions of City employees
and agents in their official capacities)

371. Meehan reasserts and incorporates by reference his responses to all previous paragraphs of the Second Amended Complaint as if fully set forth herein.

372.- 407. The allegations set forth in paragraphs 372 through 407 relate to claims made by Plaintiffs against Defendants other than this answering Defendant and to which no response by Meehan is required. To the extent a response is necessary, Meehan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 372 through 407 and such allegations are therefore denied. It is specifically denied that Meehan had any involvement in any sort of conspiracy or was otherwise engaged in any wrongful conduct as alleged in the Second Amended Complaint. To the extent the allegations contained in paragraphs 372 through 407 attempt to assert any culpable or actionable conduct by Meehan, all such allegations are expressly denied.

**SIXTH CAUSE OF ACTION: SUPERVISORY VIOLATIONS OF 42 U.S.C. § 1983**

(Against the Supervisory Defendants in their individual capacities)

408.     Meehan reasserts and incorporates by reference his responses to all previous paragraphs of the Second Amended Complaint as if fully set forth herein.

409.- 436.     The allegations set forth in paragraphs 409 through 436 relate to claims made by Plaintiffs against Defendants other than this answering Defendant and to which no response by Meehan is required.   To the extent a response is necessary, Meehan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 409 through 436 and such allegations are therefore denied.  It is specifically denied that Meehan had any involvement in any sort of conspiracy or was otherwise engaged in any wrongful conduct as alleged in the Second Amended Complaint.   To the extent the allegations contained in paragraphs 409 through 436 attempt to assert any culpable or actionable conduct by Meehan, all such allegations are expressly denied.

**SEVENTH CAUSE OF ACTION:**

**CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1983**

(Against Nifong, Addison, Clark, Gottlieb, Himan, Meehan, Wilson, the Supervisory Defendants, and DSI in their individual capacities; and the City of Durham based on the actions of City employees and agents in their official capacities)

437.     Meehan reasserts and incorporates by reference his responses to all previous paragraphs of the Second Amended Complaint as if fully set forth herein.

438.- 444.     The Seventh Cause of Action was dismissed by the Court's Order of March 31, 2011 and no further response is required. To the extent a further response is required, all such allegations in any way directed to this answering Defendant are denied.

## EIGHTH CAUSE OF ACTION:
## CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1985(2)
## (OBSTRUCTION OF JUSTICE)

(Against Nifong, Addison, Clark, Gottlieb, Himan, Meehan, Wilson, the Supervisory Defendants, and DSI in their individual capacities; and the City of Durham based on the actions of City employees and agents in their official capacities)

445.     Meehan reasserts and incorporates by reference his responses to all previous paragraphs of the Second Amended Complaint as if fully set forth herein.

446.- 452.     The Eighth Cause of Action was dismissed by the Court's Order of March 31, 2011 and no further response is required. To the extent a further response is required, all such allegations in any way directed to this answering Defendant are denied.

## NINTH CAUSE OF ACTION:
## CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1985(2)
## (WITNESS TAMPERING)

(Against Nifong, Gottlieb, Himan, Wilson, and the Supervisory Defendants in their individual capacities; and the City of Durham based on the actions of City employees and agents in their official capacities)

453.     Meehan reasserts and incorporates by reference his responses to all previous paragraphs of the Second Amended Complaint as if fully set forth herein.

454.- 459.     The Ninth Cause of Action was dismissed by the Court's Order of March 31, 2011 and no further response is required. To the extent a further response is required, all such allegations in any way directed to this answering Defendant are denied.

## TENTH CAUSE OF ACTION:
## CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1985(3)

(Against Nifong, Addison, Clark, Gottlieb, Himan, Meehan, Wilson, the Supervisory Defendants, and DSI in their individual capacities; and the City of Durham based on the actions of City employees and agents in their official capacities)

460.    Meehan reasserts and incorporates by reference his responses to all previous paragraphs of the Second Amended Complaint as if fully set forth herein.

461.- 467.    The Tenth Cause of Action was dismissed by the Court's Order of March 31, 2011 and no further response is required. To the extent a further response is required, all such allegations in any way directed to this answering Defendant are denied.

## ELEVENTH CAUSE OF ACTION:
## CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1986 (DURHAM POLICE)

(Against the Supervisory Defendants in their individual capacities, and the City of Durham based on the actions of City employees in their official capacities)

468.    Meehan reasserts and incorporates by reference his responses to all previous paragraphs of the Second Amended Complaint as if fully set forth herein.

