IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DAVID F. EVANS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF DURHAM, N.C., et al., <br><br> Defendants. | Case No. 1:07-CV-739 |

**PLAINTIFFS' OPPOSITION TO DEFENDANT LINWOOD WILSON'S
RENEWED MOTION TO DISMISS**

Plaintiffs David F. Evans, Collin Finnerty, and Reade Seligmann, by undersigned counsel, hereby respond to Defendant Linwood Wilson's renewed Motion To Dismiss (Doc. 184). Wilson asks the Court to dismiss the remaining claims against him based upon the recent opinion of the U.S. Court of Appeals for the Fourth Circuit on the City Defendants' interlocutory appeal (Doc. 182). Plaintiffs intend to seek review of the Fourth Circuit's decision in the United States Supreme Court, and thus Wilson's motion should be held in abeyance pending the outcome of Plaintiffs' petition for writ of certiorari. If the Fourth Circuit's decision were upheld, Wilson's motion still should be denied as to Plaintiff's malicious prosecution claim (Count 13), for the same reasons as the Fourth Circuit allowed that claim to proceed against the two City detectives, Defendants Mark Gottlieb and Benjamin Himan.

1

## BACKGROUND

The Court previously denied Wilson's motion to dismiss as to Counts 1, 2, 3, 13, and 14 as part of its omnibus ruling on the defendants' motions to dismiss. *See* Doc. 133 at 95. Wilson did not appeal that ruling. However, the City Defendants took an interlocutory appeal of the Court's denial of their immunity claims. (Wilson was an investigator employed by the District Attorney's Office, not a City employee.)

In relevant part, the Fourth Circuit reversed the denial of the motions to dismiss Plaintiffs' § 1983 claims (Counts 1, 2, and 3) against the two City detectives, Gottlieb and Himan. *See* Doc. 182 at 25. The court held that, for purposes of § 1983 liability, Defendant Nifong's decision to seek indictments of Plaintiffs constituted an intervening cause that broke the causal chain between the detectives' improper conduct and the unlawful seizures of Plaintiffs. *Id.* at 22, 24-25. However, the Fourth Circuit affirmed the Court's denials of Gottlieb's and Himan's motions to dismiss Plaintiffs' common law malicious prosecution claim (Count 13), and permitted that claim to proceed against the two City detectives. *Id.* at 39-40. The court also reversed the denial of Himan's and Gottlieb's motions to dismiss Plaintiffs' common law obstruction of justice claim (Count 14), holding that the claim was not cognizable "against a police officer for his actions relating to a criminal proceeding." *Id.* at 41.

Plaintiffs intend to seek Supreme Court review of the Fourth Circuit's decision.

# ARGUMENT

I. **Wilson's Motion Should Be Held In Abeyance Pending Resolution of Plaintiffs' Petition for Certiorari.**

The sole basis for Wilson's renewed motion to dismiss is the Fourth Circuit's opinion in the City Defendants' interlocutory appeal. Because Plaintiffs intend to seek Supreme Court review of that decision, Plaintiffs request that the Court hold Wilson's motion in abeyance pending resolution of Plaintiffs' petition for certiorari. "This Court possesses the authority to hold a motion in abeyance if resolution of a pending matter will help clarify the current issues or make currently disputed issues moot." *Rice v. Astrue*, 4:06-CV-02770-GRA, 2010 WL 3607474, at *2 (D.S.C. Sept. 9, 2010) (citing *Rhines v. Weber,* 544 U.S. 269 (2005) and *United States v. Franczak*, 8 F. App'x 246 (4th Cir. 2001)). If the Supreme Court grants the writ of certiorari and reverses the Fourth Circuit's decision, it would render Wilson's motion moot.[1] Thus, Wilson's motion should be held in abeyance pending resolution of Plaintiffs' petition for writ of certiorari.

