IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

1:07cv739

**DAVID F. EVANS**, *et al.*,
        Plaintiffs,

v.

**THE CITY OF DURHAM, NORTH CAROLINA** *et al.*,
        Defendants.

**Reply to Plaintiff's Opposition to Defendant Wilson's Motion to Dismiss Causes of Action: 1, 2, 3, 13, and 14 based on 4th Circuit Court of Appeals ruling or December 17, 2012**

### DEFENDANT WILSON'S REPLY SUPPORTING HIS MOTION TO DISMISS REMAINING CAUSES OF ACTION 1, 2, 3, 13, AND 14 AS A RESULT OF 4TH CIRCUIT COURT OF APPEALS RULING AND RECENT MANDATE

Plaintiffs claim that they intend to seek review of the Fourth Circuit's decision in the United States Supreme Court, and thus Wilson's motion should be held in abeyance pending the outcome of Plaintiffs' petition for writ of certiorari. Plaintiffs further claim if the Fourth Circuit's decision were upheld, Wilson's motion still should be denied as to Plaintiff's malicious prosecution claim (Count 13), for the same reasons as the Fourth Circuit allowed that claim to proceed against the two City detectives, Defendants Mark Gottlieb and Benjamin Himan. If the Supreme Court grants the writ of certiorari and reverses the Fourth Circuit's decision, it would render Wilson's motion moot.[1] Thus, Wilson's motion should be held in abeyance pending resolution of Plaintiffs' petition for writ of certiorari. Plaintiffs further state in footnote 1:

---

[1] Wilson's motion also should be held in abeyance pending the resolution of the petition filed by the plaintiffs in the related *McFadyen* action for *en banc* review of the Fourth Circuit's decision as to the state law obstruction of justice claim, *see* Doc. 93 (4th Cir., No. 11-1436), since reconsideration of that aspect of the decision would implicate Plaintiffs' obstruction of justice claim here (Count 14).

1

Plaintiffs argue that even if the Fourth Circuit's decision were to stand, Plaintiffs' common law malicious prosecution claim (Count 13) should proceed against Wilson for the same reasons that it will proceed against the two City detectives, Gottlieb and Himan.[2]

___

[2] Plaintiffs concede that if the Fourth Circuit's decision were to stand as to Counts 1, 2, 3, and 14, then those claims should be dismissed against Wilson as well.

[3] The Fourth Circuit held that Plaintiffs' malicious prosecution claim should be dismissed as to Defendant Addison, the police spokesperson. Doc. 182 at 40. However, the allegations against Wilson allege misconduct in his capacity as the district attorney's investigator and thus are most similar to the allegations against the police detectives, Gottlieb and Himan.

Plaintiffs argue for the same reasons the Fourth Circuit affirmed this Court's ruling and allowed Plaintiffs' malicious prosecution claim to go forward against Gottlieb and Himan, Plaintiffs' malicious prosecution claim also should proceed against Wilson. The Amended Complaint alleges that Wilson, like Gottlieb and Himan, affirmatively participated in the efforts to initiate and maintain the prosecution of Plaintiffs without probable cause, including his participation in the concealment of material evidence, the manufacturing of false evidence, and the intimidation of witnesses. *See* Am. Compl., Doc. 26, at ¶¶ 489-92. Plaintiffs allege, for example, that Wilson participated in the efforts to intimidate Reade Seligmann's alibi witness into falsely recanting his corroboration of Seligmann's alibi, *id.* ¶¶ 246-253; that Wilson participated in the efforts to intimidate and discredit the Durham police officer who had stated that Crystal Mangum was not credible and had recanted her initial rape allegation, *id.* ¶ 264; and that Wilson conducted a surreptitious solo "interview" of Mangum, during which he persuaded Mangum to alter her statements to conform to the revelations regarding the lack of Plaintiffs' DNA on the rape kit items and coached Mangum into providing a new "identification" of Plaintiffs after learning that Plaintiffs were moving to suppress the earlier identifications, *id.* ¶¶ 309-314. The Fourth Circuit's decision to allow Plaintiffs' malicious prosecution claim to proceed against Gottlieb and Himan thus provides no basis for the

Court to reverse its prior denial of Wilson's motion to dismiss this claim. To the contrary, it supports the Court's prior ruling.

