IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DAVID F. EVANS; COLLIN FINNERTY; AND READE SELIGMANN, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF DURHAM, NORTH CAROLINA; MICHAEL B. NIFONG; MARK GOTTLIEB; BENJAMIN HIMAN; DAVID ADDISON; LINWOOD WILSON; STEVEN CHALMERS; BEVERLY COUNSIL; RONALD HODGE; JEFF LAMB; STEPHEN MIHAICH; MICHAEL RIPBERGER; LEE RUSS; DNA SECURITY, INC.; RICHARD CLARK; And BRIAN MEEHAN, <br><br> Defendants. | No. 1: 07-CV-739 |

**AMENDED MOTION OF DEFENDANT BRIAN MEEHAN
TO DISMISS REMAINING CLAIMS
AND JOINDER IN BRIEF IN SUPPORT OF
MOTION BY DEFENDANTS DNA SECURITY, INC.
AND RICHARD CLARK TO DISMISS REMAINING CLAIMS**

COMES NOW Defendant Brian Meehan ("Meehan") as one of the DSI Defendants, (Meehan, DNA Security, Inc. ("DSI") and Richard Clark ("Clark")), through counsel and pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c), and respectfully moves the Court to dismiss the remaining claims against him for failure to state a claim upon which relief can be granted and joins in the Brief in Support of Motion

by Defendants DSI and Clark to Dismiss Remaining Claims ("the DSI Defendants' Brief") (D.E. 194).

Following the dismissal by this Court of a number of the claims against the DSI Defendants, there remain several other claims (the "Remaining Claims") premised on allegations that the DSI Defendants concealed "exculpatory evidence." The Fourth Circuit, in ruling on the interlocutory appeals of other defendants[1], issued a mandate which the DSI Defendants now rely on in moving to dismiss the Remaining Claims against them.

To fully understand the impact of the Fourth Circuit's opinion on the Remaining Claims, it is critical to recognize the precise nature of the allegations of fact (as opposed to Plaintiffs' broad characterizations). The Remaining Claims are based on the following hypothesis: when DSI issued its Report which confirmed the absence of any DNA linking the lacrosse players to the evidence in the rape kit – a Report which the lacrosse players heralded in a press conference as confirming their innocence – the DSI Defendants nevertheless were allegedly concealing other evidence that showed that the purported victim had engaged in sexual contact with men other than the lacrosse players. This evidence of sexual contact with persons other than the lacrosse players is what Plaintiffs are referring to in the Second Amended Complaint as concealed "exculpatory evidence."

---

[1] The DSI Defendants did not appeal the District Court's ruling on their motion to dismiss because, unlike the Durham defendants, it was uncertain whether the DSI Defendants had the right to take an interlocutory appeal.

There is no factual dispute that the DSI Report cleared the lacrosse players from any DNA connection with the rape kit evidence, and that everyone, including the Plaintiffs, understood that fact immediately upon release of the Report. It is only the alleged concealment of other DNA evidence concerning the purported victim's other sexual relations that Plaintiffs rely on in asserting that the DSI Defendants violated Plaintiffs' rights.

The Remaining Claims, and the reasons they should now be dismissed, are as follows:

1. <u>Three § 1983 Claims</u>. The Fourth Circuit has held that the independent actions of the District Attorney break any causal link between the alleged wrongs and the alleged injuries related to these claims.

2. <u>One Claim for malicious prosecution</u>. The Fourth Circuit dismissed this claim against one defendant but allowed the claim to proceed against two other defendants. The malicious prosecution claim against Meehan was not before that Court. Applying the analysis utilized by that Court to the allegations as to the DSI Defendants, as well as consideration of a recent North Carolina case clarifying the required causation element involved in this tort, shows that this Claim should be dismissed as against Meehan. Allegedly concealing evidence of the purported victim's unrelated sexual conduct while affirmatively providing direct evidence of the lacrosse players' actual innocence is inconsistent with any rational application of the law of malicious prosecution.

3. <u>One Claim for obstruction of justice</u>. The Fourth Circuit dismissed this claim against other defendants as a matter of law for reasons equally applicable to Meehan.

4. <u>One Claim for negligent supervision</u>. This Claim is premised on establishing one of the foregoing torts. Since there is no underlying liability, this Claim should likewise be dismissed.

After reading and considering each legal argument raised in the DSI Defendants' Brief and in order to avoid burdening the Court with repetitious and duplicative legal memoranda, Meehan adopts by reference the DSI Defendants' Brief pursuant to Rule 10(c), Fed. R. Civ. P. *See also,* 5A C. Wright & A. Miller, *Federal Practice & Procedure* § 1326 (3d ed. 2007).

As such, in support of this Motion, Defendant Meehan joins in the DSI Defendants' Brief filed contemporaneously with this Motion, and the exhibits attached thereto (D.E. 193-1 and D.E. 193-2):

- The April 5, 2006, Order of Judge Ronald Stephens incorporated by reference[2] in the Second Amended Complaint. *See* Exhibit 1 to D.E. 193.

- The May 12, 2006, Report of DSI's Analysis, incorporated by reference[3] in the Second Amended Complaint. *See* Exhibit 2 to D.E. 193.

---

[2] The Second Amended Complaint refers to and relies on this Order. (Second Am. Compl. (Doc. #116), ¶ 202). On a motion to dismiss, the Court may consider documents referred to and integral to the Complaint, without converting the motion to one for summary judgment. *Phillips v. LCL Int'l, Inc.,* 190 F.3d 609, 618 (4th Cir. 1999).

[3] *See, e.g.,* Doc. #116 ¶¶ 230-32, 236-37.

4

For the reasons elaborated therein, Defendant Meehan respectfully requests that all Remaining Claims against him be dismissed.

Respectfully submitted, this the 1st day of March, 2013.

LEWIS & ROBERTS, PLLC

s/James A. Roberts, III
James A. Roberts, III
N.C. State Bar No. 10495
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Telephone: 919-981-0191
Facsimile: 919-981-0199
E-mail: jimroberts@lewis-roberts.com

s/Paul R. Dickinson, Jr.
Paul R. Dickinson, Jr.
N.C. State Bar No. 20510
One Southpark Center
6060 Piedmont Row Drive South, Suite 140
Charlotte, NC 28287
Telephone: 704-347-8990
Facsimile: 704-347-8929
E-mail: pauldickinson@lewis-roberts.com

*Attorneys for Defendant Brian Meehan*

# CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record and to Mr. Linwood Wilson, who is also registered to use the CM/ECF system.

Respectfully submitted,

/s/ Paul R. Dickinson, Jr.
Paul R. Dickinson, Jr.
N.C. State Bar No. 20510
One Southpark Center
6060 Piedmont Row Drive South, Suite 140
Charlotte, NC 28287
Telephone: 704-347-8990
Facsimile: 704-347-8929
E-mail: pauldickinson@lewis-roberts.com

*Attorneys for Defendant Brian Meehan*