DAVID F. EVANS, et al.,

Plaintiffs,

v.

CITY OF DURHAM, N.C., et al.,

Defendants.

Case No. 1:07-CV-739

## PLAINTIFFS' RESPONSE TO DEFENDANT LINWOOD WILSON'S RESUBMISSION OF HIS SECOND MOTION TO DISMISS

Plaintiffs David F. Evans, Collin Finnerty, and Reade Seligmann, by undersigned counsel, hereby respond to Defendant Linwood Wilson's resubmission of his second Motion To Dismiss (Doc. 205, citing Doc. 184). The Court should deny Wilson's motion as to Plaintiffs' malicious prosecution claim (Count 13), for the reasons stated below and in Plaintiffs' opposition to Wilson's second motion to dismiss. *See* Doc. 186.

## BACKGROUND

The Court previously denied Wilson's first motion to dismiss as to Counts 1, 2, 3, 13, and 14 as part of its omnibus ruling on the defendants' motions to dismiss. *See* Doc. 133 at 95. Wilson did not appeal that ruling. However, the City Defendants took an interlocutory appeal of the Court's denial of their immunity claims. (Wilson was an investigator employed by the District Attorney's Office, not a City employee.)

In relevant part, the Fourth Circuit reversed the Court's denial of the motions to dismiss Plaintiffs' § 1983 claims (Counts 1, 2, and 3) against the two City detectives, Gottlieb

1

and Himan. *See* Doc. 182 at 25. The court held that, for purposes of § 1983 liability, Defendant Nifong's decision to seek indictments of Plaintiffs constituted an intervening cause that broke the causal chain between the detectives' improper conduct and the unlawful seizures of Plaintiffs. *Id.* at 22, 24–25. However, the Fourth Circuit affirmed the Court's denials of Gottlieb's and Himan's motions to dismiss Plaintiffs' common law malicious prosecution claim (Count 13), and permitted that claim to proceed against the two City detectives. *Id.* at 39–40. The court also reversed the denial of Himan's and Gottlieb's motions to dismiss Plaintiffs' obstruction of justice claim (Count 14), holding that the claim was not cognizable "against a police officer for his actions relating to a criminal proceeding." *Id.* at 41.

On December 18, 2012, Wilson filed a second motion to dismiss based upon the Fourth Circuit's decision. Doc. 184. On January 11, 2013, Plaintiffs opposed Wilson's motion. Doc. 186. Plaintiffs argued that Wilson's motion was properly held in abeyance pending the Supreme Court's review of Plaintiffs' forthcoming petition for certiorari. *See id.* at 3–4. Moreover, Plaintiffs argued, even if the Fourth Circuit's decision were to stand, it would not result in dismissal of Plaintiffs' malicious prosecution claim against Wilson (Count 13), for the same reasons as the Fourth Circuit allowed that same claim to proceed against the two City detectives, Gottlieb and Himan. Doc. 186 at 3–5. Plaintiffs conceded, however, that if the Fourth Circuit's decision were to stand, it would follow that Counts 1, 2, 3, and 14 should be dismissed against Wilson. *See id.* at 4 n.2.

Plaintiffs subsequently filed a petition for certiorari seeking Supreme Court review of the Fourth Circuit's decision. On October 7, 2013, the Supreme Court denied the petition.

2

In the instant motion, Doc. 205, Wilson "resubmits" his second motion to dismiss, Doc. 184, and asks the Court to dismiss the remaining claims against him based upon the Fourth Circuit's decision and the denial of Plaintiffs' petition for certiorari.

## ARGUMENT

**I. The Denial of Plaintiffs' Petition Does Not Provide a Basis to Dismiss Plaintiffs' Common Law Malicious Prosecution Claim.**

The denial of Plaintiffs' petition for certiorari has no effect upon Plaintiffs' common law malicious prosecution claim (Count 13) against Wilson. Wilson's second motion to dismiss did not explain the basis for his argument as to why Count 13 should be dismissed, other than to refer to his first motion to dismiss and the Fourth Circuit's ruling. *See* Doc. 184 at 4–6. The instant motion merely adds the denial of Plaintiffs' cert petition.

As Plaintiffs previously argued, the Court denied Wilson's initial motion to dismiss as to Count 13, and the Fourth Circuit subsequently affirmed that ruling as to two similarly-situated defendants, Gottlieb and Himan. Doc. 186 at 4 (citing Doc. 133 at 95).[1] Specifically, the Fourth Circuit held that Plaintiffs' allegations that Gottlieb and Himan had concealed material evidence, manufactured false evidence, and intimidated witnesses were sufficient to meet the standard for common law malicious prosecution under North Carolina law. *Id.* (citing Doc. 182 at 39–40). The Fourth Circuit rejected the detectives' argument that Nifong's decision to seek indictments broke the causal chain between their actions and

---

[1] The Fourth Circuit held that Plaintiffs' malicious prosecution claim should be dismissed as to Defendant Addison, the police spokesperson. Doc. 182 at 40. However, the allegations against Wilson allege misconduct in his capacity as the district attorney's investigator and thus are most similar to the allegations against the police detectives, Gottlieb and Himan.

the indictments, holding that a different causation analysis applied to Count 13 and that Plaintiffs satisfied the requirement that the defendants be alleged to have "instituted, procured, or participated in a criminal proceeding." *Id.* (citing Doc. 182 at 39–40).

