UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

File No. 1:07-CV-739-JAB-WWD

DAVID F. EVANS, COLLIN FINNERTY,                    )
and READE SELIGMANN,                                )
                                                    )
            Plaintiffs,                             )
                                                    )
     vs.                                            )        **ANSWER OF DEFENDANT**
                                                    )        **BENJAMIN HIMAN**
THE CITY OF DURHAM, *et al.*,                       )
      ,                                             )
                                                    )
            Defendants.                             )

---

NOW COMES Defendant Benjamin Himan ("Inv. Himan"), by and through his undersigned attorneys, and answers the Second Amended Complaint as follows:

The response to each paragraph of the Second Amended Complaint is set forth in a correspondingly numbered paragraph. Plaintiffs' Second Amended Complaint also contains unnumbered, descriptive headings, which have not been reproduced. To the extent these unnumbered, descriptive headings are deemed to contain allegations of fact, Inv. Himan denies them.

1.     Paragraph 1 of the Second Amended Complaint contains descriptions of Plaintiffs' case, to which no response is required. Inv. Himan denies the remaining allegations in this paragraph.

2.     Denied.

3.     Denied.

4.    Insofar as the allegations in paragraph 4 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Inv. Himan denies them.

5.    Insofar as the allegations in paragraph 5 of the Second Amended Complaint contain descriptions of Plaintiffs' case and conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Inv. Himan denies them.

6.    Denied for lack of knowledge and information.

7.    Denied for lack of knowledge and information.

8.    Denied for lack of knowledge and information.

9.    Admitted.

10.   Denied for lack of knowledge and information.

11.   Inv. Himan admits that Plaintiffs were members of the Duke men's lacrosse team as of March 13, 2006. Inv. Himan denies the remaining allegations for lack of knowledge and information.

12.   Inv. Himan admits that Evans was a member of the Duke men's lacrosse team. Inv. Himan denies the remaining allegations for lack of knowledge and information.

13.   Inv. Himan admits that Finnerty was a member of the Duke men's lacrosse team. Inv. Himan denies the remaining allegations for lack of knowledge and information.

2

14.	Inv. Himan admits that Seligmann was a member of the Duke men's lacrosse team. Inv. Himan denies the remaining allegations for lack of knowledge and information.

15.	Inv. Himan admits that Michael Nifong was the District Attorney for the 14th Prosecutorial District in North Carolina on March 13, 2006; that on June 16, 2007, Nifong was disbarred by the North Carolina State Bar; that on June 18, 2007, Nifong was suspended from his position as District Attorney; that on July 2, 2007, Nifong tendered his resignation as District Attorney; that on August 31, 2007, Nifong was found guilty of criminal contempt by the Superior Court for Durham County; and that Nifong has been a citizen and resident of North Carolina during all times relevant to this action. Inv. Himan also admits that between March 24, 2006, and January 12, 2007, he and the Durham Police Department worked closely with Nifong during the factual investigation of the allegations regarding the Duke men's lacrosse team and fully disclosed to Nifong all material information discovered during the investigation. Inv. Himan denies the remaining allegations for lack of knowledge and information.

16.	Inv. Himan admits that Linwood Wilson was as investigator employed by the District Attorney for the 14th Prosecutorial District in North Carolina and that Wilson left the employment of the District Attorney's office on or about June 25, 2007. Inv. Himan denies the remaining allegations for lack of knowledge and information.

17.	Inv. Himan admits that the City of Durham is a municipal corporation formed under the laws of North Carolina. Inv. Himan admits on information and belief

3

that the City of Durham has purchased some liability insurance. Inv. Himan denies the remaining allegations for lack of knowledge and information.

18.     Admitted.

19.     Insofar as the allegations in paragraph 19 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Inv. Himan admits that Patrick Baker was the City Manager for the City of Durham, North Carolina and Baker is and has been at all times relevant to this action a citizen and resident of North Carolina. Inv. Himan denies the remaining allegations for lack of knowledge and information.

20.     Insofar as the allegations in paragraph 20 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Inv. Himan admits that Steven Chalmers was the Chief of Police for the Durham Police Department and that Chalmers is a citizen and resident of North Carolina. Inv. Himan denies the remaining allegations for lack of knowledge and information.

21.     Insofar as the allegations contained in paragraph 21 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Inv. Himan admits that Ronald Hodge is and was the Deputy Chief of Police for the Durham Police Department and that Hodge is a citizen and resident of North Carolina. Inv. Himan denies the remaining allegations for lack of knowledge and information.

4

22. Insofar as the allegations in paragraph 22 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Inv. Himan admits that Lee Russ is and was the Executive Officer to the Chief of Police in the Durham Police Department and that Russ is a citizen and resident of North Carolina. Inv. Himan denies the remaining allegations for lack of knowledge and information.

23. Insofar as the allegations in paragraph 23 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Inv. Himan admits that Beverly Council was the Commander of the Uniform Patrol Bureau for the Durham Police Department and that Council is a citizen and resident of North Carolina. Inv. Himan denies the remaining allegations for lack of knowledge and information.

24. Insofar as the allegations in paragraph 24 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Inv. Himan admits that Jeff Lamb was the Commander of the District Two Uniform Patrol of the Durham Police Department and that Lamb is a citizen and resident of North Carolina. Inv. Himan denies the remaining allegations for lack of knowledge and information.

25. Insofar as the allegations in paragraph 25 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Inv. Himan admits that Michael Ripberger

5

was a Lieutenant in the Durham Police Department and that Ripberger is a citizen and resident of North Carolina. Inv. Himan denies the remaining allegations for lack of knowledge and information.

26.    Paragraph 26 of the Second Amended Complaint references to Plaintiffs' own organization of their Second Amended Complaint, to which no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Inv. Himan denies them.

27.    Insofar as the allegations in paragraph 27 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Inv. Himan admits David Addison was a Corporal employed by the Durham Police Department, his duties included acting as the spokesperson for the Durham Police Department, and that Addison is a citizen and resident of North Carolina. Inv. Himan denies the remaining allegations for lack of knowledge and information.

28.    Inv. Himan admits that Mark Gottlieb ("Sgt. Gottlieb") was a sergeant employed by the Durham Police Department and is a citizen and resident of North Carolina. Inv. Himan denies the remaining allegations for lack of knowledge and information.

29.    Inv. Himan admits that he was an investigator employed by the Durham Police Department and was a citizen and resident of North Carolina. Inv. Himan denies the remaining allegations.

6

30.     Inv. Himan admits that DSI is a corporation formed under the laws of North Carolina with its primary place of business in Burlington, North Carolina and that it was retained to provide certain services related to the investigation of Plaintiffs and the Duke men's lacrosse team. Inv. Himan denies the remaining allegations for lack of knowledge and information.

31.     Denied for lack of knowledge and information.

32.     Denied for lack of knowledge and information.

33.     Insofar as the allegations in paragraph 33 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Inv. Himan denies them.

34.     Insofar as the allegations in paragraph 34 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Inv. Himan denies them.

35.     Insofar as the allegations in paragraph 35 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Inv. Himan denies them.

36.     Insofar as the allegations in paragraph 36 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Inv. Himan denies them.

37.     Inv. Himan admits that Kim Pittman and Crystal Mangum were found at the Kroger Grocery Store on Hillsborough Road in Durham in the early morning of

7

March 14, 2006. Inv. Himan admits that Mangum stated in writing on March 22, 2006 that she was occasionally employed Angel's Escort Service. Inv. Himan denies the remaining allegations for lack of knowledge and information.

38.     Inv. Himan admits that David Evans, Daniel Flannery, and Matthew Zash resided at 610 N. Buchanan in March 2006. Inv. Himan admits that the residents hosted a party at their home on March 13-14, 2006 at which some Duke students and lacrosse players were in attendance. Inv. Himan denies the remaining allegations for lack of knowledge and information.

39.     Denied for lack of knowledge and information.

40.     Inv. Himan admits that Mangum and Pittman left 610 N. Buchanan in Pittman's car. The remaining allegations in this paragraph are denied for lack of knowledge and information.

41.     Inv. Himan admits that the Durham Police Department received a 911 call from the Kroger Grocery store on Hillsborough Road in Durham in the early morning of March 14, 2006. Inv. Himan denies the remaining allegations for lack of knowledge and information.

42.     Inv. Himan admits that Shelton was the first to respond to the 911 call, that he prepared a report that provides an account of his recollection of events, and that his report is the best evidence of its contents. Inv. Himan denies the remaining allegations for lack of knowledge and information.

8

43.     Inv. Himan admits that Shelton prepared a report that provides an account of his recollection of events, and that his report is the best evidence of its contents. Inv. Himan denies the remaining allegations for lack of knowledge and information.

44.     Inv. Himan admits that Shelton prepared a report that provides an account of his recollection of events, and that his report is the best evidence of its contents. Inv. Himan denies the remaining allegations for lack of knowledge and information.

45.     Inv. Himan admits that Shelton prepared a report that provides an account of his recollection of events, and that his report is the best evidence of its contents. Inv. Himan denies the remaining allegations for lack of knowledge and information.

