# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA
### DURHAM DIVISION

File No. 1:07-CV-739-JAB-WWD

| | | |
|---|---|---|
| DAVID F. EVANS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **ANSWER OF DEFENDANT** |
| | ) | **MARK GOTTLIEB** |
| THE CITY OF DURHAM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

_____

NOW COMES Defendant Mark Gottlieb ("Sgt. Gottlieb"), by and through his undersigned attorneys, and answers the Second Amended Complaint as follows:

The response to each paragraph of the Second Amended Complaint is set forth in a correspondingly numbered paragraph. Plaintiffs' Second Amended Complaint also contains unnumbered, descriptive headings, which have not been reproduced. To the extent these unnumbered, descriptive headings are deemed to contain allegations of fact, Sgt. Gottlieb denies them.

1.    Paragraph 1 of the Second Amended Complaint contains descriptions of Plaintiffs' case, to which no response is required. Sgt. Gottlieb denies the remaining allegations in this paragraph.

2.    Denied.

3.    Denied.

4.      Insofar as the allegations contained in paragraph 4 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Sgt. Gottlieb denies them.

5.      Insofar as the allegations contained in paragraph 5 of the Second Amended Complaint contains descriptions of Plaintiffs' case or are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Sgt. Gottlieb denies them.

6.      Denied for lack of knowledge and information.

7.      Denied for lack of knowledge and information.

8.      Denied for lack of knowledge and information.

9.      Admitted.

10.     Denied for lack of knowledge and information.

11.     Sgt. Gottlieb admits that Plaintiffs were each members of the Duke men's lacrosse team as of March 13, 2006. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

12.     Sgt. Gottlieb admits that Evans was a member of the Duke men's lacrosse team. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

13.     Sgt. Gottlieb admits that Finnerty was a member of the Duke men's lacrosse team. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

14.     Sgt. Gottlieb admits that Seligmann was a member of the Duke men's lacrosse team. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

15.     Sgt. Gottlieb admits that Michael Nifong was the District Attorney for the 14th Prosecutorial District in North Carolina on March 13, 2006; that on June 16, 2007, Nifong was disbarred by the North Carolina State Bar; that on June 18, 2007, Nifong was suspended from his position as District Attorney; that on July 2, 2007, Nifong tendered his resignation as District Attorney; that on August 31, 2007, Nifong was found guilty of criminal contempt by the Superior Court for Durham County; and that Nifong has been a citizen and resident of North Carolina during all times relevant to this action. Sgt. Gottlieb also admits that between March 24, 2006 to January 12, 2007 he and the Durham Police Department worked closely with Nifong during the factual investigation of the allegations regarding the Duke men's lacrosse team and fully disclosed to Nifong all material information discovered during the course of the investigation. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

16.     Sgt. Gottlieb admits that Linwood Wilson was an investigator employed by the District Attorney for the 14th Prosecutorial District in North Carolina and that Wilson left the employment of the District Attorney's office on or about June 25, 2007. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

17.     Sgt. Gottlieb admits that the City of Durham is a municipal corporation formed under the laws of North Carolina. Sgt. Gottlieb admits on information and belief

3

that the City of Durham has purchased some liability insurance. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

18.     Admitted.

19.     Insofar as the allegations contained in paragraph 19 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Sgt. Gottlieb admits that Patrick Baker was the City Manager for the City of Durham, North Carolina and Baker is and has been at all times relevant to this action a citizen and resident of North Carolina. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

20.     Insofar as the allegations contained in paragraph 20 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Sgt. Gottlieb admits that Steven Chalmers was the Chief of Police for the Durham Police Department and that Chalmers is a citizen and resident of North Carolina. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

21.     Insofar as the allegations contained in paragraph 21 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Sgt. Gottlieb admits that Ronald Hodge is and was the Deputy Chief of Police for the Durham Police Department and that Hodge is a citizen and resident of North Carolina. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

4

22.     Insofar as the allegations contained in paragraph 22 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Sgt. Gottlieb admits that Lee Russ is and was the Executive Officer to the Chief of Police in the Durham Police Department and that Russ is a citizen and resident of North Carolina. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

23.     Insofar as the allegations contained in paragraph 23 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Sgt. Gottlieb admits that Beverly Council was the Commander of the Uniform Patrol Bureau for the Durham Police Department and that Council is a citizen and resident of North Carolina. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

24.     Insofar as the allegations contained in paragraph 24 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Sgt. Gottlieb admits that Jeff Lamb was the Commander of the District Two Uniform Patrol of the Durham Police Department and that Lamb is a citizen and resident of North Carolina. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

25.     Insofar as the allegations contained in paragraph 25 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Sgt. Gottlieb admits that Michael

Ripberger was a Lieutenant in the Durham Police Department and that Ripberger is a citizen and resident of North Carolina. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

26.     Paragraph 26 of the Second Amended Complaint references Plaintiffs' own organization of their Second Amended Complaint, to which no response is required. To the extent a response is required, Sgt. Gottlieb denies the allegations in Paragraph 26.

27.     Insofar as the allegations contained in paragraph 27 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Sgt. Gottlieb admits that David Addison was a Corporal employed by the Durham Police Department, that Addison's duties during times relevant to this action included acting as the spokesperson for the Durham Police Department and that Addison is a citizen and resident of North Carolina. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

28.     Sgt. Gottlieb admits that he was a sergeant employed by the Durham Police Department and is a citizen and resident of North Carolina. Sgt. Gottlieb denies the remaining allegations in this paragraph.

29.     Sgt. Gottlieb admits that Investigator Himan ("Inv. Himan") was an investigator employed by the Durham Police Department and was a citizen and resident of North Carolina. Sgt. Gottlieb denies the remaining allegations in this paragraph.

30.     Sgt. Gottlieb admits that DSI is a corporation formed under the laws of North Carolina with its primary place of business in Burlington, North Carolina and that

it was retained to provide certain services relating to the investigation of Plaintiffs and the Duke men's lacrosse team. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

31.     Denied for lack of knowledge and information.

32.     Denied for lack of knowledge and information.

33.     Insofar as the allegations contained in paragraph 33 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Sgt. Gottlieb denies them.

34.     Insofar as the allegations contained in paragraph 34 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Sgt. Gottlieb denies them.

35.     Insofar as the allegations contained in paragraph 35 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Sgt. Gottlieb denies them.

36.     Insofar as the allegations contained in paragraph 36 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Sgt. Gottlieb denies them.

37.     Sgt. Gottlieb admits that Kim Pittman and Crystal Mangum were found at the Kroger Grocery Store on Hillsborough Road in Durham in the early morning of March 14, 2006. Sgt. Gottlieb admits that Mangum stated in writing on March 22, 2006

that she was occasionally employed by Angel's Escort service. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

38.     Sgt. Gottlieb admits that David Evans, Daniel Flannery, and Matthew Zash resided at 610 N. Buchanan in March 2006. Sgt. Gottlieb admits that the residents hosted a gathering at their home on March 13-14, 2006 at which some Duke students and lacrosse players were in attendance. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

39.     Denied for lack of knowledge and information.

40.     Sgt. Gottlieb admits that Mangum and Pittman left 610 N. Buchanan in Pittman's car. The remaining allegations in this paragraph are denied for lack of knowledge and information.

41.     Sgt. Gottlieb admits that the Durham Police Department received a 911 call from the Kroger Grocery store on Hillsborough Road in Durham in the early morning of March 14, 2006. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

42.     Sgt. Gottlieb admits that Shelton was the first to respond to the 911 call, that he prepared a report that provides an account of his recollection of events, and that report is the best evidence of its contents.  Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

43. Sgt. Gottlieb admits that Shelton prepared a report that provides an account of his recollection of events, and that report is the best evidence of its contents. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

44. Sgt. Gottlieb admits that Shelton prepared a report that provides an account of his recollection of events, and that report is the best evidence of its contents. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

45. Sgt. Gottlieb admits that Shelton prepared a report that provides an account of his recollection of events, and that report is the best evidence of its contents. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

46. Sgt. Gottlieb admits that Shelton prepared a report that provides an account of his recollection of events, and that report is the best evidence of its contents. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

47. Denied for lack of knowledge and information.

48. Admitted.

49. Sgt. Gottlieb incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Sgt. Gottlieb admits that at some point after March 14, 2006 he learned of the details included in Shelton's report. Sgt. Gottlieb denies the remaining allegations in this paragraph.

50. Sgt. Gottlieb incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Sgt. Gottlieb admits that at some point some of the Supervisory Defendants became aware of

9

assertions in Shelton's report. Sgt. Gottlieb denies the remaining allegations in this paragraph.

