# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

### 1:07cv739

| | |
|---|---|
| **DAVID F. EVANS**, *et al.*,<br>      **Plaintiffs,**<br><br>**v.**<br><br>**THE CITY OF DURHAM, NORTH CAROLINA** *et al.*,<br>      **Defendants.** | **DEFENDANT LINWOOD WILSON'S ANSWER TO SECOND AMENDED COMPLAINT** |

Linwood Wilson responds as follows to the Second Amended Complaint filed in this action:

### FIRST DEFENSE

Plaintiffs' Second Amended Complaint violates Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Instead, Plaintiffs' Second Amended Complaint includes a large number of implicit allegations that are undefined and bases its allegations on a large number of false premises. It contains 155 pages and 572 numbered paragraphs, "most of which are not relevant to the actual legally-recognized claims that may be available." (See D.E. 186 at 221.)

### SECOND DEFENSE

Defendant Linwood Wilson denies anything that is not explicitly admitted in the same terms in which it is alleged. It is not the intention of Defendant Wilson to make any implicit admissions of facts, premises, or concepts that are logically, or otherwise, implied by the allegations within the Second Amended Complaint. Where facts,

1

premises, or concepts are admitted, Defendant Linwood Wilson will admit those facts, premises or concepts expressly. Defendant Linwood Wilson denies all other allegations within this Second Amended Complaint that are not admitted.

## THIRD DEFENSE

Defendant Linwood Wilson has not engaged in discovery regarding the circumstances of the Plaintiffs' allegations. Defendant Linwood Wilson thus expressly reserves the right to move to amend his answer to add additional responses and defenses as discovery progresses and additional information regarding this action becomes available.

## FOURTH DEFENSE

To the extent that any of the headings contained within the Second Amended Complaint are construed as allegations, Defendant Linwood Wilson denies the allegations.

## FIFTH DEFENSE

Defendant Linwood Wilson was at all times a civilian investigator with the State of North Carolina, Administrative Offices of the Court, and worked in the 14th Judicial District under District Attorney Michael Nifong. Mr. Wilson assumed the position of the District Attorney Investigator (a civil position described under NC General Statues) in October 2006. Prior to that time Defendant Wilson was a worthless check coordinator in the District Attorney's office. Defendant Wilson, as a civilian employee, had no power of arrest or judicial authority. Defendant Wilson's primary job was to prepare the cases he was assigned by Defendant Nifong or any other Assistant District Attorney only for the purposes of preparation of trial.

## SIXTH DEFENSE

Defendant Linwood Wilson responds as follows to the numbered allegations contained in the Second Amended Complaint:

To the extent that the heading that precedes Paragraph 1 is construed as allegations, Defendant Linwood Wilson denies the allegations.

1. As a result of the matters alleged in the Second Amended Complaint, which are denied, Defendant Linwood Wilson admits that the Plaintiffs purport to allege violations of 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, 42 U.S.C. § 1988(b), the North Carolina statutes, and the North Carolina common law. Defendant Linwood Wilson denies that the allegations in the Second Amended Complaint state claims upon which relief can be granted. Defendant Linwood Wilson denies the remaining allegations.

2. Defendant Linwood Wilson specifically denies that he was a part of any type of "conspiracy" as alleged within this Second Amended Complaint. To the extent that this allegation in paragraph 2 is found to include Defendant Linwood Wilson then Defendant Linwood Wilson denies the allegations.

3. Defendant Linwood Wilson specifically denies that he was a part of any type of "conspiracy" as alleged within this Second Amended Complaint. To the extent that this allegation in paragraph 3 is found to include Defendant Linwood Wilson then Defendant Linwood Wilson denies the allegations.

4. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

5. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

To the extent that the heading that precedes Paragraph 6 is construed as allegations, Defendant Linwood Wilson denies the allegations.

6. Upon information and belief, Defendant Linwood Wilson admits that David F. Evans is a citizen and resident of New York.

7. Upon information and belief, Defendant Linwood Wilson admits that Colin Finnerty is a citizen and resident of New York.

8. Upon information and belief, Defendant Linwood Wilson admits that Reade Seligmann is a citizen and resident of New Jersey.

9. Upon information and belief, Defendant Linwood Wilson admits as of March 13, 2006, each of the Plaintiffs was an undergraduate student enrolled at Duke University, one of the leading academic universities in the world.

10. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

11. Upon information and belief, Defendant Linwood Wilson admits as of March 13, 2006, each of the Plaintiffs was a member of Duke's nationally ranked men's lacrosse team. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

12. Upon information and belief, Defendant Linwood Wilson admits, as of March 13, 2006, Evans was a senior at Duke and was on track to graduate on May 14, 2006. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

4

13. Upon information and belief, Defendant Linwood Wilson admits, as of March 13, 2006, Finnerty was a sophomore at Duke, and Finnerty was also a member of the Duke lacrosse team. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

14. Upon information and belief, Defendant Linwood Wilson admits, as of March 13, 2006, Seligmann was a sophomore at Duke, and Seligmann was also a member of the Duke lacrosse team. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

To the extent that the heading that precedes Paragraph 15 is construed as allegations, Defendant Linwood Wilson denies the allegations.

15. Defendant Linwood Wilson admits that Defendant Michael Nifong was the District Attorney for the Fourteenth Prosecutorial District in North Carolina (encompassing the City of Durham and Durham County). Upon information and belief, Defendant Linwood Wilson admits that on June 16, 2007, Nifong was disbarred by the North Carolina bar for his actions relating to the investigation and prosecution of Plaintiffs. On June 18, 2007, Nifong was suspended from his position as District Attorney, and on July 2, 2007, Nifong tendered his resignation as District Attorney. On August 31, 2007, Nifong was found guilty of criminal contempt by the Superior Court for Durham County for Nifong's actions relating to the investigation and prosecution of Plaintiffs. Defendant Linwood Wilson is without knowledge or information sufficient to

5

form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

16. Defendant Linwood Wilson was a civilian investigator as defined by the NC General Statues, with no arrest powers or prosecutorial powers, and was employed by the State of North Carolina, Administrative Offices of the Court, working for the District Attorney for the Fourteenth Prosecutorial District in North Carolina. Defendant Linwood Wilson admits that he was fired from the District Attorney's Office on or about June 25, 2007 by acting District Attorney James Hardin at the request of the now disgraced North Carolina Governor Michael Easley. Defendant Linwood Wilson admits that he was put in the position of investigator in October of 2006. Prior to October of 2006 he was a worthless check coordinator. Defendant Linwood Wilson admits that he is a citizen and resident of North Carolina. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.
To the extent that the heading that precedes Paragraph 17 is construed as allegations, Defendant Linwood Wilson denies the allegations.

17. Upon information and belief, Defendant Linwood Wilson admits that the City of Durham is a named Defendant in this action and The City of Durham is a municipal corporation formed under the laws of North Carolina. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

6

18. Upon information and belief, Defendant Linwood Wilson admits The City of Durham operates the Durham Police Department ("Durham Police"), which is the city department having law enforcement authority in the City of Durham.

To the extent that the heading that precedes Paragraph 19 is construed as allegations, Defendant Linwood Wilson denies the allegations.

