IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 1:07-cv-00739-JAB-JEP

| | |
|---|---|
| DAVID F. EVANS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF DURHAM, N.C., et al.,<br><br>Defendants. | REPLY BRIEF IN SUPPORT OF DEFENDANT MARK GOTTLIEB AND BENJAMIN HIMAN'S MOTION FOR JUDGMENT ON THE PLEADINGS |

Despite Plaintiffs' contention that *N.C. Farm Bureau Mut. Ins. Co. v. Cully's Motorcross Park, Inc.*, 366 N.C. 505, 512, 742 S.E.2d 781, 786-87 (N.C. 2013) should be limited to the discrete facts of that case, *Cully's Motorcross* squarely applies and requires dismissal of Plaintiffs' sole remaining claim for malicious prosecution against Officers Gottlieb and Himan.

I. **PLAINTIFFS EXPLICITLY ALLEGE THAT OFFICERS GOTTLIEB AND HIMAN TRUTHFULLY SHARED ALL INFORMATION THEY HAD WITH THE PROSECUTOR**

The Supreme Court of North Carolina adopted Section 653 of the Restatement (Second) of Torts as the proper standard for common law malicious prosecution. *Cully's Motorcross*, 366 N.C. at 513-14, 742 S.E.2d at 787-88 ("Section 653 of the Restatement sets out the requirements for a cause of action for malicious prosecution, and most relevant to this case, states in Comment (g) . . . Accordingly, we recognize and apply here the principles set out in Comment (g)"). It provides that when a person gives information to a public prosecutor who then decides to initiate a prosecution based on

that information, the person giving the information does not "initiate" the proceeding for purposes of a tort claim, so long as the decision to prosecute is left entirely within the discretion of the public prosecutor. *Id.* Under Section 653, the person who provides the information is not liable for malicious prosecution even if the information provided to the prosecutor was false, so long as the informer believed the information was true. *See* Restatement (Second) Torts § 653 (cmt. g) ("the informer is not liable under the rule stated in this Section even though the information proves to be false and his belief was one that a reasonable man would not entertain").

Plaintiffs' Second Amended Complaint does not include any allegation that Officers Gottlieb and Himan presented **the prosecutor** with information they knew to be false. *See* Doc. 116. To the contrary, Plaintiffs allege that Officers Gottlieb and Himan exercised complete candor when they briefed Prosecutor Nifong:

> 137. Upon information and belief, during the March 27 Briefing, Gottlieb and Himan proceeded to detail the extraordinary evidence of innocence and the fatal defects in Mangum's claims, including, for example, the numerous contradictions and inconsistencies in Mangum's accounts of events, the fact that Pittman had called Mangum's rape claim a "crock," that Mangum had already viewed several photo arrays and failed to identify any of her purported attackers, and that the three lacrosse team captains had voluntarily cooperated with police and denied that the alleged attack occurred. Upon information and belief, Himan conveyed to Nifong that Mangum was not credible.
>
> 138. During or immediately after the March 27 Briefing, Nifong responded to Gottlieb and Himan, "You know, we're f*cked." Nifong's vulgar, but candid, admission revealed that even Nifong recognized at an early stage that there was no basis to charge the three innocent Duke lacrosse players.

> . . . .
>
> 220. Indeed, when Himan was first told of the decision to seek indictments of Finnerty and Seligmann, his initial response was, "With what?" . . .

*See* Doc. 116. As the Fourth Circuit noted:

> The Evans plaintiffs do not allege that Officers Gottlieb and Himan misled or misinformed Nifong. Indeed, the Evans plaintiffs expressly allege that, from the outset, the officers candidly briefed Nifong as to the startling weaknesses in the case by "detail[ing] the extraordinary evidence of innocence and the fatal defects in Mangum's claims" and "convey[ing] to Nifong that Mangum was not credible."

*Evans v. Chalmers*, 703 F.3d 636, 648 (4th Cir. 2012). As a state district attorney, Prosecutor Michael Nifong had "the sole discretion to decide whether to prosecute" Plaintiffs. *Evans*, at 648, n.4. Because Nifong had the sole authority to prosecute and was privy to accurate information, Officers Gottlieb and Himan cannot be liable for his decision to prosecute Plaintiffs under *Cully's Motorcross*.

