IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:07-CV-00739

| | |
|---|---|
| DAVID F. EVANS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | **DEFENDANT CITY OF DURHAM'S** |
| v. ) | **REPLY BRIEF IN SUPPORT OF** |
| ) | **MOTION FOR JUDGMENT** |
| THE CITY OF DURHAM, ) | **ON THE PLEADINGS** |
| NORTH CAROLINA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

NOW COMES Defendant the City of Durham, North Carolina (the "City"), herein by and through its attorneys, and pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure and Rule 7.3(h) of the Rules of Practice and Procedure of the United States District Court for the Middle District of North Carolina, submits this brief in reply to Plaintiffs' opposition (Doc. 240) to the City of Durham's Motion for Judgment on the Pleadings on Plaintiffs' Claim under the North Carolina Constitution (Count 23 of Plaintiffs' second amended complaint). Plaintiffs' claim under the North Carolina Constitution appears at ¶¶ 567-571 of their second amended complaint (Doc. 116), and has been denominated by this Court as, and is referred to herein as, "Count 23".

### ARGUMENT
### DESPITE PLAINTIFFS' REINVENTION OF COUNT 23, THE CLAIM SHOULD BE DISMISSED

After a 152-page, 572-paragraph second amended complaint, scores of pages of briefs in this Court and the Court of Appeals and four years of litigation, Plaintiffs, in

response to a question from this Court at the March 14, 2014 status conference regarding discovery needs, finally attempted to articulate the underlying basis for Count 23, as follows:

> The constitutional claim against the City, the factual basis for that is going to be the same factual basis as the malicious prosecution claim. The claim against the City derives from the official acts taken by the individual defendants in their official capacities, and because the City has governmental immunity, as the Fourth Circuit has now held, that gives rise under North Carolina precedent to a constitutional claim because there is otherwise no claim against the City.

(Transcript from March 14, 2014 status conference (Doc. 229-1), p. 23, line - 24, line 8).

Based on Plaintiffs' articulation of the underlying basis for Count 23, the City moved for judgment on the pleadings. (Doc. 228). In its motion, the City relies on the same grounds and arguments as those offered by Defendants Gottlieb and Himan in support of their pending motion for judgment on the pleadings as to the malicious prosecution claim against them (Count 13 of Plaintiffs' second amended complaint).

As explained in the briefs filed by Defendants Gottlieb and Himan and the City in support of their motions for judgment on the pleadings, Count 23 is legally insufficient for the same reasons that Plaintiffs' malicious prosecution claim against Defendants Gottlieb and Himan (Count 13) must fail. (Gottlieb/Himan supporting brief: Doc. 214; City supporting brief: Doc. 229). In this regard, the North Carolina Supreme Court's decision in <u>N.C. Farm Bureau Mut. Ins. Co. v. Cully's Motorcross Park, Inc.</u>, 742 S.E.2d 781 (N.C. 2013), exposed a fatal flaw in Plaintiffs' theory.

In ¶¶ 1-2 of their opposition to the City's motion for judgment on the pleadings on Count 23, Plaintiffs reiterate the arguments they made in opposition to Defendants

Gottlieb's and Himan's motion for judgment on the pleadings as to Count 13. (Doc. 240, pp. 1-2). However, Plaintiffs' arguments that <u>Cully's Motorcross</u> does not eviscerate their claim have been aptly refuted in Defendants Gottlieb's and Himan's amended reply brief in support of their motion for judgment on the pleadings. (<u>See</u> Doc. 237). That reply brief is adopted and incorporated herein by reference.

In addition to their efforts to persuade this Court to disregard <u>Cully's Motorcross</u>, Plaintiffs seek to escape the consequences of their concession that the underlying basis for Count 23 is the same as the underlying basis for their malicious prosecution claim against Defendants Gottlieb and Himan. In particular, and apparently in an attempt to cure the deficiencies in their March 14, 2013 articulation of Count 23, Plaintiffs seek to recast Count 23 much more expansively. (Doc. 240, pp. 3-4).