469.- 476.    The Eleventh Cause of Action was dismissed by the Court's Order of March 31, 2011 and no further response is required. To the extent a further response is required, all such allegations in any way directed to this answering Defendant are denied.

## TWELFTH CAUSE OF ACTION:
## CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1986 (DNA SECURITY)

(Against Clark, Meehan, and DSI in their individual and official capacities)

477.    Meehan reasserts and incorporates by reference his responses to all previous paragraphs of the Second Amended Complaint as if fully set forth herein.

478.- 485.    The Twelfth Cause of Action was dismissed by the Court's Order of March 31, 2011 and no further response is required. To the extent a further response is required, all such allegations in any way directed to this answering Defendant are denied.

### THIRTEENTH CAUSE OF ACTION:
### MALICIOUS PROSECUTION AND CONSPIRACY

(Against Nifong, Addison, Clark, Gottlieb, Himan, Meehan, Wilson, and DSI in their
individual capacities; and the City of Durham based on the actions of City employees
and agents in their official capacities)

486.    Meehan reasserts and incorporates by reference his responses to all previous paragraphs of the Second Amended Complaint as if fully set forth herein.

487.    The allegations of paragraph 487 which are directed to this answering Defendant are denied. Meehan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 487 which are not directed to him and such allegations are therefore denied.

488.    It is admitted that the criminal proceedings against each Plaintiff were terminated. Meehan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 488 and such allegations are therefore denied.

489.    The allegations of paragraph 489 are denied.

490.    The allegations set forth in paragraph 490 relate to claims made by Plaintiffs against Defendants other than this answering Defendant and to which no response by Meehan is required. To the extent a response is necessary, Meehan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 490 and such allegations are therefore denied. It is specifically denied that Meehan had any involvement in any sort of conspiracy or was

otherwise engaged in any wrongful conduct as alleged in the Second Amended Complaint. To the extent the allegations contained in paragraph 490 attempt to assert any culpable or actionable conduct by Meehan, all such allegations are expressly denied.

491. The allegations of paragraph 491 are denied.

492.- 494. The allegations set forth in paragraphs 492 through 494 relate to claims made by Plaintiffs against Defendants other than this answering Defendant and to which no response by Meehan is required. To the extent a response is necessary, Meehan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 492 through 494 and such allegations are therefore denied. It is specifically denied that Meehan had any involvement in any sort of conspiracy or was otherwise engaged in any wrongful conduct as alleged in the Second Amended Complaint. To the extent the allegations contained in paragraphs 492 through 494 attempt to assert any culpable or actionable conduct by Meehan, all such allegations are expressly denied.

495.- 497. The allegations of paragraphs 495 through 497 which are directed to this answering Defendant are denied. Meehan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 495 through 497 which are not directed to him and such allegations are therefore denied.

## FOURTEENTH CAUSE OF ACTION:
## OBSTRUCTION OF JUSTICE AND CONSPIRACY

(Against Nifong, Clark, Gottlieb, Himan, Meehan, Wilson, and DSI in their individual
capacities; and the City of Durham based on the actions of City employees
and agents in their official capacities)

498. Meehan reasserts and incorporates by reference his responses to all previous paragraphs of the Second Amended Complaint as if fully set forth herein.

499.- 500. The allegations of paragraphs 499 and 500 which are directed to this answering Defendant are denied. Meehan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 499 and 500 which are not directed to him and such allegations are therefore denied.

501. The allegations set forth in paragraph 501 relate to claims made by Plaintiffs against Defendants other than this answering Defendant and to which no response by Meehan is required. To the extent a response is necessary, Meehan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 501 and such allegations are therefore denied. It is specifically denied that Meehan had any involvement in any sort of conspiracy or was otherwise engaged in any wrongful conduct as alleged in the Second Amended Complaint. To the extent the allegations contained in paragraph 501 attempt to assert any culpable or actionable conduct by Meehan, all such allegations are expressly denied.

502. The allegations of paragraph 502 are denied.

503.- 504. The allegations set forth in paragraphs 503 and 504 relate to claims made by Plaintiffs against Defendants other than this answering Defendant and to which no response by Meehan is required. To the extent a response is necessary, Meehan is without knowledge or information

sufficient to form a belief as to the truth of the allegations contained in paragraphs 503 and 504 and such allegations are therefore denied.

505.- 507. The allegations of paragraphs 505 through 507 which are directed to this answering Defendant are denied. Meehan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 505 through 507 which are not directed to him and such allegations are therefore denied.