II. **The Fourth Circuit's Decision Does Not Provide a Basis for Dismissal of Plaintiffs' Common Law Malicious Prosecution Claim Against Wilson.**

Even if the Fourth Circuit's decision were to stand, Plaintiffs' common law malicious prosecution claim (Count 13) should proceed against Wilson for the same reasons that it will

---

[1] Wilson's motion also should be held in abeyance pending the resolution of the petition filed by the plaintiffs in the related *McFadyen* action for *en banc* review of the Fourth Circuit's decision as to the state law obstruction of justice claim, *see* Doc. 93 (4th Cir., No. 11-1436), since reconsideration of that aspect of the decision would implicate Plaintiffs' obstruction of justice claim here (Count 14).

3

proceed against the two City detectives, Gottlieb and Himan.² Wilson's motion does not specify the grounds for his argument that Count 13 should be dismissed, other than to refer to his earlier-filed motion to dismiss and the Fourth Circuit's ruling. *See* Mot. at 4-6. However, this Court previously denied Wilson's motion to dismiss as to Count 13, *see* Doc. 133 at 95, and the Fourth Circuit affirmed that ruling as to two similarly-situated defendants, Gottlieb and Himan.³ Specifically, the Fourth Circuit held that Plaintiffs' allegations that Gottlieb and Himan had concealed material evidence, manufactured false evidence, and intimidated witnesses were sufficient to meet the standard for common law malicious prosecution under North Carolina law. Doc. 182 at 39-40. The Fourth Circuit rejected the detectives' argument that Nifong's decision to seek indictments broke the causal chain between their actions and the indictments, holding that a different causation analysis applied to the state law malicious prosecution claim and that Plaintiffs satisfied the requirement that the defendants be alleged to have "instituted, procured, or participated in a criminal proceeding." *Id.*

For the same reasons the Fourth Circuit affirmed this Court's ruling and allowed Plaintiffs' malicious prosecution claim to go forward against Gottlieb and Himan, Plaintiffs' malicious prosecution claim also should proceed against Wilson. The Amended Complaint

---

² Plaintiffs concede that if the Fourth Circuit's decision were to stand as to Counts 1, 2, 3, and 14, then those claims should be dismissed against Wilson as well.

³ The Fourth Circuit held that Plaintiffs' malicious prosecution claim should be dismissed as to Defendant Addison, the police spokesperson. Doc. 182 at 40. However, the allegations against Wilson allege misconduct in his capacity as the district attorney's investigator and thus are most similar to the allegations against the police detectives, Gottlieb and Himan.

4

alleges that Wilson, like Gottlieb and Himan, affirmatively participated in the efforts to initiate and maintain the prosecution of Plaintiffs without probable cause, including his participation in the concealment of material evidence, the manufacturing of false evidence, and the intimidation of witnesses. *See* Am. Compl., Doc. 26, at ¶¶ 489-92. Plaintiffs allege, for example, that Wilson participated in the efforts to intimidate Reade Seligmann's alibi witness into falsely recanting his corroboration of Seligmann's alibi, *id.* ¶¶ 246-253; that Wilson participated in the efforts to intimidate and discredit the Durham police officer who had stated that Crystal Mangum was not credible and had recanted her initial rape allegation, *id.* ¶ 264; and that Wilson conducted a surreptitious solo "interview" of Mangum, during which he persuaded Mangum to alter her statements to conform to the revelations regarding the lack of Plaintiffs' DNA on the rape kit items and coached Mangum into providing a new "identification" of Plaintiffs after learning that Plaintiffs were moving to suppress the earlier identifications, *id.* ¶¶ 309-314. The Fourth Circuit's decision to allow Plaintiffs' malicious prosecution claim to proceed against Gottlieb and Himan thus provides no basis for the Court to reverse its prior denial of Wilson's motion to dismiss this claim. To the contrary, it supports the Court's prior ruling.