## ARGUMENT

Defendant Wilson does not believe that dragging this ruling, on his motion, out any longer by waiting until January 28, 2013 to reply. It is obvious that Plaintiffs are attempting to drag this on as far as they can, another way of saying *abeyance*. Are they hopeful that the City of Durham will no longer be allowed to proceed since they have exhausted their insurance limits? Is that why Plaintiffs claim they will be filing petition for writ of certiorari with the Supreme Court to force a possible settlement since the 4th Circuit has basically shut them down. None of Plaintiffs' arguments justifies the abeyance that Plaintiffs are attempting to impose here:

1. First, what is the definition of abeyance? (for us common men)

   **abeyance legal definition** – noun
   temporary suspension, as of an activity or function;
   Law - a state of not having been determined or settled, as of lands the present ownership of which has not been established;
   An indefinite or temporary state of inactivity or suspension;
   An incomplete or undetermined state of existence;
   The status of real property or of a position or title when its ownership or occupancy is not vested in any existing person or party;

2. Plaintiffs are also arguing for abeyance for the *McFadyen* Plaintiffs due to their en banc filing to the 4th Circuit Court of Appeals. However the *McFadyen* Plaintiffs are only requesting review of one issue, state law obstruction of justice claim, *see* Doc. 93 (4th Cir., No. 11-1436) No other issues are under review. On January 2, 2013 the Mandate was stayed only to the *McFadyen* Plaintiffs. Yet the mandates have been entered against the Evans, et al Plaintiffs and Carrington, et al Plaintiffs. MANDATE of USCA as to (173 in 1:08-cv-00119-JAB-JEP) Notice of Appeal, (145 in 1:07-cv-00739-JAB-JEP) (142 in 1:07-cv-00739-JAB-JEP) Notice of Appeal, that the judgment of this court, entered 12/17/2012, takes effect today. This constitutes the

formal mandate of this court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure. USCA Case Number: 11-1436 (1:08-cv-119-JAB-JEP) (1:07-cv-953-JAB-JEP).  See 1:07-cv-00739-JAB-JEP Document Number: 185 and 1:08-cv-00119-JAB-JEP Document Number 295. Defendant Wilson argues that until the Plaintiffs in Evans, et al actually files Plaintiffs' petition for writ of certiorari, the Mandate of the 4th Circuit Court of Appeals is now in effect and Judge Beaty has been reversed on all claims against City of Durham and Police Defendants except for the State Law Obstruction of Justice claim, Cause 13.

3. Plaintiffs' agree that *"if"* the Supreme Court of the United States were to reverse the 4th Circuit's ruling, then Defendant Wilson's Motion to dismiss causes 1, 2, 3, 14, would be moot. However Plaintiffs concede that if the Fourth Circuit's decision were to stand as to Counts 1, 2, 3, and 14, then those claims should be dismissed against Wilson as well.

Since the 4th Circuit's Mandate is already in effect and Plaintiffs agree that if it stands then Defendant Wilson's Motion to Dismiss based on those rulings by the 4th Circuit, Wilson's Motion to Dismiss should be granted.

4. Plaintiffs did not file for a review en banc by the Full 4th Circuit and they have not filed a petition for writ of certiorari with the Supreme Court. Defendant Wilson concedes that Plaintiffs have until mid-March 2013 to file.

5. There is no absolute guarantee the Supreme Court will even consider this case. Legal experts believe the Supreme Court will not take it up. Why put off the inevitable. However, if the Supreme Court did take it up, they have already ruled to the immunity issues. See REHBERG *v*. PAULK No. 10–788. Argued November 1, 2011—Decided April 2, 2012 with a unanimous decision by the Court.

4

6. There is also no absolute guarantee that the 4th Circuit will, by unanimous vote, take up the *McFadyen* review en banc. I think too much is being taken for granted. If they do take it up, what are the odds that they will reverse the decision?