The denial of Plaintiffs' petition for certiorari does not affect the status of Plaintiffs' malicious prosecution claim as to Wilson in any way. The Amended Complaint alleges that Wilson, like Gottlieb and Himan, affirmatively participated in the efforts to initiate and maintain the prosecution of Plaintiffs without probable cause, including his participation in the concealment of material evidence, the manufacturing of false evidence, and the intimidation of witnesses. *See* Am. Compl., Doc. 26, at ¶¶ 489–492. Plaintiffs allege, for example, that Wilson participated in the efforts to intimidate Reade Seligmann's alibi witness into falsely recanting his corroboration of Seligmann's alibi, *id.* ¶¶ 246–253; that Wilson participated in the efforts to intimidate and discredit the Durham police officer who had stated that Crystal Mangum was not credible and had recanted her initial rape allegation, *id.* ¶ 264; and that Wilson conducted a surreptitious solo "interview" of Mangum, during which he persuaded Mangum to alter her statements to conform to the revelations regarding the lack of Plaintiffs' DNA on the rape kit items and coached Mangum into providing a new "identification" of Plaintiffs after learning that Plaintiffs were moving to suppress the earlier identifications, *id.* ¶¶ 309–314. The Fourth Circuit's decision to allow Plaintiffs' malicious prosecution claim to proceed against Gottlieb and Himan, and the Supreme Court's denial of Plaintiffs' petition for certiorari (which did not seek review of that part of the Fourth Circuit's decision), thus provide no basis for the Court to reconsider its prior denial of

4

Wilson's motion to dismiss this claim. To the contrary, as Plaintiffs previously argued, the Fourth Circuit's decision supports the Court's prior ruling. Doc. 186, at 3–5 .

## II.    The Denial of Plaintiffs' Cert Petition Compels the Dismissal of Counts 1, 2, 3, and 14 Against Wilson.

As a result of the denial of Plaintiffs' petition for certiorari, the Fourth Circuit's decision remains good law. It therefore follows that Counts 1, 2, 3, and 14 should be dismissed against Wilson for the reasons stated in the Fourth Circuit's opinion. Plaintiffs reserve the right to renew these claims against Wilson or any other defendant in the event of a change in applicable law or facts adduced in discovery.[2]

### CONCLUSION

For the foregoing reasons, the Court should deny Wilson's motion to dismiss as to Count 13, alleging malicious prosecution under North Carolina law.

---

[2] Plaintiffs' prior response to Wilson's renewed motion to dismiss also referenced the petition for rehearing *en banc* filed by the plaintiffs in the related *McFadyen* action relating to the state law obstruction of justice claim. *See* Doc. 186 at 3 n.1. The Fourth Circuit denied the petition in January 2013. *See* Doc. 80 in 4th Cir. Case No. 11-1438.

5

Dated:  December 2, 2013              Respectfully submitted,

**WILLIAMS & CONNOLLY LLP**

By:  _____/s/ Christopher N. Manning_____
By:  _____/s/ Charles Davant IV_____
     Brendan V. Sullivan, Jr. (*pro hac vice*)
     Robert M. Cary (*pro hac vice*)
     Christopher N. Manning (*pro hac vice*)
     Charles Davant IV (N.C. Bar #28489)
     725 Twelfth Street, NW
     Washington, DC  20005
     Tel.:     (202) 434-5000
     E-mail:     cdavant@wc.com

*Attorneys for Plaintiffs David F. Evans and*
 *Collin Finnerty*


       -and-


**RUDOLF WIDENHOUSE & FIALKO**


By:  _____/s/ David S. Rudolf_____
     David S. Rudolf (N.C. Bar #8587)
     225 East Worthington Avenue
     Suite 200
     Charlotte, NC  28203
     Tel.:     (704) 333-9945
     E-mail:     dsrudolf@rwf-law.com


**BARRY C. SCHECK, ESQ.**

     Barry C. Scheck*
     Attn: Elizabeth Vaca
     100 Fifth Avenue
     New York, NY  10011
     Tel.:     (212) 364-5390
     E-mail:     bcsinnocence@aol.com

     (* motion for special appearance
      to be filed)

6

**EMERY CELLI BRINCKERHOFF & ABADY LLP**

Richard D. Emery (*pro hac vice*)
Ilann M. Maazel (*pro hac vice*)
75 Rockefeller Plaza, 20th Floor
New York, NY  10019
Tel.:            (212) 763-5000
Fax.:           (212) 763-5001
E-mail:         remery@ecbalaw.com

*Attorneys for Plaintiff Reade Seligmann*

7

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DAVID F. EVANS, et al.,

      Plaintiffs,

         v.

CITY OF DURHAM, N.C., et al.,

      Defendants.

Case No. 1:07CV739

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2013, the foregoing Response to Defendant Linwood Wilson's Resubmission of His Renewed Motion to Dismiss was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties required to be served.

Respectfully submitted,

/s/ Charles Davant IV
Charles Davant IV (N.C. Bar No. 28489)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Tel.:       (202) 434-5000
E-mail:    cdavant@wc.com

*Attorney for Plaintiffs David F. Evans and*
  *Collin Finnerty*