46.     Inv. Himan admits that Shelton prepared a report that provides an account of his recollection of events, and that his report is the best evidence of its contents. Inv. Himan denies the remaining allegations for lack of knowledge and information.

47.     Denied lack of knowledge and information.

48.     Admitted.

49.     Inv. Himan incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Inv. Himan admits that at some point after March 14, 2006 he learned of the details included in Shelton's report. Inv. Himan denies the remaining allegations in this paragraph.

50.     Inv. Himan incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Inv. Himan admits that at some point some of the Supervisory Defendants became aware of the details

9

included in Shelton's report. Inv. Himan denies the remaining allegations in this paragraph.

51.     Inv. Himan admits that Shelton prepared a report that provides an account of his recollection of events, and that his report is the best evidence of its contents. Inv. Himan denies the remaining allegations for lack of knowledge and information.

52.     Inv. Himan admits that Shelton prepared a report that provides an account of his recollection of events, and that his report is the best evidence of its contents. Inv. Himan denies the remaining allegations for lack of knowledge and information.

53.     Inv. Himan admits that Shelton prepared a report that provides an account of his recollection of events, and that his report is the best evidence of its contents. Inv. Himan denies the remaining allegations for lack of knowledge and information.

54.     Inv. Himan incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Inv. Himan admits that at some point he became aware of the details included in Shelton's report. Inv. Himan denies the remaining allegations in this paragraph.

55.     Insofar as the allegations in paragraph 55 of the Second Amended Complaint are conclusions of law, no response is required. Inv. Himan incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Inv. Himan admits that at some point some of the Supervisory Defendants became aware of the details included in Shelton's report. Inv. Himan denies the remaining allegations in this paragraph.

10

56.     Denied.

57.     Inv. Himan admits that the record of the investigation of Mangum's allegations includes several witness statements attributed to her that are not fully consistent with one another, and that these statements are themselves the best evidence of their contents. Inv. Himan denies the remaining allegations in this paragraph.

58.     Inv. Himan admits that the record of the investigation of Mangum's allegations includes several witness statements attributed to her that are not fully consistent with one another, and that these statements are themselves the best evidence of their contents. Inv. Himan denies the remaining allegations in this paragraph.

59.     Inv. Himan admits that the record of the investigation of Mangum's allegations includes several witness statements attributed to her that are not fully consistent with one another, and that these statements are themselves the best evidence of their contents. Inv. Himan denies the remaining allegations in this paragraph.

60.     Inv. Himan admits that the statements attributed to Mangum regarding her rape allegations are set forth in the reports from Duke Medical Center and those reports are the best evidence of their contents. Inv. Himan denies the remaining allegations for lack of knowledge and information.

61.     Inv. Himan admits that the statements attributed to Mangum regarding her rape allegations are set forth in the reports from Duke Medical Center and those reports are the best evidence of their contents. Inv. Himan denies the remaining allegations for lack of knowledge and information.

11

62. Inv. Himan admits that the statements attributed to Mangum regarding her rape allegations are set forth in the reports from Duke Medical Center and those reports are the best evidence of their contents. Inv. Himan denies that Mangum's claims were "known to be false" at the time and that Mangum reported rolling over glass. Inv. Himan denies the remaining allegations for lack of knowledge and information.

63. Inv. Himan admits that the statements attributed to Mangum regarding her rape allegations are set forth in the reports from Duke Medical Center and those reports are the best evidence of their contents. Inv. Himan denies the remaining allegations for lack of knowledge and information.

64. Inv. Himan admits that the statements attributed to Mangum regarding her rape allegations are set forth in reports from UNC Hospital and those reports are the best evidence of their contents. Inv. Himan denies the remaining allegations for lack of knowledge and information.

65. Inv. Himan admits that the statements attributed to Mangum regarding her rape allegations are set forth in reports from UNC Hospital and those reports are the best evidence of their contents. Inv. Himan denies the remaining allegations for lack of knowledge and information.

66. Inv. Himan admits that statements attributed to Mangum were recorded in police reports authored by Sutton and Shelton, and those reports are the best evidence of their contents. Inv. Himan denies the remaining allegations for lack of knowledge and information.

67.    Inv. Himan incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Inv. Himan admits that at some point he became aware of the assertions set forth in the record of investigation. Inv. Himan denies the remaining allegations in this paragraph.

68.    Inv. Himan incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Inv. Himan admits that at some point the Supervisory Defendants became aware of assertions set forth in the record of the investigation. Inv. Himan denies the remaining allegations in this paragraph.

69.    Inv. Himan admits that Duke medical personnel performed a forensic medical examination of Mangum and that the reports from that examination speak for themselves. Inv. Himan denies the remaining allegations for lack of knowledge and information.

70.    Inv. Himan admits that Duke medical personnel performed a forensic medical examination of Mangum and that the reports from that examination speak for themselves. Inv. Himan also admits that the North Carolina Attorney General prepared a Summary of Conclusions and that document speaks for itself. Inv. Himan denies the remaining allegations in this paragraph.

71.    Inv. Himan admits that Duke medical personnel performed a forensic medical examination of Mangum and that the reports from that examination speak for themselves. Inv. Himan denies the remaining allegations for lack of knowledge and information.

13

72.     Inv. Himan admits that Duke medical personnel performed a forensic medical examination of Mangum and that the reports from that examination speak for themselves. Inv. Himan denies the remaining allegations for lack of knowledge and information.

73.     Inv. Himan admits that Duke medical personnel performed a forensic medical examination of Mangum and that the reports from that examination speak for themselves. Inv. Himan also admits that Mangum informed members of the Durham Police Department about the incident detailed in this paragraph. Inv. Himan denies the remaining allegations for lack of knowledge and information.

74.     Denied for lack of knowledge and information.

75.     Admitted.

76.     Inv. Himan admits the allegations regarding the results contained in the SBI lab report. Inv. Himan denies the remaining allegations for lack of knowledge and information.

77.     Inv. Himan admits the allegations regarding the results contained in the report reflecting the testing done by DNA Security Inc. Inv. Himan denies the remaining allegations for lack of knowledge and information.

78.     Inv. Himan incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Inv. Himan admits that at some point he became aware of the information within the record of investigation. Investigator denies the remaining allegations in this paragraph.

14

79.     Inv. Himan incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Inv. Himan admits that at some point some of the Supervisory Defendants became aware of the assertions within the record of investigation. Inv. Himan denies the remaining allegations in this paragraph.

80.     Inv. Himan admits that Investigator B. Jones was on call and was assigned the case on March 14, 2006. Inv. Himan denies the remaining allegations in this paragraph.

81.     Inv. Himan admits that the case was transferred to Sgt. Gottlieb. Inv. Himan denies the remaining allegations in this paragraph.

82.     Inv. Himan admits that the house where the party occurred was at 610 N. Buchanan, which is located in Trinity Park. Inv. Himan denies the remaining allegations in this paragraph.

83.     Inv. Himan admits that Sgt. Gottlieb was the Sergeant in charge of the investigation that was related to a party attended by Duke students in Trinity Park. Inv. Himan denies the remaining allegations in this paragraph.

84.     Inv. Himan admits that he was assigned to the investigation, that he had been assigned to the Criminal Investigations Division in January 2006 and that those Durham Police Department supervisors in Inv. Himan's chain of command were aware that he would be working on the case. Inv. Himan denies the remaining allegations in this paragraph.

15

85.     Denied.

86.     Inv. Himan admits that he spoke with Tammy Rose of Angels Escort, that he included notes of that conversation in his Investigator Notes, and that those notes speak for themselves. Inv. Himan denies the remaining allegations for lack of knowledge and information, except to the extent specifically addressed in and consistent with his Investigator Notes.

87.     Inv. Himan admits that he spoke with Pittman on March 20, 2006, that he included notes of that conversation in his Investigator Notes, and that those notes speak for themselves. Inv. Himan admits that Sgt. Gottlieb instructed him to request Pittman to come in to the Durham police station. Inv. Himan denies the remaining allegations in this paragraph.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Admitted.

92.     Inv. Himan admits that Mangum attempted to describe her alleged assailants to him and Sgt. Gottlieb on March 16, 2006, that he took notes during that meeting, that those notes are included in the police record, and that his notes are the best evidence of their contents. Inv. Himan admits that Sgt. Gottlieb's notes of that meeting are set forth in Sgt. Gottlieb's Supplemental Notes, and that those notes are the best evidence of their contents. Inv. Himan denies the remaining allegations for lack of

16

knowledge and information, except to the extent specifically addressed in and consistent with his Investigator Notes and Sgt. Gottlieb's Supplemental Notes.

93. Admitted.

94. Admitted.

95. Admitted.

96. Admitted.

97. Inv. Himan admits that Clayton did not show Mangum a picture of Finnerty during the March Photo Arrays. Inv. Himan denies the remaining allegations for lack of knowledge and information.

98. Inv. Himan admits that Clayton showed Mangum a picture of Brad Ross during the March Photo Arrays and that, according to Clayton's notes, she told him she was 100% confident she had seen Ross at the party at 610 N. Buchanan. Inv. Himan admits upon information and belief that Durham Police later learned Ross did not attend the party.