51.     Sgt. Gottlieb admits that Shelton prepared a report that provides an account of his recollection of events, and that report is the best evidence of its contents.  Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

52.     Sgt. Gottlieb admits that Shelton prepared a report that provides an account of his recollection of events, and that report is the best evidence of its contents.  Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

53.     Sgt. Gottlieb admits that Shelton prepared a report that provides an account of his recollection of events, and that report is the best evidence of its contents.  Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

54.     Sgt. Gottlieb incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Sgt. Gottlieb admits that at some point he became aware of the details included in Shelton's report. Sgt. Gottlieb denies the remaining allegations in this paragraph.

55.     Insofar as the allegations in paragraph 55 of the Second Amended Complaint are conclusions of law, no response is required. Sgt. Gottlieb incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Sgt. Gottlieb admits that at some point some of the Supervisory Defendants became aware of the details included in Shelton's report. Sgt. Gottlieb denies the remaining allegations in this paragraph.

56.     Denied.

57.     Sgt. Gottlieb admits that the record of the investigation of Mangum's allegations includes several witness statements attributed to her that are not fully consistent with one another, and that these statements are themselves the best evidence of their contents. Sgt. Gottlieb denies the remaining allegations in this paragraph.

58.     Sgt. Gottlieb admits that the record of the investigation of Mangum's allegations includes several witness statements attributed to her that are not fully consistent with one another, and that these statements are themselves the best evidence of their contents. Sgt. Gottlieb denies the remaining allegations in this paragraph.

59.     Sgt. Gottlieb admits that the record of the investigation of Mangum's allegations includes several witness statements attributed to her that are not fully consistent with one another, and that these statements are themselves the best evidence of their contents. Sgt. Gottlieb denies the remaining allegations in this paragraph.

60.     Sgt. Gottlieb admits that the statements attributed to Mangum regarding her rape allegations are set forth in the reports from Duke Medical Center and those reports are the best evidence of their contents. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

61.     Sgt. Gottlieb admits that statements attributed to Mangum regarding her rape allegations are set forth in the reports from Duke Medical Center and those reports are the best evidence of their contents. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

11

62.     Sgt. Gottlieb admits that statements attributed to Mangum regarding her rape allegations are set forth in the reports from Duke Medical Center and those reports are the best evidence of their contents. Sgt. Gottlieb denies that, at the time, Mangum's claims were "known to be false" and that she reported rolling over glass. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

63.     Sgt. Gottlieb admits that statements attributed to Mangum regarding her rape allegations are set forth in the reports from Duke Medical Center and those reports are the best evidence of their contents. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

64.     Sgt. Gottlieb admits that statements attributed to Mangum regarding her rape allegations are set forth in reports from UNC Hospital and those reports are the best evidence of their contents. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

65.     Sgt. Gottlieb admits that statements attributed to Mangum regarding her rape allegations are set forth in reports from UNC Hospital and those reports are the best evidence of their contents. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

66.     Sgt. Gottlieb admits that statements attributed to Mangum were recorded in police reports authored by Sutton and Shelton, and those reports are the best evidence of their contents.  Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

67.     Sgt. Gottlieb incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Sgt. Gottlieb admits that at some point he became aware of the assertions set forth in the record of investigation. Sgt. Gottlieb denies the remaining allegations in this paragraph.

68.     Sgt. Gottlieb incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Sgt. Gottlieb admits that at some point the Supervisory Defendants became aware of assertions set forth in the record of the investigation.  Sgt. Gottlieb denies the remaining allegations in this paragraph.

69.     Sgt. Gottlieb admits that Duke medical personnel performed a forensic medical examination of Mangum and that the reports from that examination speak for themselves. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

70.     Sgt. Gottlieb admits that Duke medical personnel performed a forensic medical examination of Mangum and that the reports from that examination speak for themselves. Sgt. Gottlieb also admits that the North Carolina Attorney General prepared a Summary of Conclusions and that document speaks for itself. Sgt. Gottlieb denies the remaining allegations in this paragraph.

71.     Sgt. Gottlieb admits that Duke medical personnel performed a forensic medical examination of Mangum and that the reports from that examination speak for

themselves. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

72.    Sgt. Gottlieb admits that Duke medical personnel performed a forensic medical examination of Mangum and that the reports from that examination speak for themselves. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

73.    Sgt. Gottlieb admits that Duke medical personnel performed a forensic medical examination of Mangum and that the reports from that examination speak for themselves. Sgt. Gottlieb further admits that Mangum informed members of the Durham Police Department about the incident detailed in this paragraph.  Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

74.    Denied for lack of knowledge and information.

75.    Admitted.

76.    Sgt. Gottlieb admits the allegations regarding the results contained in the SBI lab report. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

77.    Sgt. Gottlieb admits the allegations regarding the results contained in the report reflecting the testing done by DNA Security Inc. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

78.    Sgt. Gottlieb incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Sgt. Gottlieb

14

admits that at some point he became aware of information set forth in the record of the investigation. Sgt. Gottlieb denies the remaining allegations in this paragraph.

79.     Sgt. Gottlieb incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Sgt. Gottlieb admits that at some point some of the Supervisory Defendants became aware of assertions set forth in the record of the investigation. Sgt. Gottlieb denies the remaining allegations in this paragraph.

80.     Sgt. Gottlieb admits that Investigator B. Jones was on call and was assigned the case on March 14, 2006. Sgt. Gottlieb denies the remaining allegations in this paragraph.

81.     Sgt. Gottlieb admits that the case was transferred to him. Sgt. Gottlieb denies the remaining allegations in this paragraph.

82.     Sgt. Gottlieb admits that the house where the party occurred was at 610 N. Buchanan, which is located in Trinity Park. Sgt. Gottlieb denies the remaining allegations in this paragraph.

83.     Sgt. Gottlieb admits that he was the Sergeant in charge of the investigation that was related to a party attended by Duke students in Trinity Park. Sgt. Gottlieb denies the remaining allegations in this paragraph.

84.     Sgt. Gottlieb admits that Inv. Himan was assigned to the investigation, that he had been assigned to the Criminal Investigations Division in January 2006 and that those Durham Police Department supervisors in Inv. Himan's chain of command were

15

aware that he would be working on the case. Sgt. Gottlieb denies the remaining allegations in this paragraph.

85.     Denied.

86.     Sgt. Gottlieb admits that Inv. Himan spoke with Tammy Rose of Angels Escort, that he included notes of that conversation in his Investigator Notes, and that those notes speak for themselves. Sgt. Gottlieb denies the remaining allegations in this paragraph for lack of knowledge or information, except to the extent specifically addressed in and consistent with Inv. Himan's Investigator Notes.

87.     Sgt. Gottlieb admits that Inv. Himan spoke with Pittman on March 20, 2006, that he included notes of that conversation in his Investigator Notes, and that those notes speak for themselves. Sgt. Gottlieb admits that he instructed Inv. Himan to request Pittman to come in to the Durham police station. Sgt. Gottlieb denies the remaining allegations in this paragraph.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Admitted.

92.     Sgt. Gottlieb admits that Mangum attempted to describe her alleged assailants to him and Inv. Himan on March 16, 2006, that Inv. Himan took notes during that meeting, that those notes are included in the police record, and that Inv. Himan's notes are the best evidence of their contents. Sgt. Gottlieb further admits that his own

16

recollections of what Mangum told them are set forth in his own Supplemental Notes, and that those notes are the best evidence of their contents. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information, except to the extent specifically addressed in and consistent with Inv. Himan's Investigator Notes and/or Sgt. Gottlieb's Supplemental Notes.

93.    Admitted.

94.    Admitted.

95.    Admitted.

96.    Admitted.

97.    Sgt. Gottlieb admits that Clayton did not show Mangum a picture of Finnerty during the March Photo Arrays. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

98.    Sgt. Gottlieb admits that Clayton showed Mangum a picture of Brad Ross during the March Photo Arrays and that, according to Clayton's notes, she told him she was 100% confident she had seen Ross at the party at 610 N. Buchanan. Sgt. Gottlieb admits on information and belief that Durham Police later learned that Ross did not attend the party.

99.    Sgt. Gottlieb incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Sgt. Gottlieb admits that at some point he became aware of the information within the record of investigation. Sgt. Gottlieb denies the remaining allegations in this paragraph.

17

100.    Sgt. Gottlieb incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Sgt. Gottlieb admits that at some point some of the Supervisory Defendants became aware of information set forth in the record of the investigation. Sgt. Gottlieb denies the remaining allegations in this paragraph.