19. Upon information and belief, Defendant Linwood Wilson admits Defendant Patrick Baker is a defendant to this action, the former City Manager for the City of Durham, North Carolina. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

20. Upon information and belief, Defendant Linwood Wilson admits Defendant Steven Chalmers was the Chief of Police for the Durham Police Department and is a defendant in this action. In that capacity, Chalmers served in a supervisory and/or policymaking role for the Durham Police Department. . Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

21. Upon information and belief, Defendant Linwood Wilson admits Defendant Ronald Hodge was the Deputy Chief of Police for the Durham Police Department and is a defendant in this action. In that capacity, Hodge served in a supervisory and/or policymaking role for the Durham Police Department. . Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

7

22. Upon information and belief, Defendant Linwood Wilson admits Defendant Lee Russ was the Executive officer to the Chief of Police for the Durham Police Department and is a defendant in this action. In that capacity, Russ served in a supervisory and/or policymaking role for the Durham Police Department. . Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

23. Upon information and belief, Defendant Linwood Wilson admits Defendant Beverly Council was the Commander of the Uniform Patrol Bureau of the Durham Police Department and is a defendant in this action. In that capacity, Council served in a supervisory and/or policymaking role for the Durham Police Department. . Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

24. Upon information and belief, Defendant Linwood Wilson admits Defendant Jeff Lamb was the Commander of the District Two Uniform Patrol of the Durham Police Department and a defendant in this action. In that capacity, Lamb served in a supervisory and/or policymaking role for the Durham Police Department. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

25. Upon information and belief, Defendant Linwood Wilson admits Defendant Michael Ripberger was, a defendant to this action, and a Lieutenant in the Durham Police Department. Upon information and belief, Ripberger served in a supervisory and/or policymaking role for the Durham Police Department. Upon information and belief, Ripberger is, and has been at all times relevant to this action, a citizen and resident of

8

North Carolina. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

26. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. To the extent that the heading that precedes Paragraph 27 is construed as allegations, Defendant Linwood Wilson denies the allegations.

27. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

28. Upon information and belief, Defendant Linwood Wilson admits Defendant Mark Gotliebb was a detective with the City of Durham Police Department and is a defendant in this action. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

29. Upon information and belief, Defendant Linwood Wilson admits Defendant Benjamin Himan was a detective with the City of Durham Police Department and is a defendant in this action. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations. To the extent that the heading that precedes Paragraph 30 is construed as allegations, Defendant Linwood Wilson denies the allegations.

30. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

31. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

32. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. To the extent that the heading that precedes Paragraph 33 is construed as allegations, Defendant Linwood Wilson denies the allegations.

33. As a result of the matters alleged in the Second Amended Complaint, which are denied, Defendant Linwood Wilson admits that the Plaintiffs purport to allege violations of 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, 42 U.S.C. § 1988(b), the North Carolina statutes, and the North Carolina common law. Defendant Linwood Wilson denies that the allegations in the Second Amended Complaint state claims upon which relief can be granted. Defendant Linwood Wilson denies the remaining allegations.

34. As a result of the matters alleged in the Second Amended Complaint, which are denied, Defendant Linwood Wilson admits that these allegations place jurisdiction in this Court. Defendant Linwood Wilson denies that the allegations in the Second Amended Complaint state claims upon which relief can be granted. Defendant Linwood Wilson denies the remaining allegations.

35. As a result of the matters alleged in the Second Amended Complaint, which are denied, Defendant Linwood Wilson admits that these allegations place jurisdiction in this Court. Defendant Linwood Wilson denies that the allegations in the Second Amended Complaint state claims upon which relief can be granted. Defendant Linwood Wilson denies the remaining allegations.

36. As a result of the matters alleged in the Second Amended Complaint, which are denied, Defendant Linwood Wilson admits that these allegations place jurisdiction in this Court. Defendant Linwood Wilson denies that the allegations in the Second Amended Complaint state claims upon which relief can be granted. Defendant Linwood Wilson denies the remaining allegations.

To the extent that the heading that precedes Paragraph 37 is construed as allegations, Defendant Linwood Wilson denies the allegations.

37. Upon information and belief, Defendant Linwood Wilson admits that in the early morning of March 14, 2006, two exotic dancers, Crystal Mangum and Kim Pittman, arrived at the Kroger grocery store on Hillsborough Road in Durham. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

38. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

39. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

40. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

41. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

42. Defendant Linwood Wilson admits that Sgt. John Shelton made the statements alleged in paragraph 42 to him during Defendant Linwood Wilson's interview with Sgt. Shelton.

43. Defendant Linwood Wilson admits that Sgt. John Shelton made the statements alleged in paragraph 43 to him during Defendant Linwood Wilson's interview with Sgt. Shelton.

44. Defendant Linwood Wilson admits that Sgt. John Shelton made the statements alleged in paragraph 44 to him "based on his training and experience, Sergeant Shelton immediately recognized from Mangum's response that Mangum was only pretending to be unconscious" during Defendant Linwood Wilson's interview with Sgt. Shelton. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

45. Defendant Linwood Wilson admits that Sgt. John Shelton made the statements alleged in paragraph 45 to him during Defendant Linwood Wilson's interview with Sgt. Shelton.

46. Defendant Linwood Wilson admits that Sgt. John Shelton made the statements alleged in paragraph 46 to him during Defendant Linwood Wilson's interview with Sgt. Shelton.

47. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

48. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

49. Defendant Linwood Wilson specifically denies the allegations in paragraph 49 as he was not involved in the investigation of this case at that point in the investigation.

50. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. To the extent that the heading that precedes Paragraph 51 is construed as allegations, Defendant Linwood Wilson denies the allegations.

51. Defendant Linwood Wilson admits that Sgt. John Shelton made the statements alleged in paragraph 51 to him during Defendant Linwood Wilson's interview with Sgt. Shelton.

52. Defendant Linwood Wilson admits that Sgt. John Shelton made the statements alleged in paragraph 52 to him during Defendant Linwood Wilson's interview with Sgt. Shelton.

53. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

54. Defendant Linwood Wilson specifically denies the allegations in paragraph 54 as Defendant Linwood Wilson was not part of the investigation at that point in the investigation.

55. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

56. Defendant Linwood Wilson specifically denies the allegations in paragraph 56 as Defendant Linwood Wilson was not part of the investigation at that point in the investigation. To the extent that the heading that precedes Paragraph 56 is construed as allegations, Defendant Linwood Wilson denies the allegations.

13

57. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

58. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

59. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

60. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

61. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

62. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

63. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

64. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

65. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

66. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

67. Defendant Linwood Wilson specifically denies the allegations in paragraph 67 as Defendant Linwood Wilson was not part of the investigation at that point in the investigation.

68. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. To the extent that the heading that precedes Paragraph 69 is construed as allegations, Defendant Linwood Wilson denies the allegations.

69. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

70. Defendant Linwood Wilson admits that the North Carolina Attorney General issued a report concerning this case. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

71. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

72. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

73. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

74. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

75. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

76. Defendant Linwood Wilson admits that the SBI crime lab was in custody of the rape kit from Crystal Mangum. Defendant Linwood Wilson is without knowledge or

information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

77. Defendant Linwood Wilson denies that he was aware of any results from Defendant DSI and Defendant Meehan. Defendant Linwood Wilson never had access to the reports as stated in paragraph 77 and was never part of any meeting with DSI or Meehan. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

78. Defendant Linwood Wilson denies the allegations.

79. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. To the extent that the headings that precede Paragraph 80 are construed as allegations, Defendant Linwood Wilson denies the allegations.

80. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

81. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

82. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

83. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

84. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

16

To the extent that the heading that precedes Paragraph 85 is construed as allegations, Defendant Linwood Wilson denies the allegations.

85. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

86. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

87. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. Defendant Linwood Wilson was not involved in the investigation at this point of the investigation.

88. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. Defendant Linwood Wilson was not involved in the investigation at this point of the investigation.

89. Defendant Linwood Wilson specifically denies the allegations as stated in paragraph 89. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations. Defendant Linwood Wilson was not involved in the investigation at this point of the investigation.

90. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. To the extent that the heading that precedes Paragraph 91 is construed as allegations, Defendant Linwood Wilson denies the allegations.

91. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

92. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

93. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

94. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

95. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

96. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

97. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

98. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

99. Defendant Linwood Wilson specifically denies the allegations as stated in paragraph 99. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations. Defendant Linwood Wilson was not involved in the investigation at this point of the investigation and Defendant Linwood Wilson was a civilian investigator and had no arrest authority or prosecutorial authority.

18

100. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. To the extent that the heading that precedes Paragraph 101 is construed as allegations, Defendant Linwood Wilson denies the allegations.

101. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

102. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. To the extent that the heading that precedes Paragraph 103 is construed as allegations, Defendant Linwood Wilson denies the allegations.

103. Defendant Linwood Wilson specifically denies the allegations as stated in paragraph 103. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations. Defendant Linwood Wilson was not involved in the investigation at this point of the investigation and Defendant Linwood Wilson was a civilian investigator and had no arrest authority or prosecutorial authority.

104. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. To the extent that the heading that precedes Paragraph 105 is construed as allegations, Defendant Linwood Wilson denies the allegations.

105. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

106. Defendant Linwood Wilson specifically denies the allegations as stated in paragraph 106. Defendant Linwood Wilson admits that he attended the press conference on or about April 28, 2006 at District Attorney Nifong's request. Defendant Linwood Wilson admits that he returned from the press conference in Creedmoor, NC and recommended to District Attorney Nifong that Crystal Mangum be given a polygraph. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations. Defendant Linwood Wilson was a civilian investigator and had no arrest authority or prosecutorial authority.

107. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. To the extent that the heading that precedes Paragraph 108 is construed as allegations, Defendant Linwood Wilson denies the allegations.

108. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

109. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

110. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

111. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

112. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

113. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

114. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

115. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

116. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

117. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

118. Defendant Linwood Wilson specifically denies the allegations as stated in paragraph 118. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations. Defendant Linwood Wilson was a civilian investigator and had no arrest authority or prosecutorial authority.

119. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. To the extent that the heading that precedes Paragraph 120 is construed as allegations, Defendant Linwood Wilson denies the allegations.

120. Upon information and belief, Defendant Linwood Wilson admits that a Non-Testimonial Order. Defendant Linwood Wilson specifically denies the remaining allegations as stated in paragraph 118. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and,

21

therefore, denies the remaining allegations. Defendant Linwood Wilson was a civilian investigator and had no arrest authority or prosecutorial authority and was not involved in the investigation at this point of the investigation.

121. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

122. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

123. Defendant Linwood Wilson specifically denies the allegations as stated in paragraph 123. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the allegations. Defendant Linwood Wilson was a civilian investigator and had no arrest authority or prosecutorial authority and was not involved in the investigation at this point of the investigation.

124. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

125. Upon information and belief, Defendant Linwood Wilson admits that in April 2005, Defendant Michael Nifong was appointed to the post of Interim District Attorney for the Fourteenth Prosecutorial District of North Carolina by the now disgraced Governor Michael Easley.

126. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

127. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

128. Upon information and belief, Defendant Linwood Wilson admits that Defendant Nifong was involved in a political campaign in his first effort to be elected to the position of District Attorney. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the allegations.

To the extent that the heading that precedes Paragraph 129 is construed as allegations, Defendant Linwood Wilson denies the allegations.

129. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

130. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

131. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

132. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

133. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

134. Upon information and belief, Defendant Linwood Wilson admits that Defendant Nifong recused himself from this case as alleged in the Second Amended Complaint. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

135. Defendant Linwood Wilson admits that Defendant Nifong asked him to coordinate as a liaison between the Police Department and District Attorney's Office only for the preparation of the trial. Defendant Linwood Wilson denies the remaining allegations in paragraph 135.

To the extent that the heading that precedes Paragraph 136 is construed as allegations, Defendant Linwood Wilson denies the allegations.

136. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

137. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

138. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

To the extent that the heading that precedes Paragraph 139 is construed as allegations, Defendant Linwood Wilson denies the allegations.

139. Defendant Linwood Wilson specifically denies the allegations in the Second Amended Complaint that Defendants repeatedly refused to meet with defense attorneys who offered to provide evidence of Plaintiffs' innocence on repeated occasions prior to the April 17 and May 15 Indictments. Defendant Linwood Wilson further admits that he was never asked by any defense counsel to meet with their client. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

140. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

24

141. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

142. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

143. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. To the extent that the heading that precedes Paragraph 144 is construed as allegations, Defendant Linwood Wilson denies the allegations.

144. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

145. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

146. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

147. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. As to subparagraphs a, b, c, d, e, f, g, h, i,  j, k, l, m, n, o, Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

148. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

149. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

150. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. As to subparagraphs a, b, c, Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

151. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

152. This paragraph calls for a legal opinion upon which no response is need. To the extent that a response is needed, Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

153. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

154. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

155. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. To the extent that the heading that precedes Paragraph 156 is construed as allegations, Defendant Linwood Wilson denies the allegations.

156. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

157. Upon information and belief, Defendant Linwood Wilson admits that Defendant Ronald Hodge was the Deputy Chief of Police and the second-highest-ranking

Official in the Durham Police Department.

158. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

159. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

160. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. As to subparagraphs a, b, c, d, e, f, g, h, Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

161. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

162. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

163. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. To the extent that the heading that precedes Paragraph 164 is construed as allegations, Defendant Linwood Wilson denies the allegations.

164. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

165. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

166. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

167. Defendant Linwood Wilson admits a hearing was held on December 15, 2006 where Defendant Meehan testified. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

168. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. Defendant Linwood Wilson was not involved in the case at this point in the investigation.

169. Upon information and belief, based on court proceedings in this matter and Defendant Nifong's State Bar hearing, Defendant Linwood Wilson admits that SBI lab returned no DNA match to any of the Lacrosse players.

170. Upon information and belief, based on court proceedings in this matter and Defendant Nifong's State Bar hearing, Defendant Linwood Wilson admits that SBI lab returned no DNA match to any of the Lacrosse players.

171. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

172. Upon information and belief, based on court proceedings in this matter and Defendant Nifong's State Bar hearing, Defendant Linwood Wilson admits that SBI lab returned no DNA match to any of the Lacrosse players.

173. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

As to subparagraphs a, b, c, Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

174. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. To the extent that the heading that precedes Paragraph 175 is construed as allegations, Defendant Linwood Wilson denies the allegations.

175. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

176. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. Defendant Linwood Wilson was not involved in the investigation at this point in the investigation.

177. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. Defendant Linwood Wilson was not involved in the investigation at this point in the investigation.

178. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

179. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

180. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

Defendant Linwood Wilson was not involved in the investigation at this point in the investigation.

181. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. Defendant Linwood Wilson was not involved in the investigation at this point in the investigation.

182. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. Defendant Linwood Wilson was not involved in the investigation at this point in the investigation.

183. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. To the extent that the heading that precedes Paragraph 175 is construed as allegations, Defendant Linwood Wilson denies the allegations.

184. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

185. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. As to subparagraphs a, b, c, d, e, f, Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

186. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

As to subparagraphs a, b, c, d, e, f, g, Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

187. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

188. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

189. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

190. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

191. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

192. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

193. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. To the extent that the heading that precedes Paragraph 194 is construed as allegations, Defendant Linwood Wilson denies the allegations.

194. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

As to subparagraphs a, b, c, d, e, f, g, h, Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

195. Defendant Linwood Wilson specifically denies the allegations in the Second Amended complaint paragraph 195. Defendant Linwood Wilson was not involved in the investigation at that point of the investigation. Defendant Linwood Wilson was a civilian investigator without power of arrest or prosecutorial powers.

196. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

197. Defendant Linwood Wilson specifically denies the allegations. To the extent that the headings that precede Paragraph 198 are construed as allegations, Defendant Linwood Wilson denies the allegations.

198. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

199. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

200. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

201. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

202. Upon information and belief, Defendant Linwood Wilson admits that court records indicate that on April 5, 2006, the District Attorney's Office sought and obtained an order from Judge Ronald Stephens to allow for the transfer of the rape kit items to

DSI for Y-chromosome DNA testing. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

203. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. To the extent that the heading that precedes Paragraph 204 is construed as allegations, Defendant Linwood Wilson denies the allegations.

204. Upon information and belief, from court records of December 15, 2006, Defendant Linwood Wilson admits that DSI performed DNA testing on Crystal Mangum's Rape Kit. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

205. Upon information and belief, from court records of December 15, 2006, Defendant Linwood Wilson admits that DSI performed DNA testing on Crystal Mangum's Rape Kit. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

206. Upon information and belief, from court records of December 15, 2006, Defendant Linwood Wilson admits that DSI performed DNA testing on Crystal Mangum's Rape Kit. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations including subparagraphs a, b, c, d, and e.

To the extent that the heading that precedes Paragraph 207 is construed as allegations, Defendant Linwood Wilson denies the allegations.

207. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. Defendant Linwood Wilson was never a party to any DNA meetings or discussions.

208. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. Defendant Linwood Wilson was never a party to any DNA meetings or discussions.

209. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. Defendant Linwood Wilson was never a party to any DNA meetings or discussions.

210. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. Defendant Linwood Wilson was never a party to any DNA meetings or discussions.

211. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. To the extent that the heading that precedes Paragraph 212 is construed as allegations, Defendant Linwood Wilson denies the allegations.

212. Upon information and belief based upon court proceedings, Defendant Linwood Wilson admits indictments were obtained on and Plaintiff Colin Finnerty. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

34

213. Upon information and belief based upon court proceedings, Defendant Linwood Wilson admits indictments were obtained on and Plaintiff Reade Seligmann. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

214. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

215. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

216. Upon information and belief based on public records, Defendant Linwood Wilson admits that Defendant Nifong won the Democratic primary election. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

217. Upon information and belief, Defendant Linwood Wilson admits there was a media frenzy throughout this case and upon information and belief, two members of the grand jury gave interviews. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

218. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

219. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

220. Upon information and belief, Defendant Linwood Wilson admits that he first heard of this statement in paragraph 220, "when Himan was first told of the decision to seek indictments of Finnerty and Seligmann, his initial response was, "With what?", was at the State Bar Hearing against Defendant Nifong which was broadcast on television. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

221. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

222. To the extent that "Defendants" includes Defendant Linwood Wilson, Defendant Linwood Wilson specifically denies the allegations.
To the extent that the heading that precedes Paragraph 223 is construed as allegations, Defendant Linwood Wilson denies the allegations.

223. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. Defendant Linwood Wilson was never a party to any DNA meetings or discussions.

224. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. Defendant Linwood Wilson was never a party to any DNA meetings or discussions. As to the subparagraphs a, b, c, and d, Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

225. To the extent that Defendant Linwood Wilson is considered as one of "the defendants", Defendant Linwood Wilson specifically denies the allegation. Defendant Linwood Wilson also denies that he was part of any conspiracy as alleged in the Second Amended Complaint. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

226. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. Defendant Linwood Wilson was never a party to any DNA meetings or discussions.

227. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

228. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. To the extent that the heading that precedes Paragraph 229 is construed as allegations, Defendant Linwood Wilson denies the allegations.

229. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. Defendant Linwood Wilson was never a party to any DNA meetings or discussions.

230. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. Defendant Linwood Wilson was never a party to any DNA meetings or discussions.

231. To the extent that "Defendants" in this paragraph includes Defendant Linwood Wilson, Defendant Linwood Wilson specifically denies the allegations.

Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. Defendant Linwood Wilson was never a party to any DNA meetings or discussions.

232. Defendant Linwood Wilson specifically denies being part of any "conspiracy" as alleged in the Second Amended Complaint. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations. Defendant Linwood Wilson was never a party to any DNA meetings or discussions or conspiracy.

233. Upon information and belief, Defendant Linwood Wilson admits that a court hearing was conducted on December 15, 2006 where Defendant Meehan testified. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

234. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

235. Defendant Linwood Wilson specifically denies being part of any "conspiracy" as alleged in the Second Amended Complaint. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations. Defendant Linwood Wilson was never a party to any DNA meetings or discussions or conspiracy.

236. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

237. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. To the extent that the heading that precedes Paragraph 237 is construed as allegations, Defendant Linwood Wilson denies the allegations.

238. Upon information and belief, based upon court records, Defendant Linwood Wilson admits an indictment was sought and obtained against Plaintiff David Evans. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

239. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

240. Upon information and belief, based upon court records, Defendant Linwood Wilson admits that Defendant Himan testified before the grand jury in this matter. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

241. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

242. To the extent that Defendant Linwood Wilson is considered as part of the "defendant's conduct", Defendant Linwood Wilson specifically denies the allegation(s). Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

To the extent that the heading that precedes Paragraph 243 is construed as allegations, Defendant Linwood Wilson denies the allegations.

243. To the extent that Defendant Linwood Wilson is considered as part of the "several of the defendants" as reference in paragraph 243, Defendant Linwood Wilson specifically denies the allegation(s). Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations and was not involved in the investigation at this point in the investigation.

244. To the extent that Defendant Linwood Wilson is considered as part of the "these defendants", Defendant Linwood Wilson specifically denies the allegation(s). Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations and was not involved in the investigation at this point in the investigation. To the extent that the heading that precedes Paragraph 245 is construed as allegations, Defendant Linwood Wilson denies the allegations.

245. To the extent that Defendant Linwood Wilson is considered as part of the "defendants" as alleged in paragraph 245, Defendant Linwood Wilson specifically denies the allegation(s). Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations and was not involved in the investigation at this point in the investigation.

246. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

247. Defendant Linwood Wilson specifically denies the allegations.

248. Defendant Linwood Wilson denies the allegations. Defendant Linwood Wilson admits that Chief Magistrate Chester Dobies contacted him and advised Defendant Wilson to let Defendant Nifong know an outstanding warrant was at the magistrates office for Elmostafa. Defendant Linwood Wilson admits that he provided Defendant Nifong with a copy of the computer print out of the warrant while Defendants Nifong, Gotliebb and Himan were in a conference in Nifong's Conference room. Defendant Wilson was in the room about 1 minute and Defendant Wilson admits he heard Defendant Nifong tell Gotliebb to take care of this. At this point in the investigation Defendant Linwood Wilson had never seen or met Defendants Gotliebb or Himan. Defendant Linwood Wilson denies ever being ordered to arrest anyone as he was a civilian investigator and did not have powers of arrest or prosecutorial powers.