### A. Plaintiffs' Unsupported Bad Faith Allegations Do Not Overcome Prosecutor Nifong's Informed and Independent Prosecutorial Decision

Plaintiffs argue that Section 653 does not apply to Officers Gottlieb and Himan because they alleged that Officers Gottlieb and Himan "engaged in bad-faith conduct." Doc. 230, p. 10. *Cully's Motorcross*, however, establishes that allegations of malice are not sufficient so long as the prosecutor possessed accurate information. Plaintiffs conflate two separate elements of the tort of malicious prosecution. According to the new formulation set out in *Cully's Motorcross,* the elements are:

> (1) [the defendant] initiated the earlier proceeding; (2) malice on the part of [the defendant] in doing so; (3) lack of probable cause for the initiation of

the earlier proceeding; and (4) termination of the earlier proceeding in favor of [the plaintiff].

*Cully's Motorcross*, 366 N.C. at 512, 742 S.E.2d at 786-87 (citations omitted). Assuming Plaintiffs satisfactorily alleged that Officers Gottlieb and Himan acted in bad faith, that would only satisfy the "malice" element. They still have to separately demonstrate Plaintiffs "initiated the earlier proceeding." Plaintiffs cannot satisfy the "initiation" element in this case, regardless of the alleged malice of Officers Himan and Gottlieb, because they did not allege that Officers Himan or Gottlieb either misled or unduly pressured District Attorney Nifong. Therefore District Attorney Nifong alone "initiated" the prosecution.

The Court's holding in *Cully's Motorcross* focused on the charging decision of Sergeant Lucas, not the motive of the investigator:

> Accordingly, we must determine whether, once Sergeant Lucas [the public prosecutor] received information from Investigator Loftin [the private investigator] about Volpe, Sergeant Lucas exercised his own discretion in deciding to seek criminal charges against Volpe. Our review of uncontested evidence presented at trial indicates that Investigator Loftin testified that the offense he believed Volpe had committed was insurance fraud, that he never asked Sergeant Lucas to arrest Volpe or initiate a prosecution against her, and that he never made any suggestions as to what Sergeant Lucas should do with Investigator Loftin's information. Sergeant Lucas testified that the decision to pursue a charge of false pretenses was "my decision, my decision only." He also stated that, "no one tells me, even my chief on down when I should — when I should make a charge or not." In addition, Sergeant Lucas testified that he interviewed Mr. Skinner and Mr. Giron during his investigation and that he consulted with an assistant district attorney and a real estate attorney after receiving information from Investigator Loftin and before taking the matter to a magistrate in pursuit of a warrant. All this testimony leaves no doubt that while Sergeant Lucas considered and used the information provided by Investigator Loftin, he independently exercised his discretion to make the

4

> prosecution his own. Consequently, Farm Bureau did not institute a malicious prosecution and its actions did not constitute an unfair and deceptive practice.

*Cully's Motorcross*, 366 N.C. at 515, 742 S.E.2d at 788.

Indeed, the defendant in *Cully's Motorcross* was not liable for malicious prosecution despite the fact that he was explicitly found to have concealed information from Sergeant Lucas in bad faith. The Supreme Court overruled the decision of the trial court in *Cully's Motorcross*, even though the trial court made a factual finding after a bench trial that the insurance investigator intentionally withheld relevant information from Sergeant Lucas ***for the purpose of obtaining leverage against Volpe*** (the malicious prosecution counterclaimant). The trial court's finding of fact, not challenged on appeal, was that Farm Bureau investigator Loftin accused Volpe of failing to disclose a lien on her property when she filed a proof of loss, despite the fact that at the time Loftin made the accusation, Volpe had previously notified a Farm Bureau representative about the debt on the property. *Cully's Motorcross*, 366 N.C. at 515, 742 S.E.2d at 786.

Despite Plaintiffs' attempt to divert the court's attention to the issue of bad faith, the deciding factor in every cited case from outside North Carolina similarly was the prosecutor's ability to make an informed and independent decision. The defendants in *Yanes v. Maricopa County*, No. 1 CA-CV11-0274, 2012 Ariz. App. Unpub. LEXIS 1456, *1-3 (Ariz. Ct. App. 2012) were not shielded from liability for malicious prosecution by the subsequent decision to prosecute the plaintiff because the prosecutor was misled by the defendants' false and fraudulent incident report. In *Johnson v. Weast*, 943 P.2d 117,

5

122 (N.M. 1997), a drug inspector who prepared an investigative report that led to a pharmacist's indictment was not liable for malicious prosecution because "there was no testimony that the ADA was influenced or pressured by Defendant, or deceived by misrepresentation, into bringing an indictment." *Id*. Finally, in *Trice v. McEachen*, 772 F. Supp. 2d 903, 906 (M.D. Tenn. 2011) two investigators whose report led to a prosecution of the plaintiff for perjury and false reports were not liable for malicious prosecution – though the purported witness statement that formed the basis for the prosecution was procured under questionable circumstances -- because the investigators "provided a complete accounting of all facts within their possession to [the District Attorney]" and the office of the District Attorney "alone made the decision to prosecute, determined what charges to bring, and drafted the original and superseding indictments." *Id*. at 913.