On March 14th, Plaintiffs informed this Court and the City that, "the factual basis for that [Count 23] is going to be the same factual basis as the malicious prosecution claim." (Doc. 229-1, p. 23, line 24 - p. 24, lines 1-2). In a reinvention of Count 23, Plaintiffs now contend at ¶ 3.b of their opposition that, notwithstanding what they informed the Court and the City on March 14th,

> the allegations against the City detectives [<u>i.e.</u>, the factual basis for the malicious prosecution claim] are **not** the only allegations supporting Count 23. Count 23 is **also** premised on harms caused by virtue of the City's decision to permit Nifong to direct the Durham Police investigation, and Nifong's conduct while acting in that capacity.

(Doc. 240, p. 3) (emphasis added).

Plaintiffs' stratagem of reinventing Count 23 to avoid its dismissal should be rejected. Despite their reinvention of Count 23, Plaintiffs still have not articulated any

-3-

duty owed to them under the North Carolina Constitution that was not fulfilled, or any right they held under the North Carolina Constitution that was breached.

Plaintiffs admit that Craig v. New Hanover County Bd. of Ed., 678 S.E.2d 351 (N.C. 2009), is "the very basis for the Twenty-Third Cause of Action." (Doc. 130, p. 15). In its Memorandum Opinion entered March 31, 2011, this Court noted that Plaintiffs added Count 23 in response to Craig. (Doc. 133, p. 90).

However, although Craig may be the impetus for Count 23, it does not support the claim. In Craig, the North Carolina Supreme Court noted that the plaintiff in that case had a "colorable" constitutional claim. 678 S.E.2d at 356, 357. Plaintiffs seem to think that if they cannot maintain a claim against the City under any other valid legal theory, the North Carolina Constitution provides the wild card that enables them to proceed.

There can be no doubt that the North Carolina Constitution does not impose liability simply because no other valid legal theory exists to support a claim. Instead, Craig makes clear that there must be a **colorable** constitutional claim; the North Carolina Supreme Court said it eight times in its seven-page opinion—an average of more than once on every page. See, 378 S.E.2d at 352, 354, 355, 356 (three times), 356 ("colorable constitutional injury"), and 357. Three of the court's last four words were "colorable constitutional claims":

> Accordingly, we reverse the Court of Appeals and affirm the trial court's denial of defendant's motion for summary judgment on plaintiff's direct **colorable constitutional claims.**
>
> REVERSED.

Id. at 357 (emphasis added).

By failing to identify any duty owed to them under the North Carolina Constitution that was not fulfilled, or any right they held under the North Carolina Constitution that was breached, Plaintiffs have failed to allege a colorable constitutional claim. By failing to describe how any such duty was not fulfilled or how such right was breached, Plaintiffs have failed to allege a colorable constitutional claim. By failing to name who did not fulfill such duty or who breached such right, Plaintiffs have failed to allege a colorable constitutional claim. By failing to explain how they were injured or damaged by the nonfulfillment of such duty or the breach of such right, Plaintiffs have failed to allege a colorable constitutional claim. In sum, Plaintiffs have failed to allege a duty, breach, proximate cause, and injury/damage.

In Craig, a mentally disabled eighth grade student in the New Hanover County public schools was sexually assaulted by another student while in school. 678 S.E.2d at 352, 353. Relying on provisions of the North Carolina Constitution that were applicable to public schools and the education of children, the plaintiff student, through his mother, alleged that the defendant school board and principal failed to protect him adequately from being sexually assaulted. Id. The specific provisions of the North Carolina Constitution on which the plaintiff based his constitutional claim were Article I, § 15, and Article IX, § 1 of the North Carolina Constitution. 678 S.E.2d at 352. Those sections provide as follows:

> The people have a **right** to the privilege of education, and **it is the duty of the State to guard** and maintain **that right.**

N.C. Const. art. I, § 15 (emphasis added).

> Religion, morality, and knowledge being necessary to good government and the happiness of mankind, schools, libraries, and the means of education shall forever be encouraged.