## FIFTEENTH CAUSE OF ACTION:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND CONSPIRACY

(Against Nifong, Addison, Clark, Gottlieb, Himan, Hodge, Meehan, Wilson, and DSI in their individual capacities; and the City of Durham based on the actions of City employees and agents in their official capacities)

508. Meehan reasserts and incorporates by reference his responses to all previous paragraphs of the Second Amended Complaint as if fully set forth herein.

509.- 517. The Fifteenth Cause of Action was dismissed by the Court's Order of March 31, 2011 and no further response is required. To the extent a further response is required, all such allegations in any way directed to this answering Defendant are denied.

## SIXTEENTH CAUSE OF ACTION: NEGLIGENCE BY DURHAM POLICE

(Against the City of Durham based on the actions of City employees in their official capacities)

518. Meehan reasserts and incorporates by reference his responses to all previous paragraphs of the Second Amended Complaint as if fully set forth herein.

519.- 523. The allegations set forth in paragraphs 519 through 523 relate to claims made by Plaintiffs against Defendants other than this answering Defendant and to which no response by Meehan is required. To the extent a response is necessary, Meehan is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in paragraphs 519 through 523 and such allegations are therefore denied.

## SEVENTEENTH CAUSE OF ACTION: NEGLIGENT SUPERVISION, HIRING, TRAINING, DISCIPLINE, AND RETENTION BY DURHAM POLICE

(Against the City of Durham based on the actions of City employees in their official capacities)

524.    Meehan reasserts and incorporates by reference his responses to all previous paragraphs of the Second Amended Complaint as if fully set forth herein.

525.- 532.    The allegations set forth in paragraphs 525 through 532 relate to claims made by Plaintiffs against Defendants other than this answering Defendant and to which no response by Meehan is required. To the extent a response is necessary, Meehan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 525 through 532 and such allegations are therefore denied.

## EIGHTEENTH CAUSE OF ACTION: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BY DURHAM POLICE

(Against the City of Durham based on the actions of City employees in their official capacities)

533.    Meehan reasserts and incorporates by reference his responses to all previous paragraphs of the Second Amended Complaint as if fully set forth herein.

534.- 538.    The Eighteenth Cause of Action was dismissed by the Court's Order of March 31, 2011 and no further response is required. To the extent a further response is required, all such allegations in any way directed to this answering Defendant are denied.

# NINETEENTH CAUSE OF ACTION:
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BY DURHAM POLICE (DURHAM POLICE STATEMENTS)

(Against the City of Durham based on the actions of City employees in their official capacities)

539.    Meehan reasserts and incorporates by reference his responses to all previous paragraphs of the Second Amended Complaint as if fully set forth herein.

540.- 544.    The Nineteenth Cause of Action was dismissed by the Court's Order of March 31, 2011 and no further response is required. To the extent a further response is required, all such allegations in any way directed to this answering Defendant are denied.

# TWENTIETH CAUSE OF ACTION:
## NEGLIGENCE BY THE DNA SECURITY DEFENDANTS

(Against Clark and Meehan in their individual and official capacities, and DSI)

545.    Meehan reasserts and incorporates by reference his responses to all previous paragraphs of the Second Amended Complaint as if fully set forth herein.

546.- 554.    The Twentieth Cause of Action was dismissed by the Court's Order of March 31, 2011 and no further response is required. To the extent a further response is required, all such allegations in any way directed to this answering Defendant are denied.

# TWENTY-FIRST CAUSE OF ACTION: NEGLIGENT SUPERVISION, HIRING, TRAINING, DISCIPLINE, AND RETENTION BY THE DNA SECURITY DEFENDANTS

(Against Clark and Meehan in their individual and official capacities, and DSI)

555.    Meehan reasserts and incorporates by reference his responses to all previous paragraphs of the Second Amended Complaint as if fully set forth herein.

556.    It is admitted that at the time of the events alleged in the Second Amended Complaint, Meehan was the Laboratory Director at DSI and that Clark was the President of DSI. Except as admitted herein, the allegations of paragraph 556 are denied.

557.    The allegations of paragraph 557 state legal conclusions to which no response is required. To the extent a response is necessary, such allegations are denied.

558.-560.    The allegations contained in paragraphs 558 through 560 are denied.

## TWENTY-SECOND CAUSE OF ACTION:
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BY
## THE DNA SECURITY DEFENDANTS

(Against Clark and Meehan in their individual and official capacities, and DSI)

561.    Meehan reasserts and incorporates by reference his responses to all previous paragraphs of the Second Amended Complaint as if fully set forth herein.