**CONCLUSION**

For the foregoing reasons, Defendant Wilson's motion to dismiss should be held in abeyance pending resolution of Plaintiffs' petition for certiorari. If the Fourth Circuit's decision were to stand, then the Court should deny Wilson's motion to dismiss as to Count 13, alleging malicious prosecution under North Carolina law.

5

Dated: January 11, 2013                    Respectfully submitted,

**WILLIAMS & CONNOLLY LLP**

By:     /s/ Christopher N. Manning
By:     /s/ Charles Davant IV
      Brendan V. Sullivan, Jr. (*pro hac vice*)
      Robert M. Cary (*pro hac vice*)
      Christopher N. Manning (*pro hac vice*)
      Charles Davant IV (N.C. Bar #28489)
      725 Twelfth Street, NW
      Washington, DC 20005
      Tel.:     (202) 434-5000
      E-mail:   cdavant@wc.com

*Attorneys for Plaintiffs David F. Evans and Collin Finnerty*

      -and-

**RUDOLF WIDENHOUSE & FIALKO**

By:     /s/ David S. Rudolf
      David S. Rudolf (N.C. Bar #8587)
      225 East Worthington Avenue
      Suite 200
      Charlotte, NC 28203
      Tel.:     (704) 333-9945
      E-mail:   dsrudolf@rwf-law.com

**BARRY C. SCHECK, ESQ.**

      Barry C. Scheck*
      Attn: Elizabeth Vaca
      100 Fifth Avenue
      New York, NY 10011
      Tel.:     (212) 364-5390
      E-mail:   bcsinnocence@aol.com

      (* motion for special appearance
        to be filed)

6

**EMERY CELLI BRINCKERHOFF & ABADY LLP**

Richard D. Emery (*pro hac vice*)
Ilann M. Maazel (*pro hac vice*)
75 Rockefeller Plaza, 20th Floor
New York, NY  10019
Tel.:              (212) 763-5000
Fax.:             (212) 763-5001
E-mail:         remery@ecbalaw.com

*Attorneys for Plaintiff Reade Seligmann*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DAVID F. EVANS, et al.,

    Plaintiffs,

    v.

CITY OF DURHAM, N.C., et al.,

    Defendants.

Case No. 1:07CV739

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2013, the foregoing Opposition to Defendant Linwood Wilson's Renewed Motion to Dismiss was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Reginald B. Gillespie, Jr.
*Counsel for Defendant City of Durham*

Joel M. Craig
Henry W. Sappenfield
*Counsel for Defendant Benjamin Himan*

James B. Maxwell,
*Counsel for Defendant David Addison*

Edwin M. Speas
Eric P. Stevens
*Counsel for Defendant Mark Gottlieb*

Patricia P. Kerner
D. Martin Warf
Hannah G. Styron
*Counsel for Defendants Steven Chalmers, Beverly Council, Ronald Hodge, Jeff Lamb, Patrick Baker, Michael Ripberger, and Lee Russ*

Robert A. Sar
Nicholas J. Sanservino, Jr.
*Counsel for Defendant DNA Security*

Robert J. King III
Kearns Davis
Clinton R. Pinyan
*Counsel for Defendant DNA Security, Inc. & Richard Clark*

Paul R. Dickinson, Jr.
James A. Roberts, III
*Counsel for Defendant Brian Meehan*

Linwood Wilson
*Pro se*

James B. Craven III
*Counsel for Michael B. Nifong*


    Respectfully submitted,

    /s/ Charles Davant IV
    Charles Davant IV (N.C. Bar No. 28489)
    WILLIAMS & CONNOLLY LLP
    725 Twelfth Street, NW
    Washington, DC  20005
    Tel.:    (202) 434-5000
    E-mail:    cdavant@wc.com

    *Attorney for Plaintiffs David F. Evans and*
      *Collin Finnerty*

9

Case 1:07-cv-00739-JAB-JEP   Document 186   Filed 01/11/13   Page 9 of 9