7. Defendant Wilson argues that this case continues to take on more and more allegations. Plaintiffs state, " However, the allegations against Wilson allege misconduct in his capacity as the district attorney's investigator and thus are most similar to the allegations against the police detectives, Gottlieb and Himan." As Judge Wilkinson stated in his opinion "I concur fully in Judge Motz's fine opinion. <u>It demonstrates well the central flaws in the plaintiffs' contentions. A few additional observations may underscore the overblown nature of this case. Plaintiffs have sought to raise every experimental claim and to corral every conceivable defendant.</u> The result is a case on the far limbs of law and one destined, were it to succeed in whole, to spread damage in all directions. <u>Although I appreciate the able and well-intentioned efforts of the attorneys in this matter, there is something disquieting about the sweeping scope and number of claims brought by the various plaintiff groups (twenty-three counts in the *Evans* complaint, thirty-two in *Carrington*, and forty in *McFadyen*), as well as the glacial pace at which this litigation has proceeded (we are now nearly six years removed from the dismissal of the last charges against the three Duke lacrosse players). With all of these overwrought claims disputed over years of complex litigation, this matter has taken on an unfortunate life of its own. A few examples of the pitfalls in plaintiffs' most inventive claims illustrate my concerns with allowing them to proceed. In short, the complaints here are wholly indiscriminate. They seek to sweep in everyone and everything, heedless of any actual indications of individual malfeasance that would justify the personal burdens that litigation can impose.</u> What *Iqbal* condemned, the complaints assay<u>. What is

5

more, the complaints' sweeping allegations mirror the sweeping nature of the wrongs of which plaintiffs complain. It is, of course, the purpose of civil litigation to rectify, but not in a manner that duplicates the very evils that prompted plaintiffs to file suit. The damage that the plaintiffs' theory of the case would inflict upon the criminal justice system is evident in a related sense as well. The plaintiffs seek to hold the investigating officers and their supervisors liable by repeatedly asserting notions of conspiracy, suggesting that the defendants colluded to investigate and prosecute the Duke players despite the evidence of their innocence. The upshot of such a theory, however, would be that whenever police officers, their superiors, and prosecutors communicate regarding an investigation into certain suspects, that very act of communication would expose them to a risk of monetary liability should the suspects ultimately be exonerated. The plaintiffs' theory of conspiracy, in other words, would inhibit the exchange of information among police and prosecutors that takes place every day. Thus, I could not agree more with Judge Motz's statement that to allow § 1983 claims "to proceed on allegations of such a 'conspiracy' would in virtually every case render the officers' qualified immunity from suit 'effectively lost' and make discovery the rule, rather than the exception." *Ante* at 24. In sum, we run the risk here of replicating in civil litigation the very maladies that plaintiffs complain infected the criminal process to which they were subjected. That is to say, individuals would be pulled into the coercive proceedings of courts when they have no business being there. To prolong the overextension of legal process that has been attempted here would portend a sorry end to a sorry saga. In short, the complaints here are wholly indiscriminate. They seek to sweep in everyone and everything, heedless of any actual indications of individual malfeasance that would justify the personal burdens that litigation can impose. What *Iqbal* condemned, the complaints assay.

6

<u>What is more, the complaints' sweeping allegations mirror the sweeping nature of the wrongs of which plaintiffs complain. It is, of course, the purpose of civil litigation to rectify, but not in a manner that duplicates the very evils that prompted plaintiffs to file suit."</u>

8. Judge Gregory states "I concur in part in Judge Motz's opinion, which I believe does a very fine job disposing of most of the issues in these cases. However, I dissent from Parts III-B and III-B.1. <u>Unlike the majority, I would dismiss all state common law claims against all individual defendants based on the North Carolina doctrine of official immunity. I cannot agree that the complaints sufficiently allege malicious conduct such that the claims are not barred. Because the majority disposes of the bulk of state common law claims on other grounds, allowing only the Evans plaintiffs' malicious prosecution claims against Gottlieb and Himan to proceed, I focus my partial dissent on the inadequacies of those claims. The North Carolina doctrine of official immunity protects public officials from personal liability for discretionary acts performed in the course of their official duties, so long as the officers acted without malice or corruption. *Collins v. N. Carolina Parole Comm'n*, 473 S.E.2d 1, 3 (N.C. 1996). Thus, a police officer is protected from personal liability for investigative conduct unless the plaintiffs "allege and prove that the defendant's acts were malicious or corrupt." *Schlossberg v. Goins*, 540 S.E.2d 49, 56 (N.C. Ct. App. 2000) (citing *Jones v. Kearns*, 462 S.E.2d 245, 248 (N.C. Ct. App. 1995). "A defendant acts with malice when he wantonly does that which a man of reasonable intelligence would know to be contrary to his duty and which he intends to be prejudicial or injurious to another." *In re Grad v. Kaasa*, 321 S.E.2d 888, 890 (N.C. 1984) (citing *Givens v. Sellars*, 159 S.E.2d 530 (N.C. 1968)).</u>