99. Inv. Himan incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Inv. Himan admits that at some point he became aware of the information within the record of investigation. Inv. Himan denies the remaining allegations in this paragraph.

100. Inv. Himan incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Inv. Himan admits that at some point some of the Supervisory Defendants became aware of information

17

within the record of investigation. Inv. Himan denies the remaining allegations in this paragraph.

101.    Inv. Himan admits that he and Sgt. Gottlieb interviewed Mangum on March 16, 2006, that she provided a written statement on April 6, 2006, and that her statements were not always consistent. Inv. Himan denies the remaining allegations for lack of knowledge and information.

102.    Inv. Himan admits that Mangum was interviewed on March 14 and March 16, 2006, that she provided a written statement on April 6, 2006, and that her statements were not always consistent. Inv. Himan denies the remaining allegations for lack of knowledge and information.

103.    Inv. Himan incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Inv. Himan admits that at some point he became aware of the information within the record of investigation. Inv. Himan denies remaining allegations in this paragraph.

104.    Inv. Himan incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Inv. Himan admits that at some point some of the Supervisory Defendants became aware of the information within the record of investigation. Inv. Himan denies the remaining allegations in this paragraph.

18

105.    Inv. Himan admits that at some point he became aware that Mangum alleged that she had been gang raped by three men in Creedmoor, NC. Inv. Himan denies the remaining allegations for lack of knowledge and information.

106.    Inv. Himan incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Inv. Himan admits that at some point he became aware of the information within the record of investigation. Inv. Himan denies the remaining allegations in this paragraph.

107.    Inv. Himan incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Inv. Himan admits that at some point some of the Supervisory Defendants became aware of the information within the record of investigation. Inv. Himan denies the remaining allegations in this paragraph

108.    Inv. Himan admits that the Durham Police along with Sgt. Gottlieb and himself executed the search warrant on 610 N. Buchanan on March 16, 2006. Inv. Himan admits that Evans and the other two residents of the house, who were lacrosse players, cooperated during the execution of the search warrant. Inv. Himan denies the remaining allegations for lack of knowledge and information.

109.    Inv. Himan admits that on March 16, 2006 the Durham Police executed the search warrant on 610 N. Buchanan, that Evans and Zash denied any attack had occurred and that Daniel Flannery arrived approximately 30 minutes after execution of the search

19

began and offered his cooperation. Inv. Himan denies the remaining allegations for lack of knowledge and information.

110.  Admitted.

111.  Admitted.

112.  Inv. Himan admits that Evans, Zash, and Flannery accompanied police officers to the station house on March 16, 2006, submitted to individual interviews, and were cooperative. Inv. Himan denies the remaining allegations for lack of knowledge and information.

113.  Inv. Himan admits that Evans, Zash, and Flannery provided separate accounts of the events on March 13 and 14 and that all denied that Mangum had been assaulted at any time while at 610 N. Buchanan. Inv. Himan denies the remaining allegations for lack of knowledge and information.

114.  Inv. Himan admits that several hours after arriving at the Durham Police Department station house Evans, Zash, and Flannery agreed to submit to a "Sexual Assault Suspect Kit" at Duke Hospital on March 17, 2006. Inv. Himan admits that at least one of the three offered to take a lie detector test. Inv. Himan denies refusing to give lie detector tests. Inv. Himan denies the remaining allegations for lack of knowledge and information.

115.  Inv. Himan admits that on March 17, 2006 he transported Evans, Zash, and Flannery to Duke Medical Center and while there each of them submitted to a "Sexual

20

Assault Suspect Kit." Inv. Himan denies the remaining allegations for lack of knowledge and information.

116. Denied for lack of knowledge and information.

117. Inv. Himan admits that he returned Evans, Zash, and Flannery to their home at 610 N. Buchanan at approximately 4:05 a.m. on March 17, 2006. Inv. Himan denies the remaining allegations.

118. Inv. Himan incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Inv. Himan admits that at some point he learned of the information within the record of investigation. Inv. Himan denies the remaining allegations in this paragraph.

119. Inv. Himan incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Inv. Himan admits that at some point some of the Supervisory Defendants became aware of the information within the record of investigation. Inv. Himan denies the remaining allegations in this paragraph.

120. Inv. Himan admits that a Non-Testimonial Order was requested on or about March 23, 2010 and that it was directed towards all white members of the Duke men's lacrosse team to provide DNA samples, submit to physical examinations, and be photographed. Inv. Himan admits that Assistant District Attorney Tracy Cline requested the Durham Police Department provide a supporting affidavit and that he did so with

21

approval from Sgt. Gottlieb. Inv. Himan further admits that the application was granted. Inv. Himan denies the remaining allegations in this paragraph.

121.　Admitted.

122.　Admitted.

123.　Inv. Himan incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Inv. Himan admits that at some point he became aware of the information within the record of investigation. Inv. Himan denies the remaining allegations in this paragraph.

124.　Inv. Himan incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Inv. Himan admits that at some point some of the Supervisory Defendants became aware of the allegations within the record of the investigation. Inv. Himan denies the remaining allegations in this paragraph.

125.　Admitted.

126.　Denied for lack of knowledge and information.

127.　Denied for lack of knowledge and information.

128.　Denied for lack of knowledge and information.

129.　Denied for lack of knowledge and information.

130.　Denied for lack of knowledge and information.

131.　Inv. Himan admits that Captain Lamb advised him that District Attorney Nifong would prosecute the case if criminal charges were sought and therefore the

22

Durham Police Department should work cooperatively with Nifong in conducting the investigation. Inv. Himan denies the remaining allegations in this paragraph.

132.    Inv. Himan denies that there was any agreement on the part of the City of Durham, the Durham Police Department, the Supervisory Defendants, or individual police officers that Nifong would direct or help direct the police investigation. Inv. Himan denies the remaining allegations for lack of knowledge and information.

133.    Inv. Himan admits that he and Sgt. Gottlieb were required to report up the specified chain of command of the Durham Police Department regarding the progress of the investigation and that it was and is customary for law enforcement agencies, including the Durham Police Department, to work cooperatively with the District Attorney's office. Inv. Himan denies the remaining allegations in this paragraph.

134.    Inv. Himan admits that the Durham Police Department worked cooperatively with Nifong until Nifong recused himself after the North Carolina Bar had charged him with ethics violations. Inv. Himan denies that Nifong directed the police investigation. Inv. Himan denies the remaining allegations for lack of knowledge and information.

135.    Inv. Himan admits that Nifong assigned Linwood Wilson, an investigator with the District Attorney's Office, to participate in the investigation into Mangum's allegations. Inv. Himan denies the remaining allegations for lack of knowledge and information.

136.    Admitted.

23

137. Inv. Himan admits that in his meeting with Sgt. Gottlieb and Nifong on March 27, 2006 he and Sgt. Gottlieb detailed to Nifong the information they had collected to date regarding Mangum's allegations. Inv. Himan admits that he expressed concerns to Nifong about Mangum's credibility. Inv. Himan denies the remaining allegations.

138. Inv. Himan admits that Nifong made the statement attributed to him. Inv. Himan denies the remaining allegations for lack of knowledge and information.

139. Denied.

140. Denied for lack of knowledge and information.

141. Denied for lack of knowledge and information.

142. Denied for lack of knowledge and information.

143. Denied for lack of knowledge and information.

144. Denied for lack of knowledge and information.

145. Denied for lack of knowledge and information.

146. Inv. Himan admits that Nifong made the statements attributed to him. Inv. Himan denies the remaining allegations for lack of knowledge and information.

147. Denied for lack of knowledge and information.

148. Denied for lack of knowledge and information.

149. Inv. Himan admits that the SBI crime lab prepared a report of its analysis of the evidence gathered from the rape kit, and that report is the best evidence of its

contents. Inv. Himan denies the remaining allegations for lack of knowledge and information.

150. Denied for lack of knowledge and information.

151. Denied for lack of knowledge and information.

152. Insofar as the allegations contained in paragraph 152 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Inv. Himan denies them for lack of knowledge and information.

153. Insofar as the allegations contained in paragraph 153 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Inv. Himan denies them for lack of knowledge and information.

154. Insofar as the allegations contained in paragraph 154 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Inv. Himan denies them for lack of knowledge and information.

155. Insofar as the allegations contained in paragraph 155 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Inv. Himan admits that at some point some of the Supervisory Defendants became aware of information set forth within the record of investigation. Inv. Himan denies the remaining allegations in this paragraph.

25

156. Insofar as the allegations contained in paragraph 156 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Inv. Himan denies them.

157. Admitted.

158. Admitted.

159. Insofar as the allegations contained in paragraph 159 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Inv. Himan denies them for lack of knowledge and information.

160. Insofar as the allegations contained in paragraph 160 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed allegations of fact, Inv. Himan admits that Corporal David Addison was the officer assigned to the Durham Crimestoppers program. Inv. Himan admits that he assisted in the preparation of the Crimestoppers flyers and those flyers are the best evidence of their contents. Inv. Himan denies that he "colluded" with Addison. Inv. Himan denies the remaining allegations, including their subparts, for lack of knowledge and information.