101.    Sgt. Gottlieb admits that he and Inv. Himan interviewed Mangum on March 16, 2006, that she provided a written statement on April 6, 2006, and that her statements were not always consistent. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

102.    Sgt. Gottlieb admits that Mangum was interviewed on March 14 and March 16, 2006, and that she provided a written statement on April 6, 2006, and that her statements were not always consistent. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

103.    Sgt. Gottlieb incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Sgt. Gottlieb admits that at some point he became aware of the information within the record of investigation. Sgt. Gottlieb denies the remaining allegations in this paragraph.

104.    Sgt. Gottlieb incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Sgt. Gottlieb admits that at some point some of the Supervisory Defendants became aware of

information set forth in the record of the investigation. Sgt. Gottlieb denies the remaining allegations in this paragraph.

105.    Sgt. Gottlieb admits that at some point he became aware that Mangum alleged that she had been gang raped by three men in Creedmoor, NC. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

106.    Sgt. Gottlieb incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Sgt. Gottlieb admits that at some point he became aware of the information within the record of the investigation. Sgt. Gottlieb denies the remaining allegations in this paragraph.

107.    Sgt. Gottlieb incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Sgt. Gottlieb admits that at some point some of the Supervisory Defendants became aware of information within the record of investigation. Sgt. Gottlieb denies the remaining allegations in this paragraph.

108.    Sgt. Gottlieb admits that the Durham Police along with Inv. Himan and himself executed the search warrant on 610 N. Buchanan on March 16, 2006. Sgt. Gottlieb admits that Evans and the other two residents of the house, who were lacrosse players, cooperated during the execution of the search warrant. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

109.    Sgt. Gottlieb admits that on March 16, 2006 the Durham Police executed the search warrant on 610 N. Buchanan, that Evans and Zash denied any attack had

19

occurred and that Daniel Flannery arrived approximately 30 minutes after execution of the search began and offered his cooperation. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

110.   Admitted.

111.   Admitted.

112.   Sgt. Gottlieb admits that Evans, Zash, and Flannery accompanied police officers to the station house on March 16, 2006, submitted to individual interviews, and were cooperative. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

113.   Sgt. Gottlieb admits that Evans, Zash, and Flannery provided separate accounts of the events on March 13 and 14 and that all denied that Mangum had been assaulted at any time while at 610 N. Buchanan. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

114.   Sgt. Gottlieb admits that several hours after arriving at the Durham Police Department station house Evans, Zash, and Flannery agreed to submit to a "Sexual Assault Suspect Kit" at Duke Hospital on March 17, 2006. Sgt. Gottlieb admits that at least one of the three offered to take a lie detector test. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

115.   Sgt. Gottlieb admits that on March 17, 2006 he transported Evans, Zash, and Flannery to Duke Medical Center and while there each of them submitted to a

"Sexual Assault Suspect Kit." Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

116.    Denied for lack of knowledge and information.

117.    Sgt. Gottlieb admits that Inv. Himan returned Evans, Zash, and Flannery to their home at 610 N. Buchanan at approximately 4:05 a.m. on March 17, 2006. Sgt. Gottlieb denies the remaining allegations.

118.    Sgt. Gottlieb incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Sgt. Gottlieb admits that at some point he learned of the information within the record of the investigation. Sgt. Gottlieb denies the remaining allegations in this paragraph.

119.    Sgt. Gottlieb incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Sgt. Gottlieb admits that at some point some of the Supervisory Defendants became aware of the information within the record of the investigation. Sgt. Gottlieb denies the remaining allegations in this paragraph.

120.    Sgt. Gottlieb admits that a Non-Testimonial Order was requested on or about March 23, 2010 that directed all white members of the Duke men's lacrosse team to provide DNA samples, submit to physical examinations, and be photographed. Sgt. Gottlieb admits that Assistant District Attorney Tracy Cline requested the Durham Police Department provide a supporting affidavit and that Inv. Himan did so with approval from

21

Sgt. Gottlieb.  Sgt. Gottlieb further admits that the application was granted. Sgt. Gottlieb denies the remaining allegations in this paragraph.

121.    Admitted.

122.    Admitted.

123.    Sgt. Gottlieb incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Sgt. Gottlieb admits that at some point he became aware of the information within the record of the investigation. Sgt. Gottlieb denies the remaining allegations in this paragraph.

124.    Sgt. Gottlieb incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Sgt. Gottlieb admits that at some point some of the Supervisory Defendants became aware of the allegations within the record of the investigation. Sgt. Gottlieb denies the remaining allegations in this paragraph.

125.    Admitted.

126.    Denied for lack of knowledge and information.

127.    Denied for lack of knowledge and information.

128.    Denied for lack of knowledge and information.

129.    Denied for lack of knowledge and information.

130.    Denied for lack of knowledge and information.

131.    Sgt. Gottlieb admits that Captain Lamb advised him that District Attorney Nifong would prosecute the case if criminal charges were sought and therefore the

22

Durham Police Department should work cooperatively with Nifong in conducting the investigation. Sgt. Gottlieb denies the remaining allegations in this paragraph.

132.    Sgt. Gottlieb denies that there was any agreement on the part of the City of Durham, the Durham Police Department, the Supervisory Defendants, or individual police officers that Nifong would direct or help direct the police investigation. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

133.    Sgt. Gottlieb admits that he and Inv. Himan were required to report up the specified chain of command at the Durham Police Department regarding the progress of the investigation and that it was and is customary for law enforcement agencies, including the Durham Police Department, to work cooperatively with the District Attorney's office. Sgt. Gottlieb denies the remaining allegations in this paragraph.

134.    Sgt. Gottlieb admits that the Durham Police Department worked cooperatively with Nifong until Nifong recused himself after the North Carolina Bar had charged him with ethics violations. Sgt. Gottlieb denies that Nifong directed the police investigation. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

135.    Sgt. Gottlieb admits that Nifong assigned Linwood Wilson, an investigator with the District Attorney's Office, to participate in the investigation into Mangum's allegations. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

136.    Admitted.

137. Sgt. Gottlieb admits that in his meeting with Inv. Himan and Nifong on March 27, 2006 he and Inv. Himan detailed to Nifong the information they had collected to date regarding Mangum's allegations. Sgt. Gottlieb admits that Inv. Himan expressed concerns to Nifong about Mangum's credibility. Sgt. Gottlieb denies the remaining allegations.

138. Sgt. Gottlieb admits that Nifong made the statement attributed to him. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

139. Denied.

140. Denied for lack of knowledge and information.

141. Denied for lack of knowledge and information.

142. Denied for lack of knowledge and information.

143. Denied for lack of knowledge and information.

144. Denied for lack of knowledge and information.

145. Denied for lack of knowledge and information.

146. Sgt. Gottlieb admits that Nifong made the statements attributed to him. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

147. Denied for lack of knowledge and information.

148. Denied for lack of knowledge and information.

149. Sgt. Gottlieb admits that the SBI crime lab prepared a report of its analysis of the evidence gathered from the rape kit, and that report is the best evidence of its

24

contents. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

150.    Denied for lack of knowledge and information.

151.    Denied for lack of knowledge and information.

152.    Insofar as the allegations contained in paragraph 152 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Sgt. Gottlieb denies them for lack of knowledge and information.

153.    Insofar as the allegations contained in paragraph 153 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Sgt. Gottlieb denies them for lack of knowledge and information.

154.    Insofar as the allegations contained in paragraph 154 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Sgt. Gottlieb denies them for lack of knowledge and information.

155.    Insofar as the allegations contained in paragraph 155 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Sgt. Gottlieb admits that at some point some of the Supervisory Defendants became aware of information set forth within

the record of the investigation. Sgt. Gottlieb denies the remaining allegations in this paragraph.

156.    Insofar as the allegations contained in paragraph 156 of Plaintiffs' Second Amended Complaint are conclusions of law, no response is required.  To the extent this paragraph may be deemed to contain allegations of fact, Sgt. Gottlieb denies the allegations in this paragraph.

157.    Admitted.

158.    Admitted.

159.    Insofar as the allegations contained in paragraph 159 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Sgt. Gottlieb denies them for lack of knowledge and information.

160.    Insofar as the allegations contained in paragraph 160 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed allegations of fact, Sgt. Gottlieb admits that Corporal David Addison was the officer responsible for the Durham Crimestoppers program. Sgt. Gottlieb admits that Inv. Himan and Addison prepared Crimestoppers flyers and those flyers are the best evidence of their contents. Sgt. Gottlieb denies that Inv. Himan "colluded" with Addison. Sgt. Gottlieb denies the remaining allegations in this paragraph.

26

161. Insofar as the allegations contained in paragraph 161 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Sgt. Gottlieb denies them.