249. Defendant Linwood Wilson admits that on or about May 9, 2006 that Defendant Wilson contacted Defendant Himan at Defendant Nifong's request to see if the warrant had been turned over to the patrol division for service, or if Himan was going to serve it. Defendant Himan stated that he would make sure the warrant was served within the next couple of days. Defendant Linwood Wilson admits that he informed Defendant Nifong of Defendant Himan's conversation. Defendant Linwood Wilson had no further contact with Himan concerning the arrest of Elmostafa. Defendant Wilson was not present during the arrest or questioning of Elmostafa.

250. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

251. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

252. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

253. Defendant Linwood Wilson specifically denies that Defendant Nifong or anyone else asked him to "target Elmostafa specifically" as stated in paragraph 253. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

254. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

255. To the extent that Defendant Linwood Wilson is included in "defendants", Defendant Linwood Wilson denies the allegation as alleged in paragraph 255. Defendant Linwood Wilson specifically denies being involved in any "obstruction of justice" as alleged in the Second Amended Complaint.

256. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

257. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

258. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

259. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

260. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

261. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

262. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

263. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

264. Defendant Linwood Wilson specifically denies the allegations.

265. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. To the extent that the heading that precedes Paragraph 266 is construed as allegations, Defendant Linwood Wilson denies the allegations.

266. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

267. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

268. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

269. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations including subparagraphs a, b, and c.

270. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

271. To the extent that "certain of defendants" as alleged in paragraph 271 includes Defendant Linwood Wilson, Defendant Linwood Wilson specifically denies the allegations. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

To the extent that the heading that precedes Paragraph 272 is construed as allegations, Defendant Linwood Wilson denies the allegations.

272. Defendant Linwood Wilson specifically denies the allegations. Defendant Linwood Wilson specifically denies that he was part of any "conspiracy" as alleged in the Second Amended Complaint.

273. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

274. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

To the extent that the heading that precedes Paragraph 275 is construed as allegations, Defendant Linwood Wilson denies the allegations.

275. To the extent that "defendants" include Defendant Linwood Wilson, Defendant Linwood Wilson denies the allegations. Defendant Linwood Wilson was not involved in any of the DNA meetings, conferences or other communications concerning the DNA results. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore,

44

denies the remaining allegations. Defendant Linwood Wilson admits that if any DNA discussions came up in his presence, he, Defendant Wilson, was asked to leave the room. Defendant Linwood Wilson admits that the first he knew of the DNA evidence was at the December 15, 2006 hearing when Defendant Meehan testified in court proceedings.

276. To the extent that "Defendants" as alleged in paragraph 276, includes Defendant Linwood Wilson, Defendant Linwood Wilson denies the allegations. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

277. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

278. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

279. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

280. Upon information and belief, Defendant Linwood Wilson admits findings were made by the Disciplinary Hearing Commission of the North Carolina State Bar. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

281. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. Defendant Linwood Wilson admits that a court proceeding was held on May 18, 2006.

282. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. Defendant Linwood Wilson admits that a court proceeding was held on May 18, 2006.

283. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

284. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

285. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

286. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

287. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

288. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

289. Defendant Linwood Wilson that proceedings were conducted by the NC State Bar and hearings were held. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

290. Defendant Linwood Wilson that proceedings were conducted by Judge Ronald Stephens and hearings were held. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

46

291. To the extent that "the other defendants" as alleged in paragraph 291, include Defendant Linwood Wilson, Defendant Linwood Wilson denies the allegations. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

292. Upon information and belief, Defendant Linwood Wilson admits that findings were made by the NC State Bar Disciplinary Committee. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

293. Upon information and belief, Defendant Linwood Wilson admits the allegations in paragraph 293.

To the extent that the heading that precedes Paragraph 294 is construed as allegations, Defendant Linwood Wilson denies the allegations.

294. Upon information and belief, Defendant Linwood Wilson admits there was a hearing on September 22nd and a court record should exist of the hearing. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

295. Upon information and belief, Defendant Linwood Wilson admits there was a hearing on September 22nd and a court record should exist of the hearing. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

296. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

47

297. Upon information and belief, Defendant Linwood Wilson admits there was a hearing by the NC State Bar Disciplinary Committee and a record should exist of the hearing. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

298. Upon information and belief based on the court proceedings Defendant Linwood Wilson admits the allegations in paragraph 298.

299. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

300. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

301. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

302. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

303. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

304. Defendant Linwood Wilson admits that a hearing was held on December 15, 2006. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

To the extent that the heading that precedes Paragraph 305 is construed as allegations, Defendant Linwood Wilson denies the allegations.

305. Defendant Linwood Wilson admits that a hearing was held on December 15, 2006. Defendant Linwood Wilson admits that he was never party to any discussions about the DNA testing by Defendants DSI or Meehan. Defendant Linwood Wilson admits the first time he heard anything about the DNA results was from Defendant Meehan's mouth on the witness stand on December 15, 2006. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

306. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

307. Upon information and belief from the December 15, 2006 hearing, Defendant Linwood Wilson admits the allegations including subparagraphs a, b, c, d, e, and f.

308. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations. To the extent that the heading that precedes Paragraph 309 is construed as allegations, Defendant Linwood Wilson denies the allegations.

309. Defendant Linwood Wilson admits that on December 21, 2006 he talked with Defendant Crystal Mangum at the request of Defendant Nifong. Defendant Linwood Wilson specifically denies the remaining allegations.

310. Defendant Linwood Wilson admits to talking with Crystal Mangum on December 21, 2006 at the request of Defendant Nifong. Defendant Linwood Wilson denies going there to interview her or discuss anything about the DNA, because a meeting for an interview had been set up for the first week of January to be held in the DA's office with Defendants Himan, Nifong, Wilson and Nifong's assistant Candy Clark

49

present. Defendant Linwood Wilson admits he was not expecting what transpired once he arrived to talk with Crystal Mangum on December 21, 2006. Defendant Linwood Wilson denies any remaining allegations.

311. Defendant Linwood Wilson was a civilian employee of the State of North Carolina and not the City of Durham. Defendant Linwood Wilson denies the allegations as he has no information concerning the interview policy or practices of the Durham Police Department.

312. Defendant Linwood Wilson admits that Crystal Mangum insisted on talking about the case and that she told Defendant Linwood Wilson things that he had not heard before about the case. Defendant Linwood Wilson admits that upon information and belief, that Crystal Mangum had been coached or instructed as to what to tell Defendant Linwood Wilson.

313. Defendant Linwood Wilson admits that he had in his possession the photograph file, which included the photos of all the individual players and the photos from the MSNBC Dan Abrams show. Defendant Linwood Wilson specifically denies taking the photographs for any reason other than to see if the pictures from the Abrams show was of Mangum "going into" or "coming out" of the house, which would clarify the timeline as the photos where time stamped. Defendant Linwood Wilson denies the remaining allegations.

314. Defendant Linwood Wilson admits that, upon information and belief, Mangum had been coached but Defendant Linwood Wilson denies that he was the one who coached Mangum. Defendant Linwood Wilson admits that he thought Mangum was lying during her statements to him.