### B. Plaintiffs' Allegations of a Conspiracy Have Been Found to Not Be Plausible and Should Not Be Considered

Plaintiffs argue that the reasoning of *Cully's Motorcross* is inapplicable in light of their allegations that Officers Gottlieb and Himan entered into a conspiracy with Nifong. Plaintiffs point to no case from North Carolina or elsewhere to support their "conspiracy with the prosecutor" theory. Plaintiffs' proposed conspiracy exception to the causation rule should be rejected for the same reason it was rejected by the Fourth Circuit in the context of the Section 1983 claims:

> Alternatively, the Evans plaintiffs maintain that Officers Gottlieb and Himan conspired with Nifong to seek the indictment. The allegations in their complaint significantly undercut this argument. For the Evans

6

plaintiffs ground their entire case on allegations that Nifong desired to exploit the "high-profile, racially-charged rape allegation for *his personal political gain*." They further allege that from his very first meeting with the officers, Nifong noted the lack of exculpatory evidence: "we're f*cked." Tellingly, the Evans plaintiffs do not assert that Officers Gottlieb and Himan responded by pressuring Nifong to pursue the case. Rather, they allege that the officers continued the investigation at Nifong's instruction, and that, when Nifong sought to indict the Evans plaintiffs, Officer Himan frankly responded, "With what?" No matter how generously read, these allegations to not allege that Officers Gottlieb and Himan pressured Nifong to seek an indictment.

Moreover, it seems contrary to the very purpose of qualified immunity to extend personal liability to police officers who have allegedly conspired with, but neither misled nor unduly pressured, an independent prosecutor. Police officers and prosecutors often work together to establish probable cause and seek indictments; such collaboration could always be characterized as a "conspiracy." Allowing § 1983 claims against police officers to proceed on allegations of such a "conspiracy" would in virtually every case render the officers' qualified immunity from suit "effectively lost," *Mitchell*, 472 U.S. at 526, and make discovery the rule, rather than the exception, *see Anderson v. Creighton*, 483 U.S. 635, 639-40 & n.2 (1987).

*Evans*, 703 F.3d at 648-49 (emphasis in original).

## II. CULLY'S MOTORCROSS ELIMINATED "PARTICIPATION" AS A MINIMUM SUFFICIENT LEVEL OF INVOLVEMENT TO SUPPORT A MALICIOUS PROSECUTION CLAIM

Plaintiffs' characterization of *Cully's Motorcross* as applying solely to the specific factual scenario considered in that case is contrary to the plain language of the decision. *See Cully's Motorcross*, 366 N.C. at 514, 742 S.E.2d at 787-88 ("we recognize and apply here the principles set out in [Section 653, Restatement (Second) of Torts] . . . [w]hen this Court implements a new analysis to be used in future cases, we may remand the case to the lower courts to apply that analysis"). The North Carolina Supreme Court explicitly adopted a new standard intended for application to future cases. Under this new analysis,

7

a plaintiff must prove that the defendant initiated the earlier proceeding, and mere "participation" is not enough. *See Cully's Motorcross*, 366 N.C. at 515, 742 S.E.2d at 786-87 (elements of common law malicious prosecution include requirement that the defendant "initiated the earlier proceeding").

Though the Fourth Circuit's malicious prosecution analysis cited North Carolina Court of Appeals cases whose recitation of the elements of the tort of malicious prosecution included language asserting that "participation" was sufficient, *See Evans v. Chalmers*, 703 F.3d at 657, the Fourth Circuit's interpretation of North Carolina law is superseded by the North Carolina Supreme Court's subsequent definitive recitation of the elements of the tort in *Cully's Motorcross,* which does not allow mere "participation" to satisfy the proximate causation requirement:

> To prove that Farm Bureau is guilty of malicious prosecution, Volpe must establish that: "(1) [Farm Bureau] initiated the earlier proceeding; (2) malice on the part of [Farm Bureau] in doing so; (3) lack of probable cause for the initiation of the earlier proceeding; and (4) termination of the earlier proceeding in favor of [Volpe]." *Best v. Duke* [787] *Univ.*, 337 N.C. 742, 749, 448 S.E.2d 506, 510 (1994) (citing *Jones v. Gwynne*, 312 N.C. 393, 397, 323 S.E.2d 9, 11 (1984)). The dispositive issue in this case is whether the trial court erred when it found as a matter of law that Farm Bureau, through its agent Investigator Loftin, initiated the prosecution of Volpe.