N.C. Const. art. IX, § 1.  Based on these provisions, the plaintiff alleged that he was deprived of an education free from harm and psychological abuse.  678 S.E.2d at 352.[1]  The North Carolina Supreme Court held that plaintiff could move forward based on his allegations stating colorable constitutional claims.  Id. at 355.

In Craig, unlike the present case, the plaintiff specifically alleged a breach of a duty—to protect a public school student adequately from a sexual assault while in school—in violation of the specific sections of the North Carolina Constitution quoted above, including Article I, § 15, which explicitly confers the "right to the privilege of education", and expressly imposes the "the duty . . . to guard . . . that right."  N.C. Const. art. I, § 15; 678 S.E.2d at 352.  As stated above, Plaintiffs' Count 23 fails to articulate a specific duty or right that was breached.

Moreover, and contrary to Plaintiffs' assertion in ¶ 3.b of their opposition (see Doc. 240, pp. 3-4), the same allegations that have been held by this Court and Court of Appeals to be insufficient to support their federal constitutional claims[2] cannot be revived by Plaintiffs' enigmatic assertion that the allegations support a claim under Article I, § 19 of the North Carolina Constitution.  That section provides as follows:

> No person shall be taken, imprisoned, or disseized of his freehold, liberties, or privileges, or outlawed, or exiled, or in any manner deprived of

---

[1] The plaintiff also alleged that his rights under Article I, § 19 of the North Carolina Constitution were violated.  678 S.E.2d at 352.  Article I, § 19 is quoted in text.

[2] See Doc. 133 and Evans v. Chalmers, 703 F.3d 636, 649, 652, 654, 654-55 (4th Cir., 2012), cert. denied, 134 S. Ct. 98 (2013).

-6-

> his life, liberty, or property, but by the law of the land. No person shall be denied the equal protection of the laws; nor shall any person be subjected to discrimination by the State because of race, color, religion, or national origin.

N.C. Const. art. I, § 19.

North Carolina cases construing Article I, § 19 foreclose Plaintiffs' argument that their insufficient allegations of federal constitutional violations state a claim under the North Carolina Constitution, because this section of the North Carolina Constitution is synonymous with the "due process of law" clause in the Fourteenth Amendment to the United States Constitution. See State v. Bryant, 614 S.E.2d 479, 485 (N.C. 2005); see also Tri-County Paving, Inc. v. Ashe County, 281 F.3d 430, 435 n.6 (4th Cir. 2002) ("North Carolina courts have consistently interpreted the due process and equal protection clauses of the North Carolina Constitution as synonymous with their Fourteenth Amendment counterparts."). The Fourth Circuit held in the present case that Plaintiffs failed to state a claim under the federal due process and equal protection clauses. Evans v. Chalmers, 703 F.3d 636, 649, 652, 654, 654-55 (4th Cir., 2012), cert. denied, 134 S. Ct. 98 (2013). Likewise, Plaintiffs have failed to state a claim under Article I, § 19 of the North Carolina Constitution.

Moreover, Plaintiffs' argument at ¶ 3.b of their opposition that the City can be held liable for Michael Nifong's actions is feckless. This Court has already concluded in its March 31, 2011 Memorandum Opinion that, under state law, including provisions of the North Carolina Constitution, Michael Nifong was a state actor. (Doc. 133, pp. 51-52) This Court has held that the City is not liable for his conduct. (Id., p. 52). Because this

Court reached its conclusion based on the North Carolina Constitution and other provisions of North Carolina law, there is no legal basis to impose liability on the City under the North Carolina Constitution for Michael Nifong's conduct.

Of the 152 pages and 572 paragraphs of their second amended complaint, barely one page (less than 0.66%) and only five paragraphs (less than 0.88%) are devoted to Count 23. (See, Doc. 116, ¶¶ 567-571). Indeed, because the remaining 151 pages and 567 other paragraphs of Plaintiffs' second amended complaint are directed to 22 other causes of action asserting dozens of claims against 17 Defendants, as to which 21 causes of action and 14 Defendants have been dismissed (11 by the decisions of this Court and the Court of Appeals), the legal principles and alleged facts on which Plaintiffs rely in support of Count 23 are, in effect, camouflaged.