562.- 566.    The Twenty-Second Cause of Action was dismissed by the Court's Order of March 31, 2011 and no further response is required. To the extent a further response is required, all such allegations in any way directed to this answering Defendant are denied.

## TWENTY-THIRD CAUSE OF ACTION: VIOLATION OF ARTICLE I, SECTION 19
## OF THE NORTH CAROLINA CONSTITUTION

(Against the City of Durham directly and based on the actions of City employees and agents in their official capacities)

567.    Meehan reasserts and incorporates by reference his responses to all previous paragraphs of the Second Amended Complaint as if fully set forth herein.

568.- 571.    The allegations set forth in paragraphs 568 through 571 relate to claims made by Plaintiffs against Defendants other than this answering Defendant and to which no response by

Meehan is required. To the extent a response is necessary, Meehan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 568 through 571 and such allegations are therefore denied.

## PRAYER FOR RELIEF

572. Meehan denies Plaintiffs are entitled to the relief set forth in paragraph 572 as to this answering Defendant.

573. To the extent Meehan failed to address any allegation in the Second Amended Complaint which is directed to him, such allegation is denied.

## SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part because Meehan owed no legal duties or obligations to Plaintiffs.

## THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part because Meehan's actions were in accordance with any applicable standard of care and any duties owed to Plaintiffs (which duties are denied).

## FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Meehan acted in good faith and in the reasonable belief that his actions were lawful and authorized, and within the exercise of his best judgment and without malice, corruption or wrongful intent. Moreover, the work undertaken by DSI was pursuant to an Order of the Court, which directed specific actions.

## FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part because, upon information and belief, Plaintiffs' indictments and arrests were based upon a finding of probable cause, and, if Plaintiffs were seized, they were seized following a determination of probable cause by the grand jury.

## SIXTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Meehan performed all of his obligations and/or substantially fulfilled all of his legal duties and obligations, if any, imposed pursuant to DSI's engagement.

## SEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Meehan provided any information known by him truthfully, honestly, completely and promptly to all those persons to whom he owed any duty to provide such information.

## EIGHTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Meehan did not deprive Plaintiffs of any right guaranteed under any laws, and moreover did not do so intentionally or knowingly.

## NINTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs were not subject to trial, conviction or punishment.

## TENTH DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that their claims under 42 U.S.C. § 1983 against Meehan do not involve any particular right arising under the United States Constitution but instead seek vindication for alleged violations of state law.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Meehan did not deprive Plaintiffs of any vested liberty or property interest in violation of the United States Constitution, and Plaintiffs received all the process that was due them.

## TWELFTH DEFENSE

Plaintiffs' claims are barred in whole or in part because the actions of Meehan were not a substantial, actual or proximate cause of Plaintiffs' alleged injuries or damages, if any.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because of their failure to exhaust state or administrative remedies.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that Meehan relied upon and was subject to the determination of the district attorney's office as to the nature, scope, fashion, timing and format of the evidence to be disclosed, all of which were matters within the control and discretion of the district attorney's office.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that Meehan did not institute, procure or participate in any proceeding against Plaintiffs.

## SIXTEENTH DEFENSE

Plaintiffs' alleged injuries and damages (if any) were not proximately caused by the alleged wrongful actions of Meehan. Instead, their sole proximate cause was the combination of actions, non-actions, or negligence of a person or persons other than Meehan. Plaintiffs are, therefore, not entitled to recover from Meehan in this action.

## SEVENTEENTH DEFENSE

Plaintiffs' alleged injuries and damages (if any) were proximately caused by intervening and/or superseding actions for which Meehan is not responsible, that were not foreseeable to Meehan and that Meehan had no opportunity or right to control.

## EIGHTEENTH DEFENSE

Plaintiffs are not entitled to recover to the extent that their alleged injuries and damages (if any) were proximately caused by actions of Meehan that were not wrongful.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that their injuries and damages (if any) were caused by the intentional behavior and/or negligence of Plaintiffs themselves.

## TWENTIETH DEFENSE

Plaintiffs lack standing, authority and/or otherwise lack capacity to receive certain of the relief sought in the Second Amended Complaint, including injunctive relief prohibiting Meehan from earning a livelihood.

## TWENTY-FIRST DEFENSE

Plaintiffs are not entitled to recover speculative, incidental or unforeseeable damages.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part by principles of unclean hands.