7

9. Plaintiffs have once again "misstated" (for the common man = "lied") about their own Complaint by stating "<u>Wilson conducted a surreptitious solo "interview" of Mangum,</u> during which he persuaded Mangum to alter her statements to conform to the revelations regarding the lack of Plaintiffs' DNA on the rape kit items and coached Mangum into providing a new "identification" of Plaintiffs after learning that Plaintiffs were moving to suppress the earlier identifications, *id.* ¶¶ 309-314. Plaintiffs are now trying to add *surreptitious solo "interview" of Mangum*. I guess Plaintiffs are now trying to make their case stronger since they know they have been shut down. I certainly can't find that language in their Compliant at ¶¶ 309-314. Surreptitious, (for the common man) means : sur·rep·ti·tious ADJECTIVE **trying to avoid being noticed:** done in a concealed or underhand way to escape notice, especially disapproval.
Defendant Wilson would argue, that if this were true, then Defendant Wilson would never have written a detailed report about the interview which led to the dismissal of the rape charges and continuous criticism and causes of action brought by the Plaintiffs.

10. Defendant Wilson argues that he could go on and on but it would just be repetitive and this case has gone on way too long now. The only winners here are the lawyers who are getting richer by attempting malfeasance against the entire Judicial System. Wonder what the going rate on Attorney's fees are to go to **"The Supreme Court"**? Defendant Wilson also argues that *"if"* the Supreme Court were to rule that the Plaintiffs brought this action and declare it "frivolous", the chances are very good that the now Plaintiffs may become the Defendants for knowingly bringing false actions which defame the character and reputation of the current Defendants. The 4th Circuit has come very close to calling these cases as "frivolous". Would the lawyers

8

be subject to a "Rule 11" violation? It's time to end this Judge. The 4th Circuit Court of Appeals has clearly sent that message.

## CONCLUSION

For the foregoing reasons, Defendant Wilson respectfully request that the Court enter an order dismissing causes 1, 2, 3, 13, and 14. There is no reason to treat Defendant Wilson differently from the City of Durham and the Police Officers. The Mandate of the 4th Circuit is in effect unless it becomes stayed at a later date based on the Plaintiffs' petition for writ of certiorari. Plaintiffs already concede that 1, 2, 3, and 14 should be dismissed if the 4th Circuit Ruling Stands. Well it is standing presently and all we have is the Plaintiffs word that they "intend" to file this petition for writ of certiorari. Your Honor can dismiss this with leave and if the Superior Court overturns the decision, then Your Honor can reinstate them.

Respectfully submitted, this the 13th day of January 2013.

By: /s/ Linwood E. Wilson
Linwood E. Wilson
*Pro Se*

9

Case 1:07-cv-00739-JAB-JEP   Document 187   Filed 01/13/13   Page 9 of 10

CERTIFICATE OF ELECTRONIC FILING AND SERVICE

The undersigned hereby certifies that, pursuant to Rule 5 of the Federal Rules of Civil Procedure and LR5.3 and LR5.4, MDNC, the foregoing pleading, motion, affidavit, notice, or other document/paper has been electronically filed with the Clerk of Court using the CM/ECF system, which system will automatically generate and send a Notice of Electronic Filing (NEF) to the undersigned filing user and registered users of record, and that the Court's electronic records show that each party to this action is represented by at least one registered user of record (or that the party is a registered user of record), to each of whom the NEF will be transmitted.

This the 13th day of January 2013.

By: /s/ Linwood E. Wilson
Linwood E. Wilson
*Pro Se*