161. Insofar as the allegations contained in paragraph 161 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Inv. Himan denies them.

162. Insofar as the allegations contained in paragraph 162 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Inv. Himan denies them.

163. Insofar as the allegations contained in paragraph 163 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Inv. Himan denies them.

164. Inv. Himan admits he was aware that DNA testing would be very important given the nature of Mangum's allegations. Inv. Himan denies the remaining allegations in this paragraph.

165. Inv. Himan admits that the Application for the Non-Testimonial Order contains the alleged representations. Inv. Himan denies the remaining allegations for lack of knowledge and information.

166. Denied for lack of knowledge and information.

167. Denied for lack of knowledge and information.

168. Admitted upon information and belief.

169. Denied for lack of knowledge and information.

170. Denied for lack of knowledge and information.

171. Denied for lack of knowledge and information.

172. Inv. Himan admits the SBI prepared a report regarding its analysis of items in the rape kit and that report is the best evidence of its contents. Inv. Himan denies the remaining allegations for lack of knowledge and information.

27

173.  Denied for lack of knowledge and information.

174.  Insofar as the allegations contained in paragraph 174 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Inv. Himan admits that at some point some of the Supervisory Defendants became aware of information set forth within the record of investigation. Inv. Himan denies the remaining allegations in this paragraph.

175.  Denied.

176.  Denied.

177.  Inv. Himan admits that Mangum saw the March Photo Arrays as described in this paragraph and did not identify any of her purported assailants. Inv. Himan further admits that Finnerty was not included in the March Photo Arrays and that he was aware of this information after the March Photo Arrays were conducted. Inv. Himan denies the remaining allegations as to him and Sgt. Gottlieb. Inv. Himan denies the remaining allegations in this paragraph.

178.  Inv. Himan admits that Mangum did not identify Evans as one of her assailants in the March Photo Arrays. Inv. Himan denies the remaining allegations in this paragraph.

179.  Inv. Himan admits that he and Sgt. Gottlieb met with Baker, Chalmers, and other senior officials in the City of Durham and the Durham Police Department on March 29, 2006. Inv. Himan denies the remaining allegations.

180.     Inv. Himan admits that he and Sgt. Gottlieb met with Nifong on March 31, 2006 and, at that meeting, discussed showing Mangum the Non-Testimonial Order pictures of all the white Duke men's lacrosse players to determine if Mangum could recall seeing the individuals at the party and what she recalled about them and they agreed that the procedure would be videotaped. Inv. Himan denies the remaining allegations.

181.     Insofar as the allegations contained in paragraph 181 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Inv. Himan denies the remaining allegations for lack of knowledge and information.

182.     Admitted.

183.     Insofar as the allegations contained in paragraph 183 are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Inv. Himan incorporates by reference his responses to earlier allegations regarding Plaintiffs' characterization of the "April Photo Array." Inv. Himan denies the remaining allegations in this paragraph.

184.     Inv. Himan admits that the Durham Police Department implemented General Order No. 4077, which dealt with witness identification procedures and that it was modeled after the non-binding recommendations of the North Carolina Actual Innocence Commission. Inv. Himan denies the remaining allegations for lack of knowledge and information.

185. Inv. Himan admits that the terms of General Order 4077 speak for themselves. Inv. Himan denies the remaining allegations, including subparts, for lack of knowledge and information.

186. Inv. Himan incorporates by reference his responses to earlier allegations regarding Plaintiffs' characterization of the "April Photo Array." Inv. Himan admits that he and Sgt. Gottlieb were involved in the preparation of the April Photo Array, that it was conducted by Sgt. Gottlieb, who was involved with the investigation, that Sgt. Gottlieb knew the identity of Evans, that the array included many of the Duke men's lacrosse players who had been included in the March Photo Array, and that Mangum was informed that the pictures were of people the police believed were at the party at 610 N. Buchanan on the evening of March 13, 2006. Inv. Himan denies that the April Photo Array was governed by General Order 4077. Inv. Himan denies the remaining allegations in this paragraph.

187. Insofar as the allegations contained in paragraph 187 are conclusions of law, no response is required. Inv. Himan admits that those senior to him in the chain of command were informed of and did not object to the manner in which the April Photo Array was conducted. Inv. Himan denies that the April Photo Array was governed by General Order 4077. Inv. Himan denies the remaining allegations in this paragraph.

188. Inv. Himan admits that Sgt. Gottlieb advised Mangum that she would be looking at people the police had reason to believe attended the party during the April 4, 2006 photo identification. Inv. Himan denies the remaining allegations in this paragraph.

30

189.   Denied.

190.   Inv. Himan denies that the quotes in paragraph 190 of the Second Amended Complaint accurately characterize the April 4 identification procedure. Inv. Himan denies the remaining allegations for lack of knowledge and information.

191.   Admitted.

192.   Admitted.

193.   Inv. Himan admits that Mangum made the statements set forth in the transcript of the April 4 identification procedure included in Sgt. Gottlieb's notes and that the transcript of her statements is the best evidence of its contents. Inv. Himan denies the remaining allegations for lack of knowledge and information, except to the extent they are specifically addressed and are consistent with the transcript.

194.   Inv. Himan admits that Mangum made the statements set forth in the transcript of the April 4 identification procedure and that the transcript of her statements is the best evidence of its contents. Inv. Himan denies the remaining allegations for lack of knowledge and information, except to the extent they are specifically addressed and are consistent with the transcript.

195.   Inv. Himan incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Inv. Himan admits that at some point he learned of the information within the record of investigation. Inv. Himan denies the remaining allegations in this paragraph.

31

196. Inv. Himan incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Inv. Himan admits that at some point some of the Supervisory Defendants became aware of the information within the record of investigation. Inv. Himan denies the remaining allegations in this paragraph.

197. Denied.

198. Inv. Himan admits that Soucie prepared notes that provide an account of her recollection of events concerning Nifong and DSI, and that those notes are the best evidence of their contents. Inv. Himan denies the remaining allegations for lack of knowledge and information.

199. Inv. Himan admits that Soucie prepared notes that provide an account of her recollection of events concerning Nifong and DSI, and that those notes are the best evidence of their contents. Inv. Himan denies the remaining allegations for lack of knowledge and information.

200. Inv. Himan admits that Soucie prepared notes that provide an account of her recollection of events concerning Nifong and DSI, and that those notes are the best evidence of their contents. Inv. Himan denies the remaining allegations for lack of knowledge and information.

201. Inv. Himan admits that Soucie prepared notes that provide an account of her recollection of events concerning Nifong and DSI, and that those notes are the best

evidence of their contents. Inv. Himan denies the remaining allegations for lack of knowledge and information.

202. Inv. Himan admits that an Assistant District Attorney sought and obtained an order from Judge Ronald Stephens allowing the transfer of the rape kit items to DSI for Y-chromosome DNA testing. Inv. Himan admits that this request is the best evidence of its contents. Inv. Himan denies the remaining allegations for lack of knowledge and information.

203. Admitted.

204. Inv. Himan admits that the allegations in paragraph 204 of the Second Amended Complaint are consistent with the actions DSI indicates it took in its own records. Inv. Himan denies the remaining allegations for lack of knowledge and information.

205. Inv. Himan admits that the allegations in paragraph 205 of the Second Amended Complaint are consistent with the actions DSI indicates it took in its own records. Inv. Himan denies the remaining allegations for lack of knowledge and information.

206. Inv. Himan admits that the allegations in this paragraph are consistent with the actions DSI indicates it took and the results it received according to its own records. Inv. Himan denies the remaining allegations for lack of knowledge and information.

207. Inv. Himan admits that he and Sgt. Gottlieb were present at an April 10, 2006 meeting among Nifong, Clark, and Meehan at DSI's office in Burlington. Inv.

33

Himan admits that at that meeting Meehan orally reported the results of the analysis conducted by DSI to date. Inv. Himan denies that he or Sgt. Gottlieb "sought the indictments" of any of the Plaintiffs or that they were on notice of Plaintiffs' "actual innocence" when Plaintiffs were indicted. Inv. Himan denies the remaining allegations for lack of knowledge and information.

208. Denied.

209. Denied.

210. Denied.

211. Inv. Himan admits that at some point some of the Supervisory Defendants were aware of the reports produced by DSI and that they allowed the Durham Police to work cooperatively with Nifong during the investigation and allowed Sgt. Gottlieb and himself to continue to participate in the investigation. Inv. Himan denies the remaining allegations in this paragraph.

212. Admitted.

213. Admitted.

214. Denied for lack of knowledge and information.

215. Insofar as the allegations contained in paragraph 215 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Inv. Himan admits that he and Sgt. Gottlieb testified before the grand jury that returned the April 17 Indictments. Pursuant to N.C. Gen. Stat. § 15A-623(e) grand jury proceedings are secret. This statute

34

further prohibits those present during such proceedings from disclosing anything that transpires. This Court has ruled that Inv. Himan is immune from liability for any testimony given to the grand jury. Inv. Himan denies any allegations that he or Sgt. Gottlieb engaged in improper actions or had improper motives or intentions. Inv. Himan denies the remaining allegations for lack of knowledge and information.