162. Insofar as the allegations contained in paragraph 162 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Sgt. Gottlieb denies them.

163. Insofar as the allegations contained in paragraph 163 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Sgt. Gottlieb denies them.

164. Sgt. Gottlieb admits he was aware that DNA testing would be very important given the nature of Mangum's allegations. Sgt. Gottlieb denies the remaining allegations in this paragraph.

165. Sgt. Gottlieb admits that the Application for the Non-Testimonial Order contains the alleged representations. Sgt. Gottlieb denies the remaining allegations in paragraph 165 of the Second Amended Complaint for lack of knowledge and information.

166. Denied for lack of knowledge and information.

167. Denied for lack of knowledge and information.

168. Admitted upon information and belief.

169. Denied for lack of knowledge and information.

170. Denied for lack of knowledge and information.

27

171.    Denied for lack of knowledge and information.

172.    Sgt. Gottlieb admits the SBI prepared a report regarding its analysis of items in the rape kit and that report is the best evidence of its contents. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

173.    Denied for lack of knowledge and information.

174.    Insofar as the allegations contained in paragraph 174 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Sgt. Gottlieb admits that at some point some of the Supervisory Defendants became aware of information set forth within the record of the investigation. Sgt. Gottlieb denies the remaining allegations in this paragraph.

175.    Denied.

176.    Denied.

177.    Sgt. Gottlieb admits that Mangum saw the March Photo Arrays as described in this paragraph and did not identify any purported assailants. Sgt. Gottlieb further admits that Finnerty was not included in the March Photo Arrays and that he was aware of this information after the March Photo Arrays were conducted. Sgt. Gottlieb denies the allegations as to himself and Inv. Himan. Sgt. Gottlieb denies the remaining allegations in this paragraph.

178.    Sgt. Gottlieb admits that Mangum did not identify Evans as one of her assailants in the March Photo Arrays. Sgt. Gottlieb denies the remaining allegations in this paragraph.

179.    Sgt. Gottlieb admits that he and Inv. Himan met with Baker, Chalmers, and other senior officials in the City of Durham and the Durham Police Department on March 29, 2006. Sgt. Gottlieb denies the remaining allegations.

180.    Sgt. Gottlieb admits that he and Inv. Himan met with Nifong on March 31, 2006 and, at that meeting, discussed showing Mangum the Non-Testimonial Order pictures of all the white Duke men's lacrosse players to determine if Mangum could recall seeing the individuals at the party and what she recalled about them and they agreed that the procedure would be videotaped. Sgt. Gottlieb denies the remaining allegations.

181.    Insofar as the allegations contained in paragraph 181 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Sgt. Gottlieb denies them.

182.    Admitted.

183.    Insofar as the allegations contained in paragraph 183 are conclusions of law, no response is required.  To the extent this paragraph may be deemed to contain allegations of fact, Sgt. Gottlieb incorporates by reference his responses to earlier paragraphs with regard to Plaintiffs' characterization of the "April Photo Array." Sgt. Gottlieb denies the remaining allegations in this paragraph.

29

184. Sgt. Gottlieb admits that the Durham Police Department implemented General Order No. 4077, which dealt with witness identification procedures and that it was modeled after the non-binding recommendations of the North Carolina Actual Innocence Commission. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

185. Sgt. Gottlieb admits that the terms of General Order 4077 speak for themselves. Sgt. Gottlieb denies the remaining allegations, including subparts, for lack of knowledge and information.

186. Sgt. Gottlieb incorporates by reference his responses to earlier allegations regarding Plaintiffs' characterization of the "April Photo Array." Sgt. Gottlieb admits that he and Inv. Himan were involved in the preparation of the April Photo Array, that it was conducted by him, that he was involved with the investigation, that he knew the identity of Evans, that the array included many of the Duke lacrosse players who had been included in the March Photo Array, and that Mangum was informed that the pictures were of people the police believed were at the party at 610 N. Buchanan on the evening of March 13, 2006. Sgt. Gottlieb denies that the April Photo Array was governed by General Order 4077. Sgt. Gottlieb denies the remaining allegations in this paragraph.

187. Insofar as the allegations contained in paragraph 187 are conclusions of law, no response is required. Sgt. Gottlieb admits that the those senior to him in the chain of command were informed of and did not object to the manner in which the April Photo Array was conducted. Sgt. Gottlieb specifically denies that the April Photo Array was

30

governed by General Order 4077. Sgt. Gottlieb denies the remaining allegations in this paragraph.

188.    Sgt. Gottlieb admits, in connection with the April Photo Array which took place on April 4, 2006, that he advised Mangum she would be looking at people the police had reason to believe attended the party.   Sgt. Gottlieb denies the remaining allegations in this paragraph.

189.    Denied.

190.    Sgt. Gottlieb denies that the quotes in paragraph 190 of the Second Amended Complaint accurately characterize the April Photo Array. Sgt. Gottlieb denies the remaining allegations in this paragraph for lack of knowledge and information.

191.    Admitted.

192.    Admitted.

193.    Sgt. Gottlieb admits that Mangum made the statements set forth in the transcript of the April 4 identification procedure included in his notes and that the transcript of her statements is the best evidence of its contents. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information, except to the extent specifically addressed in and consistent with the transcript.

194.    Sgt. Gottlieb admits that Mangum made the statements set forth in the transcript of the April 4 identification procedure and that the transcript of her statements is the best evidence of its contents. Sgt. Gottlieb denies the remaining allegations,

31

including subparts, for lack of knowledge and information, except to the extent specifically addressed in and consistent with the transcript.

195. Sgt. Gottlieb incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Sgt. Gottlieb admits that at some point he learned of the information within the record of investigation. Sgt. Gottlieb denies the remaining allegations in this paragraph.

196. Sgt. Gottlieb incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Sgt. Gottlieb admits that at some point some of the Supervisory Defendants became aware of information set forth within the record of investigation. Sgt. Gottlieb denies the remaining allegations in this paragraph.

197. Denied.

198. Sgt. Gottlieb admits that Soucie prepared notes that provide an account of her recollection of events concerning Nifong and DSI, and those notes are the best evidence of their contents. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

199. Sgt. Gottlieb admits that Soucie prepared notes that provide an account of her recollection of events concerning Nifong and DSI, and those notes are the best evidence of their contents. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

200. Sgt. Gottlieb admits that Soucie prepared notes that provide an account of her recollection of events concerning Nifong and DSI, and those notes are the best evidence of their contents.

201. Sgt. Gottlieb admits that Soucie prepared notes that provide an account of her recollection of events concerning Nifong and DSI, and those notes are the best evidence of their contents. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

202. Sgt. Gottlieb admits that an Assistant District Attorney sought and obtained an order from Judge Ronald Stephens allowing the transfer of the rape kit items to DSI for Y-chromosome DNA testing. Sgt. Gottlieb admits that this request is the best evidence of its contents. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

203. Admitted.

204. Sgt. Gottlieb admits that the allegations in paragraph 204 of the Second Amended Complaint are consistent with the actions DSI indicates it took in its own records. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

205. Sgt. Gottlieb admits that the allegations in paragraph 205 of the Second Amended Complaint are consistent with the actions DSI indicates it took in its own records. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

206.   Sgt. Gottlieb admits that the allegations in this paragraph are consistent with the actions DSI indicates it took and the results it received according to its own records. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

207.   Sgt. Gottlieb admits that he and Inv. Himan were present at an April 10, 2006 meeting among Nifong, Clark, and Meehan at DSI's office in Burlington. Sgt. Gottlieb admits that at that meeting Meehan orally reported the results of the analysis conducted by DSI to date. Sgt. Gottlieb denies that he or Inv. Himan "sought the indictments" of any of the Plaintiffs or that they were on notice of Plaintiffs' "actual innocence" when Plaintiffs were indicted.  Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

208.   Denied.

209.   Denied.

210.    Denied.

211.    Sgt. Gottlieb admits that at some point some of the Supervisory Defendants were aware of the reports produced by DSI and that they allowed the Durham Police to work cooperatively with Nifong during the investigation and allowed Inv. Himan and himself to continue to participate in the investigation. Sgt. Gottlieb denies the remaining allegations in this paragraph.