315. Defendant Linwood Wilson admits that after returning to the DA's office from talking with Crystal Mangum on December 21, 2006 that he advised Defendant Nifong "You need to get rid of this piece of shit as fast as you can. She is lying her ass off. Somebody has told her what to say to me! She's not even close to being credible!" Defendant Linwood Wilson admits that Defendant Nifong just set there and made no comment. On the morning of December 22, 2006, Defendant Linwood Wilson admits that Defendant Nifong handed him a dismissal form and asked Defendant Linwood Wilson "Is that what she told you"? After reading the form, Defendant Linwood Wilson admits to telling Defendant Nifong "yes, that's what she said." Defendant Linwood Wilson admits that he was leaving for Christmas vacation and believed that Defendant Nifong was dismissing the entire case. Defendant Linwood Wilson admits that he learned on the news over the radio that Defendant Nifong only dismissed the rape charges. To the extent that the heading that precedes Paragraph 316 is construed as allegations, Defendant Linwood Wilson denies the allegations.

316. Upon information and belief, Defendant Linwood Wilson admits to the allegations in paragraph 316.

317. Defendant Linwood Wilson admits the purpose of the December 21, 2006 meeting with Mangum was to inform her that Defendant Nifong was turning the investigation over to the Attorney General and she needed to decide if she wanted to continue to pursue the investigation with the Attorney General's Office or to dismiss it. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

51

318. Upon information and belief, Defendant Linwood Wilson admits the Attorney Generals Office conducted an investigation into the three cases. Defendant Linwood Wilson admits that he gave and interview to Jim Coleman and Mary Winstead at the Attorney General's Office. Defendant Linwood Wilson further admits that Defendant Himan was there to assist in the Attorney General's investigation.

319. Defendant Linwood Wilson admits the allegations in paragraph 319.

320. Upon information and belief, Defendant Linwood Wilson admits the Attorney General made statements regarding the cases. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

321. To the extent that "other defendants" as alleged in paragraph 321 include Defendant Linwood Wilson, Defendant Linwood Wilson denies the allegations as he confronted Mangum with her inconsistencies on December 21, 2006. Defendant Linwood Wilson denies the remaining allegations.

322. To the extent that "other defendants" as alleged in paragraph 322 include Defendant Linwood Wilson, Defendant Linwood Wilson denies the allegations as he made a serious assessment of Mangum's credibility on December 21, 2006 and shared that assessment with Defendant Nifong. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

323. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies the allegations.

324. Defendant Linwood Wilson admits that the case against the three plaintiffs was dismissed by the Attorney General. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

325. Defendant Linwood Wilson does not believe a response is necessary to paragraph 325 as it is a statement and not an allegation. To the extend that a response is required, Defendant Linwood Wilson denies the allegations.

326. Defendant Linwood Wilson admits that Defendant Nifong was disbarred by the NC State Bar. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

327. Defendant Linwood Wilson admits that Defendant Nifong was disbarred by the NC State Bar. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

328. Upon information and belief, Defendant Linwood Wilson admits that Judge Smith sentenced Defendant Nifong to 1 day in jail. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

To the extent that the heading that precedes Paragraph 329 is construed as allegations, Defendant Linwood Wilson denies the allegations.

329. Defendant Linwood Wilson incorporates by reference and restates his responses to paragraphs 1 through 328 as if fully set forth herein. Defendant Linwood Wilson denies the remaining allegations.

330. To the extent that this paragraph makes any allegations, Defendant Linwood Wilson denies the allegations.

331. Defendant Linwood Wilson admits he was a civilian investigator with the State of North Carolina, Administrative Offices of the Court, working in the 14th Judicial district and had no "power of arrest" nor "prosecutorial powers". Therefore, Defendant Linwood Wilson denies the allegations in paragraph 331.

332. This paragraph is a matter of conclusion of law and requires no response. To the extent that a response is required, Defendant Linwood Wilson denies the allegations.

333. This paragraph requires no response. To the extent that a response is required, Defendant Linwood Wilson denies the allegations.

334. Defendant Linwood Wilson denies the allegations.

335. This paragraph calls for a conclusion of law and requires no response. To the extent that a response is required, Defendant Linwood Wilson denies the allegations.

336. This paragraph calls for a conclusion of law and requires no response. To the extent that a response is required, Defendant Linwood Wilson denies the allegations.

337. Defendant Linwood Wilson admits Plaintiffs retained counsel for their criminal charges. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

To the extent that the heading that precedes Paragraph 338 is construed as allegations, Defendant Linwood Wilson denies the allegations.

338. Defendant Linwood Wilson incorporates by reference and restates his responses to paragraphs 1 through 337 as if fully set forth herein. Defendant Linwood Wilson denies the remaining allegations.

339. To the extent that this paragraph makes any allegations, Defendant Linwood Wilson denies the allegations.

340. Defendant Linwood Wilson admits he was a civilian investigator with the State of North Carolina, Administrative Offices of the Court, working in the 14th judicial district and had no "power of arrest" nor "prosecutorial powers". Therefore, Defendant Linwood Wilson denies the allegations in paragraph 340.

341. Defendant Linwood Wilson specifically denies that he "conspired" or was part of a "conspiracy" as alleged in the Second Amended Complaint. Defendant Linwood Wilson denies the remaining allegations as he was not part of the investigation at the times alleged in paragraph 341.

342. Defendant Linwood Wilson specifically denies that he was party to any DNA evidence, meetings, reports, or knowingly and intentionally concealing exculpatory evidence. Defendant Linwood Wilson denies the remaining allegations as he was not part of the investigation at the times alleged in paragraph 342.

343. Defendant Linwood Wilson specifically denies that he was party to any DNA evidence, meetings, reports, or knowingly and intentionally concealing exculpatory evidence. Defendant Linwood Wilson denies the remaining allegations as he was not

part of the investigation at the times alleged in paragraph 343 and that Defendant Linwood Wilson never knew of any DNA evidence from DSI until December 15, 2006.

344. Defendant Linwood Wilson specifically denies that he was party to any DNA evidence, meetings, reports, or knowingly and intentionally concealing exculpatory evidence. Defendant Linwood Wilson denies the remaining allegations as he was not part of the investigation at the times alleged in paragraph 344 and that Defendant Linwood Wilson never knew of any DNA evidence from DSI until December 15, 2006.

345. Defendant Linwood Wilson specifically denies that he was party to any DNA evidence, meetings, reports, or knowingly and intentionally concealing exculpatory evidence. Defendant Linwood Wilson denies the remaining allegations as he was not part of the investigation at the times alleged in paragraph 345 and that Defendant Linwood Wilson never knew of any DNA evidence from DSI until December 15, 2006.

346. This paragraph calls for a conclusion of law in which no response is necessary. To the extent that a response is necessary, Defendant Linwood Wilson denies the allegations.

347. This paragraph calls for a conclusion of law in which no response is necessary. To the extent that a response is necessary, Defendant Linwood Wilson denies the allegations.

348. This paragraph calls for a conclusion of law in which no response is necessary. To the extent that a response is necessary, Defendant Linwood Wilson denies the allegations.

349. Defendant Linwood Wilson admits Plaintiffs retained counsel for their criminal charges. Defendant Linwood Wilson is without knowledge or information

56

sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

To the extent that the heading that precedes Paragraph 350 is construed as allegations, Defendant Linwood Wilson denies the allegations.