*Cully's Motorcross*, 366 N.C. at 512, 742 S.E.2d at 786-87. The two citations included above are from North Carolina Supreme Court cases that set out the same formulation of the elements. *See Jones v. Gwynne*, 312 N.C. 393, 397, 323 S.E.2d 9, 11 (1984); *Best v. Duke University*, 337 N.C. 742, 749, 448 S.E.2d 506, 510 (1994). Both require proof of

"initiation" of an earlier proceeding and neither says mere "participation" is enough. *Jones*, 312 N.C. at 397, 323 S.E.2d at 11; *Best*, 337 N.C. at 749, 448 S.E.2d at 510.

### III. PLAINTIFFS' EFFORTS TO RESTRICT THE HOLDING OF *CULLY'S MOTORCROSS* ONLY TO PRIVATE CITIZENS IS CONTRARY TO THE PROVISIONS OF SECTION 653, AS ADOPTED BY THE SUPREME COURT

Plaintiffs' argument that the holding of *Cully's Motorcross* applies only to private citizens was addressed in detail in movants' initial Memorandum. *See* Doc. 214, pp. 13-16.[1] Plaintiffs failed to identify, and undersigned counsel are not aware of, any case from any jurisdiction that has decided not to apply Restatement Section 653, or its comment g, to public officials due to their status as public officials. In fact, several courts have held that the strict causation rule of Restatement Section 653, comment g, applies to claims asserted against public officials. *See* Doc. 214, pp. 14-15.

Plaintiffs' suggestion that application of comment (g) to public servants would somehow facilitate an alleged abuse of government power should be rejected. The purpose of comment (g) is to encourage individuals to provide accurate information to those charged with exercising prosecutorial authority, which is exactly what Plaintiffs allege Officers Gottlieb and Himan did. This purpose applies equally to public servants and private actors who share information with prosecutors.

---

[1] Though comment (g) to Section 653 of the Restatement (Second) of Torts refers to "[a] private person who gives to a public official information of another's supposed criminal misconduct," this simply mirrors the main text of Section 653, which by its terms makes only a "private person" potentially liable for the tort of malicious prosecution.

9

## CONCLUSION

Plaintiffs' argument, that the maintenance of common law malicious prosecution claims against non-prosecuting public officials is necessary to prevent abuse of government power, should be rejected. Private citizens are able to avail themselves of remedies against public officials pursuant to 42 U.S.C. § 1983. That Plaintiffs have failed to state such cognizable claims themselves does not mean that such remedies do not exist. Indeed, comment (g) is written to encourage individuals to provide accurate information to those charged with exercising prosecutorial authority, which is exactly what Plaintiffs allege Officers Gottlieb and Himan did. This purpose applies equally to public servants and private actors who share information with prosecutors.

Respectfully submitted, this the 10th day of April, 2014.

| POYNER SPRUILL LLP | KENNON CRAVER, PLLC |
|---|---|
| By: s/ Edwin M. Speas, Jr.<br>Edwin M. Speas, Jr.<br>N.C. State Bar No. 4112<br>espeas@poynerspruill.com<br>Eric P. Stevens<br>N.C. State Bar No. 17609<br>estevens@poynerspruill.com<br>P.O. Box 1801<br>Raleigh, NC 27602-1801<br>Telephone: 919.783.6400<br>Facsimile: 919.783.1075<br><br>ATTORNEYS FOR DEFENDANT<br>MARK GOTTLIEB | By: s/ Joel M. Craig<br>Joel M. Craig<br>N.C. State Bar No. 9179<br>jcraig@kennoncraver.com<br>Henry W. Sappenfield<br>N.C. State Bar No. 37419<br>hsappenfield@kennoncraver.com<br>P.O. Box 51579<br>Durham, NC 27717-1579<br>Telephone: 919.490.0500<br>Facsimile: 919.490.0873<br><br>ATTORNEYS FOR DEFENDANT<br>BENJAMIN HIMAN |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel and parties of record.

This the 10th day of April, 2014.

s/ Eric P. Stevens<br>
Eric P. Stevens