Count 23 has remained obscure for four years, since it was asserted in Plaintiffs' second amended complaint filed February 18, 2010. At the March 14, 2014 status conference in this case, this Court commented on this obscurity as follows:

> [**THE COURT:**] With respect to the Evans case, it would appear that the state constitutional claims as may exist against the city -- and I don't have a clear notion at this point what's the underlying basis for those[.]

(Doc. 229-1, p. 5, lines 12-15). The Court further commented on Plaintiffs' failure to state an underlying basis for Count 23 as follows:

> **THE COURT:** Obviously, no discovery has taken place at this point, so you really can't flush out what the underlying basis of that claim is.

(Doc. 229-1, p. 17, lines 7-9).

The absence of an underlying basis for Count 23 and this Court's comments regarding that absence belie the statement in ¶ 4 of Plaintiffs' opposition (see Doc. 240, p. 5) that this Court has definitively ruled that Count 23 states a valid claim under the North Carolina Constitution. Further, Plaintiffs' characterization, in ¶ 4 of their opposition, of the Fourth Circuit's decision as having "expressly allowed this claim to proceed" is imprecise at best. The Fourth Circuit did not address the merits of Count 23. Instead, the court declined to exercise pendent appellate jurisdiction over the City's request for dismissal of Count 23, remanding the claim to this Court. 703 F.3d at 659. In short, neither the Fourth Circuit nor this Court has held that, in the absence of an explanation of the underlying basis for Count 23, it should proceed.

In the four years since Plaintiffs filed their second amended complaint, they have yet to identify any duty or right owed to them under the North Carolina Constitution that was not fulfilled or that was breached, or to describe how that duty or right was not fulfilled or was breached and by whom. Nor have Plaintiffs explained how they were injured or damaged. Simply put, Plaintiffs have not stated a claim in Count 23.

## CONCLUSION

WHEREFORE, Defendant the City of Durham, North Carolina prays that the Court grant judgment on the pleadings in favor of the City, dismissing this action in its entirety as to the City, and that the Court grant the City such other and further relief as is just and proper.

Respectfully submitted, this the 5th day of May, 2014.

| WILSON & RATLEDGE, PLLC | OFFICE OF THE CITY ATTORNEY, CITY OF DURHAM, NORTH CAROLINA |
|---|---|
| By: /s/ *Reginald B. Gillespie, Jr.*<br>Reginald B. Gillespie, Jr.<br>North Carolina State Bar No. 10895<br>4600 Marriott Drive, Suite 400<br>Raleigh, North Carolina 27612<br>Telephone: (919) 787-7711<br>Fax: (919) 787-7710<br>E-mail: rgillespie@w-rlaw.com | By: /s/ *Kimberly M. Rehberg*<br>Kimberly M. Rehberg<br>North Carolina State Bar No. 21004<br>101 City Hall Plaza<br>Durham, North Carolina 27701<br>Telephone: (919) 560-4158<br>Fax: (919) 560-4660<br>E-mail: Kimberly.Rehberg@durhamnc.gov |

*Attorneys for Defendant City of Durham, North Carolina*

CERTIFICATE OF ELECTRONIC FILING AND SERVICE

The undersigned hereby certifies that, pursuant to Rule 5 of the Federal Rules of Civil Procedure and LR5.3 and LR5.4, MDNC, the foregoing pleading, motion, affidavit, notice, or other document/paper has been electronically filed with the Clerk of Court using the CM/ECF system, which system will automatically generate and send a Notice of Electronic Filing (NEF) to the undersigned filing user and registered users of record, and that the Court's electronic records show that each party to this action is represented by at least one registered user of record (or that the party is a registered user of record), to each of whom the NEF will be transmitted.

This the 5th day of May, 2014.

WILSON & RATLEDGE, PLLC

By: */s/ Reginald B. Gillespie, Jr.*
Reginald B. Gillespie, Jr.
North Carolina State Bar No. 10895

78002\P\050 RIS MFJP