## TWENTY-THIRD DEFENSE

Plaintiffs' equitable claims are barred in whole or in part because Plaintiffs have a full and adequate remedy at law.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims for injunctive relief are barred because Plaintiffs cannot demonstrate a real and immediate threat of future irreparable injury that is posed by Meehan.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims against Meehan are barred in whole or in part because they seek to impose liability upon Meehan for the acts of others, including acts that are imposed solely upon the others by law, and that Meehan had no duty, right or opportunity to control.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Meehan is immune from such claims, including but not limited to the doctrines of absolute immunity, witness immunity, quasi-judicial immunity, public official immunity, prosecutorial immunity, good faith immunity and/or qualified immunity.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because the actions upon which Plaintiffs seek to impose liability upon Meehan were not undertaken under color of state law and because Meehan is not a state actor.

### TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred in whole or in part because the actions undertaken by Meehan were privileged absolutely or conditionally.

### TWENTY-NINTH DEFENSE

Plaintiffs' claims against Meehan are barred in whole or in part because Meehan was not a party to any conspiracy, plan or agreement to violate Plaintiffs' rights.

### THIRTIETH DEFENSE

Plaintiffs' claims against Meehan are barred in whole or in part because any communications undertaken by Meehan were undertaken with officials and attorneys who had retained DSI, and any communications or actions were within the scope of that retention.

## THIRTY-FIRST DEFENSE

To the extent that Plaintiffs have recovered, or in the future do recover, some or all of their damages from other parties or sources, Meehan is entitled to a credit or setoff of all such recoveries.

## THIRTY-SECOND DEFENSE

Plaintiffs' claims must be dismissed to the extent they are barred by any applicable statute(s) of limitations or repose.

## THIRTY-THIRD DEFENSE

To the extent that Plaintiffs' claims are equitable in nature, such claims are barred by the doctrine of laches.

## THIRTY-FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

## THIRTY-FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

## THIRTY-SIXTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of collateral estoppel, res judicata and/or the Court's Order of March 31, 2011.

## THIRTY-SEVENTH DEFENSE

Punitive damages may not be recovered from Meehan, nor have grounds for recovery of punitive damages been pled with particularity against Meehan. Further, such recovery would be contrary to public policy, inherently unfair, and would be a denial of Meehan's constitutional rights, including but not limited to the right to equal protection and due process under the United States and

North Carolina Constitutions, the prohibition on excessive fines and forfeitures, the right to procedural safeguards for alleged penal conduct, and the right to avoid penalties that do not bear a proportional or rational relationship to any actual damages or to the conduct of Meehan.

## THIRTY-EIGHTH DEFENSE

To the extent not inconsistent with anything pleaded herein, Meehan reserves the right to join in the defenses asserted by any co-Defendants.

## THIRTY-NINTH DEFENSE

Meehan reserves and does not waive any additional or further defenses as may be revealed by additional information that may be acquired in discovery or otherwise.

WHEREFORE, Defendant Brian Meehan, Ph.D. respectfully prays the Court for the following relief:

1.    Plaintiffs have and recover nothing on their Second Amended Complaint against Meehan;

2.    The Second Amended Complaint be dismissed, with prejudice, as to Meehan;

3.    The costs of this action, including reasonable attorneys' and experts' fees be taxed against plaintiffs pursuant to 42 U.S.C. § 1988(b) or as otherwise allowed by law;

4.    That Meehan have a trial by jury on all issues so triable in this action; and

5.    For such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 16th day of May, 2011.

LEWIS & ROBERTS, PLLC

/s/ James A. Roberts, III

James A. Roberts, III
N.C. State Bar No. 10495
jimroberts@lewis-roberts.com
3700 Glenwood Avenue, Suite 410 (27612)
P. O. Box 17529
Raleigh, NC 27619
Telephone: 919-981-0191
Facsimile:  919-981-0199

/s/ Paul R. Dickinson, Jr.

Paul R. Dickinson, Jr.
N.C. State Bar No. 20510
pauldickinson@lewis-roberts.com
One SouthPark Center
6060 Piedmont Row Drive South, Suite 140
Charlotte, NC 28287
Telephone:  704-347-8990
Facsimile:  704-347-8929

*Attorneys for Defendant Brian Meehan*

## CERTIFICATE OF SERVICE

I hereby certify that on May 16th, 2011, I electronically filed the foregoing Answer of Defendant Brian Meehan, Ph.D. with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

LEWIS & ROBERTS, PLLC


/s/ James A. Roberts, III
James A. Roberts, III
N.C. State Bar No. 10495
jimroberts@lewis-roberts.com
3700 Glenwood Avenue, Suite 410 (27612)
P. O. Box 17529
Raleigh, NC 27619
Telephone: 919-981-0191
Facsimile: 919-981-0199