216.   Inv. Himan admits that approximately two weeks after the April 17 Indictments, on May 2, 2006, Nifong won the Democratic primary for District Attorney for the 14th Prosecutorial District in North Carolina. Inv. Himan denies the remaining allegations for lack of knowledge and information.

217.   Denied for lack of knowledge and information.

218.   Insofar as the allegations contained in paragraph 215 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Inv. Himan admits that he, Nifong, Sgt. Gottlieb, and some of the Supervisory Defendants were aware of statements attributed to Mangum by Shelton in his police report, which is the best evidence of its contents, and of other statements made by Mangum. Inv. Himan admits that he and Sgt. Gottlieb testified before the grand jury that returned the April 17 Indictments. Pursuant to N.C. Gen. Stat. § 15A-623(e) grand jury proceedings are secret. This statute further prohibits those present during such proceedings from disclosing anything that transpires. Inv. Himan denies any allegations that he or Sgt. Gottlieb engaged in improper actions or

35

had improper motives or intentions. Inv. Himan denies the remaining allegations for lack of knowledge and information.

219. Denied.

220. Inv. Himan admits that he made the statement attributed to him in paragraph 220 of the Second Amended Complaint and that he was concerned that the Durham Police lacked proof that Seligmann had attended the party. Inv. Himan denies the remaining allegations as to him. Inv. Himan denies the remaining allegations in this paragraph.

221. Denied.

222. Denied.

223. Inv. Himan admits that he attended a meeting that took place after the April 17 indictments were returned. Nifong, Gottlieb, Meehan, and Clark also attended the meeting, held at DSI's offices in Burlington. Inv. Himan denies the remaining allegations for lack of knowledge and information.

224. Inv. Himan admits that DSI reported its findings at the meeting, and that this oral report was generally consistent with the written report produced by DSI, which is the best evidence of its contents. Inv. Himan denies the remaining allegations for lack of knowledge and information.

225. Denied.

226. Denied.

36

227. Insofar as the allegations contained in paragraph 227 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Inv. Himan denies them for lack of knowledge and information.

228. Inv. Himan incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Inv. Himan admits that at some point some of the Supervisory Defendants became aware of the information within the record of investigation. Inv. Himan denies the remaining allegations for lack of knowledge and information.

229. Inv. Himan admits that on May 12, 2006 he attended a meeting between Nifong, Meehan, and Clark regarding the results of DSI's testing. Inv. Himan denies the remaining allegations for lack of knowledge and information.

230. Inv. Himan admits that he attended a meeting involving Nifong, Meehan, and Clark regarding the results of DSI's testing. Inv. Himan denies the remaining allegations for lack of knowledge and information.

231. Insofar as the allegations contained in paragraph 231 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Inv. Himan denies the allegations in this paragraph.

232. Insofar as the allegations contained in paragraph 232 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this

paragraph may be deemed to contain allegations of fact, Inv. Himan admits that the May 12 Report speaks for itself. Inv. Himan denies the remaining allegations in this paragraph.

233. Denied for lack of knowledge and information.

234. Insofar as the allegations contained in paragraph 234 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Inv. Himan denies them.

235. Insofar as the allegations contained in paragraph 235 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Inv. Himan denies them for lack of knowledge and information.

236. Denied for lack of knowledge and information.

237. Insofar as the allegations contained in paragraph 237 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Inv. Himan admits that at some point some of the Supervisory Defendants became aware of information set forth within the record of investigation. Inv. Himan denies the remaining allegations in this paragraph.

238. Insofar as the allegations contained in paragraph 238 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Inv. Himan admits that on May 15, 2006 Nifong sought and obtained a grand jury indictment against David Evans for

38

first-degree rape, first-degree sexual offense, and kidnapping. Inv. Himan denies the remaining allegations for lack of knowledge and information.

239. Denied for lack of knowledge and information.

240. Insofar as the allegations contained in paragraph 240 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Inv. Himan admits that he testified before the grand jury that returned the April 17 Indictments. Pursuant to N.C. Gen. Stat. § 15A-623(e) grand jury proceedings are secret. This statute further prohibits those present during such proceedings from disclosing anything that transpires. Inv. Himan denies the remaining allegations. This Court has ruled that Inv. Himan is immune from liability for any testimony given to the grand jury. Inv. Himan denies any allegations that he or Sgt. Gottlieb engaged in improper actions or had improper motives or intentions. Inv. Himan denies the remaining allegations for lack of knowledge and information.

241. Denied.

242. Denied.

243. Denied.

244. Denied.

245. Insofar as the allegations contained in paragraph 245 of the Second Amended Complaint are conclusions of law, no response is required. To the extent such allegations may be deemed allegations of fact, Inv. Himan admits upon information and

39

belief that certain alibi evidence for Reade Seligmann existed that was not available to the Durham Police during the early part of the investigation. Inv. Himan denies the allegations as to himself and Sgt. Gottlieb. Inv. Himan denies the remaining allegations for lack of knowledge and information.

246. Inv. Himan admits that he interviewed Elmostafa and that Elmostafa provided a written statement which is the best evidence of its contents. Inv. Himan denies the remaining allegations.

247. Inv. Himan admits that he briefed Nifong on the substance of his interview with Elmostafa. Inv. Himan denies the remaining allegations for lack of knowledge and information.

248. Inv. Himan admits that he was notified of a valid outstanding warrant for Elmostafa and that the Durham Police were requested to serve it. Inv. Himan denies that service of the warrant was related to the substance of Elmostafa's statement. Inv. Himan denies the remaining allegations as to him. Inv. Himan denies the remaining allegations for lack of knowledge and information.

249. Inv. Himan admits that Wilson contacted him and said that Nifong wanted to know when Elmostafa would be arrested. Inv. Himan admits that his case notes are the best evidence of his response. Inv. Himan denies the remaining allegations for lack of knowledge and information, except to the extent they are specifically addressed and consistent with his case notes.

40

250. Inv. Himan admits that Elmostafa was arrested at his home on May 10, 2006 by Clayton and himself on an outstanding warrant. Inv. Himan denies the remaining allegations.

251. Denied.

252. Denied.

253. Denied for lack of knowledge and information.

254. Inv. Himan incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Inv. Himan admits that at some point some of the Supervisory Defendants became aware of the information within the record of investigation. Inv. Himan denies the remaining allegations in this paragraph.

255. Denied.

256. Inv. Himan admits that he spoke with Pittman, that his report includes a record of her statements and that the report is the best evidence of its contents. Inv. Himan denies the remaining allegations.

257. Inv. Himan admits that Pittman was properly arrested based upon a valid outstanding warrant and that this was done with the knowledge of superior officers within his chain of command. Inv. Himan denies the remaining allegations for lack of knowledge and information.

258. Denied.

259.     Inv. Himan admits that Pittman provided a written statement to police on March 22, 2006, that her statement speaks for itself, and that aspects of it are not consistent with her initial comments to him. Inv. Himan denies the remaining allegations for lack of knowledge and information.

260.     Denied for lack of knowledge and information.

261.     Denied for lack of knowledge and information.

262.     Denied.

263.     Insofar as the allegations contained in paragraph 263 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Inv. Himan admits that on April 13, 2006 he and Sgt. Gottlieb entered dormitories at Duke University, spoke with lacrosse players and had neither sought nor received a warrant. Inv. Himan denies the remaining allegations.

264.     Denied.

265.     Inv. Himan incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Inv. Himan admits that at some point some of the Supervisory Defendants became aware of information within the record of the investigation. Inv. Himan denies the remaining allegations in this paragraph.

266.     Inv. Himan admits that Sgt. Gottlieb prepared and recorded his recollections of the investigation in his Case Supplemental Notes on or about July 14,

42

2006 and that the report included the interview with Mangum on March 16, 2006. Inv. Himan denies the remaining allegations in this paragraph.

267. Denied.

268. Inv. Himan admits that Gottlieb's Case Supplemental Notes included statements made by Mangum and that it is the best evidence of its contents. Inv. Himan denies the remaining allegations.

269. Inv. Himan admits that Gottlieb's Case Supplemental Notes included statements made by Mangum and that it is the best evidence of its contents. Inv. Himan denies the remaining allegations.

270. Inv. Himan admits that the quotations made from his notes and Gottlieb's Case Supplemental Notes set forth their respective recollections of the Mangum interview, and those notes are the best evidence of their contents. Inv. Himan denies the remaining allegations for lack of knowledge and information.

271. Inv. Himan denies the allegations in paragraph 271 of the Second Amended Complaint as to himself and Sgt. Gottlieb. Inv. Himan denies the remaining allegations for lack of knowledge and information.

272. Denied.

273. Denied for lack of knowledge and information.

274. Denied for lack of knowledge and information.

275. Denied for lack of knowledge and information.

43

276.     Insofar as the allegations contained in paragraph 276 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Inv. Himan denies them as to himself, Sgt. Gottlieb, and the City of Durham. Inv. Himan denies the remaining allegations for lack of knowledge and information.