212.   Admitted.

213.   Admitted.

214.    Denied for lack of knowledge and information.

215.    Insofar as the allegations contained in paragraph 215 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Sgt. Gottlieb admits that he and Inv. Himan testified before the grand jury that returned the April 17 Indictments. Pursuant to N.C. Gen. Stat. § 15A-623(e) grand jury proceedings are secret. This statute further prohibits those present during such proceedings from disclosing anything that transpires. This Court has ruled that Sgt. Gottlieb is immune from liability for any testimony given to the grand jury. Sgt. Gottlieb denies any allegations that he or Inv. Himan engaged in improper actions or had improper motives or intentions. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

216.    Sgt. Gottlieb admits that approximately two weeks after the April 17 Indictments, on May 2, 2006, Nifong won the Democratic primary for District Attorney for the 14th Prosecutorial District in North Carolina. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

217.    Denied for lack of knowledge and information.

218.    Sgt. Gottlieb admits that he, Nifong, Inv. Himan, and some of the Supervisory Defendants were aware of statements attributed to Mangum by Shelton in his police report, which is the best evidence of its contents, and of other statements made by Mangum. Sgt. Gottlieb admits that he and Inv. Himan testified before the grand jury that returned the April 17 Indictments. Pursuant to N.C. Gen. Stat. § 15A-623(e) grand jury

35

proceedings are secret. This statute further prohibits those present during such proceedings from disclosing anything that transpires. Sgt. Gottlieb denies that he made any agreement not to provide information about prior statements made by Mangum to the grand jury. Sgt. Gottlieb denies the remaining allegations as to himself and Inv. Himan. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

219.   Denied.

220.   Sgt. Gottlieb admits that Inv. Himan made the statement attributed to him in paragraph 220 of the Second Amended Complaint and that Inv. Himan was concerned that the Durham Police lacked proof that Seligmann had attended the party.  Sgt. Gottlieb denies the remaining allegations in this paragraph.

221.   Denied.

222.   Denied.

223.   Sgt. Gottlieb admits that a meeting took place after the April 17 indictments were returned. Nifong, Gottlieb, Meehan, and Clark also attended the meeting, held at DSI's offices in Burlington. Sgt. Gottlieb denies the remaining allegations in this paragraph for lack of knowledge or information.

224.   Sgt. Gottlieb admits that DSI reported its findings at the meeting, and that this oral report was generally consistent with the written report produced by DSI, which is the best evidence of its contents. Sgt. Gottlieb denies the remaining allegations in this paragraph for lack of knowledge or information.

225.   Denied.

36

226.    Denied.

227.    Insofar as the allegations contained in paragraph 227 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Sgt. Gottlieb denies them for lack of knowledge and information.

228.    Sgt. Gottlieb incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Sgt. Gottlieb admits that at some point some of the Supervisory Defendants became aware of information set forth within the record of the investigation. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

229.    Sgt. Gottlieb admits upon information and belief that Inv. Himan attended a meeting involving Nifong, Meehan, and Clark regarding the results of DSI's testing. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

230.    Denied for lack of knowledge and information.

231.    Insofar as the allegations contained in paragraph 231 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Sgt. Gottlieb denies the allegations in this paragraph.

232.    Insofar as the allegations contained in paragraph 232 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Sgt. Gottlieb admits that the May

37

12 Report speaks for itself. Sgt. Gottlieb denies the remaining allegations in this paragraph.

233. Denied for lack of knowledge and information.

234. Insofar as the allegations contained in paragraph 234 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Sgt. Gottlieb denies the remaining allegations in this paragraph.

235. Insofar as the allegations contained in paragraph 235 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Sgt. Gottlieb denies them for lack of knowledge and information.

236. Denied for lack of knowledge and information.

237. Insofar as the allegations contained in paragraph 237 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Sgt. Gottlieb admits that at some point some of the Supervisory Defendants became aware of information set forth within the record of the investigation. Sgt. Gottlieb denies the remaining allegations in this paragraph.

238. Insofar as the allegations contained in paragraph 238 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Sgt. Gottlieb admits that on May

38

15, 2006 Nifong sought and obtained a grand jury indictment against David Evans for first-degree rape, first-degree sexual offense, and kidnapping. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

239.    Denied for lack of knowledge and information.

240.    Insofar as the allegations contained in paragraph 240 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Sgt. Gottlieb admits that Inv. Himan testified before the grand jury that returned the May 15 Indictments. Pursuant to N.C. Gen. Stat. § 15A-623(e) grand jury proceedings are secret. This statute further prohibits those present during such proceedings from disclosing anything that transpires. Sgt. Gottlieb denies the remaining allegations in this paragraph, including but not limited to allegations that Sgt. Gottlieb or Inv. Himan engaged in improper actions or had improper motives or intentions . This Court has ruled that Sgt. Gottlieb is immune from liability for any testimony given to the grand jury.

241.    Denied.

242.    Denied.

243.    Denied.

244.    Denied.

245.    Insofar as the allegations contained in paragraph 245 of the Second Amended Complaint are conclusions of law, no response is required. To the extent such allegations may be deemed allegations of fact, Sgt. Gottlieb admits upon information and

39

belief that certain alibi evidence for Reade Seligmann existed that was not available to the Durham Police during the early part of their investigation. Sgt. Gottlieb denies the allegations as to himself and Inv. Himan. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

246.   Sgt. Gottlieb admits that Inv. Himan interviewed Elmostafa and that Elmostafa provided a written statement which is the best evidence of its contents. Sgt. Gottlieb denies the remaining allegations.

247.   Sgt. Gottlieb admits that Inv. Himan briefed Nifong on the substance of his interview with Elmostafa. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

248.   Sgt. Gottlieb admits that he was notified of a valid outstanding warrant for Elmostafa and that the Durham Police were requested to serve it. Sgt. Gottlieb denies that service of the warrant was related to the substance of Elmostafa's statement. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

249.   Sgt. Gottlieb admits upon information and belief that Wilson contacted Inv. Himan and said that Nifong wanted to know when Elmostafa would be arrested. Sgt. Gottlieb admits that Inv. Himan's case notes are the best evidence of his response. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information, except to the extent specifically addressed in and consistent with Inv. Himan's notes.

250. Sgt. Gottlieb admits that Elmostafa was arrested at his home on May 10, 2006 by Inv. Himan and Clayton on an outstanding warrant. Sgt. Gottlieb denies the remaining allegations.

251. Denied.

252. Denied.

253. Denied for lack of knowledge and information.

254. Sgt. Gottlieb incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Sgt. Gottlieb admits that at some point some of the Supervisory Defendants became aware of information set forth in the record of the investigation. Sgt. Gottlieb denies the remaining allegations contained in this paragraph.

255. Denied.

256. Sgt. Gottlieb admits that Inv. Himan spoke with Pittman, that Inv. Himan's report includes a record of her statements, and that the report is the best evidence of its contents. Sgt. Gottlieb denies the remaining allegations.

257. Sgt. Gottlieb admits that Pittman was properly arrested upon a valid outstanding search warrant and that this action was taken with the knowledge of superior officers within his chain of command. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

258. Denied.

259. Sgt. Gottlieb admits that Pittman provided a written statement to police on March 22, 2006, that her statement speaks for itself, and that aspects of it are not consistent with her initial comments to Inv. Himan. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

260. Denied for lack of knowledge and information.

261. Denied for lack of knowledge and information.

262. Denied.

263. Insofar as the allegations contained in paragraph 263 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Sgt. Gottlieb admits that on April 13, 2006 he and Inv. Himan entered dormitories at Duke University, spoke with lacrosse players and had neither sought nor received a warrant. Sgt. Gottlieb denies the remaining allegations.

264. Denied.

265. Sgt. Gottlieb incorporates by reference his response to earlier paragraphs to the extent this paragraph refers to "facts" alleged in those paragraphs. Sgt. Gottlieb admits that at some point some of the Supervisory Defendants became aware of information within the record of the investigation. Sgt. Gottlieb denies the remaining allegations in this paragraph.

266. Sgt. Gottlieb admits that he prepared and recorded his recollections of the investigation in his Case Supplemental Notes on or about July 14, 2006 and that the

report included the interview with Mangum on March 16, 2006. Sgt. Gottlieb denies the remaining allegations in this paragraph.

267.    Denied.

268.    Sgt. Gottlieb admits that Gottlieb's Case Supplemental Notes included statements made by Mangum and that it is the best evidence of its contents. Sgt. Gottlieb denies the remaining allegations.

269.    Sgt. Gottlieb admits that Gottlieb's Case Supplemental Notes included statements made by Mangum and that it is the best evidence of its contents. Sgt. Gottlieb denies the remaining allegations.