350. Defendant Linwood Wilson incorporates by reference and restates his responses to paragraphs 1 through 349 as if fully set forth herein. Defendant Linwood Wilson denies the remaining allegations.

351. To the extent that this paragraph makes any allegations, Defendant Linwood Wilson denies the allegations.

352. Defendant Linwood Wilson admits he was a civilian investigator with the State of North Carolina, Administrative Offices of the Court, working in the 14th judicial district and had no "power of arrest" nor "prosecutorial powers". Therefore, Defendant Linwood Wilson denies the allegations in paragraph 352.

353. Defendant Linwood Wilson admits he was a civilian investigator with the State of North Carolina, Administrative Offices of the Court, working in the 14th judicial district and had no "power of arrest" nor "prosecutorial powers". Defendant Linwood Wilson was not a law enforcement officer. Defendant Linwood Wilson denies he "conspired or acted in concert" with anyone as alleged in the Second Amended Complaint. Therefore, Defendant Linwood Wilson denies the allegations in paragraph 353.

354. Defendant Linwood Wilson is not a named Defendant in paragraph 354 and no response is necessary. To the extent that a response is necessary, Defendant Linwood Wilson denies the allegations.

57

355. This paragraph calls for a conclusion of law in which no response is necessary. To the extent that a response is necessary, Defendant Linwood Wilson denies the allegations.

356. This paragraph calls for a conclusion of law in which no response is necessary. To the extent that a response is necessary, Defendant Linwood Wilson denies the allegations.

357. This paragraph calls for a conclusion of law in which no response is necessary. To the extent that a response is necessary, Defendant Linwood Wilson denies the allegations.

358. Defendant Linwood Wilson admits Plaintiffs retained counsel for their criminal charges. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

To the extent that the heading that precedes Paragraph 359 is construed as allegations, Defendant Linwood Wilson denies the allegations.

359. - 370. The cause of action alleged in Count 4 was dismissed by the Court's Order of March 31, 2011 as to Defendant Linwood Wilson. To the extent a response is required, Defendant Linwood Wilson denies the allegations.

To the extent that the heading that precedes Paragraph 371 is construed as allegations, Defendant Linwood Wilson denies the allegations.

371.- 407. The cause of action alleged in Count 5 was dismissed by the Court's Order of March 31, 2011 as to Defendant Linwood Wilson. To the extent a response is required, Defendant Linwood Wilson denies the allegations.

To the extent that the heading that precedes Paragraph 408 is construed as allegations, Defendant Linwood Wilson denies the allegations.

408. – 436. The cause of action alleged in Count 6 was dismissed by the Court's Order of March 31, 2011 as to Defendant Linwood Wilson. To the extent a response is required, Defendant Linwood Wilson denies the allegations.

To the extent that the heading that precedes Paragraph 437 is construed as allegations, Defendant Linwood Wilson denies the allegations.

437. – 444 The cause of action alleged in Count 7 was dismissed by the Court's Order of March 31, 2011. To the extent a response is required, Defendant Linwood Wilson denies the allegations.

To the extent that the heading that precedes Paragraph 445 is construed as allegations, Defendant Linwood Wilson denies the allegations.

445. – 452. The cause of action alleged in Count 8 was dismissed by the Court's Order of March 31, 2011. To the extent a response is required, Defendant Linwood Wilson denies the allegations.

To the extent that the heading that precedes Paragraph 453 is construed as allegations, Defendant Linwood Wilson denies the allegations.

453. – 459. The cause of action alleged in Count 9 was dismissed by the Court's Order of March 31, 2011. To the extent a response is required, Defendant Linwood Wilson denies the allegations.

To the extent that the heading that precedes Paragraph 460 is construed as allegations, Defendant Linwood Wilson denies the allegations.

460. – 467. The cause of action alleged in Count 10 was dismissed by the Court's Order of March 31, 2011. To the extent a response is required, Defendant Linwood Wilson denies the allegations.

To the extent that the heading that precedes Paragraph 468 is construed as allegations, Defendant Linwood Wilson denies the allegations.

468. – 476. The cause of action alleged in Count 11 was dismissed by the Court's Order of March 31, 2011. To the extent a response is required, Defendant Linwood Wilson denies the allegations.

To the extent that the heading that precedes Paragraph 476 is construed as allegations, Defendant Linwood Wilson denies the allegations.

476. – 485. The cause of action alleged in Count 12 was dismissed by the Court's Order of March 31, 2011. To the extent a response is required, Defendant Linwood Wilson denies the allegations.

To the extent that the heading that precedes Paragraph 486 is construed as allegations, Defendant Linwood Wilson denies the allegations.

486. Defendant Linwood Wilson incorporates by reference and restates his responses to paragraphs 1 through 385 as if fully set forth herein. Defendant Linwood Wilson denies the remaining allegations.

487. Defendant Linwood Wilson specifically denies that he was involved in any conspiracy as alleged in the Second Amended Complaint. Defendant Linwood Wilson denies acting individually or in concert with any other defendant. Defendant Linwood Wilson denies the remaining allegations.

488. Defendant Linwood Wilson admits the criminal proceedings were dismissed by the Attorney General against the plaintiffs.

489. Defendant Linwood Wilson denies the allegations.

490. Defendant Linwood Wilson specifically denies that he was involved in any conspiracy as alleged in the Second Amended Complaint. Defendant Linwood Wilson denies the remaining allegations.

491. Defendant Linwood Wilson specifically denies that he was party to any DNA evidence, meetings, reports, or knowingly and intentionally concealing exculpatory evidence. Defendant Linwood Wilson denies the remaining allegations as he was not part of the investigation at the times alleged in paragraph 491 and that Defendant Linwood Wilson never knew of any DNA evidence from DSI until December 15, 2006.

492. Defendant Linwood Wilson denies the allegations.

493. Defendant Linwood Wilson is not alleged in paragraph 493 and no response is necessary. To the extent that a response is required, Defendant Linwood Wilson denies the allegations.

494. Defendant Linwood Wilson is not alleged in paragraph 494 and no response is necessary. To the extent that a response is required, Defendant Linwood Wilson denies the allegations.

495. Defendant Linwood Wilson denies the allegations.

496. Defendant Linwood Wilson denies the allegations.

497. Defendant Linwood Wilson admits Plaintiffs retained counsel for their criminal charges. Defendant Linwood Wilson is without knowledge or information

sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

To the extent that the heading that precedes Paragraph 498 is construed as allegations, Defendant Linwood Wilson denies the allegations.

498. Defendant Linwood Wilson incorporates by reference and restates his responses to paragraphs 1 through 497 as if fully set forth herein. Defendant Linwood Wilson denies the remaining allegations.

499. Defendant Linwood Wilson denies the allegations.

500. Defendant Linwood Wilson denies the allegations.

501. Defendant Linwood Wilson denies the allegations.

502. Defendant Linwood Wilson specifically denies that he was party to any DNA evidence, meetings, reports, or knowingly and intentionally concealing exculpatory evidence. Defendant Linwood Wilson denies the remaining allegations as he was not part of the investigation at the times alleged in paragraph 502 and that Defendant Linwood Wilson never knew of any DNA evidence from DSI until December 15, 2006.

503. Defendant Linwood Wilson denies the allegations.

504. Defendant Linwood Wilson is not alleged in paragraph 504 and no response is required. To the extent that a response is required, Defendant Linwood Wilson denies the allegations.