277.     Denied for lack of knowledge and information.

278.     Denied for lack of knowledge and information.

279.     Denied for lack of knowledge and information.

280.     Inv. Himan admits that the July 11, 2007 opinion of the Disciplinary Commission speaks for itself. Inv. Himan denies the remaining allegations for lack of knowledge and information.

281.     Denied for lack of knowledge and information.

282.     Denied for lack of knowledge and information.

283.     Inv. Himan admits that the July 11, 2007 opinion of the Disciplinary Hearing Commission speaks for itself. Inv. Himan denies the remaining allegations for lack of knowledge or information.

284.     Denied for lack of knowledge and information.

285.     Denied for lack of knowledge and information.

286.     Denied for lack of knowledge and information.

287.     Denied for lack of knowledge and information.

288.     Denied for lack of knowledge and information.

44

289. Inv. Himan admits that the July 11, 2007 opinion of the Disciplinary Hearing Commission speaks for itself. Inv. Himan denies the remaining allegations for lack of knowledge or information.

290. Denied for lack of knowledge and information.

291. Inv. Himan denies the allegations as to himself and Sgt. Gottlieb. Inv. Himan denies the remaining allegations for lack of knowledge and information.

292. Inv. Himan admits that the July 11, 2007 opinion of the Disciplinary Hearing Commission speaks for itself. Inv. Himan denies the remaining allegations for lack of knowledge or information.

293. Denied for lack of knowledge and information.

294. Denied for lack of knowledge and information.

295. Denied for lack of knowledge and information.

296. Denied for lack of knowledge and information.

297. Inv. Himan admits that the July 11, 2007 opinion of the Disciplinary Hearing Commission speaks for itself. Inv. Himan denies the remaining allegations for lack of knowledge or information.

298. Denied for lack of knowledge and information.

299. Denied for lack of knowledge and information.

300. Denied for lack of knowledge and information.

301. Insofar as the allegations contained in paragraph 301 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this

45

paragraph may be deemed to contain allegations of fact, Inv. Himan denies them for lack of knowledge and information.

302.  Denied for lack of knowledge and information.

303.  Denied for lack of knowledge and information.

304.  Denied for lack of knowledge and information.

305.  Denied for lack of knowledge and information.

306.  Inv. Himan admits that the July 11, 2007 opinion of the Disciplinary Hearing Commission speaks for itself. Inv. Himan denies the remaining allegations for lack of knowledge or information.

307.  Denied for lack of knowledge and information.

308.  Denied for lack of knowledge and information.

309.  Inv. Himan denies the allegations as to him, Sgt. Gottlieb, and the City of Durham. Inv. Himan denies the remaining allegations for lack of knowledge and information.

310.  Denied for lack of knowledge and information.

311.  Denied for lack of knowledge and information. Wilson was not a member of the Durham Police.

312.  Denied for lack of knowledge and information.

313.  Denied for lack of knowledge and information.

314.  Denied for lack of knowledge and information.

315.    Inv. Himan admits that Nifong dismissed the charge of first degree rape against Plaintiffs. Inv. Himan denies the remaining allegations for lack of knowledge and information.

316.    Denied for lack of knowledge and information.

317.    Inv. Himan admits that on or about January 12, 2007, Nifong recused himself from the prosecution of Plaintiffs and referred their cases to the North Carolina Attorney General. Inv. Himan denies the remaining allegations for lack of knowledge and information.

318.    Denied for lack of knowledge and information.

319.    Admitted.

320.    Inv. Himan admits that the Attorney General's announcement speaks for itself. Inv. Himan denies the remaining allegations for lack of knowledge and information.

321.    Inv. Himan admits that the Summary of Conclusions from the Attorney General speaks for itself. Inv. Himan denies the remaining allegations for lack of knowledge and information.

322.    Inv. Himan admits that the Summary of Conclusions from the Attorney General speaks for itself. Inv. Himan denies the remaining allegations in this paragraph.

323.    Inv. Himan admits that the Summary of Conclusions from the Attorney General speaks for itself. Inv. Himan denies the remaining allegations in this paragraph.

47

324.    Inv. Himan admits that the charges against the Plaintiffs were dismissed on April 11, 2007 and that the Summary of Conclusions from the Attorney General speaks for itself. Inv. Himan denies the remaining allegations in this paragraph.

325.    Inv. Himan admits that the Summary of Conclusions from the Attorney General speaks for itself. Inv. Himan denies the remaining allegations in this paragraph.

326.    Admitted.

327.    Admitted.

328.    Admitted.

## FIRST CAUSE OF ACTION:
## MALICIOUS PROSECUTION AND SEIZURE IN VIOLATION OF
## 42 U.S.C. § 1983

(Against Nifong, Clark, Gottlieb, Himan, Meehan, Wilson, and DSI
in their individual capacities)

329.    Inv. Himan hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 328 as if fully stated herein.

330.    The First Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, admitted.

331.    The First Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

332.    The First Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

333. The First Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, admitted.

334. The First Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

335. The First Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

336. The First Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

337. The First Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

## SECOND CAUSE OF ACTION:
## CONCEALMENT OF EVIDENCE IN VIOLATION OF 42 U.S.C. § 1983

(Against Nifong, Clark, Gottlieb, Himan, Meehan, Wilson, and DSI
in their individual capacities)

338. Inv. Himan hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 337 as if fully stated herein.

339. The Second Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, admitted.

340. The Second Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

341. The Second Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

49

342.    The Second Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

343.    The Second Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

344.    The Second Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

345.    The Second Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

346.    The Second Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

347.    The Second Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

348.    The Second Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

349.    The Second Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

## THIRD CAUSE OF ACTION:
## FABRICATION OF FALSE EVIDENCE IN VIOLATION OF 42 U.S.C. § 1983

(Against Nifong, Clark, Gottlieb, Himan, Meehan, Wilson, and DSI
in their individual capacities)

350.    Inv. Himan hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 349 as if fully stated herein.

50

351. The Third Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, admitted.

352. The Third Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

353. The Third Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

354. The Third Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

355. The Third Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

356. The Third Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

357. The Third Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

358. The Third Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

## FOURTH CAUSE OF ACTION:
## MAKING FALSE PUBLIC STATEMENTS IN VIOLATION OF 42 U.S.C. § 1983

(Against Nifong, Hodge, and Addison in their individual capacities)

359. Inv. Himan hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 358 as if fully stated herein.

51

360.    The Fourth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, admitted.

361.    The Fourth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

362.    The Fourth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

363.    The Fourth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

364.    The Fourth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

365.    The Fourth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

366.    The Fourth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

367. The Fourth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

368. The Fourth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

369. The Fourth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

370. The Fourth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

## FIFTH CAUSE OF ACTION: VIOLATION OF 42 U.S.C. § 1983 (*MONELL V. DEP'T OF SOCIAL SERVS.*, 436 U.S. 658 (1977))

(Against the Supervisory Defendants in their official capacities, Nifong in his official Capacity with respect to Durham Police, and the City of Durham)

371. Inv. Himan hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 370 as if fully stated herein.

372. The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, admitted.

373. The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

374. The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

53

375.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

376.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

377.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

378.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

379.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

380.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

381.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

382.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

383.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

384.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

385.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

386.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

387.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

388.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

389.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

390.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

391.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

392.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

393.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

394.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

395.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

396.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

397.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

398.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

399.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

400.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

401.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

402.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

403.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

404.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

405.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

406.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

407.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

## SIXTH CAUSE OF ACTION:  SUPERVISORY VIOLATIONS OF 42 U.S.C. § 1983
### (*MONELL V. DEP'T OF SOCIAL SERVS.*, 436 U.S. 658 (1977))

(Against the Supervisory Defendants in their official capacities)

408.    Inv. Himan hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 407 as if fully stated herein.

409.    The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, admitted.

410.    The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

411.    The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

412.    The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

413.    The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

57

414.    The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

415.    The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

416.    The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

417.    The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

418.    The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

419.    The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

420.    The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

421.    The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

422.    The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

423.    The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

424.    The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

425.    The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

426.    The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

427.    The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

428.    The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

429.    The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

430.    The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

431.    The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

432.    The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

433.    The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

59

434. The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

435. The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

436. The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

## SEVENTH CAUSE OF ACTION:
## CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1983

(Against Nifong in his individual capacity; Addison, Clark, Gottlieb, Himan, Meehan, Wilson, and DSI in their individual and official capacities; Nifong in his official capacity with respect to Durham Police; and the Supervisory Defendants, in their individual and official capacities)

437. Inv. Himan hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 436 as if fully stated herein.

438. The Seventh Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, admitted.

439. The Seventh Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

440. The Seventh Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

441. The Seventh Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

60

442.   The Seventh Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

443.   The Seventh Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

444.   The Seventh Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

### EIGHTH CAUSE OF ACTION:
### CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1985(2)
### (OBSTRUCTION OF JUSTICE)

(Against Nifong in his individual capacity and in his official capacity with respect to Durham Police; Addison, Clark, Gottlieb, Himan, Meehan, Wilson, the Supervisory Defendants, and DSI in their individual and official capacities; and the City of Durham)