270.    Sgt. Gottlieb admits that the quotations made from Inv. Himan's notes and his Supplemental Notes set forth their respective recollections of the Mangum interview, and those notes are the best evidence of their contents. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

271.    Denied. Sgt. Gottlieb denies the allegations in paragraph 271 of the Second Amended Complaint as to himself and Inv. Himan. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

272.    Denied.

273.    Denied as to Sgt. Gottlieb; otherwise denied for lack of knowledge and information.

274.    Denied as to Sgt. Gottlieb; otherwise denied for lack of knowledge and information.

275.    Denied as to Sgt. Gottlieb; otherwise denied for lack of knowledge and information.

276.    Insofar as the allegations contained in paragraph 276 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Sgt. Gottlieb denies them as to himself, Inv. Himan, and the City of Durham. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

277.    Denied for lack of knowledge and information.

278.    Denied for lack of knowledge and information.

279.    Denied for lack of knowledge and information.

280.    Sgt. Gottlieb admits that the July 11, 2007 opinion of the Disciplinary Commission speaks for itself. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

281.    Denied for lack of knowledge or information.

282.    Denied for lack of knowledge or information.

283.    Sgt. Gottlieb admits that the July 11, 2007 opinion of the Disciplinary Hearing Commission speaks for itself. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

284.    Denied for lack of knowledge and information.

285.    Denied for lack of knowledge and information.

286.    Denied for lack of knowledge and information.

44

287. Denied for lack of knowledge and information.

288. Denied for lack of knowledge and information.

289. Sgt. Gottlieb admits that the July 11, 2007 opinion of the Disciplinary Hearing Commission speaks for itself. Sgt. Gottlieb denies the remaining allegations for lack of knowledge or information.

290. Denied for lack of knowledge and information.

291. Sgt. Gottlieb denies the allegations as to himself and Inv. Himan. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

292. Sgt. Gottlieb admits that the July 11, 2007 opinion of the Disciplinary Hearing Commission speaks for itself. Sgt. Gottlieb denies the remaining allegations for lack of knowledge or information.

293. Denied for lack of knowledge and information.

294. Denied for lack of knowledge and information.

295. Denied for lack of knowledge and information.

296. Denied for lack of knowledge and information.

297. Sgt. Gottlieb admits that the July 11, 2007 opinion of the Disciplinary Commission speaks for itself. Sgt. Gottlieb denies the remaining allegations for lack of knowledge or information.

298. Denied for lack of knowledge and information.

299. Denied for lack of knowledge and information.

300. Denied for lack of knowledge and information.

45

301. Insofar as the allegations contained in paragraph 301 of the Second Amended Complaint are conclusions of law, no response is required. To the extent this paragraph may be deemed to contain allegations of fact, Sgt. Gottlieb denies them for lack of knowledge and information.

302. Denied for lack of knowledge and information.

303. Denied for lack of knowledge and information.

304. Denied for lack of knowledge and information.

305. Denied for lack of knowledge and information.

306. Sgt. Gottlieb admits that the July 11, 2007 opinion of the Disciplinary Commission speaks for itself. Sgt. Gottlieb denies the remaining allegations for lack of knowledge or information.

307. Denied for lack of knowledge and information.

308. Denied for lack of knowledge and information.

309. Sgt. Gottlieb denies the allegations as to him, Inv. Himan, and the City of Durham. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

310. Denied for lack of knowledge and information.

311. Denied for lack of knowledge and information. Wilson was not a member of the Durham Police.

312. Denied for lack of knowledge and information.

313. Denied for lack of knowledge and information.

46

314.  Denied for lack of knowledge and information.

315.  Sgt. Gottlieb admits that Nifong dismissed the charge of first degree rape against Plaintiffs. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

316.  Denied for lack of knowledge and information.

317.  Sgt. Gottlieb admits that on or about January 12, 2007, Nifong recused himself from the prosecution of Plaintiffs and referred their cases to the North Carolina Attorney General. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

318.  Denied for lack of knowledge and information.

319.  Admitted.

320.  Sgt. Gottlieb admits that the Attorney General's announcement speaks for itself. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

321.  Sgt. Gottlieb admits that the Summary of Conclusions from the Attorney General speaks for itself. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

322.  Sgt. Gottlieb admits that the Summary of Conclusions from the Attorney General speaks for itself. Sgt. Gottlieb denies any remaining allegations in this paragraph.

323.   Sgt. Gottlieb admits that the Summary of Conclusions from the Attorney General speaks for itself.  Sgt. Gottlieb denies any remaining allegations in this paragraph.

324.   Sgt. Gottlieb admits that the charges against the Plaintiffs were dismissed on April 11, 2007 and that the Summary of Conclusions from the Attorney General speaks for itself. Sgt. Gottlieb denies any remaining allegations in this paragraph.

325.   Sgt. Gottlieb admits that the Summary of Conclusions from the Attorney General speaks for itself. Sgt. Gottlieb denies any remaining allegations in this paragraph.

326.   Admitted.

327.   Admitted.

328.   Admitted.

## FIRST CAUSE OF ACTION:
## MALICIOUS PROSECUTION AND SEIZURE IN VIOLATION OF
## 42 U.S.C. § 1983

(Against Nifong, Clark, Gottlieb, Himan, Meehan, Wilson, and DSI
in their individual capacities)

329.   Sgt. Gottlieb hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 328 as if fully stated herein.

330.   The First Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, admitted.

331.   The First Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

48

332.    The First Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

333.    The First Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, admitted.

334.    The First Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

335.    The First Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

336.    The First Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

337.    The First Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

## SECOND CAUSE OF ACTION:
## CONCEALMENT OF EVIDENCE IN VIOLATION OF 42 U.S.C. § 1983

(Against Nifong, Clark, Gottlieb, Himan, Meehan, Wilson, and DSI
in their individual capacities)

338.    Sgt. Gottlieb hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 337 as if fully stated herein.

339.    The Second Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, admitted.

340.    The Second Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

49

341.    The Second Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

342.    The Second Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

343.    The Second Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

344.    The Second Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

345.    The Second Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

346.    The Second Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

347.    The Second Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

348.    The Second Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

349.    The Second Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

**THIRD CAUSE OF ACTION:**
**FABRICATION OF FALSE EVIDENCE IN VIOLATION OF 42 U.S.C. § 1983**

(Against Nifong, Clark, Gottlieb, Himan, Meehan, Wilson, and DSI
in their individual capacities)

350.    Sgt. Gottlieb hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 349 as if fully stated herein.

351.    The Third Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, admitted.

352.    The Third Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

353.    The Third Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

354.    The Third Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

355.    The Third Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

356.    The Third Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

357.    The Third Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

358.    The Third Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

51

**FOURTH CAUSE OF ACTION:**
**MAKING FALSE PUBLIC STATEMENTS IN VIOLATION OF 42 U.S.C. § 1983**

(Against Nifong, Hodge, and Addison in their individual capacities)

359.    Sgt. Gottlieb hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 358 as if fully stated herein.

360.    The Fourth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, admitted.

361.    The Fourth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

362.    The Fourth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

363.    The Fourth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

364.    The Fourth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

365.    The Fourth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

366.    The Fourth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

367.    The Fourth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

368.    The Fourth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

369.    The Fourth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

370.    The Fourth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

### FIFTH CAUSE OF ACTION:  VIOLATION OF 42 U.S.C. § 1983
### (*MONELL v. DEP'T OF SOCIAL SERVS.*, 436 U.S. 658 (1977))

(Against the Supervisory Defendants in their official capacities, Nifong in his official Capacity with respect to Durham Police, and the City of Durham)

371.    Sgt. Gottlieb hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 370 as if fully stated herein.

53

372.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, admitted.

373.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

374.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

375.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

376.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

377.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

378.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

379.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

380.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

381.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

382. The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

383. The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

384. The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

385. The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

386. The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

387. The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

388. The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

389. The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

390. The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

391. The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

392.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

393.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

394.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

395.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

396.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

397.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

398.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

399.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

400.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

401.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

402.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

403.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

404.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

405.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

406.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

407.    The Fifth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

## SIXTH CAUSE OF ACTION:  SUPERVISORY VIOLATIONS OF 42 U.S.C. § 1983
### (*MONELL v. DEP'T OF SOCIAL SERVS.*, 436 U.S. 658 (1977))

(Against the Supervisory Defendants in their official capacities)

408.    Sgt. Gottlieb hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 407 as if fully stated herein.

409.    The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, admitted.

410.    The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

57

411.    The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

412.    The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

413.    The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

414.    The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

415.    The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

416.    The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

417.    The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

418.    The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

419.    The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

420.    The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

421.   The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

422.   The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

423.   The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

424.   The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

425.   The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

426.   The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

427.   The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

428.   The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

429.   The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

430.   The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

431.     The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

432.     The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

433.     The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

434.     The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

435.     The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

436.     The Sixth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

## SEVENTH CAUSE OF ACTION:
## CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1983

(Against Nifong in his individual capacity; Addison, Clark, Gottlieb, Himan, Meehan, Wilson, and DSI in their individual and official capacities; Nifong in his official capacity with respect to Durham Police; and the Supervisory Defendants, in their individual and official capacities)