505. This paragraph calls for a conclusion of law and no response is required. To the extent that a response is required, Defendant Linwood Wilson denies the allegations.

506. This paragraph calls for a conclusion of law and no response is required. To the extent that a response is required, Defendant Linwood Wilson denies the allegations.

62

507. Defendant Linwood Wilson admits Plaintiffs retained counsel for their criminal charges. Defendant Linwood Wilson is without knowledge or information sufficient to form a belief about the truth of the remaining allegations and, therefore, denies the remaining allegations.

To the extent that the heading that precedes Paragraph 508 is construed as allegations, Defendant Linwood Wilson denies the allegations.

508. – 517. The cause of action alleged in Count 15 was dismissed by the Court's Order of March 31, 2011. To the extent a response is required, Defendant Linwood Wilson denies the allegations.

To the extent that the heading that precedes Paragraph 518 is construed as allegations, Defendant Linwood Wilson denies the allegations.

518. – 523. The cause of action alleged in Count 16 was dismissed by the Court's Order of March 31, 2011 as to Defendant Linwood Wilson. To the extent a response is required, Defendant Linwood Wilson denies the allegations.

To the extent that the heading that precedes Paragraph 524 is construed as allegations, Defendant Linwood Wilson denies the allegations.

524. – 532. The cause of action alleged in Count 17 was dismissed by the Court's Order of March 31, 2011 as to Defendant Linwood Wilson. To the extent a response is required, Defendant Linwood Wilson denies the allegations.

To the extent that the heading that precedes Paragraph 533 is construed as allegations, Defendant Linwood Wilson denies the allegations.

533. – 538. The cause of action alleged in Count 18 was dismissed by the Court's Order of March 31, 2011. To the extent a response is required, Defendant Linwood Wilson denies the allegations.

To the extent that the heading that precedes Paragraph 539 is construed as allegations, Defendant Linwood Wilson denies the allegations.

539. – 544. The cause of action alleged in Count 19 was dismissed by the Court's Order of March 31, 2011. To the extent a response is required, Defendant Linwood Wilson denies the allegations.

To the extent that the heading that precedes Paragraph 545 is construed as allegations, Defendant Linwood Wilson denies the allegations.

545. – 554. The cause of action alleged in Count 20 was dismissed by the Court's Order of March 31, 2011. To the extent a response is required, Defendant Linwood Wilson denies the allegations.

To the extent that the heading that precedes Paragraph 555 is construed as allegations, Defendant Linwood Wilson denies the allegations.

555. – 560. The cause of action alleged in Count 21 was dismissed by the Court's Order of March 31, 2011 as to Defendant Linwood Wilson. To the extent a response is required, Defendant Linwood Wilson denies the allegations.

To the extent that the heading that precedes Paragraph 561 is construed as allegations, Defendant Linwood Wilson denies the allegations.

561. – 566. The cause of action alleged in Count 22 was dismissed by the Court's Order of March 31, 2011. To the extent a response is required, Defendant Linwood Wilson denies the allegations.

To the extent that the heading that precedes Paragraph 567 is construed as allegations, Defendant Linwood Wilson denies the allegations.

567. – 571. The cause of action alleged in Count 21 was dismissed by the Court's Order of March 31, 2011 as to Defendant Linwood Wilson. To the extent a response is required, Defendant Linwood Wilson denies the allegations.

To the extent that the heading that precedes Paragraph 572 is construed as allegations, Defendant Linwood Wilson denies the allegations.

572. Defendant Linwood Wilson incorporates by reference and restates his responses to paragraphs 1 through 571 as if fully set forth herein. Defendant Linwood Wilson denies the remaining allegations including all subparagraphs in paragraph 572.

## FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek to hold Defendant Linwood Wilson responsible for the action or inaction of the City of Durham Defendants, the Supervisory Defendants, the Investigator/Spokesperson Defendants, the DNA Security Defendants (DSI), Defendant Wilson incorporates any defenses asserted by, or available to, City of Durham Defendants, the Supervisory Defendants, the Investigator/Spokesperson Defendants, the DNA Security Defendants (DSI),

## SECOND AFFIRMATIVE DEFENSE

To the extent that Defendant Linwood Wilson, is determined to be a state actor, then Defendant Linwood Wilson is entitled to the same privileges and immunities as any other state actor including prosecutorial immunity and qualified immunity.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs have waived and/or are estopped from asserting any and all claims they

65

may have or have had against Defendant Linwood Wilson.

## FOURTH AFFIRMATIVE DEFENSE

The damages sustained by Plaintiffs, if any, were proximately caused by the intervening and superseding acts of other persons or parties over whom Defendant Linwood Wilson had no control and for whose conduct Defendant Linwood Wilson is not reasonably responsible. These intervening and superseding acts were not reasonably foreseeable to Defendant Linwood Wilson. These acts bar and/or diminish Plaintiffs' recovery, if any, against Defendant Linwood Wilson. By way of example, these intervening and superseding acts include, but are not limited to, the false rape allegations made by Crystal Mangum and the actions of former District Attorney Michael Nifong in directing the investigation of those allegations.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitations and periods of limitations and repose. To the extent that any of Plaintiffs' claims are equitable in nature, they are barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

Any award of punitive damages violates the United States Constitution, the Constitution of the State of North Carolina, and other applicable state and federal laws, in that an award of punitive damages is impermissible in this case because it would (1) constitute an excessive fine and forfeiture in contravention of the Eighth Amendment of the United States Constitution and corresponding state constitution provisions, (2) violate

66

the Defendant Linwood Wilson's right to due process and equal protection of the laws in contravention of the Fourteenth Amendment to the United States Constitution and corresponding state constitution provisions, (3) violate Defendant Linwood Wilson's right to procedural safeguards provided by the Sixth Amendment to the United States Constitution for alleged penal conduct, including but not limited to permitting imposition of punitive damages with a burden of proof less than "beyond a reasonable doubt", and (4) bear no proportional or rational relationship to any actual damages or to the type of conduct involved and violates the United States Constitution the Constitution of the State of North Carolina, and other applicable laws, including but not limited to the provisions of Chapter 1D of the North Carolina General Statutes. Defendant Linwood Wilson reserves the right to assert any additional and further defenses as may be revealed during discovery or upon receipt of additional information.

**JURY TRIAL DEMAND**

Defendant Linwood Wilson respectfully demands a trial by jury on all issues so triable in this action.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Linwood Wilson requests that this Court:

1. Dismiss this action with prejudice;

2. Denies any relief to Plaintiffs; and

3. For such other and further relief as the Court deems just and proper.

This the 14th day of June, 2011.
/s/ Linwood Wilson, *Pro Se*
6910 Innesbrook Way
Bahama, North Carolina 27503
Telephone: (919) 471-8950
Email: LinwoodW@aol.com

68

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

The undersigned hereby certifies that, pursuant to Rule 5 of the Federal Rules of Civil Procedure and LR5.3 and LR5.4, MDNC, the foregoing pleading, motion, affidavit, notice, or other document/paper has been electronically filed with the Clerk of Court using the CM/ECF system, which system will automatically generate and send a Notice of Electronic Filing (NEF) to the undersigned filing user and registered users of record, and that the Court's electronic records show that each party to this action is represented by at least one registered user of record (or that the party is a registered user of record), to each of whom the NEF will be transmitted.

This the 14th day of June, 2011.

By: /s/ Linwood E. Wilson
Linwood E. Wilson
*Pro Se*