445.   Inv. Himan hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 444 as if fully stated herein.

446.   The Eighth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, admitted.

447.   The Eighth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

448.   The Eighth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

449.   The Eighth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

61

450.	The Eighth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

451.	The Eighth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

452.	The Eighth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

## NINTH CAUSE OF ACTION:
## CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1985(2)
## (WITNESS TAMPERING)

(Against Nifong in his individual capacity and in his official capacity with respect to Durham Police; Gottlieb, Himan, Wilson, and the Supervisory Defendants in their individual and official capacities; and the City of Durham)

453.	Inv. Himan hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 452 as if fully stated herein.

454.	The Ninth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, admitted.

455.	The Ninth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

456.	The Ninth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

457.	The Ninth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

458. The Ninth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

459. The Ninth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

## TENTH CAUSE OF ACTION:
## CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1985(3)

(Against Nifong in his individual capacity and in his official capacity with respect to Durham Police; Addison, Clark, Gottlieb, Himan, Meehan, Wilson, the Supervisory Defendants, and DSI in their individual and official capacities; and the City of Durham)

460. Inv. Himan hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 459 as if fully stated herein.

461. The Tenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, admitted.

462. The Tenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

463. The Tenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

464. The Tenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

465. The Tenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

466.    The Tenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

467.    The Tenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

## ELEVENTH CAUSE OF ACTION:
## CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1986 (DURHAM POLICE)

(Against the Supervisory Defendants in their individual and official capacities and the City of Durham)

468.    Inv. Himan hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 467 as if fully stated herein.

469.    The Eleventh Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, admitted.

470.    The Eleventh Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

471.    The Eleventh Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

472.    The Eleventh Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

473.    The Eleventh Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

474.    The Eleventh Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

475.     The Eleventh Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

476.     The Eleventh Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

## TWELFTH CAUSE OF ACTION:
## CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1986 (DNA SECURITY)

(Against Clerk, Meehan, and DSI in their individual and official capacities)

477.     Inv. Himan hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 476 as if fully stated herein.

478.     The Twelfth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

479.     The Twelfth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

480.     The Twelfth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

481.     The Twelfth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

482.     The Twelfth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

483.   The Twelfth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

484.   The Twelfth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

485.   The Twelfth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

## THIRTEENTH CAUSE OF ACTION:
## MALICIOUS PROSECUTION AND CONSPIRACY

(Against Nifong in his individual capacity; Addison, Clark, Gottlieb, Himan, Meehan, Wilson, and DSI in their individual and official capacities; and Nifong in his official capacity with respect to Durham Police)

486.   Inv. Himan hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 485 as if fully stated herein.

487.   Insofar as the allegations contained in paragraph 487 of the Second Amended Complaint are conclusions of law, no response is required. To the extent such allegations may be deemed allegations of fact, Inv. Himan admits that he was involved in the criminal investigation that preceded the indictments of Plaintiffs. Inv. Himan denies that he or anyone from the Durham Police Department instituted, or had the authority to institute, any criminal proceedings. Inv. Himan denies the remaining allegations for lack of knowledge and information.

488.   Insofar as the allegations contained in paragraph 488 of the Second Amended Complaint are conclusions of law, no response is required. To the extent such

66

allegations may be deemed allegations of fact, Inv. Himan admits that prosecution of Plaintiffs ended on or about April 11, 2007 and was terminated in Plaintiffs' favor. Inv. Himan denies the allegations as to himself and Sgt. Gottlieb. Inv. Himan denies the remaining allegations for lack of knowledge and information.

489. Insofar as the allegations contained in paragraph 489 of the Second Amended Complaint are conclusions of law, no response is required. To the extent such allegations may be deemed allegations of fact, Inv. Himan denies that he or Sgt. Gottlieb engaged in any of the actions described in this paragraph. Inv. Himan denies the remaining allegations for lack of knowledge and information.

490. Insofar as the allegations contained in paragraph 490 of the Second Amended Complaint are conclusions of law, no response is required. To the extent such allegations may be deemed allegations of fact, Inv. Himan denies them as to himself and Sgt. Gottlieb. Inv. Himan denies the remaining allegations for lack of knowledge and information.

491. Insofar as the allegations contained in paragraph 491 of the Second Amended Complaint are conclusions of law, no response is required. To the extent such allegations may be deemed allegations of fact, Inv. Himan denies them as to himself and Sgt. Gottlieb. Inv. Himan denies the remaining allegations for lack of knowledge and information.

492. Insofar as the allegations contained in paragraph 492 of the Second Amended Complaint are conclusions of law, no response is required. To the extent such

67

allegations may be deemed allegations of fact, Inv. Himan denies them as to himself and Sgt. Gottlieb. Inv. Himan denies the remaining allegations for lack of knowledge and information.

493. Insofar as the allegations contained in paragraph 493 of the Second Amended Complaint are conclusions of law, no response is required. To the extent such allegations may be deemed allegations of fact, Inv. Himan denies them as to himself and Sgt. Gottlieb. Inv. Himan denies the remaining allegations for lack of knowledge and information.

494. Insofar as the allegations contained in paragraph 494 of the Second Amended Complaint are conclusions of law, no response is required. To the extent such allegations may be deemed allegations of fact, Inv. Himan denies them as to himself and Sgt. Gottlieb. Inv. Himan denies the remaining allegations for lack of knowledge and information.

495. Insofar as the allegations contained in paragraph 495 of the Second Amended Complaint are conclusions of law, no response is required. To the extent such allegations may be deemed allegations of fact, Inv. Himan denies them as to himself and Sgt. Gottlieb. Inv. Himan denies the remaining allegations for lack of knowledge and information.

496. Insofar as the allegations contained in paragraph 496 of the Second Amended Complaint are conclusions of law, no response is required. To the extent such

allegations may be deemed allegations of fact, Inv. Himan denies them for lack of knowledge and information.

497. Insofar as the allegations contained in paragraph 497 of the Second Amended Complaint are conclusions of law, no response is required. To the extent such allegations may be deemed allegations of fact, Inv. Himan denies them for lack of knowledge and information.

## FOURTEENTH CAUSE OF ACTION:
## OBSTRUCTION OF JUSTICE AND CONSPIRACY

(Against Nifong in his individual capacity; Clark, Gottlieb, Himan, Meehan, Wilson, and DSI in their individual and official capacities; and Nifong in his official capacity with respect to Durham Police)

498. Inv. Himan hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 497 as if fully stated herein.

499. The Fourteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

500. The Fourteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

501. The Fourteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

502. The Fourteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

503.    The Fourteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

504.    The Fourteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

505.    The Fourteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

506.    The Fourteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

507.    The Fourteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

## FIFTEENTH CAUSE OF ACTION:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND CONSPIRACY

(Against Nifong in his individual capacity; Addison, Clark, Gottlieb, Himan, Hodge, Meehan, Wilson, and DSI in their individual and official capacities; and Nifong in his Official capacity with respect to Durham Police)

508.    Inv. Himan hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 507 as if fully stated herein.

509.    The Fifteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

510.    The Fifteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

70

511. The Fifteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

512. The Fifteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

513. The Fifteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

514. The Fifteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

515. The Fifteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

516. The Fifteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

517. The Fifteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

## SIXTEENTH CAUSE OF ACTION: NEGLIGENCE BY DURHAM POLICE

(Against Addison, Gottlieb, Himan, and Hodge in their individual and official capacities, and the City of Durham)

518. Inv. Himan hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 517 as if fully stated herein.

519. The Sixteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

71

520. The Sixteenth Cause of Action has been dismissed and Plaintiffs' allegations are legal conclusions to which no response is needed. To the extent Plaintiffs have alleged factual allegations, denied.