437.     Sgt. Gottlieb hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 436 as if fully stated herein.

438.     The Seventh Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, admitted.

439.    The Seventh Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

440.    The Seventh Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

441.    The Seventh Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

442.    The Seventh Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

443.    The Seventh Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

444.    The Seventh Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

## EIGHTH CAUSE OF ACTION:
## CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1985(2)
## (OBSTRUCTION OF JUSTICE)

(Against Nifong in his individual capacity and in his official capacity with respect to Durham Police; Addison, Clark, Gottlieb, Himan, Meehan, Wilson, the Supervisory Defendants, and DSI in their individual and official capacities; and the City of Durham)

445.    Sgt. Gottlieb hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 444 as if fully stated herein.

446.    The Eighth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, admitted.

61

447.    The Eighth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

448.    The Eighth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

449.    The Eighth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

450.    The Eighth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

451.    The Eighth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

452.    The Eighth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

**NINTH CAUSE OF ACTION:**
**CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1985(2)**
**(WITNESS TAMPERING)**

(Against Nifong in his individual capacity and in his official capacity with respect to
Durham Police; Gottlieb, Himan, Wilson, and the Supervisory Defendants in their
individual and official capacities; and the City of Durham)

453.    Sgt. Gottlieb hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 452 as if fully stated herein.

454.    The Ninth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, admitted.

455.    The Ninth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

456.    The Ninth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

457.    The Ninth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

458.    The Ninth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

459.    The Ninth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

## TENTH CAUSE OF ACTION:
## CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1985(3)

(Against Nifong in his individual capacity and in his official capacity with respect to Durham Police; Addison, Clark, Gottlieb, Himan, Meehan, Wilson, the Supervisory Defendants, and DSI in their individual and official capacities; and the City of Durham)

460.    Sgt. Gottlieb hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 459 as if fully stated herein.

461.    The Tenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, admitted.

462.    The Tenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

463.    The Tenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

464.    The Tenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

465.    The Tenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

466.    The Tenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

467.    The Tenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

**ELEVENTH CAUSE OF ACTION:**
**CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1986 (DURHAM POLICE)**

(Against the Supervisory Defendants in their individual and official capacities and the City of Durham)

468.    Sgt. Gottlieb hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 467 as if fully stated herein.

469.    The Eleventh Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, admitted.

470.    The Eleventh Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

471.    The Eleventh Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

64

472.     The Eleventh Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

473.     The Eleventh Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

474.     The Eleventh Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

475.     The Eleventh Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

476.     The Eleventh Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

## TWELFTH CAUSE OF ACTION:
## CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1986 (DNA SECURITY)

(Against Clerk, Meehan, and DSI in their individual and official capacities)

477.     Sgt. Gottlieb hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 476 as if fully stated herein.

478.     The Twelfth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

479.     The Twelfth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

65

480.    The Twelfth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

481.    The Twelfth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

482.    The Twelfth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

483.    The Twelfth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

484.    The Twelfth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

485.    The Twelfth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

## THIRTEENTH CAUSE OF ACTION:
## MALICIOUS PROSECUTION AND CONSPIRACY

(Against Nifong in his individual capacity; Addison, Clark, Gottlieb, Himan, Meehan, Wilson, and DSI in their individual and official capacities; and Nifong in his official capacity with respect to Durham Police)

486.    Sgt. Gottlieb hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 485 as if fully stated herein.

487.    Insofar as the allegations contained in paragraph 487 of the Second Amended Complaint are conclusions of law, no response is required. To the extent such

allegations may be deemed allegations of fact, Sgt. Gottlieb admits that he was involved in the criminal investigation that preceded the indictments of Plaintiffs. Sgt. Gottlieb denies that he or anyone from the Durham Police Department instituted, or had the authority to institute, any criminal proceedings. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

488.   Insofar as the allegations contained in paragraph 488 of the Second Amended Complaint are conclusions of law, no response is required. To the extent such allegations may be deemed allegations of fact, Sgt. Gottlieb admits that prosecution of Plaintiffs ended on or about April 11, 2007 and terminated in Plaintiffs' favor. Sgt. Gottlieb denies the allegations as to himself and Inv. Himan. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

489.   Insofar as the allegations contained in paragraph 489 of the Second Amended Complaint are conclusions of law, no response is required. To the extent such allegations may be deemed allegations of fact, Sgt. Gottlieb denies that he or Inv. Himan engaged in any of the actions described in this paragraph. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

490.   Insofar as the allegations contained in paragraph 490 of the Second Amended Complaint are conclusions of law, no response is required. To the extent such allegations may be deemed allegations of fact, Sgt. Gottlieb denies them as to himself and Inv. Himan. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

67

491. Insofar as the allegations contained in paragraph 491 of the Second Amended Complaint are conclusions of law, no response is required. To the extent such allegations may be deemed allegations of fact, Sgt. Gottlieb denies them as to himself and Inv. Himan. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

492. Insofar as the allegations contained in paragraph 492 of the Second Amended Complaint are conclusions of law, no response is required. To the extent such allegations may be deemed allegations of fact, Sgt. Gottlieb denies them as to himself and Inv. Himan. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

493. Insofar as the allegations contained in paragraph 493 of the Second Amended Complaint are conclusions of law, no response is required. To the extent such allegations may be deemed allegations of fact, Sgt. Gottlieb denies them as to himself and Inv. Himan. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

494. Insofar as the allegations contained in paragraph 494 of the Second Amended Complaint are conclusions of law, no response is required. To the extent such allegations may be deemed allegations of fact, Sgt. Gottlieb denies them as to himself and Inv. Himan. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

495. Insofar as the allegations contained in paragraph 495 of the Second Amended Complaint are conclusions of law, no response is required. To the extent such allegations may be deemed allegations of fact, Sgt. Gottlieb denies them as to himself and Inv. Himan. Sgt. Gottlieb denies the remaining allegations for lack of knowledge and information.

496. Insofar as the allegations contained in paragraph 496 of the Second Amended Complaint are conclusions of law, no response is required. To the extent such allegations may be deemed allegations of fact, Sgt. Gottlieb denies them for lack of knowledge and information.

497. Insofar as the allegations contained in paragraph 497 of the Second Amended Complaint are conclusions of law, no response is required. To the extent such allegations may be deemed allegations of fact, Sgt. Gottlieb denies them for lack of knowledge and information.

## FOURTEENTH CAUSE OF ACTION:
## OBSTRUCTION OF JUSTICE AND CONSPIRACY

(Against Nifong in his individual capacity; Clark, Gottlieb, Himan, Meehan, Wilson, and DSI in their individual and official capacities; and Nifong in his official capacity with respect to Durham Police)

498. Sgt. Gottlieb hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 497 as if fully stated herein.

499. The Fourteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

500.    The Fourteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

501.    The Fourteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

502.    The Fourteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

503.    The Fourteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

504.    The Fourteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

505.    The Fourteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

506.    The Fourteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

507.    The Fourteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

**FIFTEENTH CAUSE OF ACTION:**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND**
**CONSPIRACY**

**(Against Nifong in his individual capacity; Addison, Clark, Gottlieb, Himan, Hodge, Meehan, Wilson, and DSI in their individual and official capacities; and Nifong in his Official capacity with respect to Durham Police)**

508.    Sgt. Gottlieb hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 507 as if fully stated herein.

509.    The Fifteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

510.    The Fifteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

511.    The Fifteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

512.    The Fifteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

513.    The Fifteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

514.    The Fifteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

515.    The Fifteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

516.    The Fifteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

517.    The Fifteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

## SIXTEENTH CAUSE OF ACTION: NEGLIGENCE BY DURHAM POLICE

(Against Addison, Gottlieb, Himan, and Hodge in their individual and official capacities, and the City of Durham)

518.    Sgt. Gottlieb hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 517 as if fully stated herein.

519.    The Sixteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

520.    The Sixteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

521.    The Sixteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

522.    The Sixteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

523.    The Sixteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

**SEVENTEENTH CAUSE OF ACTION: NEGLIGENT SUPERVISION, HIRING, TRAINING, DISCIPLINE, AND RETENTION BY DURHAM POLICE**

(Against the Supervisory Defendants in their individual and official capacities, and the City of Durham)

524.    Sgt. Gottlieb hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 523 as if fully stated herein.

525.    The Seventeenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

526.    The Seventeenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

527.    The Seventeenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

528.    The Seventeenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

529.    The Seventeenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

73

530. The Seventeenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

531. The Seventeenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

532. The Seventeenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

## EIGHTEENTH CAUSE OF ACTION:
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BY DURHAM POLICE

(Against Gottlieb, Himan, and the Supervisory Defendants in their individual and official capacities, and the City of Durham)