521. The Sixteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

522. The Sixteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

523. The Sixteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

## SEVENTEENTH CAUSE OF ACTION: NEGLIGENT SUPERVISION, HIRING, TRAINING, DISCIPLINE, AND RETENTION BY DURHAM POLICE

(Against the Supervisory Defendants in their individual and official capacities,
and the City of Durham)

524. Inv. Himan hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 523 as if fully stated herein.

525. The Seventeenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

526. The Seventeenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

72

527. The Seventeenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

528. The Seventeenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

529. The Seventeenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

530. The Seventeenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

531. The Seventeenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

532. The Seventeenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

## EIGHTEENTH CAUSE OF ACTION:
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BY DURHAM POLICE

(Against Gottlieb, Himan, and the Supervisory Defendants in their individual and official capacities, and the City of Durham)

73

533. Inv. Himan hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 532 as if fully stated herein.

534. The Eighteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

535. The Eighteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

536. The Eighteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

537. The Eighteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

538. The Eighteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

### NINETEENTH CAUSE OF ACTION:
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BY DURHAM POLICE (DURHAM POLICE STATEMENTS)

(Against Addison and the Supervisory Defendants in their individual and official capacities, and the City of Durham)

539. Inv. Himan hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 538 as if fully stated herein.

540. The Nineteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

74

541. The Nineteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

542. The Nineteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

543. The Nineteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

544. The Nineteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

## TWENTIETH CAUSE OF ACTION:
## NEGLIGENCE BY THE DNA SECURITY DEFENDANTS

(Against Clark and Meehan in their individual and official capacities, and DSI)

545. Inv. Himan hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 544 as if fully stated herein.

546. The Twentieth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

75

547.   The Twentieth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

548.   The Twentieth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

549.   The Twentieth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

550.   The Twentieth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

551.   The Twentieth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

552.   The Twentieth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

553.   The Twentieth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

554.    The Twentieth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

## TWENTY-FIRST CAUSE OF ACTION: NEGLIGENT SUPERVISION, HIRING, TRAINING, DISCIPLINE, AND RETENTION BY THE DNA SECURITY DEFENDANTS

(Against Clark and Meehan in their individual and official capacities, and DSI)

555.    Inv. Himan hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 554 as if fully stated herein.

556.    The Twenty-First Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

557.    The Twenty-First Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

558.    The Twenty-First Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

559.    The Twenty-First Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

560.    The Twenty-First Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

## TWENTY-SECOND CAUSE OF ACTION:
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## BY THE DNA SECURITY DEFENDANTS

(Against Clark and Meehan in their individual and official capacities, and DSI)

561.    Inv. Himan hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 560 as if fully stated herein.

562.    The Twenty-Second Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

563.    The Twenty-Second Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

564.    The Twenty-Second Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

565.    The Twenty-Second Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

566. The Twenty-Second Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

## TWENTY-THIRD CAUSE OF ACTION:
## SECTION 19 OF THE NORTH CAROLINA CONSTITUTION

(Against the City of Durham directly and based on the actions of City employees and agents in their official capacities)

567. Inv. Himan hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 566 as if fully stated herein.

568. Inv. Himan denies the allegations in paragraph 568 of the Second Amended Complaint as to himself, Sgt. Gottlieb and the City of Durham. Inv. Himan denies the remaining allegations for lack of knowledge and information.

569. Inv. Himan denies the allegations in paragraph 569 of the Second Amended Complaint as to himself, Sgt. Gottlieb, and the City of Durham. Inv. Himan denies the remaining allegations for lack of knowledge and information.

570. Insofar as the allegations contained in paragraph 570 of the Second Amended Complaint are conclusions of law, no response is required. To the extent such allegations may be deemed allegations of fact, Inv. Himan denies them for lack of knowledge and information.

571. Paragraph 571 of the Second Amended Complaint contains descriptions of Plaintiffs' case, to which no response is required. To the extent this paragraph may be

79

deemed to contain allegations of fact, Inv. Himan denies them for lack of knowledge and information.

## FIRST DEFENSE

At all times mentioned in the Complaint, Inv. Himan was a public official acting in his role as a police officer for the City of Durham. Inv. Himan therefore has qualified immunity from suit for violation of his civil rights under the U.S. Constitution and 42 U.S.C. §§ 1983, 1985, 1986, and 1988(b) and may not be held liable for the acts alleged in the Second Amended Complaint unless and until Plaintiffs prove that he acted deliberately, in bad faith, and with clear knowledge that the conduct was precluded by the Constitution of the United States.

## SECOND DEFENSE

At all times mentioned in the Complaint, Inv. Himan was a public official acting in his role as a police officer for the City of Durham. As such, Inv. Himan has public official immunity from claims under North Carolina state law and may not be held liable unless and until Plaintiffs prove that he acted outside the scope of official authority or if his conduct was malicious or corrupt.

## THIRD DEFENSE

The Plaintiffs were indicted after a properly convened and conducted grand jury and the indictment was supported by probable cause.

80

## FOURTH DEFENSE

Inv. Himan had an affirmative duty to investigate claims of sexual assault and kidnapping made by anyone within his jurisdiction.

## FIFTH DEFENSE

Plaintiffs' alleged damages, to the degree they were incurred, are the result of intervening and/or superseding acts or omissions of parties over whom Inv. Himan had no control.

## SIXTH DEFENSE

Inv. Himan satisfied any duty he owed Plaintiffs by disclosing all evidence, including exculpatory evidence to the prosecutor, who made an independent decision to seek the indictments of Plaintiffs.

## SEVENTH DEFENSE

Inv. Himan is immune from liability for any alleged injuries arising out of his testimony before the grand jury.

## EIGHTH DEFENSE

Plaintiffs should have taken action to minimize or eliminate damages, and therefore are precluded from recovering them, or their damages are reduced by the operation of the doctrine of avoidable consequences.

## NINTH DEFENSE

Plaintiffs failed to mitigate their alleged damages, the entitlement to which should therefore be denied.

81

## TENTH DEFENSE

N.C. Gen. Stat. § 15A-623(e) provides that grand jury proceedings are secret, and prohibits the disclosure of anything that transpires during such proceedings. Further, Rule 606(b) of the Federal Rules of Evidence and Rule 606(b) of the North Carolina Rules of Evidence prohibit a grand juror from testifying regarding any matter or statement occurring during the course of the grand jury's deliberations, the effect of anything upon any grand juror's vote, or any grand juror's mental processes. Consequently, all allegations in Plaintiffs' Second Amended Complaint, including but not limited to those in paragraphs 215, 217-19, 240, and 241 thereof, relating to testimony or evidence presented, deliberations that occurred, grand jurors' votes or their decision, or anything else that transpired during the grand jury proceedings with respect to which the indictments that are the subject of this action were issued, and any comments from grand jurors regarding any of the foregoing, are incompetent, inadmissible, and should be disregarded, if not stricken.

## ELEVENTH DEFENSE

Inv. Himan is entitled to a set-off or credit in the amount of any settlement or compromise heretofore or hereafter reached by Plaintiffs with any other person for any of their alleged damages.

## TWELFTH DEFENSE

Inv. Himan reserves the right to plead such additional defenses as may become known through research, investigation, discovery, or otherwise

WHEREFORE, Defendant Benjamin Himan demands that:

(1)     Plaintiffs' Second Amended Complaint and all remaining claims be dismissed with prejudice;

(2)     Plaintiffs' Prayer for Relief be denied in every respect;

(3)     Inv. Himan be awarded his costs in connection with this litigation, including reasonable attorneys' fees;

(4)     The Court grant such other and further relief as may be just, proper and equitable; and

(5)     For a trial by jury on all remaining counts

Respectfully submitted this the 17th day of February, 2014

                                        KENNON CRAVER, PLLC

                        By:     /s/ Joel M. Craig
                                North Carolina State Bar No. 9179

                                /s/ Henry W. Sappenfield
                                North Carolina State Bar No. 37419
                                Attorneys for Defendant Benjamin
                                Himan
                                4011 University Drive, Suite 300
                                P.O. Box 51579
                                Durham, NC 27717-1579
                                (919) 490-0500
                                jcraig@kennoncraver.com
                                hsappenfield@kennoncraver.com

83

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that, pursuant to Rule 5 of the Federal Rules of Civil Procedure and LR5.3 and LR5.4, MDNC, the foregoing pleading, motion, affidavit, notice, or other document/paper has been electronically filed with the Clerk of Court using the CM/ECF system, which system will automatically generate and send a Notice of Electronic Filing (NEF) to the undersigned filing user and registered users of record, and that the Court's electronic records show that each party to this action is represented by at least one registered user of record (or that the party is a registered user of record), to each of whom the NEF will be transmitted:

Brendan V. Sullivan, Jr.
Christopher N. Manning
Robert M. Cary
Charles Davant, IV
Williams & Connolly LLP
725 12th St., N.W.
Washington, DC 20005
*Attorneys for Plaintiffs David F.*
  *Evans and Collin Finnerty*

David S. Rudolph
Rudolph Widenhouse & Fialko
312 W. Franklin St.
Chapel Hill, NC 27516

Ilann M. Maazel
Richard D. Emery
Emery Celli Brinckerhoff &
  Abady LLP
75 Rockefeller Plaza, 20th Fl.
New York, NY 10019
*Attorneys for Plaintiff*
  *Reade Seligmann*

Reginald B. Gillespie, Jr.
Wilson & Ratledge, PLLC
4600 Marriott Drive, Ste. 400
Raleigh, NC 27612
*Attorney for Defendant*
  *City of Durham, North Carolina*

Edwin M. Speas, Jr.
Eric P. Stevens
Poyner & Spruill LLP
P.O. Box 10096
Raleigh, NC 27605-0096
*Attorneys for Defendant Mark Gottlieb*

James B. Craven, III
P.O. Box 1366
Durham, NC 27702
*Attorney for Defendant*
  *Michael B. Nifong*

Linwood E. Wilson
6910 Innesbrook Way
Bahama, NC 27503-9700
*Pro Se*

84

This the 17th day of February, 2014.

KENNON CRAVER, PLLC

By:    /s/ Henry W. Sappenfield
       North Carolina State Bar No. 37419
       Attorney for Defendant Benjamin
         Himan
       4011 University Drive, Suite 300
       P.O. Box 51579
       Durham, NC 27717-1579
       (919) 490-0500
       hsappenfield@kennoncraver.com

85