533. Sgt. Gottlieb hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 532 as if fully stated herein.

534. The Eighteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

535. The Eighteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

536. The Eighteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

74

537.    The Eighteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

538.    The Eighteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied.

## NINETEENTH CAUSE OF ACTION:
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BY DURHAM POLICE (DURHAM POLICE STATEMENTS)

(Against Addison and the Supervisory Defendants in their individual and official capacities, and the City of Durham)

539.    Sgt. Gottlieb hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 538 as if fully stated herein.

540.    The Nineteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

541.    The Nineteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

542.    The Nineteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

543.　The Nineteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

544.　The Nineteenth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

**TWENTIETH CAUSE OF ACTION:**
**NEGLIGENCE BY THE DNA SECURITY DEFENDANTS**

(Against Clark and Meehan in their individual and official capacities, and DSI)

545.　Sgt. Gottlieb hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 544 as if fully stated herein.

546.　The Twentieth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

547.　The Twentieth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

548.　The Twentieth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

76

549.   The Twentieth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

550.   The Twentieth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

551.   The Twentieth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

552.   The Twentieth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

553.   The Twentieth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

554.   The Twentieth Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

**TWENTY-FIRST CAUSE OF ACTION: NEGLIGENT SUPERVISION, HIRING, TRAINING, DISCIPLINE, AND RETENTION BY THE DNA SECURITY DEFENDANTS**

(Against Clark and Meehan in their individual and official capacities, and DSI)

555.    Sgt. Gottlieb hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 554 as if fully stated herein.

556.    The Twenty-First Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

557.    The Twenty-First Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

558.    The Twenty-First Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

559.    The Twenty-First Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

560.    The Twenty-First Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

## TWENTY-SECOND CAUSE OF ACTION:
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BY THE DNA
## SECURITY DEFENDANTS

(Against Clark and Meehan in their individual and official capacities, and DSI)

561.    Sgt. Gottlieb hereby reaffirms and incorporates by reference his responses to paragraphs 1 through 560 as if fully stated herein.

562.    The Twenty-Second Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

563.    The Twenty-Second Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

564.    The Twenty-Second Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

565.    The Twenty-Second Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

566.    The Twenty-Second Cause of Action has been dismissed and therefore no response is required. To the extent a response is necessary, denied for lack of knowledge and information.

## TWENTY-THIRD CAUSE OF ACTION:
## SECTION 19 OF THE NORTH CAROLINA CONSTITUTION

(Against the City of Durham directly and based on the actions of City employees and
agents in their official capacities)

567.    Sgt. Gottlieb hereby reaffirms and incorporates by reference his responses
to paragraphs 1 through 566 as if fully stated herein.

568.    Sgt. Gottlieb denies the allegations in paragraph 568 of the Second
Amended Complaint as to himself, Inv. Himan, and the City of Durham. Inv. Himan
denies the remaining allegations for lack of knowledge and information.

569.    Sgt. Gottlieb denies the allegations in paragraph 569 of the Second
Amended Complaint as to himself, Inv. Himan, and the City of Durham. Sgt. Gottlieb
denies the remaining allegations for lack of knowledge and information.

570.    Insofar as the allegations contained in paragraph 570 of the Second
Amended Complaint are conclusions of law, no response is required. To the extent such
allegations may be deemed allegations of fact, Sgt. Gottlieb denies them for lack of
knowledge and information.

571.    Paragraph 571 of the Second Amended Complaint contains descriptions of
Plaintiffs' case, to which no response is required. To the extent this paragraph may be
deemed to contain allegations of fact, Sgt. Gottlieb denies them for lack of knowledge
and information.

80

572.   As to Paragraph 572 of Plaintiffs' Second Amended Complaint, any allegations of fact set forth therein are denied, and all prayers, requests, and/or demands for relief therein should be rejected.

## FIRST DEFENSE

At all times mentioned in the Complaint, Sgt. Gottlieb was a public official acting in his role as a police officer for the City of Durham. Sgt. Gottlieb therefore has a qualified immunity from suit for violation of his civil rights under the U.S. Constitution and 42 U.S.C. §§ 1983, 1985, 1986, and 1988(b) and may not be held liable for the acts alleged in the Second Amended Complaint unless and until Plaintiffs prove that this defendant acted deliberately, in bad faith, and with clear knowledge that the conduct was precluded by the Constitution of the United States.

## SECOND DEFENSE

At all times mentioned in the Complaint, Sgt. Gottlieb was a public official acting in his role as a police officer for the City of Durham. As such, Sgt. Gottlieb has public official immunity from claims under North Carolina state law and may not be held liable unless and until Plaintiffs prove that he acted outside the scope of official authority or if his conduct was malicious or corrupt.

## THIRD DEFENSE

The Plaintiffs were indicted after a properly convened and conducted grand jury and was supported by probable cause.

81

## FOURTH DEFENSE

Sgt. Gottlieb had an affirmative duty to investigate claims of sexual assault and kidnapping made by anyone within his jurisdiction.

## FIFTH DEFENSE

Plaintiffs' alleged damages, to the degree they were incurred, are the result of intervening and/or superseding acts or omissions of parties over whom Sgt. Gottlieb had no control.

## SIXTH DEFENSE

Sgt. Gottlieb satisfied any duty he owed to the Plaintiffs by disclosing all evidence, including exculpatory evidence, to the prosecutor, who made an independent decision to seek indictments of the plaintiffs.

## SEVENTH DEFENSE

Sgt. Gottlieb is immune from liability for any alleged injuries arising out of his testimony before the grand jury.

## EIGHTH DEFENSE

Plaintiffs should have taken action to minimize or eliminate damages, and therefore are precluded from recovering damages, or their damages are reduced, by operation of the doctrine of avoidable consequences.

## NINTH DEFENSE

Plaintiffs failed to mitigate their alleged damages, the entitlement to which should therefore be denied.

## TENTH DEFENSE

Sgt. Gottlieb is entitled to a set-off or credit in the amount of any settlement or compromise heretofore or hereafter reached by Plaintiffs with any other person for any of their alleged damages.

## ELEVENTH DEFENSE

N.C. Gen. Stat. § 15A-623(e) provides that grand jury proceedings are secret, and prohibits the disclosure of anything that transpires during such proceedings. Further, Rule 606(b) of the Federal Rules of Evidence and Rule 606(b) of the North Carolina Rules of Evidence prohibit a grand juror from testifying regarding any matter or statement occurring during the course of the grand jury's deliberations, the effect of anything upon any grand juror's vote, or any grand juror's mental processes. Consequently, all allegations in Plaintiffs' Second Amended Complaint, including but not limited to those in paragraphs 215, 217-19, 240, and 241 thereof, relating to testimony or evidence presented, deliberations that occurred, grand jurors' votes or their decision, or anything else that transpired during the grand jury proceedings with respect to which the indictments that are the subject of this action were issued, and any comments from grand jurors regarding any of the foregoing, are incompetent, inadmissible, and should be disregarded, if not stricken.

## TWELFTH DEFENSE

Sgt. Gottlieb reserves the right to plead such additional defenses as may become known through research, investigation, discovery, or otherwise.

83

WHEREFORE, Defendant Mark Gottlieb demands that:

(1)     Plaintiffs' Second Amended Complaint and all remaining claims be dismissed with prejudice;

(2)     Plaintiffs' Prayer for Relief be denied in every respect;

(3)     Sgt. Gottlieb be awarded his costs in connection with this litigation, including reasonable attorneys' fees;

(4)     The Court grants such other and further relief as may be just, proper and equitable; and

(5)     For a trial by jury on all remaining counts

Respectfully submitted this the 17th day of February, 2014

**POYNER SPRUILL LLP**

By:   /s/ Edwin M. Speas, Jr.
      Edwin M. Speas, Jr.
      N.C. State Bar No. 4112
      Eric P. Stevens
      N.C. State Bar No. 17609
      P.O. Box 1801
      Raleigh, NC 27602-1801
      Telephone: 919.783.6400
      Facsimile:  919.783.1075
      Email: e@poynerspruill.com
      estevens@poynerspruill.com
      ATTORNEYS FOR DEFENDANT
      MARK GOTTLIEB

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel and parties of record.

I further certify that I have this day served a copy of the foregoing to the following non-CM/ECF participant by depositing a copy thereof in an envelope bearing sufficient postage in the United States mail, addressed to the following person at the following address which is the last addresses known to me:

Linwood E. Wilson
6910 Innesbrook Way
Bahama, NC  27503-9700

This the 17th day of February, 2014.

/s/ Edwin M. Speas, Jr.
Edwin M. Speas, Jr.